UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____ **00-06126**

CIV-~~DIMITROULEAS~~

| | |
|---|---|
| BETTY ORTEGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNISOURCE WORLDWIDE, INC., a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, UNISOURCE WORLDWIDE, INC.

("Unisource"), by and through undersigned counsel, hereby gives Notice of Removal of this

action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, upon the following grounds:

1.    On or about December 3, 1999, Plaintiff Betty Ortega filed a Complaint in the

Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, Florida, which is

captioned as follows: Betty Ortega v. Unisource Worldwide, Inc., a foreign corporation, and

designated as Case No. 99020526.

2.     The Summons and Complaint were served on Unisource's registered agent for service on or about January 7, 2000. True and correct copies of all process, pleadings, and papers on file with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, specifically including a copy of the Summons and Complaint are attached hereto as Exhibit A.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. This action may be removed to this Court on the basis of federal question jurisdiction by Unisource pursuant to 28 U.S.C. § 1441(b) because the action arises under the Equal Pay Act, 29 U.S.C. §§201 et seq..

4.     Further, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. This action may be removed to this Court on the basis of diversity by Unisource pursuant to 28 U.S.C. § 1441(a) because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     At all times relevant hereto, Unisource was and is a foreign corporation. (Compl. at ¶ 5.) Unisource is incorporated under the laws of the State of Delaware and its principal place of business is Norcross, Georgia.

6.     Upon information and belief, the named Plaintiff, Betty Ortega, is and at all times relevant hereto was a citizen of the state of Florida, pursuant to 28 U.S.C. § 1332(a).

7.     The amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). In this regard, *assuming arguendo*, and without conceding the merits of Plaintiff's allegations,

Unisource believes that the facts and circumstances underlying Plaintiff's Complaint show that Plaintiff's Complaint seeks damages in an amount in excess of $75,000, notwithstanding the text of Plaintiff's statement of jurisdiction in Paragraph 2 of the Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, Florida.

8.     No other process, pleadings or orders have been filed with the state court and no motions are currently pending.

9.     The instant Notice of Removal of Civil Action has been timely filed pursuant to 28 U.S.C. § 1446(b). Plaintiff's Complaint was the first paper from which Unisource could ascertain that Plaintiff's case had become removable. This notice was filed within thirty (30) of service of Plaintiff's Complaint on Unisource.

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously herewith to Plaintiff's counsel and to the clerk of the state court. A copy of the written notice is attached hereto as Exhibit B.

WHEREFORE, Unisource prays that this action may be removed and requests this Court to assume full jurisdiction over the case herein as provided by law.

<div style="margin-left:40%">

HUNTON & WILLIAMS
Attorney for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460


By _____
Juan C. Enjamio
Florida Bar No. 571910

</div>

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was mailed to Karen C. Amlong, Esquire, Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this _26ᵗʰ_ day of January, 2000.

Juan C. Enjamio

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

Path: DOCSOPEN\MIAMI\08507\99999\000303\8V001!.DOC
Doc #: 11484; V. 1

4



# LNG DETECTIVE AGENCY

0 S.E. Sixth Street, Suite 304 · Fort Lauderdale, FL 33301

Phone: (954)

/10/2000

| CASE NO. | 99 20526 03 |
|---|---|
| COURT | CIRCUIT |
| HRG. DATE | |

BETTY ORTEGA,

## LANG DETECTIVE AGENCY
### RETURN OF SERVICE
#### AFFIDAVIT

UNISOURCE WORLDWIDE INC.

TYPE OF WRIT

*ALIAS SUMMONS COMPLAINT REQUEST FOR PRODUCTION, INTERROGATORIES*

*UNISOURCE WORLDWIDE INC % CT CORPORATION SYSTEM, registered agent*

*00 SOUTH PINE ISLAND RD. PLANTATION, FL*

RECEIVED THIS WRIT ON __1-6-00 @ 1pm__ ON __1-7-00__ at __12:40p__ M., I SERVED IT ON THE WITHIN NAMED __UNISOURCE WORLDWIDE, INC.__ IN __BROWARD__ COUNTY, FLORIDA

____ **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant/Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading.

____ **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing the age of 15 years or older to wit: _____ _____, or to _____ spouse of defendant, at _____, or to _____ manager of defendant business _____ and informing such person of their contents pursuant to: ❑ F.S. 48.031. _____ ❑ F.S. 48.031 (2)(a)    ❑ F.S. 48.031 (2)(b).

**CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____ as _____ of said corporation in the absence of any superior officer as defined in F.S. 48.081, or by serving _____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving __CT CORPORATION SYSTEM__ as a registered agent in compliance with F.S. 48.091.

____ **PARTNERSHIP SERVICE:** By serving _____, partner, or to _____ a designated employee or person in charge of partnership.

____ **POSTED:** ___ COMMERCIAL, ___ RESIDENTIAL, 1st Attempt _____ DATE _____ AM/PM 2nd Attempt _____ DATE _____ AM/PM

____ **NO SERVICE:** For the reason that after diligent search and inquiry failed to find said _____ in _____ County, Florida

**COMMENTS:** _____

ATTORNEY:
KAREN C AMLONG ESQUIRE

FEES FOR SERVICE    $ _____

NOTARY PUBLIC STATE OF FLORIDA
Sherrie H. Smith
Notary Public, State of Florida
Commission No. CC 612396
My Commission Exp. 1/13/2001
Bonded Through Fla. Notary Service & Bonding Co.

| | |
|---|---|
| TOTAL | |
| PAID | |
| BALANCE | |

Witness Fee

foregoing instrument was acknowledged before me this ___ of __JULY__ 19 00 by _____ name and title personally known to me or who has produced _____ (type of identification and who __did or did not__ take an oath.

_Sherrie Smith_
NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK/CCN

SHERIFF OF BROWARD COUNTY

BY: __CN311 1/coman__

Sheriff's Appointment No.: __262__

THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

RTEGA,                                          Case No.:    CACE 99-020526-03

intiff,

CE WORLDWIDE, INC.,

endant.

_____/

TE OF FLORIDA:
Singular the Sheriffs of said State:

**SUMMONS**
**Civil Complaint**

REC'D _1-6-00_
SERVED _CT CORPORATION_
DATE _1-7-00_ TIME _1240 pm_
PS _CHRIS YOUMAN_
(Printed Name Here)

CERTIFIED IN THE CIRCUIT COURT OF
_17_ JUDICIAL CIRCUIT CERT. # _262_

U ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this
intiff's First Set of Interrogatories (original and copy) and Plaintiff's First Request for
n of Documents upon:

**C T Corporation Systems, as Registered Agent for**
**UNISOURCE WORLDWIDE, INC.**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FLORIDA 33324**

**IMPORTANT**

has been filed against you. You have **20 calendar days** after this summons is
you to file a written response to the attached Complaint in this Court.   A
will not protect you; your written response, including the above case number and named
st be filed if you want the Court to hear your case.  If you do not file your response on time,
se the case, and your wages, money, and property may thereafter be taken without further
m the Court.  There are other legal requirements.  You may want to call an attorney right
u do not know an attorney, you may call an attorney referral service or a legal aid office
e phone book).

a choose to file a written response yourself, at the same time you file your written response
you must also mail or take a carbon copy or photocopy of your written response to:
lman Amlong, Attorney for Plaintiff, AMLONG & AMLONG, P.A., 500
Fourth Street, Second Floor, Fort Lauderdale, FL 33301, (954) 462-1983
(954) 949-0740 [Dade]

JAN - 6 2000

ROBERT E. LOCKWOOD
Clerk of the Circuit Court

By _____
Deputy Clerk

~ sido demandado legalmente, Tiene veinte 20 dias, contados a partir del recibo de esta
on, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Si
~ su defensa, debe presentar su respu~ta por escrito, incluyendo el numer ~el caso y los
de las partes interesadas en dicho ca~. Si usted no contesta la demanda a ~empo,
~des, o privado de sus derechos, sin previo aviso del tribunal, Existen otros requisitos legales.
~a, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede
~una de las oficinas de assistencia legal que aparecen en la guia telefonica.

~ desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta
~ibunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona
~ada abajo como "Plaintiff/Plaintiff'sAttorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

~es poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a
~ la date de l'assignation decette citation pour deposer une reponse ecrite a la plainte cidessus
~n des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne
~pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre
~otre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du
~ Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un
~i vous ne connaissez pas d'avocats, vous pourriez telephoner a un service de reference
~ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

~ vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en
~mps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie
~esponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-

IN THE CIRCUIT COURT ⌐⌐ THE SEVENTEENTH  JUDICIAL
CIRCUIT, IN AND FOR  ⌐OWARD COUNTY, FLORIDA

TTY ORTEGA,                                          Case Number: CACE 99-020526-03
    Plaintiff,

IISOURCE WORLDWIDE, INC., a foreign
rporation,
    Defendant.
_____/

## AFFIDAVIT OF LOST ORIGINAL SUMMONS

ɔunty of Broward

ate of Florida

1.    My name is Audrey L. Bostic.  I am over the age of 18 and make this affidavit

my own personal knowledge.

2.    I am a secretary employed by Amlong & Amlong, P.A.., the attorneys for Betty

ɔrtega, the plaintiff in the above-styled action.

3.    On December 3, 1999, Amlong & Amlong, P.A., filed the above-styled action on

ehalf of plaintiff at which time I believe an original Summons was issued by the Clerk of The

ɔurt.

4.    After a thorough search, we are unable to locate the original Summons issued

this case.

Audrey L. Bostic, Secretary to
Jennifer Daley, Esq.

Sworn to and Subscribed before me this _____ day of January, 2000

Notary Public

Rosa A. Carson-Williams
Commission # CC 732912
Expires April 12, 2002
BONDED THRU
ATLANTIC BONDING CO., INC.

Amlong &
Amlong, P.A.

Page 1 of 1

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

Case Number: _____ 98020526

Judge:_____

## Complaint — Jury Trial Demanded

    Plaintiff, BETTY ORTEGA, sues defendant, UNISOURCE WORLDWIDE, INC., a foreign corporation, and alleges:

### Introduction

1.    This is an action by Betty Ortega, a Hispanic female sales representative, whom the defendant, Unisource Worldwide, Inc. ("Unisource"), discriminated against because of her gender, race and national origin (including telling her that "customers don't like Hispanic women because they are too aggressive"), paid less than male and non-Hispanic employees doing equal work, and retaliated against after she spoke out against discrimination. Plaintiff seeks damages, injunctive relief, attorney's fees and litigation expenses pursuant to the Florida Civil Rights Act, Chapter 760, Florida Statutes, and the Equal Pay Act, 29 U.S.C. § 206(d).

### Jurisdiction and Venue

2.    This is an action for damages in excess of $15,000, exclusive of costs and interest, and for injunctive relief.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  ●  FORT LAUDERDALE, FL 33301-1154  ●  BROWARD (954)462-1983  ●  DADE (305)949-0740  ●  FAX (954)523-3192

8.DOC
December 2, 1999

3.   Venue is proper in Broward County Court because:

    a.   this is where the defendant does business; and

    b.   the cause of action arose in Broward County, Florida.

## The Parties

4.   Betty Ortega ("Ortega") is a sales representative whom Unisource Worldwide, Inc. and/or its predecessors (hereinafter collectively referred to as "Unisource") employed since 1988 as a sales representative, a position for which she was at all times material qualified and performed satisfactorily. She is protected

    a.   under the Florida Civil Rights Act (FCRA) because of her race and national origin, i.e., Cuban;

    b.   under the FCRA because she is a woman;

    c.   under the Equal Pay Act because she is a woman; and

    d.   under the FCRA and the Equal Pay Act because she opposed the discrimination against her by defendant on account of her gender, race and/or national origin, she asserted rights under the Equal Pay Act that the Equal Pay Act was intended to protect, and she filed a Charge of Discrimination complaining of race, sex and/or national origin discrimination and of retaliation with the Florida Commission on Human Relations.

5.   Unisource Worldwide, Inc., is a foreign corporation, doing business in Broward County, Florida, where Ortega was based, and is and was at all material times an "employer" as defined by 29 U.S.C. § 203(d) and Chapter 760.02(7), Florida Statutes.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

s.DOC
December 2, 1999

## Conditions Precedent

6.   On or about April 23, 1999, Ortega filed a Charge of Discrimination with the

Florida Commission on Human Relations (FCHR), that stated in pertinent part:

> I have been discriminated against on account of my sex (female), my national origin and race (Hispanic) and because I opposed employment practices made illegal by and in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, § 760.01, et seq., Particularly:

> I have been employed as a sales representative for Unisource Worldwide, Inc. for approximately 11 years. Male sales representatives receive better accounts than I do and recently export accounts that were promised to me were given to a male less qualified that I to handle exports. Less and equally qualified males have been promoted before me. I make approximately $100,000 per year while similarly situated and qualified men have made $275,000 to $350,000 per year.

> I have been told that customers "don't like Hispanic women because they are too aggressive."

> Since 1990, I have complained that I have been treated differently, and worse, because I am female and Hispanic. I believe my disparate treatment is because I am female, Hispanic and spoke out against discrimination.

Ortega adopts these allegations as part of this Complaint.

7.   More than 180 days have passed since the filing of Ortega's Charge. The

FCHR deferred the processing of Ortega's Charge to the Equal Employment Opportunity

Commission (EEOC), pursuant to work sharing, without conciliating the case or making a

finding adverse to Ortega within 180 days of when Ortega filed the Charge.

## Count I/Equal Pay Act

8.   Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the

allegations in paragraphs 1, 2, 3, 4(c), 5 and 6.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

3

8.DOC
December 2, 1999

9.      At all times material, Unisource, has had employees subject to the provisions of Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206, in its establishments in which Ortega was, and is, employed.

10.      During her employment by Unisource, Unisource paid Ortega at rates less than it paid employees of the males sex, although the jobs performed by Ortega required equal skill, effort, and responsibility and were performed under similar working conditions.

11.      Moreover, the difference in the rates paid to Ortega, as compared with those paid to employees of the male sex, was not a part of, and was not occasioned by, any seniority, merit, or piecework system, but was based solely on the factor of sex.

12.      Unisource knew or showed reckless disregard as to whether its conduct violated the Equal Pay Act.

13.      The acts more particularly alleged in paragraphs 6, 10 and 11 above violate Ortega's rights against sexual discrimination, which discrimination is proscribed by the Equal Pay Act, 29 U.S.C. § 206(d).

14.      The conduct of Unisource and its agents, proximately, directly, and foreseeably injured Ortega, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

15.      Ortega is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 216(b).

<div align="center">

Amlong & Amlong, P.A.

</div>

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

4

**B.DOC**
December 2, 1999

16.     Ortega has no plain, adequate or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Ortega prays that this Court will:

A.      permanently enjoin defendant Unisource, its officers, agents, servants, employees and all other persons in active concert or participation with them from violating the provisions of the Equal Pay Act, 29 U.S.C. § 206(d)(1);

B.      restrain the withholding of payment of compensation found by the Court to be due to Ortega under the Equal Pay Act in accordance with 29 U.S.C. § 217;

C.      award Ortega an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(c);

D.      award Ortega her costs, litigation expenses and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

E.      grant Ortega such other and further relief as is just.

## Count II/Retaliation

17.     Ortega adopts and realleges, as if set forth in this count, the allegations of ¶¶ 1, 2, 3, 4(d), 5 and 6.

18.     Additionally, Ortega complained on repeated occasions to her supervisors, including managers and vice presidents, that she believed she was being paid less than her male counterparts and demanded repeatedly, but to no avail, that she be assigned to more lucrative and/or new accounts, such as the export accounts that she had been promised but

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)482-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

5

8.DOC
December 2, 1999

were eventually given to a less qualified male employee. Ortega's complaints about pay disparity constitute protected activity under 29 U.S.C. § 215(a)(3).

19. Subsequent to and as a result of Ortega's inquiries and complaints about pay disparity, she was retaliated against, including but not limited to, by the following adverse employment actions:

a. She was not given the export accounts that she had been promised which were instead given to a less qualified male employee;

b. She was passed over for assignments to lucrative and/or new accounts;

c. One account that generated income was taken away from her and replaced with an account that generated virtually no income; and

d. She was given new accounts to service that generated virtually no income.

WHEREFORE, plaintiff, Betty Ortega, prays that this court will grant judgment in favor of Ortega for:

A. legal and equitable relief including, but not limited to, the payment of wages lost and an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(c);

B. her costs, including a reasonable attorney's fee and litigation expenses, pursuant to 29 U.S.C. § 216(b); and

C. such other and further relief as is just.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

6

a.DOC
December 2, 1999

## Count III/FCRA/Gender Discrimination

20.     Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(b), 5, 6, 7, 10 and 11.

21.     Additionally, Unisource treated Ortega differently, and worse, that male sales representatives.  Particularly, Unisource failed to consider Ortega and/or passed Ortega over for promotions and assignments for which she was qualified in favor of equally or lesser qualified males, and paid her less than comparably qualified men for similar work and Ortega's female gender was a factor motivating such employment actions.

22.     Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraphs 6 and 21 above.

23.     The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

24.     The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under Chapter 760, Florida Statutes.

25.     As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

7

8.DOC
December 2, 1999

26.    Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

27.    Ortega has and will incur attorney's fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A.    Issue a judgment:

1.    determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

2.    enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.    ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.    awarding Ortega damages against Unisource;

B.    Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

8

**ILDOC**
December 3, 1999

## Count IV/FCRA/Race Discrimination

28.     Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(a), 5, 6 and 7.

29.     Additionally, Unisource treated Ortega differently, and worse, that non-Hispanic/Cuban representatives.  Particularly, Unisource failed to consider Ortega and/or passed Ortega over for assignments for which she was qualified in favor of equally or lesser qualified non-Hispanic/Cuban representatives, and paid her less than comparably qualified non-Hispanic/Cuban representatives for similar work and Ortega's race was a factor motivating such employment actions.

30.     Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraph 6 and 29 above.

31.     The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under Chapter 760, Florida Statutes.

32.     As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

33.     The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

<p align="center">Amlong & Amlong, P.A.</p>

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

34.    Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

35.    Ortega has and will incur attorneys' fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A.    Issue a judgment:

1.    determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

2.    enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.    ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.    awarding Ortega damages against Unisource;

B.    Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

## Count V/FCRA/National Origin Discrimination

36.    Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(d), 5, 6 and 7.

<div align="center">

Amlong & Amlong, P.A.

</div>

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

10

37. Additionally, Unisource treated Ortega differently, and worse, that non-Hispanic/Cuban representatives. Particularly, Unisource failed to consider Ortega and/or passed Ortega over for assignments for which she was qualified in favor of equally or lesser qualified non-Hispanic/Cuban representatives, and paid her less than comparably qualified non-Hispanic/Cuban representatives for similar work and Ortega's national origin was a factor motivating such employment actions.

38. Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 30 through 35 above.

WHEREFORE, plaintiff prays that this Court will:

A. Issue a judgment:

1. determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

2. enjoining Unisource from continuing to engage in such unlawful employment practices; and

3. ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4. awarding Ortega damages against Unisource;

B. Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

<div align="center">

Amlong & Amlong, P.A.

</div>

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

11

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

## Count VI \ FCRA Retaliation

39.    Ortega adopts and realleges, as if set forth in this count, the allegations of ¶¶ 1, 2, 3, 4(c), 5, 6 and 7.

40.    Ortega complained on repeated occasions to her supervisors, including managers and supervisors, that she believed she was being paid less than her male counterparts and demanded repeatedly, but to no avail, that she be assigned to more lucrative and/or new accounts, such as the export accounts that she had been promised but were eventually given to a less qualified male employee.  She also complained that she was treated differently because she was Hispanic.  Ortega's complaints constitute protected activity under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

41.    Subsequent to and as a result of Ortega's inquiries and complaints about pay disparity, she was retaliated against, including but not limited to, by the following adverse employment actions:

a.    She was not given the export accounts that she had been promised which were instead given to a less qualified male employee;

b.    She was passed over for promotions and assignments to lucrative and/or new accounts;

c.    One account that generated income was taken away from her and replaced with an account that generated virtually no income; and

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

12

d.    She was given new accounts to service that generated virtually no income.

42.    Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraph 21 above.

43.    The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under section 760.10(7), Florida Statutes.

44.    The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

45.    As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46.    Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

47.    Ortega has and will incur attorneys' fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A.    Issue a judgment:

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

13

1.     determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida Statutes;

2.     enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.     ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.     awarding Ortega damages, including punitive damages,  against Unisource;

B.     Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C.     Grant Ortega such other and further relief as the circumstances and law require and/or provide.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

14

## Demand for Jury Trial

Plaintiff, Betty Ortega, demands trial by jury on all issues so triable.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar No: 275565

JENNIFER DALEY
Florida Bar No: 0856436

AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954)462-1983

Dated: December 3, 1999.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

15

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

      Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

      Defendant.

_____/

Case Number: _____ 99020526

Judge: _____

## Plaintiff's First Request for Production of Documents from Defendant

    Plaintiff, BETTY ORTEGA, pursuant to Florida Rule of Civil Procedure 1.350, requests defendant, UNISOURCE WORLDWIDE, INC. ("Unisource"), respond within forty five (45) days of the service of this Request for Production, to the following request, i.e., that defendant produce and permit plaintiff to inspect and to copy each of the following documents[1],[2]:

---

[1]    The term "document" shall be deemed to mean every writing or record of every type or description which is in your possession, custody or control (or copy thereof if the original is not in your possession, custody or control), including, and without any limitation whatsoever, correspondence, memoranda, log books, stenographic or handwritten notes, computer media, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, minutes, and statistical compilations.

[2]    Any information that defendant claims is privileged should be identified as such:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a matter that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Amlong & Amlong, P.A.

10 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

1.      Any and all documents (including, but not limited notes, e-mails, correspondence, memoranda, reports, spreadsheets, calculations and data bases) relating to, mentioning, created during, or used during any study comparing compensation of male and female employees employed divisions in which plaintiff worked, including, but not limited to the industrial and printing divisions of Unisource, from the date plaintiff first began to work in those divisions to date.

2.      Any and all documents embodying, evidencing or relating to reports or complaints of unequal compensation between male and female employees within the industrial and printing divisions since January 1, 1993.

3.      Any and all documents embodying, evidencing or relating to reports of gender discrimination within the industrial and printing divisions since January 1, 1993.

4.      Any and all documents embodying, evidencing or relating to reports of race and/or national origin discrimination within the industrial and printing divisions since January 1, 1993.

5.      Any and all documents embodying, evidencing or relating to reports of retaliation within the industrial and printing divisions since January 1, 1993.

6.      Any and all notes made by any Unisource employee including, but not limited to, the  following persons  during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported gender (or sex)-based pay disparity and/or discrimination:

_____

Florida Rule of Civil Procedure 1.280(b)(5).

Amlong & Amlong, P.A.

00 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

2

    a.      Bill Ready;

    b.      John Glaze;

    c.      Bob McKee; and/or

    d.      Jim Press.

7.      Any and all notes made by any Unisource employee including, but not limited to, the following persons during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported race and/or national origin discrimination:

    a.      Bill Ready;

    b.      John Glaze;

    c.      Bob McKee; and/or

    d.      Jim Press.

8.      Any and all notes made by any Unisource employee including, but not limited to, the following persons during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported retaliation:

    a.      Bill Ready;

    b.      John Glaze;

    c.      Bob McKee; and/or

    d.      Jim Press.

9.      The plaintiff's entire personnel file, including, but not limited to, those documents and writings used to determine plaintiff's qualifications for employment,

*Amlong & Amlong, P.A.*

0 NORTH AND FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1883 • DADE (305)949-0740 • FAX (954)523-3192

promotions, transfers, salary, raises, pension eligibility, termination or other disciplinary action.

10.    The following documents regarding the plaintiff, if not contained in plaintiff's personnel file:

a.    Application for employment.

b.    Complete compensation records, including but not limited to payroll records, pay stubs, time records, time cards, W-2 forms, and commission statements.

c.    Performance evaluations or job reviews.

d.    Records of complaints against plaintiff of misconduct or of violation of any workplace rule, regulation or policy, the investigation of any such complaints and any disciplinary or other action taken as the result of the investigation and/or findings of the investigation.

e.    Records of all formal and informal disciplinary action, including but not limited to corrective action reports, counseling, verbal and written reprimands, suspensions, demotions, transfers, and the like, whether or not taken as the result of a complaint or investigation.

f.    The written description of each position held by plaintiff while employed by defendant.

g.    Forms or applications for life or health insurance completed by plaintiff while in the employ of defendant.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

4

h.    Documents, writings or other memoranda describing fringe benefits that plaintiff was eligible to receive from defendant.

i.    Any and all employment agreements or contracts, including any non-compete agreements,  between the plaintiff and defendant and/or its predecessors in interest.

j.    Records of annual sales performance including but not limited to projections, goals, budgets and actual sales for each year of employment in the industrial and printing division.

k.    Any and all files kept by individuals, departments and/or divisions regarding plaintiff.

11.    All written, verbal, electronic and other formal and informal records mentioning or relating to plaintiff, including but not limited to notes,  internal memoranda, reports and other documents of any kind created, received or maintained from January 1, 1995 through and including the date of your response by  the following persons:

a.    Bill Ready;

b.    John Glaze;

c.    Bob McKee; and/or

d.    Jim Press.

12.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.)  used or reviewed in the decision-

Amlong & Amlong, P.A.

0 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

5

making process concerning whe    r to assign plaintiff to new accou    from January 1, 1995 to date.

13.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.) used or reviewed in the decision-making process concerning whether to reassign to another employee accounts previously assigned to plaintiff from January 1, 1995 to date.

14.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.) used or reviewed in the decision-making process concerning the re-assignment of export accounts assigned to Tony Gispert before his retirement and/or separation from employment.

15.    With respect to sale representative numbers assigned to representatives in the Miami industrial and printing divisions:

   a.    any and all lists of numbers assigned to sales representatives from January 1, 1993 to present; and

   b.    any and all lists of sales representatives to which each number is assigned from January 1, 1993 to present.

16.    Each document (including but not limited to salary grids, lists of salary ranges for particular pay grades, compensation by objective criteria, Hay-point analyses, automobile-allowance policies and procedures, position descriptions, compensation analyses, summary plan descriptions) defining, limiting or pertaining to the total compensation, including but not limited to commissions, bonuses, employee benefits and

Amlong & Amlong, P.A.

00 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

6

9.DOC

deferred compensation, available     ersons who held the job of sales r, .esentative from January 1, 1995 to date.

17.    Each document that would show the name, current or last known address, telephone number, race, national origin and sex of all current and former sales representatives in the Miami industrial and printing divisions from 1988 to date.

18.    The following information for each sales representative employed in the Miami printing and industrial divisions for the past five years:

a.    wage and salary information, including all documents review or relied upon in making salary determinations, structuring commissions and/or establishing bonuses;

b.    a list of all accounts handled by each sales representative, including records showing accounts that were transferred to and/or from each sales representative; and

c.    reports of sales performance, including any and all information regarding attainment of goals, projections and quotas.

19.    Any and all documents, including but not limited to, employee handbooks, personnel manuals, supervisor's manuals, training materials, policy manuals, and other written policies, procedures, guidelines and materials of any kind that reflects Unisource's personnel policies in effect from January 1995 until the present, including but not limited to any documents reflecting the procedure and criteria for promoting, increasing salary, disciplining, and discharging employees.

## Amlong & Amlong, P.A.

00 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

7

20.    The following repo and/or statements regarding sales presentatives in the industrial and printing divisions from January 1994 to present;

a.    commission statements, including but not limited to, weekly and other periodic commission statements;

b.    reports showing current and/or past commissions earned by sales representatives; and

c.    reports showing yearly and/or the periodic income and/or sales generated by accounts assigned to each representatives.

21.    The job descriptions, and all documents reflecting the duties, performance standards and the evaluation standards for each position that plaintiff held from January 1, 1995 to date.

22.    Each document memorializing:

a.    any rule, regulation, policy, procedure, and/or standard of conduct that Unisource asserts plaintiff violated;

b.    any employee discipline policy maintained by Unisource;

c.    any written policy maintained by Unisource concerning equal employment opportunity;

d.    any written policy maintained by Unisource concerning equal pay, if separate from that identified in response to the immediately preceding sub-paragraph c;

e.    any written policy maintained by Unisource concerning retaliation, if separate from that identified in response to the immediately preceding sub-paragraph c;

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

8

f.    any written policy maintained by Unisource for handling employee complaints of any kind;

g.    any policy maintained by Unisource concerning confidentiality of employee personnel files; and

h.    any policy maintained by Unisource concerning retention of records, including electronic data.

23.    Any and all documents, memoranda or written summaries of any written, verbal, electronic or other communications or meetings plaintiff had with any past or present employee(s) of defendant regarding the allegations of plaintiff's complaint.

24.    As to any investigation performed by and/or for the defendant concerning the allegations underlying the complaint:

a.    any memoranda or other written instructions initiating the investigation;

b.    any and all notes taken during the investigation, including but not limited to interview notes;

c.    any report, whether final or preliminary, on the investigation;

d.    any document evidencing any remedial steps taken as a result of the investigation; and

e.    if an attorney conducted the investigation, any document (e.g., an engagement letter) specifying the scope of that attorney's engagement.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

9

25. As to any investigation performed by or for the defendant concerning any rule, regulation, policy, procedure, and/or standard of conduct that defendant asserts plaintiff violated:

a. any memoranda or other written instructions initiating the investigation;

b. any and all notes taken during the investigation, including but not limited to interview notes; and any report, whether final or preliminary, on the investigation;

c. any report, whether final or preliminary, on the investigation; and

d. if an attorney conducted the investigation, any document (e.g., an engagement letter) specifying the scope of that attorney's engagement.

26. Any and all other documents, excluding only documents evidencing communications between defendant and its attorneys, reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of defendant concerning the allegations of plaintiff's complaint.

27. Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which plaintiff has complained in the complaint filed in this action.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  ●  FORT LAUDERDALE, FL 33301-1154  ●  BROWARD (954)462-1983  ●  DADE (305)949-0740  ●  FAX (954)523-3192

10

28.    Any and all documents obtained from non-parties to this matter, including, but not limited to, documents obtained through subpoenas to any records custodians, i.e., plaintiff's medical, psychological, psychiatric, educational and/or employment records.

29.    All documents relating to administrative charges of discrimination (e.g., with the Equal Employment Opportunity Commission or any similar state or local agency), alleging employment discrimination based upon gender, race, national origin, and retaliation filed by any employee of Unisource from January 1, 1995 to the date of your response, including, but not limited to:

     a.    charges/complaints of discrimination;

     b.    pleadings and final dispositive orders in any litigation involving those charges;

     c.    personnel file of the persons who filed the charges/complaints;

     d.    personnel files of the persons identified by the claimant as a decision maker;

     e.    personnel files of the persons identified by the claimant as a perpetrator.

30.    Any work force analysis from January 1, 1995 to the date of your response, including but not limited to Forms EEO-1, showing the gender, race and national origin composition of the work force of defendant and/or its operating units, if any.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

11

31.    Any reports prepared from January 1, 1995 to the date of your response concerning compliance by defendant with equal employment opportunity statutes and regulations, including but not limited to:

a.    any reports and/or correspondence prepared in connection with any requirements of any government agency charged with monitoring private-industry compliance with the anti-discrimination laws (e.g., the Office of Federal Contract Compliance);

b.    any internal reports concerning equal employment opportunity compliance relating to compensation;

c.    any response to any request for information by the Equal Employment Opportunity Commission, the Florida Commission on Human Relations and/or any similar agency in any complaint claiming any disparate treatment or impact with regard to the pay of employees on account of their gender.

32.    Organizational charts, diagrams, drawings and other documents showing the organizational structure and chain of decision making responsibility of the business unit or division of Unisource in which plaintiff worked from January 1, 1995 to the date of your response.

33.    Any and all documents identified in defendant's responses to Plaintiff's First Set of Interrogatories served simultaneously with this Request for Production of Documents.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

12

9.DOC

34.    Documents reflecting all insurance policies and/or coverages of defendant for any liability arising from the employment practices alleged in the complaint.

35.    All applications for insurance coverage for liability arising from employment practices prepared, created and/or submitted from January 1, 1995 to the date of your response.

36.    Any correspondence between defendant and any insurer concerning plaintiff's claims, including but not limited to:

      a.    any correspondence from defendant reporting the claim and/or requesting coverage;

      b.    any correspondence declining coverage; and

      c.    any "reservation of rights" letter from any insurer.

Production shall be made at 12 o'clock Noon on the last day permitted under the Florida Rules of Civil Procedure by delivering copies of the requested materials on or before that date to the offices of Amlong & Amlong, P.A., Second Floor, 500 Northeast Fourth Street, Fort Lauderdale, Florida 33301, for inspection and/or copying.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

13

Respectfully submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiffs
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Date:  December 3, 1999

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint in this action.

JENNIFER DALEY

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  ●  FORT LAUDERDALE, FL 33301-1154  ●  BROWARD (954)462-1983  ●  DADE (305)949-0740  ●  FAX (954)523-3192

14

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

      Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

      Defendant.

_____/

Case Number: _____ 99020528

Judge: _____

**Notice of Service of Plaintiff's
First Set of Interrogatories**

Plaintiff, BETTY ORTEGA, pursuant to Florida Rule of Civil Procedure 1.340, gives

notice of the service of Plaintiff's First Set of Interrogatories upon defendant, UNISOURCE

WORLDWIDE, INC., with the Summons and Complaint.

      Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar No: 275565
JENNIFER DALEY
Florida Bar No.: 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954)462-1983

Dated: December 3, 1999.

Amlong & Amlong, P.A.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint in this action.

JENNIFER DALEY

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

2

**CIVIL COVER SHEET**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

     Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC.,
a foreign corporation,

     Defendant.

Case Number: _____ 99020528

Judge: _____

II. TYPE OF CASE:  (Place an x in one box only.  If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| _ Simplified dissolution | _ Professional malpractice | _ Contracts |
| _ Dissolution | _ Products liability | _ Condominium |
| _ Support-IV-D | _ Auto negligence | _ Real property/ Mortgage foreclosure |
| _ Support-Non IV-D | _ Other negligence | _ Eminent domain |
| _ URESA-IV-D | | X Other |
| _ URESA-Non IV-D | | |
| _ Domestic violence | | |
| _ Other domestic relation: | | |

III.  Is Jury Trial Demanded in Complaint?

          __x__ YES

          _____ NO

DATE: December _3_, 1999

SIGNATURE OF PARTY INITIATING ACTION

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Attorneys for Plaintiff
Amlong & Amlong, P.A.
500 N.E. 4th Street, Second Floor
Fort Lauderdale, FL 33301
(954) 462-1983



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR, BROWARD COUNTY, FLORIDA

BETTY ORTEGA,                          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          CASE NO.: 99-020526
                                       )
UNISOURCE WORLDWIDE, INC.,             )
a foreign corporation,                 )
                                       )
                Defendant.             )

**NOTICE OF REMOVAL OF CIVIL ACTION FROM
STATE COURT TO UNITED STATES DISTRICT COURT**

TO:   Karen C. Amlong
      Amlong & Amlong, P.A.
      500 Northeast Fourth Street
      Second Floor
      Fort Lauderdale, Florida 33301-1154

        YOU ARE HEREBY NOTIFIED that Defendant Unisource Worldwide, Inc. has timely

filed with the Clerk of the United States District Court for the Southern District of Florida, its

Notice of Removal of Civil Action ("Notice of Removal") of the above-styled cause to the

district court. A copy of the Notice of Removal is attached.

        YOU ARE FURTHER NOTIFIED that Unisource today is filing this notice and copy of

the Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in

and for, Broward County, Florida. The State Court is now prohibited from proceeding further in

the cause unless the same is remanded.

        In accordance with the Federal Rules of Civil Procedure, please serve the undersigned

with copies of all pleadings that may be filed by Plaintiff in the United States District Court for

the Southern District of Florida, pursuant to the removal of this action.

This 2*th* day of January, 2000.

_Juan C. Enjamio_
Juan C. Enjamio
Florida Bar No. 571910

HUNTON & WILLIAMS
One Biscayne Tower
Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Ph: (305) 810-2500
Fax: (305) 810-2400

Attorney for Unisource Worldwide, Inc.

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR, BROWARD COUNTY, FLORIDA

BETTY ORTEGA,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CASE NO. 99-020526
                                       )
UNISOURCE WORLDWIDE, INC.,             )
a foreign corporation,                 )
                                       )
        Defendant.                     )


## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT** upon opposing counsel by depositing a true and correct copy of same in the United States mail with adequate postage thereon and addressed as follows:

> Karen C. Amlong
> Amlong & Amlong, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33801-1154

This 26th day of January, 2000.

                                        _____
                                        Juan C. Enjamio
                                        Florida Bar No. 571910

                                        Attorney for Unisource Worldwide, Inc.

Path: DOCSOPEN\MIAMI\08507\99999\000303\8%Z01!.DOC
Doc #: 11483; V. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

BETTY ORTEGA,                          )
                                       )
              Plaintiff,               )
                                       )
v.                                     )
                                       )
UNISOURCE WORLDWIDE, INC., a           )
foreign corporation,                   )
                                       )
              Defendant.               )
_____ )

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, UNISOURCE WORLDWIDE, INC.

("Unisource"), by and through undersigned counsel, hereby gives Notice of Removal of this

action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, upon the following grounds:

1.      On or about December 3, 1999, Plaintiff Betty Ortega filed a Complaint in the

Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, Florida, which is

captioned as follows: Betty Ortega v. Unisource Worldwide, Inc., a foreign corporation, and

designated as Case No. 99020526.

2.      The Summons and Complaint were served on Unisource's registered agent for service on or about January 7, 2000.   True and correct copies of all process, pleadings, and papers on file with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, specifically including a copy of the Summons and Complaint are attached hereto as Exhibit A.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331.   This action may be removed to this Court on the basis of federal question jurisdiction by Unisource pursuant to 28 U.S.C. § 1441(b) because the action arises under the Equal Pay Act, 29 U.S.C. §§201 et seq..

4.      Further, this action is a civil action of which this Court has original jurisdiction, under 28 U.S.C. § 1332.   This action may be removed to this Court on the basis of diversity by Unisource pursuant to 28 U.S.C. § 1441(a) because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      At all times relevant hereto, Unisource was and is a foreign corporation.   (Compl. at ¶ 5.)  Unisource is incorporated under the laws of the State of Delaware and its principal place of business is Norcross, Georgia.

6.      Upon information and belief, the named Plaintiff, Betty Ortega, is and at all times relevant hereto was a citizen of the state of Florida, pursuant to 28 U.S.C. § 1332(a).

7.      The amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). In this regard, *assuming arguendo*, and without conceding the merits of Plaintiff's allegations,

Unisource believes that the facts and circumstances underlying Plaintiff's Complaint show that Plaintiff's Complaint seeks damages in an amount in excess of $75,000, notwithstanding the text of Plaintiff's statement of jurisdiction in Paragraph 2 of the Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, Florida.

8.     No other process, pleadings or orders have been filed with the state court and no motions are currently pending.

9.     The instant Notice of Removal of Civil Action has been timely filed pursuant to 28 U.S.C. § 1446(b). Plaintiff's Complaint was the first paper from which Unisource could ascertain that Plaintiff's case had become removable. This notice was filed within thirty (30) of service of Plaintiff's Complaint on Unisource.

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously herewith to Plaintiff's counsel and to the clerk of the state court. A copy of the written notice is attached hereto as Exhibit B.

WHEREFORE, Unisource prays that this action may be removed and requests this Court to assume full jurisdiction over the case herein as provided by law.

HUNTON & WILLIAMS
Attorney for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

By_____
     Juan C. Enjamio
     Florida Bar No. 571910

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was mailed to Karen C. Amlong, Esquire, Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this _____ day of January, 2000.

_____
Juan C. Enjamio

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

Path: DOCSOPEN\MIAMI\08507\99999\000303\8V001!.DOC
Doc #: 11484; V. 1

4

A

**LANG DETECTIVE AGENCY**
Phone: (954)

) S.E. Sixth Street, Suite 304 · Fort Lauderdale, FL 33301

/10/2000

BETTY ORTEGA,

| CASE NO. | 99 20526 03 |
| COURT | CIRCUIT |
| HRG. DATE | |

**LANG DETECTIVE AGENCY**

RETURN OF SERVICE

**AFFIDAVIT**

UNISOURCE WORLDWIDE INC.

TYPE OF WRIT

*ALIAS   SUMMONS*
*COMPLAINT, REQUEST FOR*
*PRODUCTION, INTERROGATORIES*

*UNISOURCE WORLDWIDE, INC* c/o *CT CORPORATION SYSTEM, registered agent*

*OO SOUTH PINE ISLAND RD.   PLANTATION, FL*

) RECEIVED THIS WRIT ON ___*1-6-00 @ 1pm*___

) ON ___*1-7-00*___ at ___*12:40P*___ M., I SERVED IT ON THE WITHIN

NAMED *UNISOURCE WORLDWIDE, INC.* IN *BROWARD*

JNTY, FLORIDA

____ **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant/Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading.

____ **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing the age of 15 years or older to wit: _____ , or to _____ spouse of defendant, at _____ , or to _____ manager of defendant business _____ and informing such person of their contents pursuant to:   ❑ F.S. 48.031. ❑ F.S. 48.031 (2)(a)   ❑ F.S. 48.031 (2)(b).

X   **CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____ as _____ of said corporation in the absence of any superior officer as defined in F.S. 48.081, or by serving _____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving *CT CORPORATION SYSTEM* as a registered agent in compliance with F.S. 48.091.

____ **PARTNERSHIP SERVICE:** By serving _____ , partner, or to _____ a designated employee or person in charge of partnership.

____ **POSTED:** ____ COMMERCIAL, ____ RESIDENTIAL, 1st Attempt _____ AM/PM 2nd Attempt _____ AM/PM

____ **NO SERVICE:** For the reason that after diligent search and inquiry failed to find said _____ in _____ County, Florida

**COMMENTS:** _____

**ATTORNEY:**
KAREN C AMLONG ESQUIRE

FEES FOR SERVICE   $ _____

Sherrie H. Smith
Notary Public, State of Florida
Commission No. CC 612396
My Commission Exp. 1/13/2001
Bonded Through Fla. Notary Service & Bonding Co.

| TOTAL | |
| PAID | |
| BALANCE | |

Witness Fee _____
The foregoing instrument was acknowledged before me this ___ day of ___ JAN ___ 1900 by _____ , who is personally known to me or who has produced _____ (type ID) as identification and who ___ did or did not ___ take an oath.

SHERIFF OF BROWARD COUNTY

BY: *C. HAIRE* / *COMAN*

Sheriff's Appointment No.: 262

_____
NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK/CCN

IN AND FOR ... OWARD COUNTY, FLORIDA

)RTEGA,

aintiff,

Case No.: CACE 99-020526-03

**SUMMONS**
**Civil Complaint**

RCE WORLDWIDE, INC.,

fendant.

_____/

REC'D _1-6-00_

SERVED _C T CORPORATION_

DATE _1-7-00_ TIME _1240pm_

PS _C HAIS Ucomm_
(Printed Name Here)

CERTIFIED IN THE CIRCUIT COURT OF

_17_ JUDICIAL CIRCUIT CERT. # _262_

TE OF FLORIDA:
l Singular the Sheriffs of said State:

U ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this
aintiff's First Set of Interrogatories (original and copy) and Plaintiff's First Request for
n of Documents upon:

C T Corporation Systems, as Registered Agent for
UNISOURCE WORLDWIDE, INC.
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

**IMPORTANT**

: has been filed against you. You have **20 calendar days** after this summons is
l you to file a written response to the attached Complaint in this Court. A
will not protect you; your written response, including the above case number and named
1st be filed if you want the Court to hear your case. If you do not file your response on time,
se the case, and your wages, money, and property may thereafter be taken without further
om the Court. There are other legal requirements. You may want to call an attorney right
)u do not know an attorney, you may call an attorney referral service or a legal aid office
le phone book).

)u choose to file a written response yourself, at the same time you file your written response
t you must also mail or take a carbon copy or photocopy of your written response to:
olman Amlong, Attorney for Plaintiff, AMLONG & AMLONG, P.A., 500
t Fourth Street, Second Floor, Fort Lauderdale, FL 33301, (954) 462-1983
1 (954) 949-0740 [Dade]

JAN - 6 2000

ROBERT E. LOCKWOOD
Clerk of the Circuit Court

By:
Deputy Clerk

...ión, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una
...e su defensa, debe presentar su r~ ~uesta por escrito, incluyendo el nur ~o del caso y los
..., de las partes interesadas en dich ~ase. Si usted no contesta la deman~ ~ a tiempo,
...des, o privado de sus derechos, sin previo aviso del tribunal, Existen otros requisitos legales.
...ea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede
...una de las oficinas de assistencia legal que aparecen en la guia telefonica.

...desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta
...ribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona
...ada abajo como "Plaintiff/Plaintiff'sAttorney." (Demandate o Abogado del Demanadante).

### IMPORTANT

...es poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a
...la date de l'assignation decette citation pour deposer une reponse ecrite a la plainte cidessus
...n des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne
...pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre
...otre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du
... . Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un
...Si vous ne connaissez pas d'avocats, vous pourriez telephoner a un service de reference
... ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

...vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en
...mps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie
...response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

TTY ORTEGA,                                          Case Number: CACE 99-020526-03
  Plaintiff,


IISOURCE WORLDWIDE, INC., a foreign
rporation,
  Defendant.
_____/

### AFFIDAVIT OF LOST ORIGINAL SUMMONS

ounty of Broward

ate of Florida

   1.     My name is Audrey L. Bostic.  I am over the age of 18 and make this affidavit

my own personal knowledge.

   2.     I am a secretary employed by Amlong & Amlong, P.A.., the attorneys for Betty

rtega, the plaintiff in the above-styled action.

   3.     On December 3, 1999, Amlong & Amlong, P.A., filed the above-styled action on

ehalf of plaintiff at which time I believe an original Summons was issued by the Clerk of The

ourt.

   4.     After a thorough search, we are unable to locate the original Summons issued

ι this case.


Audrey L. Bostic, Secretary to
Jennifer Daley, Esq.


Sworn to and Subscribed before me this _____ day of January, 2000

Notary Public

Ross A. Carson-Williams
Commission # CC 732912
Expires April 12, 2002
BONDED THRU
ATLANTIC BONDING CO., INC.



Page 1 of 1

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

Case Number: _____ 98020526

Judge: _____

**Complaint — Jury Trial Demanded**

Plaintiff, BETTY ORTEGA, sues defendant, UNISOURCE WORLDWIDE, INC., a

foreign corporation, and alleges:

## Introduction

1.    This is an action by Betty Ortega, a Hispanic female sales representative,

whom the defendant, Unisource Worldwide, Inc. ("Unisource"), discriminated against

because of her gender, race and national origin (including telling her that "customers don't

like Hispanic women because they are too aggressive"), paid less than male and non-

Hispanic employees doing equal work, and retaliated against after she spoke out against

discrimination.  Plaintiff seeks damages, injunctive relief, attorney's fees and litigation

expenses pursuant to the Florida Civil Rights Act, Chapter 760, Florida Statutes, and the

Equal Pay Act, 29 U.S.C. § 206(d).

## Jurisdiction and Venue

2.    This is an action for damages in excess of $15,000, exclusive of costs and

interest, and for injunctive relief.

*Amlong & Amlong, P.A.*

8.DOC
December 2, 1999

3.     Venue is proper in Broward County Court because:

    a.     this is where the defendant does business; and

    b.     the cause of action arose in Broward County, Florida.

### The Parties

4.     Betty Ortega ("Ortega") is a sales representative whom Unisource Worldwide, Inc. and/or its predecessors (hereinafter collectively referred to as "Unisource") employed since 1988 as a sales representative, a position for which she was at all times material qualified and performed satisfactorily. She is protected

    a.     under the Florida Civil Rights Act (FCRA) because of her race and national origin, i.e., Cuban;

    b.     under the FCRA because she is a woman;

    c.     under the Equal Pay Act because she is a woman; and

    d.     under the FCRA and the Equal Pay Act because she opposed the discrimination against her by defendant on account of her gender, race and/or national origin, she asserted rights under the Equal Pay Act that the Equal Pay Act was intended to protect, and she filed a Charge of Discrimination complaining of race, sex and/or national origin discrimination and of retaliation with the Florida Commission on Human Relations.

5.     Unisource Worldwide, Inc., is a foreign corporation, doing business in Broward County, Florida, where Ortega was based, and is and was at all material times an "employer" as defined by 29 U.S.C. § 203(d) and Chapter 760.02(7), Florida Statutes.

### Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

2

8.DOC
December 3, 1999

## Conditions Precedent

6.   On or about April 23, 1999, Ortega filed a Charge of Discrimination with the

Florida Commission on Human Relations (FCHR), that stated in pertinent part:

> I have been discriminated against on account of my sex (female), my national
> origin and race (Hispanic) and because I opposed employment practices
> made illegal by and in violation of Title VII of the Civil Rights Act of 1964, as
> amended, and the Florida Civil Rights Act, § 760.01, et seq., Particularly:
>
> I have been employed as a sales representative for Unisource Worldwide, Inc.
> for approximately 11 years. Male sales representatives receive better accounts
> than I do and recently export accounts that were promised to me were given
> to a male less qualified that I to handle exports. Less and equally qualified
> males have been promoted before me. I make approximately $100,000 per
> year while similarly situated and qualified men have made $275,000 to
> $350,000 per year.
>
> I have been told that customers "don't like Hispanic women because they are
> too aggressive."
>
> Since 1990, I have complained that I have been treated differently, and worse,
> because I am female and Hispanic. I believe my disparate treatment is
> because I am female, Hispanic and spoke out against discrimination.

Ortega adopts these allegations as part of this Complaint.

7.      More than 180 days have passed since the filing of Ortega's Charge. The

FCHR deferred the processing of Ortega's Charge to the Equal Employment Opportunity

Commission (EEOC), pursuant to work sharing, without conciliating the case or making a

finding adverse to Ortega within 180 days of when Ortega filed the Charge.

## Count I/Equal Pay Act

8.      Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the

allegations in paragraphs 1, 2, 3, 4(c), 5 and 6.

<div align="center">Amlong & Amlong, P.A.</div>

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

3

8.DOC
December 2, 1999

9.    At all times material, Unisource, has had employees subject to the provisions of Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206, in its establishments in which Ortega was, and is, employed.

10.    During her employment by Unisource, Unisource paid Ortega at rates less than it paid employees of the males sex, although the jobs performed by Ortega required equal skill, effort, and responsibility and were performed under similar working conditions.

11.    Moreover, the difference in the rates paid to Ortega, as compared with those paid to employees of the male sex, was not a part of, and was not occasioned by, any seniority, merit, or piecework system, but was based solely on the factor of sex.

12.    Unisource knew or showed reckless disregard as to whether its conduct violated the Equal Pay Act.

13.    The acts more particularly alleged in paragraphs 6, 10 and 11 above violate Ortega's rights against sexual discrimination, which discrimination is proscribed by the Equal Pay Act, 29 U.S.C. § 206(d).

14.    The conduct of Unisource and its agents, proximately, directly, and foreseeably injured Ortega, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

15.    Ortega is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 216(b).

<div align="center">

Amlong & Amlong, P.A.

</div>

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

**16.**    Ortega has no plain, adequate or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Ortega prays that this Court will:

A.    permanently enjoin defendant Unisource, its officers, agents, servants, employees and all other persons in active concert or participation with them from violating the provisions of the Equal Pay Act, 29 U.S.C. § 206(d)(1);

B.    restrain the withholding of payment of compensation found by the Court to be due to Ortega under the Equal Pay Act in accordance with 29 U.S.C. § 217;

C.    award Ortega an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(c);

D.    award Ortega her costs, litigation expenses and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

E.    grant Ortega such other and further relief as is just.

## Count II/Retaliation

**17.**    Ortega adopts and realleges, as if set forth in this count, the allegations of ¶¶ 1, 2, 3, 4(d), 5 and 6.

**18.**    Additionally, Ortega complained on repeated occasions to her supervisors, including managers and vice presidents, that she believed she was being paid less than her male counterparts and demanded repeatedly, but to no avail, that she be assigned to more lucrative and/or new accounts, such as the export accounts that she had been promised but

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

5

8.DOC
December 3, 1999

were eventually given to a less qualified male employee. Ortega's complaints about pay disparity constitute protected activity under 29 U.S.C. § 215(a)(3).

19.    Subsequent to and as a result of Ortega's inquiries and complaints about pay disparity, she was retaliated against, including but not limited to, by the following adverse employment actions:

    a.    She was not given the export accounts that she had been promised which were instead given to a less qualified male employee;

    b.    She was passed over for assignments to lucrative and/or new accounts;

    c.    One account that generated income was taken away from her and replaced with an account that generated virtually no income; and

    d.    She was given new accounts to service that generated virtually no income.

WHEREFORE, plaintiff, Betty Ortega, prays that this court will grant judgment in favor of Ortega for:

    A.    legal and equitable relief including, but not limited to, the payment of wages lost and an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(c);

    B.    her costs, including a reasonable attorney's fee and litigation expenses, pursuant to 29 U.S.C. § 216(b); and

    C.    such other and further relief as is just.


Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

B.DOC
December 2, 1999

## Count III/FCRA/Gender Discrimination

20.     Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(b), 5, 6, 7, 10 and 11.

21.     Additionally, Unisource treated Ortega differently, and worse, that male sales representatives.  Particularly, Unisource failed to consider Ortega and/or passed Ortega over for promotions and assignments for which she was qualified in favor of equally or lesser qualified males, and paid her less than comparably qualified men for similar work and Ortega's female gender was a factor motivating such employment actions.

22.     Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraphs 6 and 21 above.

23.     The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

24.     The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under Chapter 760, Florida Statutes.

25.     As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE. FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

26. Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

27. Ortega has and will incur attorney's fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A. Issue a judgment:

    1. determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

    2. enjoining Unisource from continuing to engage in such unlawful employment practices; and

    3. ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

    4. awarding Ortega damages against Unisource;

B. Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C. Grant Ortega such other and further relief as the circumstances and law require and/or provide.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

8

8.DOC
December 1, 1999

## Count IV/FCRA/Race Discrimination

28.     Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(a), 5, 6 and 7.

29.     Additionally, Unisource treated Ortega differently, and worse, that non-Hispanic/Cuban representatives.  Particularly, Unisource failed to consider Ortega and/or passed Ortega over for assignments for which she was qualified in favor of equally or lesser qualified non-Hispanic/Cuban representatives, and paid her less than comparably qualified non-Hispanic/Cuban representatives for similar work and Ortega's race was a factor motivating such employment actions.

30.     Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraph 6 and 29 above.

31.     The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under Chapter 760, Florida Statutes.

32.     As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

33.     The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

9

R DOC
December 2, 1999

34.    Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

35.    Ortega has and will incur attorneys' fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A.    Issue a judgment:

1.    determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

2.    enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.    ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.    awarding Ortega damages against Unisource;

B.    Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

## Count V/FCRA/National Origin Discrimination

36.    Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 1, 2, 3, 4(d), 5, 6 and 7.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

10

37.   Additionally, Unisource treated Ortega differently, and worse, that non-Hispanic/Cuban representatives. Particularly, Unisource failed to consider Ortega and/or passed Ortega over for assignments for which she was qualified in favor of equally or lesser qualified non-Hispanic/Cuban representatives, and paid her less than comparably qualified non-Hispanic/Cuban representatives for similar work and Ortega's national origin was a factor motivating such employment actions.

38.   Plaintiff Ortega realleges and adopts, as if fully set forth in this count, the allegations in paragraphs 30 through 35 above.

WHEREFORE, plaintiff prays that this Court will:

A.   Issue a judgment:

1.   determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida;

2.   enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.   ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.   awarding Ortega damages against Unisource;

B.   Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

11

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

## Count VI \ FCRA Retaliation

39.    Ortega adopts and realleges, as if set forth in this count, the allegations of ¶¶ 1, 2, 3, 4(c), 5, 6 and 7.

40.    Ortega complained on repeated occasions to her supervisors, including managers and supervisors, that she believed she was being paid less than her male counterparts and demanded repeatedly, but to no avail, that she be assigned to more lucrative and/or new accounts, such as the export accounts that she had been promised but were eventually given to a less qualified male employee. She also complained that she was treated differently because she was Hispanic. Ortega's complaints constitute protected activity under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

41.    Subsequent to and as a result of Ortega's inquiries and complaints about pay disparity, she was retaliated against, including but not limited to, by the following adverse employment actions:

a.    She was not given the export accounts that she had been promised which were instead given to a less qualified male employee;

b.    She was passed over for promotions and assignments to lucrative and/or new accounts;

c.    One account that generated income was taken away from her and replaced with an account that generated virtually no income; and

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

12

d.    She was given new accounts to service that generated virtually no income.

42.    Unisource affected Ortega in a "term, condition, or privilege" of her employment, as envisioned by section 760.10(1), Florida Statutes, by the conduct set forth in paragraph 21 above.

43.    The conduct of Unisource and its agents and employees, as more particularly alleged above, has deprived Ortega of her statutory rights under section 760.10(7), Florida Statutes.

44.    The conduct of Unisource was intentional, wilful and wanton, and done in reckless disregard of the statutory rights of Ortega.

45.    As a direct, natural, proximate and foreseeable result of the actions of defendant, Ortega has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46.    Ortega has no plain, adequate, or complete remedy at law for the actions of Unisource, which have caused, and continue to cause, irreparable harm.

47.    Ortega has and will incur attorneys' fees, expert witness fees and other costs in prosecuting this action.

WHEREFORE, plaintiff prays that this Court will:

A.    Issue a judgment:

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

13

1.    determining and declaring that Unisource's practices toward Ortega are violative of Ortega's rights under the Florida Civil Rights Act, Chapter 760, Florida Statutes;

2.    enjoining Unisource from continuing to engage in such unlawful employment practices; and

3.    ordering such affirmative action regarding Ortega as is appropriate, including, but not limited to, instatement with full seniority and backpay, or should the Court find instatement impracticable, backpay and an appropriate award of front pay; and

4.    awarding Ortega damages, including punitive damages, against Unisource;

B.    Grant Ortega her costs and reasonable attorneys' fees pursuant to the Florida Civil Rights Act, section 760.11(5), Florida Statutes; and

C.    Grant Ortega such other and further relief as the circumstances and law require and/or provide.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

14

## Demand for Jury Trial

Plaintiff, Betty Ortega, demands trial by jury on all issues so triable.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar No: 275565

JENNIFER DALEY
Florida Bar No:  0856436

AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954)462-1983

Dated:  December **3**, 1999.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  •  FORT LAUDERDALE, FL 33301-1154  •  BROWARD (954)462-1983  •  DADE (305)949-0740  •  FAX (954)523-3192

15

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

      Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

      Defendant.

_____/

Case Number: _____ 99020526

Judge: _____

## Plaintiff's First Request for Production of Documents from Defendant

Plaintiff, BETTY ORTEGA, pursuant to Florida Rule of Civil Procedure 1.350, requests defendant, UNISOURCE WORLDWIDE, INC. ("Unisource"), respond within forty five (45) days of the service of this Request for Production, to the following request, i.e., that defendant produce and permit plaintiff to inspect and to copy each of the following documents[1],[2]:

---

[1]      The term "document" shall be deemed to mean every writing or record of every type or description which is in your possession, custody or control (or copy thereof if the original is not in your possession, custody or control), including, and without any limitation whatsoever, correspondence, memoranda, log books, stenographic or handwritten notes, computer media, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, minutes, and statistical compilations.

[2]      Any information that defendant claims is privileged should be identified as such:

    When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a matter that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Amlong & Amlong, P.A.

00 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

1.    Any and all documents (including, but not limited notes, e-mails, correspondence, memoranda, reports, spreadsheets, calculations and data bases) relating to, mentioning, created during, or used during any study comparing compensation of male and female employees employed divisions in which plaintiff worked, including, but not limited to the industrial and printing divisions of Unisource, from the date plaintiff first began to work in those divisions to date.

2.    Any and all documents embodying, evidencing or relating to reports or complaints of unequal compensation between male and female employees within the industrial and printing divisions since January 1, 1993.

3.    Any and all documents embodying, evidencing or relating to reports of gender discrimination within the industrial and printing divisions since January 1, 1993.

4.    Any and all documents embodying, evidencing or relating to reports of race and/or national origin discrimination within the industrial and printing divisions since January 1, 1993.

5.    Any and all documents embodying, evidencing or relating to reports of retaliation within the industrial and printing divisions since January 1, 1993.

6.    Any and all notes made by any Unisource employee including, but not limited to, the following persons during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported gender (or sex)-based pay disparity and/or discrimination:

---

Florida Rule of Civil Procedure 1.280(b)(5).

---

Amlong & Amlong, P.A.

00 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

2

        a.      Bill Ready;

        b.      John Glaze;

        c.      Bob McKee; and/or

        d.      Jim Press.

7.    Any and all notes made by any Unisource employee including, but not limited to, the following persons during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported race and/or national origin discrimination:

        a.      Bill Ready;

        b.      John Glaze;

        c.      Bob McKee; and/or

        d.      Jim Press.

8.    Any and all notes made by any Unisource employee including, but not limited to, the following persons during, or relating to, written, verbal, electronic or other communications with plaintiff during which plaintiff mentioned or reported retaliation:

        a.      Bill Ready;

        b.      John Glaze;

        c.      Bob McKee; and/or

        d.      Jim Press.

9.    The plaintiff's entire personnel file, including, but not limited to, those documents and writings used to determine plaintiff's qualifications for employment,

*Amlong & Amlong, P.A.*

500 NORTH AND FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

3

promotions, transfers, salary, raises, pension eligibility, termination of other disciplinary action.

10.    The following documents regarding the plaintiff, if not contained in plaintiff's personnel file:

a.    Application for employment.

b.    Complete compensation records, including but not limited to payroll records, pay stubs, time records, time cards, W-2 forms, and commission statements.

c.    Performance evaluations or job reviews.

d.    Records of complaints against plaintiff of misconduct or of violation of any workplace rule, regulation or policy, the investigation of any such complaints and any disciplinary or other action taken as the result of the investigation and/or findings of the investigation.

e.    Records of all formal and informal disciplinary action, including but not limited to corrective action reports, counseling, verbal and written reprimands, suspensions, demotions, transfers, and the like, whether or not taken as the result of a complaint or investigation.

f.    The written description of each position held by plaintiff while employed by defendant.

g.    Forms or applications for life or health insurance completed by plaintiff while in the employ of defendant.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

4

h.    Documents. writings or other memoranda descr    ig fringe benefits

that plaintiff was eligible to receive from defendant.

i.    Any and all employment agreements or contracts, including any non-compete agreements,  between the plaintiff and defendant and/or its predecessors in interest.

j.    Records of annual sales performance including but not limited to projections, goals, budgets and actual sales for each year of employment in the industrial and printing division.

k.    Any and all files kept by individuals, departments and/or divisions regarding plaintiff.

11.    All written, verbal, electronic and other formal and informal records mentioning or relating to plaintiff, including but not limited to notes, internal memoranda, reports and other documents of any kind created, received or maintained from January 1, 1995 through and including the date of your response by  the following persons:

a.    Bill Ready;

b.    John Glaze;

c.    Bob McKee; and/or

d.    Jim Press.

12.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.)  used or reviewed in the decision-

Amlong & Amlong, P.A.

;00 NORTHEAST FOURTH STREET  ●  FORT LAUDERDALE, FL 33301-1154  ●  BROWARD (954)462-1983  ●  DADE (305)949-0740  ●  FAX (954)523-3192

5

making process concerning whether to assign plaintiff to new accounts from January 1, 1995 to date.

13.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.) used or reviewed in the decision-making process concerning whether to reassign to another employee accounts previously assigned to plaintiff from January 1, 1995 to date.

14.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, grids, criteria, instructions, guidelines, etc.) used or reviewed in the decision-making process concerning the re-assignment of export accounts assigned to Tony Gispert before his retirement and/or separation from employment.

15.    With respect to sale representative numbers assigned to representatives in the Miami industrial and printing divisions:

      a.    any and all lists of numbers assigned to sales representatives from January 1, 1993 to present; and

      b.    any and all lists of sales representatives to which each number is assigned from January 1, 1993 to present.

16.    Each document (including but not limited to salary grids, lists of salary ranges for particular pay grades, compensation by objective criteria, Hay-point analyses, automobile-allowance policies and procedures, position descriptions, compensation analyses, summary plan descriptions) defining, limiting or pertaining to the total compensation, including but not limited to commissions, bonuses, employee benefits and

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)482-1983 • DADE (305)949-0740 • FAX (954)523-3192

6

deferred compensation, availa~ ~o persons who held the job of sales  ~resentative from January 1, 1995 to date.

17.     Each document that would show the name, current or last known address, telephone number, race, national origin and sex of all current and former sales representatives in the Miami industrial and printing divisions from 1988 to date.

18.     The following information for each sales representative employed in the Miami printing and industrial divisions for the past five years:

a.      wage and salary information, including all documents review or relied upon in making salary determinations, structuring commissions and/or establishing bonuses;

b.      a list of all accounts handled by each sales representative, including records showing accounts that were transferred to and/or from each sales representative; and

c.      reports of sales performance, including any and all information regarding attainment of goals, projections and quotas.

19.     Any and all documents, including but not limited to, employee handbooks, personnel manuals, supervisor's manuals, training materials, policy manuals, and other written policies, procedures, guidelines and materials of any kind that reflects Unisource's personnel policies in effect from January 1995 until the present, including but not limited to any documents reflecting the procedure and criteria for promoting, increasing salary, disciplining, and discharging employees.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET  ●  FORT LAUDERDALE, FL 33301-1154  ●  BROWARD (954)462-1983  ●  DADE (305)949-0740  ●  FAX (954)523-3192

7

20.    The following re     ts and/or statements regarding sal    epresentatives in the industrial and printing divisions from January 1994 to present;

a.    commission statements, including but not limited to, weekly and other periodic commission statements;

b.    reports showing current and/or past commissions earned by sales representatives; and

c.    reports showing yearly and/or the periodic income and/or sales generated by accounts assigned to each representatives.

21.    The job descriptions, and all documents reflecting the duties, performance standards and the evaluation standards for each position that plaintiff held from January 1, 1995 to date.

22.    Each document memorializing:

a.    any rule, regulation, policy, procedure, and/or standard of conduct that Unisource asserts plaintiff violated;

b.    any employee discipline policy maintained by Unisource;

c.    any written policy maintained by Unisource concerning equal employment opportunity;

d.    any written policy maintained by Unisource concerning equal pay, if separate from that identified in response to the immediately preceding sub-paragraph c;

e.    any written policy maintained by Unisource concerning retaliation, if separate from that identified in response to the immediately preceding sub-paragraph c;

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)482-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

8

f.    any written policy maintained by Unisource for handling employee complaints of any kind;

g.    any policy maintained by Unisource concerning confidentiality of employee personnel files; and

h.    any policy maintained by Unisource concerning retention of records, including electronic data.

23.    Any and all documents, memoranda or written summaries of any written, verbal, electronic or other communications or meetings plaintiff had with any past or present employee(s) of defendant regarding the allegations of plaintiff's complaint.

24.    As to any investigation performed by and/or for the defendant concerning the allegations underlying the complaint:

a.    any memoranda or other written instructions initiating the investigation;

b.    any and all notes taken during the investigation, including but not limited to interview notes;

c.    any report, whether final or preliminary, on the investigation;

d.    any document evidencing any remedial steps taken as a result of the investigation; and

e.    if an attorney conducted the investigation, any document (e.g., an engagement letter) specifying the scope of that attorney's engagement.

## Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

9

25.    As to any investigation performed by or for the defendant concerning any rule, regulation, policy, procedure, and/or standard of conduct that defendant asserts plaintiff violated:

      a.    any memoranda or other written instructions initiating the investigation;

      b.    any and all notes taken during the investigation, including but not limited to interview notes; and any report, whether final or preliminary, on the investigation;

      c.    any report, whether final or preliminary, on the investigation; and

      d.    if an attorney conducted the investigation, any document (e.g., an engagement letter) specifying the scope of that attorney's engagement.

26.    Any and all other documents, excluding only documents evidencing communications between defendant and its attorneys, reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of defendant concerning the allegations of plaintiff's complaint.

27.    Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which plaintiff has complained in the complaint filed in this action.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

10

28.    Any and all    uments obtained from non-parties ⸏ this matter, including, but not limited to, documents obtained through subpoenas to any records custodians, i.e., plaintiff's medical, psychological, psychiatric, educational and/or employment records.

29.    All documents relating to administrative charges of discrimination (e.g., with the Equal Employment Opportunity Commission or any similar state or local agency), alleging employment discrimination based upon gender, race, national origin, and retaliation filed by any employee of Unisource from January 1, 1995 to the date of your response, including, but not limited to:

      a.    charges/complaints of discrimination;

      b.    pleadings and final dispositive orders in any litigation involving those charges;

      c.    personnel file of the persons who filed the charges/complaints;

      d.    personnel files of the persons identified by the claimant as a decision maker;

      e.    personnel files of the persons identified by the claimant as a perpetrator.

30.    Any work force analysis from January 1, 1995 to the date of your response, including but not limited to Forms EEO-1, showing the gender, race and national origin composition of the work force of defendant and/or its operating units, if any.

<div align="center">

Amlong & Amlong, P.A.
</div>

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

11

31.   Any reports prepared from January 1, 1995 to the date of your response concerning compliance by defendant with equal employment opportunity statutes and regulations, including but not limited to:

      a.   any reports and/or correspondence prepared in connection with any requirements of any government agency charged with monitoring private-industry compliance with the anti-discrimination laws (e.g., the Office of Federal Contract Compliance);

      b.   any internal reports concerning equal employment opportunity compliance relating to compensation;

      c.   any response to any request for information by the Equal Employment Opportunity Commission, the Florida Commission on Human Relations and/or any similar agency in any complaint claiming any disparate treatment or impact with regard to the pay of employees on account of their gender.

32.   Organizational charts, diagrams, drawings and other documents showing the organizational structure and chain of decision making responsibility of the business unit or division of Unisource in which plaintiff worked from January 1, 1995 to the date of your response.

33.   Any and all documents identified in defendant's responses to Plaintiff's First Set of Interrogatories served simultaneously with this Request for Production of Documents.

<div align="center">

Amlong & Amlong, P.A.

</div>

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

12

34.    Documents reflecting all insurance policies and/or coverages of defendant for any liability arising from the employment practices alleged in the complaint.

35.    All applications for insurance coverage for liability arising from employment practices prepared, created and/or submitted from January 1, 1995 to the date of your response.

36.    Any correspondence between defendant and any insurer concerning plaintiff's claims, including but not limited to:

a.    any correspondence from defendant reporting the claim and/or requesting coverage;

b.    any correspondence declining coverage; and

c.    any "reservation of rights" letter from any insurer.

Production shall be made at 12 o'clock Noon on the last day permitted under the Florida Rules of Civil Procedure by delivering copies of the requested materials on or before that date to the offices of Amlong & Amlong, P.A., Second Floor, 500 Northeast Fourth Street, Fort Lauderdale, Florida 33301, for inspection and/or copying.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

13

Respectfully submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiffs
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Date: December 3, 1999

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Summons and Complaint in this action.

JENNIFER DALEY

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

14

IN THE CIRCUIT COURT OF THE SEVENTEEN JUDICIAL
CIRCUIT N AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,

      Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

      Defendant.

_____/

Case Number: _____ 98020528

Judge: _____

**Notice of Service of Plaintiff's
First Set of Interrogatories**

Plaintiff, BETTY ORTEGA, pursuant to Florida Rule of Civil Procedure 1.340, gives

notice of the service of Plaintiff's First Set of Interrogatories upon defendant, UNISOURCE

WORLDWIDE, INC., with the Summons and Complaint.

                       Respectfully Submitted,

                       KAREN COOLMAN AMLONG
                       Florida Bar No: 275565
                       JENNIFER DALEY
                       Florida Bar No.: 0856436
                       Amlong & Amlong, P.A.
                       Attorneys for Plaintiff
                       500 Northeast Fourth Street
                       Second Floor
                       Fort Lauderdale, FL 33301-1154
                       (954)462-1983

Dated:  December 3, 1999.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET ● FORT LAUDERDALE, FL 33301-1154 ● BROWARD (954)462-1983 ● DADE (305)949-0740 ● FAX (954)523-3192

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint in this action.

JENNIFER DALEY

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

2

**CIVIL COVER SHEET**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BETTY ORTEGA,                                    Case Number: _____ 99020528

      Plaintiff,                                Judge: _____

vs.

UNISOURCE WORLDWIDE, INC.,
a foreign corporation,

      Defendant.

_____

II. TYPE OF CASE:    (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| _ Simplified dissolution | _ Professional malpractice | _ Contracts |
| _ Dissolution | _ Products liability | _ Condominium |
| _ Support-IV-D | _ Auto negligence | _ Real property/ Mortgage foreclosure |
| _ Support-Non IV-D | _ Other negligence | _ Eminent domain |
| _ URESA-IV-D | | X Other |
| _ URESA-Non IV-D | | |
| _ Domestic violence | | |
| _ Other domestic relation: | | |

III. Is Jury Trial Demanded in Complaint?

        _x_ YES
        ____ NO

DATE: December _3_, 1999

SIGNATURE OF PARTY INITIATING ACTION

_Jennifer Daley_

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Attorneys for Plaintiff
Amlong & Amlong, P.A.
500 N.E. 4th Street, Second Floor
Fort Lauderdale, FL 33301
(954) 462-1983



This 2<u>6th</u> day of January, 2000.

Juan C. Enjamio
Florida Bar No. 571910

HUNTON & WILLIAMS
One Biscayne Tower
Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Ph: (305) 810-2500
Fax: (305) 810-2400

Attorney for Unisource Worldwide, Inc.

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT, IN AND FOR, BROWARD COUNTY, FLORIDA

BETTY ORTEGA,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          CASE NO. 99-020526
                                       )
UNISOURCE WORLDWIDE, INC.,             )
a foreign corporation,                 )
                                       )
            Defendant.                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **NOTICE OF**

**REMOVAL OF ACTION FROM STATE COURT TO UNITED STATES DISTRICT**

**COURT** upon opposing counsel by depositing a true and correct copy of same in the United

States mail with adequate postage thereon and addressed as follows:

> Karen C. Amlong
> Amlong & Amlong, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33801-1154

This 26th day of January, 2000.

Juan C. Enjami
Florida Bar No. 571910

Attorney for Unisource Worldwide, Inc.

Path: DOCSOPEN\MIAMI\08507\99999\000303\8%Z01!.DOC
Doc #: 11483; V. 1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET   00-06126

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BETTY ORTEGA

## DEFENDANTS

CIV-DIMITROULEAS

UNISOURCE WORLDWIDE, INC., a foreign corporation

MAGISTRATE JUDGE
JOHNSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A-Broward
00 CV06126 WPD/Johnsen

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
Karen Amlong, Esq., Amlong & Amlong, P.A.
500 N.E. 4th St., Ft. Lauderdale, FL
33301-1154

ATTORNEYS (IF KNOWN)
Juan C. Enjamio, Esq., Hunton & Williams
One Biscayne Tower, S. 2500, 2 South
Biscayne Blvd., Miami, FL 33131-1802

(d) CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  (BROWARD,)  PALM BEACH,  MARTIN,  ST LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (PLACE AN  X  IN ONE BOX ONLY)

☐ 1  U S Government
       Plaintiff

☐ 2  U S Government
       Defendant

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN  X  IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL INJURY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION  (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Section 201, et seq.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions)
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE
January 26, 2000

SIGNATURE OF ATTORNEY OF RECORD
Juan C. Enj.

FOR OFFICE USE ONLY

☐ 150.00  816132

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

01/27/00