IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Ft. Lauderdale Division)
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/



## JOINT REPORT OF SCHEDULING MEETING

Plaintiff, Betty Ortega, and defendant, Unisource Worldwide, Inc., report to the Court that the following items were dealt with during a meeting conducted pursuant to this Court's February 3, 2000 Order, Rule 16.1, Local Rules for the United States District Court for the Southern District of Florida, and Federal Rule of Civil Procedure 16(b):

    A.    **Discovery Schedule**. Counsel for the parties have agreed as follows:

        1.    to provide the following pursuant to Local Rule 16.1, if not already produced as part of that party's responses to pending discovery on or before March 31, 2000:

            a.    the name and, if known, the address and telephone number of each individual known to have knowledge of the facts supporting the



material allegations of the pleadings filed by that party, identifying the subjects of the information about which the person is known to have knowledge;

      b.    all documents then reasonably available to a party which are contemplated to be used in support of the allegations of the pleading filed by the party, which documents shall be uniquely marked or accompanied by an accurate list as required by Local Rule 16.1.B.1.

      2.    The parties also agree to provide the names and addresses of additional witnesses and additional documents in the above categories as they become available.

      3.    Both before and after receipt or inspection of the agreed upon documents and list of witnesses provided for in paragraph A.1, each party may propound such additional written discovery and notice such depositions as that party believes is necessary within the limitations provided by the Federal Rules of Civil Procedure and the Local Rules.

      4.    The parties will coordinate the scheduling of all depositions.

      5.    Each party automatically will provide the other with copies of any documents obtained from third parties by subpoena, for which the receiving party will pay the actual costs of copying.

    B.    **Settlement**.  Settlement has not been discussed.  But, the parties agree to participate in mediation.

    C.    **Additional Parties**. Depending on discovery, plaintiff may seek to amend the complaint to add class allegations and to notify other putative

plaintiffs of their ability to opt-in as plaintiffs concerning those counts brought pursuant to the Equal Pay Act and Fair Labor Standards Act. Other than that, no additional parties are foreseen. Defendant reserves the right to object and oppose any amendments.

D. **Amendments to the Pleadings.** Plaintiff will amend the Complaint to add claims under Title VII of the Civil Rights Act of 1991, when those claims ripen and are capable of assertion after the Equal Employment Opportunity Commission issues a notice of right to sue. Defendant reserves the right to object and oppose any amendments. If plaintiff intends to file an amended complaint pleading class allegations, she shall do so, and shall file her motion for class certification, on or before <u>August 31, 2000</u>. The parties recognize that in the event this action is certified as a class action, the dates, time periods, and proposed time limits agreed to in this report will have to be extended.

E. **Related Cases.** There are no related cases at this time.

F. **Preliminary Estimate of Time for Trial and Type of Trial.** This is a jury trial, which the parties estimate will be ready for pretrial conference and trial in March 2001. The parties estimate that this case will take five days to try and recommends that it be assigned to the Standard Case Management Track.

G. **Proposed Time Limits**. Counsel have agreed on the following proposed time limits:

1. The pleadings will be amended and any additional parties will be joined by <u>August 31, 2000</u>.

2. Discovery will be completed by <u>November 1, 2000</u>.

3. Motions for Summary Judgment and/or Motions for Judgment on the Pleadings will be filed by <u>January 1, 2001</u>.

4. All other pretrial motions and/or memoranda of law will be filed by ten (10) days prior to the final pretrial conference.

5. Resumes of experts and their reports will be exchanged in accordance with Local Rule 16.1.K. ninety (90) days prior to the final pretrial conference.

6. A Pre-trial Stipulation will be filed ten (10) days prior to the final pretrial conference.

H. **Other Matters.** The parties will attempt to stipulate to as many issues as possible to avoid unnecessary proceedings, proof, cumulative evidence and the need for advance rulings from the Court. Additionally,

1. Documents and other tangible items exchanged, provided or obtained pursuant to Federal Rule of Civil Procedure 26, Local Rule 16.1 and/or through formal discovery that the parties agree or the court determines are confidential shall be subject to the Agreed Order of Confidentiality appended to this Report as Exhibit B. Additional copies are submitted herewith for use by the Court if the Court finds the Order acceptable.

2. The parties did not agree regarding the elimination of any issues from the case.

3. The parties did not agree on whether further amendment of the pleadings was necessary except as stated in paragraph D above.

4. The parties have discussed referral to a magistrate for trial and agree to refer nondispositive motions and discovery issues to a magistrate judge. The parties do not agree to refer dispositive motions or trial in this action to a magistrate judge.

I. **Requested Dates.** Plaintiff requests to be excused from trial during August, the Wednesday before and the week after Thanksgiving, the last two weeks of the year and the first week of January.

J. **Joint Proposed Scheduling Order.** The parties' joint proposed Scheduling Order is attached hereto as Exhibit A. Additional copies are submitted herewith for the use of the Court, if it finds the Order acceptable.

Respectfully Submitted,

_____
KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954)462-1983
3/7/00

_____
JUAN C. ENJAMIO
Florida Bar Number 571910
Hunton & Williams
Attorneys for Defendant
One Biscayne Tower, Suite 2500
2 South Biscayne Blvd.
Miami, FL 33131

(305) 810-2500

G:\CP\HISTORY\1772\23.DOC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Ft. Lauderdale Division)
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

## SCHEDULING ORDER UPON
## JOINT REPORT OF SCHEDULING MEETING

THIS CAUSE came before the Court pursuant to Local Rule 16.1 of the Southern District of Florida. The Court has reviewed and considered the parties' Joint Report of Scheduling Meeting and proposed Scheduling Order Upon Joint Report of Scheduling Meeting. Accordingly, the Court

ORDERS AND ADJUDGES that:

1. This case is assigned to the Standard Case Management Track.

2. The parties will exchange documents, preliminary witness lists and the other information required by Paragraph 1 of their Joint Report of Scheduling Meeting and Federal Rule of Civil Procedure 26 by **March 31, 2000.** Thereafter, the parties shall conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida and their Joint Report of Scheduling Meeting. All discovery shall be completed by _____.

1

EXHIBIT "A"

3.  Amendments to the pleadings will be made and additional parties will be joined by _____.

4.  Resumes of experts and their reports will be exchanged in accordance with Local Rule 16.1.K. by _____.

5.  All motions for summary judgment and/or motions for judgment on the pleadings will be filed by _____.

6.  The Court shall resolve all motions for summary judgment and/or motions for judgment on the pleadings by _____.

7.  The parties shall file all other pretrial motions by _____.

8.  The pretrial conference will be held on _____.

9.  Trial will be set on the docket commencing _____.

10. The Court will enter the parties' proposed confidentiality order as a separate order.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this ___ day of _____ 2000.

                                        _____
                                        WILLIAM P. DIMITROULEAS
                                        U.S. DISTRICT COURT JUDGE

Copies Provided:
    Karen Coolman Amlong, Esquire
    Juan C. Enjamio, Esquire

G:\CP\HISTORY\1772\23.DOC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Ft. Lauderdale Division)
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

# Agreed Confidentiality Order

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, pursuant to the court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties, it is

ORDERED:

1. **Non-disclosure for Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.



Page 1 of 8

[A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NUMBER 00-6126-Civ-Dimitrouleas/Johnson, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contained materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.]

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

(a) to any persons designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing:

(1) a recital that the signatory has read and understands this order;

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

(c) Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or any employee

of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten day period, a motion is a filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. **Declassification.** A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document(or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

(a) A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already

knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information

may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.   **Subpoena by Other Courts or Agencies.**  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.   **Filing.**  Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Federal Rule Civil Procedure 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

8.   **Client Consultation.**  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential

documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 2(b) and (c).

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental , commercial, or administrative or judicial proceedings. [For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least

one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

Dated: _____

_____
WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Copies Provided:
　　Karen Coolman Amlong, Esquire
　　Juan C. Enjamio, Esquire

G:\CP\HISTORY\1772\24.DOC