UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### AND INCORPORATED MEMORANDUM OF LAW

Defendant, Unisource Worldwide, Inc., through its undersigned attorneys and pursuant to Fed. R.Civ.P. 26 and General Local Rule 26.1, Local Rules for the United District Court for the Southern District of Florida, moves for a Protective Order relieving Unisource from having to answer any of the pending sets of interrogatories and Requests for Production propounded by Plaintiff, Betty Ortega, and forbidding her from propounding additional interrogatories absent leave of Court.



Plaintiff has propounded to date *eleven different sets of interrogatories* totaling *266 individual questions*, including subparts.[1] Unisource answered many of the questions in these sets, including interrogatories outside the scope of the Local Rules' subject matter limitation. Plaintiff was not satisfied. Before taking a single deposition, she has continued to propound new sets. As Unisource shows in the supporting memorandum immediately below, Plaintiff's interrogatories violate this District's strict limitation on the subject matter of interrogatories and are, on their face, oppressive and burdensome.[2]

Plaintiff has also propounded six separate Requests for Production totaling 316 separate requests (counting subparts). In response to the First, Second, and Third Requests for Production, Unisource produced 3,644 documents directly to Plaintiff and made thousands of other documents available for review at its counsel's office. Plaintiff's attorneys have never reviewed most of the documents available to them. Instead, Plaintiff continues to propound new Requests that duplicate prior ones and burden Unisource to gather information it has already made available. Unisource objected to the Fourth Request because it was burdensome and duplicative. The Fifth and Sixth Requests are pending.

---

[1] We count each subpart as a separate interrogatory or request because many of these subparts, although ostensibly a follow-up to the preceding question, actually ask for discrete information. For example, some interrogatories ask Unisource to identify accounts given to a named representative. These interrogatories then ask in the following subparagraphs for the reasons these accounts were awarded to that employee, the value of the accounts, and the dates they were awarded. These follow up questions are set as subparagraphs; but they are, really, discrete questions requiring separate, individual answers. They are, thus, properly counted as separate interrogatory questions.

[2] We do not quote the specific interrogatories and requests that we are objecting to here because we are seeking a Protective Order on all pending discovery (except the Sixth Request as we explain below). We are filing an Appendix containing as Exhibits all of the discovery propounded by Plaintiff.

Given Plaintiff's oppressive discovery and her violation of the Local Rules, this Court should issue a Protective Order relieving Unisource from having to answer any of the pending interrogatories, ordering Plaintiff to seek leave of Court before propounding any additional interrogatories, and protecting Unisource from having to answer the Fourth and Fifth Requests for Production.[3] Unisource files the following Memorandum of Law in support of this Motion.

## CERTIFICATE OF COUNSEL

Undersigned counsel certifies that he conferred with Plaintiff's counsel, but was unable to resolve the issues raised in this Motion.

## MEMORANDUM OF LAW

### A.    BACKGROUND

Plaintiff, a current Unisource sales representative, sues Unisource for gender, race, and national origin discrimination and retaliation under Title VII and the Florida Civil Rights Act, and for gender discrimination under the Equal Pay Act. She alleges that she was given less lucrative accounts and was compensated at a lower rate than male employees. Unisource denies any discrimination or retaliation. It has produced documents showing that Plaintiff was compensated at the same rate as male employees for the same work and has, in fact, been compensated more than most male sales representatives. The Complaint raises allegations about compensation only at the facility in Broward County where Plaintiff works, and is limited to issues relating to her compensation. There are no allegations of discrimination in other facilities or against other employees.

---

[3] The Sixth Request does not duplicate prior Requests and is, thus, not objectionable on the same grounds raised in this Motion. The Sixth Request is objectionable on independent grounds, but, since it was only recently propounded, Unisource has not yet raised these objections or conferred with Plaintiff's counsel about them.

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

Despite the limited and narrow focus of her allegations, Plaintiff has propounded to date eleven different sets of interrogatories.[4] Initially she propounded what she labeled "Amended Rule 26.1.G Interrogatories." See Exhibit "A." This set asked the types of questions permitted under Local Rule 26.1.G.2: the names of witnesses, the substance of the witnesses' knowledge, the identity of documents, and questions about expert witnesses. Id. Unisource answered these interrogatories fully without objection.

Plaintiff, however, has propounded an additional *ten* sets of interrogatories. Together with the Amended Rule 26.1.G Interrogatories, these sets ask *266 different questions*. For example, they ask Unisource to identify all lawsuits involving the company; the names of accounts given to various representatives; the value of these accounts; the reasons these accounts were awarded to that representative; and the alternative options considered by Unisource decision makers when awarding the accounts to a particular representative.

Unisource answered all of the interrogatories in the Amended Rule 26.1 Interrogatories and many of the questions in the following nine sets. It also objected to some questions in these sets because they were outside the scope of Local Rule 26.1.G.[5] Plaintiff, however, continues to propound additional interrogatories. Last week she served what she labeled Supplemental Sixth Set of Interrogatories -- the *eleventh* set she propounded before taking a single deposition. See Exhibit "K."

---

[4] We are attaching each of the ten sets propounded by Plaintiff as Exhibits to this Motion. The set labeled as Amended Rule 26.1.G Interrogatories is appended as Exhibit "A." The other sets -- sets one through nine, including the set labeled Supplemental Sixth Set -- are appended chronologically (by date of service) beginning with Exhibit "B."

[5] Whenever we use the term "Local Rule" we are referring to the General Local Rules of the United States District Court for the Southern District of Florida.

4

Plaintiff has also continued to propound serial requests for production. She recently served her Fifth and Sixth Requests for Production.[6] She has now issued 316 individual requests, counting subparts. Unisource has responded by producing 3,644 documents directly to Plaintiff and making thousands of additional records available for inspection at its counsel's office. Plaintiff's attorney reviewed a few of these documents. Thousands more remain to be inspected. Rather than review what she has already requested, Plaintiff last week propounded two new Requests asking for categories of documents similar to records she previously requested but never reviewed.

As Unisource shows below, Plaintiff's written discovery violates the Local Rules and is excessive, oppressive, and burdensome. For these reasons, more fully explained below, Unisource asks for a Protective Order.

### B.    ARGUMENTS

The scope of discovery under the Federal Rules is admittedly broad. But discovery is not without limits. See Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J. 1985) ("Despite the generally held view that liberal discovery should be permitted in actions alleging unlawful discrimination, the scope of discovery is not without limits. The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party....Discovery should be tailored to the issues involved in the particular case.") (citations omitted). Both the Federal Rules and the local rules adopted by individual districts may restrict the subject matter and timing of discovery. See Fed.R.Civ.P. 26(c). This District has chosen to restrict the use of interrogatories to limited, defined subject areas, adopting a preference for discovery through depositions and not interrogatories. See Local Rule 26.1.G.2. Federal courts also have broad power to

---

[6] The requests are appended chronologically (by date of service) as Exhibits "L" through "P."

5

ensure that discovery, even if ostensibly within the limits set in the Local Rules, does not become burdensome, oppressive, or excessive. See Fed.R.Civ.P. 26(c).

Plaintiff's written discovery requests -- its hundreds of interrogatories and requests -- violate both of these restrictions. They contravene the express limitations on interrogatories adopted by this District and exceed all discovery parameters. After responding to most of Plaintiff's written discovery -- answering interrogatories even though outside the scope of the Local Rules, objecting on a limited basis to some questions and requests, and producing thousands of documents -- Unisource finally invokes the protection of this Court because, as it shows below, Plaintiff's discovery exceeds the parameters adopted by this District.

### 1.    Interrogatories Are Outside the Scope Permitted Under the Local Rules

The Local Rules limit the subject matter of interrogatories to:

> those seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

Local Rule 26.1.G.2. A party may also ask about the identity and opinion of expert witnesses. Id.

To emphasize the limited scope of permissible interrogatories, the Local Rules append sample interrogatories that follow the strict limits of Local Rule 26.1.G.2. See General Appendix B, Local Rules for the United States District Court for the Southern District of Florida. These sample interrogatories, which are made part of the Local Rules, encompass all the subjects that a party may ask through interrogatories. By restricting interrogatories to an exchange of the basic information needed to take depositions -- the identity of witnesses and documents, the calculation of damages, and basic information about expert witnesses -- the Local Rules require litigants to pursue any other information

through depositions. Only after all alternative discovery mechanisms are exhausted can litigants propound additional interrogatories questions *if* they demonstrate a specific need. See Local Rule 26.1.G.2.

Plaintiff ignores these restrictions and circumvents the order of discovery adopted in this District. She propounded one set of interrogatories, which she correctly labeled Amended Rule 26.1.G Interrogatories, asking for the kind of information allowed under the Local Rules. That set of interrogatories, totaling five questions, mirror the sample interrogatories appended to the Local Rules. See Exhibit "A." Unisource answered this set fully, as it was obligated to do. This set exhausted all of the questions Plaintiff is allowed through interrogatories.

Plaintiff, however, has propounded *ten additional* sets of interrogatories, totaling *over 260* questions, before her counsel has taken a single deposition. She has systematically and continuously used the one discovery mechanism severely limited in this District -- interrogatories -- and has repeatedly asked about information far removed from the subject matter allowed under Local Rule 26.1.G.2. She asks, for example, about lawsuits involving the company; all steps that Unisource took to locate certain documents; all of the reasons why Unisource did not give Plaintiff the territories or accounts she requested; all of the alternatives contemplated by Unisource decision makers at the time they made certain decisions involving Plaintiff; the identity of all accounts transferred from Plaintiff; the value of all accounts transferred from Plaintiff; the value of all accounts transferred to various representatives; the total income generated by the accounts handled by various named Unisource representatives; and the dates when all of these accounts were transferred. See Exhibits "B" through "J."

None of these interrogatories ask for information allowed under Local Rule 26.1.G.2. Instead, they delve into areas more properly discovered during depositions. Indeed, all of the decision makers -

7

- the persons who can provide the information she asks in the interrogatories -- are available for deposition. The interrogatories are outside the limited subject matter scope allowed under the Local Rules, and Unisource should not have to answer them. Unisource, thus, asks for a Protective Order relieving it from having to answer any outstanding interrogatories and forbidding her from propounding additional sets.

### 2. Number of Interrogatories is Excessive and Oppressive

Although the Local Rules do not expressly limit the number of interrogatories that a party may propound, they do not allow a continuing number of questions to be asked through interrogatories. In fact, independent of the subject matter limitations, which we address above, the Local Rules contemplate the possibility that the *number* of interrogatories propounded by a litigant may become excessive. This District's Discovery Practices Handbook, adopted by Administrative Order as an Appendix to the Local Rules, states that if "a party considers the *number* or breadth of interrogatories to be burdensome in the context of a particular case, that party may move for a protective order." Appendix IV(6) to the Local Rules (emphasis supplied). This consideration is independent of the subject matter limitation in Local Rule 26.1.G.2. The drafters of the Local Rules contemplated the possibility that, despite the subject matter limitation and even within its parameters, a party may submit an excessive and oppressive number of interrogatories. See id.

Propounding eleven separate sets of interrogatories and 266 individual questions before Plaintiff takes a single deposition is abusive, oppressive, and burdensome. See McKenamin v. M & P Trucking Co., Inc., 1994 WL 124846 (E.D. Pa. 1994) (226 interrogatories excessive) (District had not opted for Federal Rule 33's limit on number of interrogatories).[7] Most of the questions propounded by

---

[7] A copy of this case is appended as Exhibit "Q."

Plaintiff are best asked in a deposition. For example, the explanation for why a decision was taken is best asked directly to the decision maker. Indeed, Plaintiff has recently noticed under Rule 30(b)(6) the deposition of Unisource's representative on many of the issues raised in the interrogatories. That is a proper mechanism for discovering this type of information. Asking dozens of interrogatory questions (over 260 by now) and propounding a continuing barrage of sets of interrogatories (ten to date) is excessive and burdensome, especially where an alternative (deposing the appropriate witnesses) is readily available. See id. (granting protective order and noting that some of the information could be obtained through deposition of eyewitnesses); Lipson v. Johnson & Wales Univ., 1997 WL 576398 (D.R.I. 1997) (121 interrogatories in discrimination action excessive).[8]

### 3. Blanket Protective Order is Necessary in this Case

Unisource moves for a blanket Protective Order relieving it of the duty to answer the pending interrogatories because reviewing the dozens of pending questions for compliance with the Local Rules would be futile and unnecessary. The Local Rules allow a limited number of questions. See Local Rule 26.1.G.2; Appendix B to Local Rules. There is no other interrogatory allowed except under very particular circumstances. Id. Plaintiff propounded early in this case a set of Rule 26.1.G.2 interrogatories, asking all of the questions allowed under the Local Rules. See Exhibit "A." Every question asked in the other ten sets of interrogatories -- the nearly 260 additional questions -- are, by definition, improper. There is, thus, no need to review them individually. They are at best superfluous and duplicative. See Local Rule 26.1.G.2.

Despite the fact that Plaintiff exhausted the permissible subject matter areas in the initial set of interrogatories, Unisource responded to many of the questions in the subsequent sets of interrogatories.

---

[8] A copy of this case is appended as Exhibit "R."

It did not file blanket objections nor moved for a protective order, although it could have, choosing instead to provide some of the information requested and posing objections on a limited basis. Plaintiff followed the responses by serving new sets of interrogatories. One of these sets alone contained approximately 100 separate subparts. See Exhibit "H." Because of this unceasing stream of interrogatories, Unisource moves for a blanket protective order that would require Plaintiff to stop propounding interrogatories.

### 4. Requests Are Excessive and Burdensome

In addition to propounding eleven different sets of interrogatories, Plaintiff has served six different Requests for Production totaling 316 individual requests (including subparts). See Exhibits "L" through "P." Unisource has produced 3,644 documents directly to Plaintiff and has made thousands of additional records available at counsel's office in Miami. Plaintiff's attorney reviewed some of these documents a few weeks ago. The vast majority -- most of the boxes -- remain uninspected by Plaintiff's counsel weeks after Unisource first made them available. These documents include commission statements from sales representatives in Plaintiff's work location.

After Unisource produced the documents previously requested by Plaintiff and made thousands of records available for review,[9] Plaintiff propounded a Fourth, Fifth and Sixth Request for Production. Unisource timely objected to the Fourth Request. The Fifth and Sixth Sets were served recently and are pending. The Fourth and Fifth Requests ask for documents that are repetitive of prior requests. They ask for information concerning commissions, customer sales, and sales reports for various representatives. See Exhibits "O" and "P." The information Plaintiff seeks in these Requests, or at least some of it, should be contained in the boxes unexamined by Plaintiff's counsel or in the

documents already produced by Unisource. Unisource, thus, requests a Protective Order requiring Plaintiff to review the documents Unisource has already made available, at great burden, for her review. If after reviewing these documents Plaintiff still needs additional select documents, she can request them with specificity. But she should not be allowed to force Unisource to gather thousands of documents, have them go unexamined, and then request additional related documents.

### C.  CONCLUSION

For the reasons explained above, Unisource should not have to answer any of the pending interrogatories or the Fourth and Fifth Requests for Production, and Plaintiff should not be allowed to serve additional interrogatories absent leave of Court.

                              Respectfully submitted,

                              HUNTON & WILLIAMS
                              Attorneys for Defendant
                              One Biscayne Tower, Suite 2500
                              2 South Biscayne Boulevard
                              Miami, Florida 33131-1802
                              Telephone: (305) 810-2500
                              Telefax: (305) 810-2460

                              By _____
                                 Juan C. Enjamio
                                 Florida Bar No. 571910

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Karen C. Amlong, Esq., Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second

---

[9] Unisource produced documents responsive to the First, Second and Third Request for Production, limiting the production, as it should, to the Plaintiff's work unit.

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

Floor, Fort Lauderdale, Florida 33301-1154 on this _17th_ day of September, 2000.

By _____
Juan C. Enjamio

OF COUNSEL:

Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900