IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

**NIGHT BOX**
**FILED**

*SEP 2 9 2000*

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## Plaintiff's Expedited Motion to Compel
## Defendant to Produce John Glaze and/or Another Corporate
## Representative for Deposition on October 25, 2000

    Plaintiff, Betty Ortega, moves for entry of Order compelling defendant to

produce for deposition on October 25, 2000 John Glaze and/or another

corporate representative for deposition to address the areas not designated for

Amy George as corporate representative, and states as follows:

### Introduction

    1.    This is an action by Betty Ortega, a Hispanic female sales

representative, whom the defendant, Unisource Worldwide, Inc. ("Unisource"),

discriminated against because of her gender, race and national origin (including

telling her that "customers don't like Hispanic women because they are too





aggressive"), paid less than male and non-Hispanic employees doing equal work, and retaliated against after she spoke out against discrimination. Plaintiff seeks damages, injunctive relief, attorney's fees and litigation expenses pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and the Equal Pay Act, 29 U.S.C. § 206(d).

2. Beginning on or about August 30, 2000, plaintiff served several notices and re-notices to take the deposition of witnesses, including defendant's 30(b)(6) corporate representative. In particular, on August 30, 2000, plaintiff served a notice to take the following individual depositions:

     i.     Bill Ready, 9/21/00 at 10:00 a.m.

    ii.    John Glaze, 9/21/00 at 1:00 p.m.

   iii.    Cecil McClary, 9/21/00 at 3:00 p.m.

   iv.    Dennis Laux, 9/29/00 at 1:00 p.m.

    v.    John Huempfner, 9/29/00 at 3:00 p.m.

Plaintiff also served notice of taking defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on September 29, 2000 at 10:00 a.m. which designated the areas for examination and an incorporated request for production of documents, which provided in pertinent part:

The organization shall designate one or more officers, directors, managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.

The organization shall designate one or more officers, directors, managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.

Pursuant to Federal Rule of Civil Procedure 34, the 30(b)(6) representative designated in each area should bring with him or her to the deposition, any and all documents relied upon in giving testimony on the designated matters.

True and correct copies of those notices are attached as Composite Exhibit A.[1]

3.     Because of requests by defendant and/or the witnesses to change the dates and time for the depositions to accommodate their schedules, the dates and times for the depositions have been changed several times. Due also to the difficulty in scheduling the depositions before the then November 1, 2000 discovery deadline to permit plaintiff to perform follow-up discovery after the depositions, the parties filed a joint expedited motion to enlarge the discovery deadline, which this Court granted.  A true and correct copy of the joint motion is attached as Exhibit B.

4.     During the process of rescheduling the various witnesses, and as indicated by the deposition notices and the correspondence between the

---

[1]     Other depositions that have also been scheduled and rescheduled include those of Bill Bresnehan, John Price, Larry Press, Richard Crane and Robert Peterson.

parties, John Glaze's individual deposition was been scheduled separately and

distinct from the 30(b)(6) deposition. The relevant notices and correspondence

include:[2]

        a.    **One**, the original deposition notices served by
plaintiff on August 30, 2000, which are discussed above and
attached as Composite Exhibit A.

        b.    **Two**, defendant's September 13, 2000 letter,
which states in pertinent part:[3]

> 2. John Glaze is unavailable on September 21 (the
> date he is presently noticed) or on September 29. He is
> available the first week of October on October 4 and 5.
>
> 3. Cecil McClary is not available during the last two
> weeks of September because he is on vacation. In addition
> as we have told you before, McClary resides and works in
> Jacksonville. He would have to be deposed there or by
> telephone. We can discuss scheduling the deposition the
> first week of October.
>
> 4. Unisource will designate Amy George and John
> Glaze as its corporate representatives pursuant to your
> 30(b)(6) deposition notice. However, George and Glaze are
> unavailable on September 29, the date the corporate
> representative is now scheduled. As I state above, Glaze is
> available October 4 or 5. George would be available on the
> same dates.

        c.    **Three**, defendant's September 18, 2000 letter, which states

in pertinent part that:

---

[2]    Pursuant to Local Rule 7.7, if requested by the Court plaintiff will file
copies of the correspondence.

[3]    As will be discussed further below, neither that letter nor any other
letter from defendant ever designated the areas for which defendant was
designating any of the individuals designated by it as corporate representative.

Pursuant to your recent letter concerning depositions, we would like to propose the following deposition schedule:

- September 21 — Bill Bresnehan (afternoon) (please note that Bresnehan is in Charlotte;

- September 27 — John Glaze

- September 28 — John Price, Bob Peterson, and Bill Reddy (in any order); and

- September 29 — Dennis Laux, John Huempfner, and Larry Press (in any order).

As I have explained, Cecil McClary and Amy are not available during the last week of September. George would be one of the two 30(b)(6) corporate representatives. They are available either October 4th or October 10. . . .

    d.    **Four**, deposition re-notice served on September 21, 2000

(attached as Exhibit C), re-scheduling Mr. Glaze's individual deposition once

again for September 28, 2000.

    5.    On September 28, 2000, plaintiff took Mr. Glaze's deposition.  Amy

George — who defendant's September 18, 2000 letter stated was "unavailable

during the last week of September" — attended Mr. Glaze's deposition.[4]  After

the deposition of Mr. Glaze began, defendant interrupted the deposition and

informed plaintiff for the first time informed plaintiff:

    **One**, that it was producing Mr. Glaze **at that time** for deposition in **both**

his individual capacity and as corporate representative and did not intend to

produce him again for a separate 30(b)(6) deposition, and

---

    [4]    She also attend the depositions taken on September 27 and 29, 2000.

**Two**, the areas listed on the 30(b)(6) notice that it intended Mr. Glaze to address were Nos. 16, 17, 18, 19, 21, 22 and 26.

Plaintiff objected to the untimely notice provided by defendant that the deposition had to be taken in **both capacities** at that time, because plaintiff had prepared to take it only as to Mr. Glaze's individual capacity on that day, and that Mr. Glaze who had clearly been noticed in his individual capacity only for that day. Plaintiff completed taking Mr. Glaze's deposition in his individual capacity on September 28, 2000.

6.    Today (September 29, 2000), after the deposition of Bill Ready was taken, the parties conferred again regarding schedules for the remaining depositions, including the 30(b)(6) depositions. Defendant provided a new date for Amy George as corporate representative, but not for Mr. Glaze, stating that it did not intend to produce him again for a corporate representative deposition. So, plaintiff unilaterally re-scheduled Mr. Glaze's deposition for October 25, 2000, immediately after the other depositions scheduled for that day.

7.    Because defendant has unequivocally stated that it does not intend to produce Mr. Glaze again for deposition as a corporate representative, plaintiff seeks entry of an Order compelling it to do so. As will be discussed further below, entry of an Order is clearly justified under the circumstances of this case in light of the requirements of the rules of civil procedure regarding 30(b)(6) corporate representative depositions and the purpose of such depositions.

8.    This motion is being filed on an expedited basis because the plaintiff

needs a ruling on this motion before the before the deposition which been set

for October 25, 2000 —  one of the days provided by defendant for two of the

remaining depositions.  If the normal briefing schedule is followed, plaintiff

probably will be unable to obtain a ruling on the motion before the end of the

briefing deadline, i.e., October 20, 2000.

9.    This motion is filed in good faith and not for the purpose of delay.

## **Memorandum of Law**

Rule 30(b)(6) provides that:

> A party may in the party's notice and in a subpoena name as the
> deponent a public or private corporation or a partnership or
> association or governmental agency and describe with particularity
> the matters on which examination is requested.  In that event, the
> organization so named shall designate one or more officers,
> directors, or managing agents, or other persons who consent to
> testify on its behalf, and may set forth, for each person designated
> the matters on which the person is to testify.  A subpoena shall
> advise a non-party organization of its duty to make such a
> designation.  The persons so designated shall testify as to matters
> known or reasonably available to the organization.    ***This
> subdivision (b)(6) does not preclude taking a deposition by
> any other procedure authorized in these rules***.

(Emphasis added.)  Rule 30(b)(5) also permits a party to combine a request for

production with a Rule 30(b)(6) deposition.

Wright, Miller & Marcus in Federal Practice and Procedure: Civil 2d, §

2103 explained how the procedure works:

The Rule 30(b)(6) procedure works very simply if the corporation or other organization is a party to the lawsuit. The notice alone is enough to compel the corporation to comply. If the corporation fails to make the designation it can be ordered to do so. ***Sanctions are available against the corporation if the person it designates fails to appear for the taking of his or her deposition or refuses to obey an order to provide or permit discovery***, and the deposition may be used by an adverse party as if it were the deposition of the corporation itself.

. . . .

Rule 30(b)(6) says expressly that the new procedure does not preclude taking a deposition by any other procedure authorized by the rules. ***Thus, a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have***. . . .

(Emphasis added.)

With respect to that procedure, the courts have recognized that

- " Upon notification of a deposition, the corporation has an obligation to investigate and identify and if necessary prepare a designee for each listed subject area and produce that designee ***as noticed***." Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, *504 (D. Md. 2000) (Emphasis added.)

- "An inadequate Rule 30(b)(6) designation amounts to a failure or refusal to answer a deposition question." Maker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (D. N.C. 1989).

- "Nothing in the Federal Rules of Civil Procedure gives a party the right not to respond or inadequately respond to a Rule 30(b)(6) notice and to elect

to supply the answers in a written response to interrogatory. Any attempt to so limit a Rule 30(b)(6) deposition is not warranted." Id.

- "In Cates v. LTV Aerospace Corp., 480 F.2d 620, 623 (5 Cir., 1973), cited and quoted by PRWRA in its memorandum in support of the Protective Order, the court stated: "Rule 30(b)(6) was designed as an optional discovery device **to supplement 'the existing practice** whereby the examining party designates the corporation (or agency) official to be deposed' (citation omitted). The purposes of the amendment were stated as (1) reducing the difficulty in determining whether a person deposed is a managing agent, (2) curbing the 'bandying' by which various officers of the corporation are deposed, in turn, but each disclaims knowledge of facts that are clearly known by someone in the organization; (3) protecting the corporation or agency by eliminating unnecessary and unproductive depositions." Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, *64 (D. P.R. 1981).

- "Once served with a Rule 30(b)(6) notice, the corporation **is compelled to comply**, and it may be ordered to designate witnesses if it fails to do so." United States v. Taylor. 166 F.R.D. 356, 360 (D. N.C. 1996), citing Wright, Miller & Marcus. (Emphasis added.)

- "[T]he Rule is best read as follows: 1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions

Page 9 of 13

regarding the subject matter listed in the notice. 2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation. Rule 30(b)(6) delineates this affirmative duty." King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fla. 1995).

- "Rule 30(b)(6) explicitly requires UCC to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." United States v. Taylor, 166 F.R.D. 356, 362 (D. N.C. 1996).

Thus, under rule it is clear that what defendant has done in this case by refusing to produce a person that it has designate for deposition not only violates Rule 30(b)(6), but is sanctionable — because it is obligated to produce the corporate representative **as noticed**. Defendant's conduct is especially egregious in a case such as this one where, defendant waits until **after** plaintiff has begun to take Mr. Glaze's deposition in his individual capacity to interrupt the deposition and then state the areas for which it intends to designate Mr. Glaze and then give plaintiff a take-it-or-leave-it command to take the deposition in both capacities at that time or move to compel if plaintiff wants to depose Glaze at another time in his corporate capacity. After beginning to take Glaze's deposition in his individual capacity, plaintiff — who had been prepared to and had actually begun to take Mr. Glaze's deposition in his individual capacity as noticed — was clearly prejudiced by defendant's belated notice of the areas for which Glaze was designated and that defendant intended to produce him only on that day for deposition in both capacities. Unless the Court grants the motion to compel, defendant's conduct will have deprived plaintiff of the opportunity to take an informed deposition of defendant's corporate representative regarding the areas previously designated for John Glaze, and of the documents requested in the request for production of

documents incorporated in the 30(b)(6) notice which had not brought to Mr.

Glaze's deposition.[5]  This Court should not permit it to do so.

## **Conclusion**

For the above-stated reasons, plaintiff respectfully requests that this

Court enter an Order:

      a.    granting plaintiff's motion to compel;

      b.    compelling defendant to produce John Glaze and/or another

representative to appear for deposition on October 25, 2000 to address the

areas not covered by Amy George as corporate representative; and

      c.    awarding plaintiff attorneys' fees and costs related to

preparing this motion.

Dated: September 29, 2000

---

    [5]    Cf. Rainey v. American Forest and Paper Association, Inc., 26 F. Supp.2d 82, 95 (D. D.C. 1998) ("the Rule aims to prevent a corporate defendant from thwarting inquiries during discovery then staging an ambush during a later phase of the case. Cf. Ierardi, 1991 WL 158911, at *3 ('The very purpose of discovery is to avoid trial by ambush.') (internal citations omitted). this objective guides the operation of the Rule irrespective of whether the corporate party has improper motives.")

Respectfully submitted,

KAREN COOLMAN AMLONG
Fla. Bar No.: 275565
JENNIFER DALEY
Fla. Bar No.: 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by U.S. Mail on September 29, 2000 to Juan C. Enjamio, Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131; Robert Stevens, Esq., Troutman Sanders, LLP, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta, GA 30308.

JENNIFER DALEY

G:\CP\HISTORY\1772\170.DOC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

COPIES PROVIDED:
File: ___ Judge/Hearing Officer ___
Read File: ___
Client: ___ Judicial ___
Opposing counsel: ___
OTHER: Faxed
#1: ___

#2: ___

Att. #3: ___
Attorney #4: ___ By: N/B Date: 8/30/00

### PLAINTIFF'S NOTICE OF DEPOSITIONS

**NOTICE IS HEREBY GIVEN** that pursuant to Federal Rule of Civil

Procedure 30, plaintiff, Betty Ortega, will take depositions as follows:

| **Deponent** | **Date** | **Time** |
|---|---|---|
| *Bill Ready* | *September 21 2000* | *10:00 a.m.* |
| *John Glaze* | *September 21, 2000* | *1:00 p.m.* |
| *Cecil McClary* | *September 21, 2000* | *3:00 p.m.* |
| *30(b)(6) Corporate Rep.* | *September 29, 2000* | *10:00 a.m.* |
| *Dennis Laux* | *September 29, 2000* | *1:00 p.m.* |
| *John Huempfner* | *September 29, 2000* | *3:00 p.m.* |

at the offices of **AMLONG & AMLONG, P.A., 500 Northeast Fourth Street,**

**Fort Lauderdale, Florida 33301** upon oral examination before an officer duly

authorized to take depositions in the State of Florida. The deposition shall be

recorded by stenographic means and also may be audio-taped and/or video-

taped.





CALENDARED ___
E: N/B ___ 8/31/00

**EXHIBIT**

_A_

Page 1 of 2

The oral examination will continue from day to day until completed. The depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of court.

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
(954)462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by *U.S. Mail + FAX* this _30th_ day of August, 2000 to Juan C. Enjamio, Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131.

JENNIFER DALEY

G:\CP\HISTORY\1772\125.DOC



Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

COPIES PROVIDED:
File: Judge/Hearing Officer:
Read File:
Client:                Judicial
Opposing counsel:
OTHER:

BETTY ORTEGA,

Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

Attorney #1:

Attorney #2:

Attorney #3:
Attorney #4: ____ By: ____ Date: 8/30/00

Defendant.

_____/

### Plaintiff's Notice of Taking Deposition of
### Corporate Representative and Combined Request to Produce

NOTICE IS HEREBY GIVEN that on  pursuant to Federal Rule of Civil

Procedure 30(b)(6), **Betty Ortega** will take the deposition of defendant,

**UNISOURCE WORLDWIDE**, at **10:00 a.m.** at the offices of **AMLONG &**

**AMLONG, P.A., 500 Northeast Fourth Street, Second Floor, Fort**

**Lauderdale, Florida 33301** upon oral examination before an officer duly

authorized to administer oaths and to take depositions in the State of Florida.

The matters on which the examination is requested are:

1.    Any and all policies, complaint procedures, and investigative

procedures of  Unisource Worldwide regarding racial/national origin/sexual

KC4, SED
CALENDARED SSA, ALB, IM6
RESPONSE DUE 9-05-00
BY SLF DATE 8-31-00



Amlong &
Amlong, P.A.

CALENDARED _____
FECTION DUE
BY A+A ____ 8/31/00

Page 1 of 8

discrimination and/or retaliation (hereinafter "anti-discrimination program").

2.    How Unisource Worldwide's anti-discrimination program was developed, is implemented and/or enforced.

3.    Any and all responses to and/or investigations done by Unisource Worldwide regarding any complaints of racial/national origin/sexual discrimination and/or retaliation by plaintiff.

4.    Any and all remedial actions taken by Unisource Worldwide to rectify/remedy and any all complaints of racial/national origin/sexual discrimination and/or retaliation made by plaintiff.

5.    How, if at all, Unisource Worldwide measures the effectiveness of its anti-discrimination program.

6.    How, if at all, Unisource Worldwide takes measures to correct the effects of discrimination, including:

      a.    restoration of leave taken because of the discrimination;

      b.    expungement of negative evaluations in employees files that arose from the discrimination;

      c.    apologies by the harasser;

      d.    monitoring treatment of complaining employees to insure that s/he is not subjected to retaliation by the harasser or others in the workplace because of the complaint; and

      e.    any other corrective measure.

7.      How, if at all, Unisource Worldwide tracks its supervisors' and managers' conduct to make sure they carry out their responsibilities under the organization's anti-discrimination programs, including particularly, but not only, as part of formal performance appraisals.

8.      How, if at all, Unisource Worldwide screens applicants for supervisory jobs to determine if any has a record of engaging in discrimination and/or retaliation.

9.      How, if at all, Unisource Worldwide keeps records of

        a.      complaints of racial/national origin/sexual discrimination in order to identify possible patterns of discrimination; and

        b.      assignment and/or transfer of accounts to and/or from representatives in plaintiff's division(s).

10.     What, if any, studies, research, data, or other information Unisource Worldwide relies upon as proof that persons (including plaintiff) subjected to racial/national origin and/or sexual discrimination by supervisors in Unisource Worldwide's offices who fail to complain, do so "unreasonably."

11.     Whether Unisource Worldwide has ever released general information to employees about corrective and disciplinary measures undertaken to stop discrimination, and/or retaliation, and, if so, under what circumstances.

12.     Whether Unisource Worldwide requires as part of its anti-discrimination program that supervisors and managers with knowledge of discrimina-

tion and/or retaliation report information to those in a position to take appropriate action.

13.    What, if anything, Unisource Worldwide does to encourage employees to report racial/national origina/sexual discrimination and/or retaliation before it becomes severe.

14.    What, if anything, Unisource Worldwide does to ensure that a person outside an employee's chain of command is easily accessible to whom an employee may complain.

15.    How persons who conduct investigations pursuant to Unisource Worldwide's anti-discrimination program are trained.

16.    Any and all policies, procedures and/or criteria of Unisource Worldwide from 1996 through regarding assigning and transferring accounts to representatives in the division(s) where plaintiff worked.

17.    Any and all commission structure(s) and/or plan(s) used for compensating sales representatives in the divisions where plaintiff worked from 1996 through present.

18.    The decision to assign and/or transfer accounts to plaintiff from 1996 to present, identity of the accounts, dates of assignment and/or transfer, and the value of the accounts upon assignment and/or transfer.

19.    The total yearly income generated by each account handled by the following from 1996 to present:

a.    Betty Ortega

b.    Dennis Laux

c.    Bill Bresnehan

d.    Bob Peterson

e.    John Huempfner

f.    John Price

g.    Richard Crane

h.    Barbara Baquero-Vega

i.    Katherine Healy

j.    Bill Ready

20.    Any and all reasons for not transferring Tony Gispert's accounts to plaintiff after his retirement; the identity of the accounts; the criteria for reassigning the accounts; individual(s) involved in reassigning the accounts; the qualifications for handling those accounts; and the individual(s) to whom the accounts were assigned.

21.    Any and all reasons for not transferring Gene Press's accounts to plaintiff after he left; the identity of the accounts; the criteria for reassigning the accounts; the qualifications for handling those accounts; reasons for any and all delays in assigning the accounts; individual(s) involved in reassigning the accounts; and the individual(s) to whom the accounts were assigned.

22.    Any and all reasons for not transferring Mike Altos' accounts to

plaintiff after he left; the criteria for reassigning the accounts; the qualifications for handling those accounts; individual(s) involved in reassigning the accounts; and the individual(s) to whom the accounts were assigned.

23.    Any and all reasons for not transferring additional accounts of Dennis Laux to plaintiff after he left; the criteria for reassigning the accounts; the qualifications for handling the accounts not transferred to plaintiff; individual(s) involved in reassigning the accounts; and the individual(s) to whom the accounts were transferred.

24.    Total commissions paid to each sales representative or employees who worked as sales representatives in plaintiff's division(s) in 1996, 1997, 1998, 1999 and 2000; and the identity of the representatives.

25.    Nature and type of employment benefits provided to plaintiff, and total yearly cost to defendant of providing compensation and benefits to plaintiff from 1996 to present.

26.    Any and all qualifications for handling accounts serviced by representatives in the divisions where plaintiff worked, including but not limited to Web accounts and export accounts.

The organization shall designate one or more officers, directors, managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.

The organization shall designate one or more officers, directors, managing

agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.

Pursuant to Federal Rule of Civil Procedure 34, the 30(b)(6) representative designated in each area should bring with him or her to the deposition, any and all documents relied upon in giving testimony on the designated matters.

The oral examination will continue from day to day until completed. The depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of court. The deposition shall be taken by stenographic means and, additionally, may be **audiotaped or video-taped.**

KAREN COOLMAN AMLONG
Fla. Bar No.: 275565
JENNIFER DALEY
Fla. Bar No.: 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

Dated: August 30, 2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by U.S. Mail and facsimile on August 30, 2000 to Juan C. Enjamio, Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131.

JENNIFER DALEY

G:\CP\HISTORY\1772\178.DOC



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC..
foreign corporation,

    Defendant.

_____

## Joint Expedited Motion for 30-day
## Enlargement of the Discovery Deadline

Plaintiff, Betty Ortega, and defendant, Unisource Worldwide, Inc., move

for entry of an Order enlarging by 30 days, or until December 1, 2000, the

deadline for them to complete discovery, and states as follows:

### Introduction

1.    This is gender, race and national origin action. The present

discovery deadline is November 1, 2000. This case is set for trial in February

2001.

2.    The following depositions have been scheduled to be taken this

month by plaintiff, to permit plaintiff to complete follow-up written discovery by

the November 1, 2000 discovery deadline:



Page 1 of 3

     a.     Bill Ready, September 21

     b.     John Glaze, September 21

     c.     Cecil McClary, September 21

     d.     Bill Bresenhan, September 25

     e.     John Price, September 25

     f.     Larry Press, September 28

     g.     Robert Peterson, September 28

     h.     30(b)6 corporate representative, September 29

     i.     Dennis Laux, September 29

     j.     John Huempfner, September 29

3.     The parties seek entry of an Order enlarging the discovery deadline by a period of 30 days because a number of the witnesses and defendant have requested that the depositions be rescheduled during first week of October. However, if the depositions are rescheduled for the periods requested by the witnesses and defendant, plaintiff will be unable to serve any follow-up written discovery before the discovery deadline ends.

4.     This motion is being filed on an expedited basis because the parties need a ruling before the first set of depositions are scheduled to begin, i.e., September 21, to permit them to reschedule the depositions in order to accommodate the witnesses' schedules and to permit plaintiff to perform follow-up discovery after the deposition before the end of discovery.

5.   This motion is filed in good faith and not for the purpose of delay.

WHEREFORE, the parties respectfully request entry of an Order granting

this motion to enlarge, and granting them such other and further relief as this

Court deems appropriate.


Respectfully Submitted,


KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida  33301
(954)462-1983

Dated: September 19, 2000

R:\CP\HLCTOR\1772\151.DOC

JUAN C. ENJAMIO
Florida Bar Number 571910
Hunton & Williams
Attorneys for Defendant
One Biscayne Tower, Suite 2500
2 South Biscayne Blvd.
Miami, FL  33131

(305) 810-2500

Dated: September 19, 2000


Page 3 of 3



$\int \mathcal{E} \mathcal{L}$

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

**COPIES PROVIDED:**
Judge/Hearing Officer _____
Read File: _____ Clerk: _____
Client: _____ Judicial Assistant: _____
Opposing counsel: _____
OTHER: _____

Attorney #1: _____

Attorney #2: _____

Attorney #3: _____
Attorney #4: _____

### PLAINTIFF'S RE-NOTICE OF DEPOSITIONS

**NOTICE IS HEREBY GIVEN** that pursuant to Federal Rule of Civil

Procedure 30, plaintiff, Betty Ortega, will take depositions as follows:

| **Deponent** | **Date** | **Time** |
|---|---|---|
| John Glaze | September 28, 2000 | 10:00 a.m. |
| Larry Press | September 28, 2000 | 3:00 p.m. |
| Dennis Eaux | September 29, 2000 | 1:00 p.m. |
| Bill Reddy | September 29, 2000 | 3:00 p.m. |

at the offices of **Amlong & Amlong, P.A., 500 N. E. 4th Street, 2nd Floor,**

**Fort Lauderdale, Florida 33301** upon oral examination before an officer duly

authorized to take depositions in the State of Florida. The deposition shall be

recorded by stenographic means and also may be audio-taped and/or video-

taped.

    The oral examination will continue from day to day until completed. The





EXHIBIT
C

Page 1 of 2

depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of court.

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
(954)462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by ___Facsimile___ this _21ˢᵗ_ day of September, 2000 to Juan C. Enjamio, Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131.

JENNIFER DALEY

cc: Court Reporter

G:\CP\HISTORY\1772\159.DOC



Amlong &
Amlong. P.A.