UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON



BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S
EXPEDITED MOTION TO COMPEL DEFENDANT TO PRODUCE
JOHN GLAZE AND/OR ANOTHER CORPORATE
REPRESENTATIVE FOR DEPOSITION ON OCTOBER 25, 2000**

COMES NOW, Defendant, Unisource Worldwide, Inc. ("Unisource"), and responds to Plaintiff's Expedited Motion to Compel Defendant to Produce John Glaze and/or Another Corporate Representative for Deposition on October 25, 2000 ("Motion to Compel").



CASE NO. 00-CV-6126

## INTRODUCTION

Plaintiff's attempt to re-depose John Glaze, Unisource's Vice-President and Division Manager for Florida, is yet another example of the excessive and abusive discovery tactics Plaintiff has utilized throughout the course of this litigation. Although Plaintiff has already propounded eleven different sets of interrogatories (totaling 266 individual questions, including subparts) and eight (8) separate Requests for Production of Documents (totaling 322 separate requests including subparts), has taken eight (8) depositions and noticed three more, including John Glaze for a second time, Plaintiff would have the Court believe that Unisource has deliberately deceived the Plaintiff by failing to produce John Glaze for his deposition in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida. To the contrary, Unisource, at great expense and time, has acted in good faith and painstakingly cooperated with Plaintiff throughout the course of this litigation. Despite the fact that Plaintiff has already deposed John Glaze, Vice President and Division Manager Florida of Unisource Worldwide, Inc., Plaintiff seeks to re-depose him for a second time. Such discovery tactics run contrary to the letter and spirit of the Federal and Local Rules of Civil Procedure. Aside from the fact that Plaintiff has already propounded oppressive and duplicative discovery in violation of the Local Rules, the Court should deny Plaintiff's Motion to Compel the deposition of John Glaze because Plaintiff has already deposed him pursuant to agreement of counsel on September 28, 2000.

CASE NO. 00-CV-6126

## MEMORANDUM OF LAW

### I. Statement of Facts

On or about August 30, 2000, Plaintiff <u>unilaterally</u> noticed six depositions on dates convenient for Plaintiff. Specifically, Plaintiff noticed the depositions of John Glaze, Bill Ready, and Cecil McClary for September 21, 2000 and a Federal Rule of Civil Procedure 30(b)(6) deponent, Dennis Laux and John Humpfener for September 29, 2000. (Notices of Deposition attached hereto as Exhibit A.) Upon receipt of these notices and because several witnesses had conflicts with these dates, defense counsel immediately contacted Plaintiff's counsel in an attempt to arrange a mutually agreeable date for these depositions. Before mutually agreeable dates were established, Plaintiff, on September 8, 2000, noticed the depositions of Bill Bresnehan, John Price, Larry Press and Robert Peterson for September 25 & 28, 2000.

On September 13, 2000 (more than two weeks before the noticed 30(b)(6) deposition), Defendant sent Plaintiff a letter addressing the deposition schedule and designating Amy George and John Glaze as Unisource's corporate representatives. (September 13, 2000 Letter from Juan Enjamio to Jennifer Daley, attached hereto as Exhibit B.) Specifically, Defendant stated that:

> **Unisource will designate Amy George and John Glaze as its corporate representatives pursuant to your 30(b)(6) deposition notice.** However, George and Glaze are unavailable on September 29, the date the corporate representative deposition is now scheduled. As I stated above, Glaze is available October 4 or 5, George would be available on the same dates.

(Ex. B at ¶ 4.) Immediately thereafter, Plaintiff requested that Defendant agree to an extension of discovery to allow her more time to send follow-up written discovery. In an

3

CASE NO. 00-CV-6126

effort to work with Plaintiff, Defendant agreed to Plaintiff's request. Thereafter, the Court extended the discovery period until December 1, 2000.

Despite the extension, Plaintiff adamantly wanted to depose corporate representative John Glaze prior to October. Therefore, through a series of telephone calls between defense counsel Juan Enjamio and Plaintiff's counsel's office, the parties ultimately agreed upon September 28, 2000 as the date for Mr. Glaze's deposition.

Between September 13 and 28, 2000, Unisource continued working diligently with Plaintiff to accommodate the additional depositions she has requested and noticed. For example, Unisource agreed to allow Plaintiff to take the depositions of Bill Bresnehan and John Humpfener <u>the same day despite the fact that they were in two different states.</u> Unisource arranged to have Bresnehan available in Charlotte, North Carolina via telephone for his deposition the same day that Plaintiff deposed John Humpfener in Ft. Lauderdale, Florida. Accordingly, those two depositions were taken on September 21, 2000 in North Carolina and Florida.

On September 28, 2000, Unisource made Mr. Glaze available for his deposition at 3:00 p.m. as agreed.[1] Immediately after his deposition commenced, defense counsel reminded Plaintiff's counsel that Unisource had designated Mr. Glaze as its 30(b)(6) deponent and informed her that, pursuant to Rule 30(b)(6), Unisource was producing Mr. Glaze in both his individual and 30(b)(6) capacity.[2] Despite the fact that Unisource had

---

[1] Although Plaintiff attaches a re-notice of deposition for John Glaze (and additional deponents) as Exhibit C to her Motion to Compel, by agreement of the parties, none of the four depositions noticed in that notice were taken at the times noticed. With respect to Dennis Laux, less than five hours before his scheduled deposition, Plaintiff informed Unisource that it was canceled and would be rescheduled because of scheduling conflicts. Despite Plaintiff's last minute change of plans, Unisource agreed to reschedule the deposition.

[2] Unisource also informed Plaintiff that Mr. Glaze was prepared to respond to questions 16-24 & 26 in Plaintiff's 30(b)(6) Notice.

4

sent Plaintiff a letter designating John Glaze as a 30(b)(6) corporate representative and had several telephone conversations with personnel in Plaintiff's counsel's office regarding Mr. Glaze, Plaintiff's counsel stated that she did not know that Mr. Glaze was a 30(b)(6) designee and that Unisource's notice was too short. Defense counsel reminded Plaintiff's counsel that Unisource sent Plaintiff a letter addressing the issue and that Unisource's counsel had discussed this issue with personnel in Plaintiff's counsel's office on several occasions. Plaintiff's counsel steadfastly denied that she had received any notice. Unisource then introduced a letter which confirmed that it had indeed designated John Glaze as its 30(b)(6) deponent. (Ex. B.) Upon introduction of this letter, Unisource informed Plaintiff that Mr. Glaze was available to be deposed and that they would stay as long as necessary for Plaintiff to complete her deposition. Plaintiff proceeded to depose Mr. Glaze until approximately 7:30 p.m. in the evening.

## II.    Argument

Although the scope of discovery under the Federal and Local Rules of Civil Procedure is admittedly broad, discovery is not without limits. Indeed, the Federal and Local Rules prescribe the mechanism for noticing and producing a 30(b)(6) corporate representative. Fed. R. Civ. P. 30(b)(6). Specifically, Rule 30(b)(6) states as follows:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and described with reasonable particularity the matters on which the examination is requested. <u>In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf,</u> and may set forth, for each person designated, the matters on which the person will testify.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

CASE NO. 00-CV-6126

Upon receipt of Plaintiff's 30(b)(6) notice of deposition and in accordance with Federal Rule of Civil Procedure 30(b)(6), Unisource immediately identified the proper persons to testify on its behalf and, on September 13, 2000, <u>more than two weeks prior to the noticed 30(b)(6) deposition</u>, sent Plaintiff a letter (via facsimile and first class mail) formally designating John Glaze and Amy George as its 30(b)(6) deponents. (<u>See</u> Ex. B at ¶ 4.) Thereafter, the parties worked together to schedule the depositions of John Glaze, Amy George, and numerous other deponents. Ultimately, the parties agreed and Unisource produced John Glaze for deposition at 3:00 p.m. on September 28, 2000.

Despite the fact that Unisource informed Plaintiff more than two weeks before the deposition of John Glaze that he was a designated 30(b)(6) deponent and despite the fact that defense counsel had discussed this very fact with personnel in Plaintiff's counsel's office, Plaintiff surprisingly stated that she did not have notice that Mr. Glaze was being produced in both his individual and corporate representative capacity on September 28, 2000. Such an assertion is belied by the facts and the dictates of common sense.

First, it is undisputed that Unisource informed Plaintiff in writing more than two week before the deposition that it was producing John Glaze as a 30(b)(6) deponent. (Ex. B.) Furthermore, common sense dictates that taking a 30(b)(6) and a fact witnesses deposition at the same time is the most appropriate mechanism. In fact, legal precedent contemplates deposing a Rule 30(b)(6) corporate representative in his official and individual capacity in the same deposition. The law in the Eleventh Circuit permits parties to question 30(b)(6) deponents on issues unrelated to those detailed in the 30(b)(6) notice without noticing two separate depositions. <u>See</u> <u>King v. Pratt & Whitney</u>, 161

6

F.R.D. 475 (S.D. Fla. 1995), aff'd, 213 F.3d 646 (11th Cir. 2000).[3] As is obvious, this rule promotes the efficient use of judicial resources for all parties. A party is not required to notice and depose the same deponent twice and the opposing party does not have to produce the same person twice. Because Unisource properly designated Mr. Glaze as its 30(b)(6) deposition, timely informed Plaintiff of said designation and produced Mr. Glaze as agreed, Unisource should not be penalized by Plaintiff's attempt to get a second bite at the apple. Such an outcome would simply reward Plaintiff for disregarding Defendant's prior notice and the parties' agreement.[4]

In addition to rewarding Plaintiff, permitting Plaintiff to re-depose Mr. Glaze would impose an undue burden and expense on Unisource. Mr. Glaze is the Vice-President and Division Manager of Florida for Unisource who has responsibilities for Unisource over the entire state of Florida. He has already gone to great expense and time to prepare for a deposition in his individual and 30(b)(6) capacity and has been deposed as agreed by the parties. Unisource should not be required to spend additional time and

---

[3] Although Plaintiff cites to a litany of cases in her Motion to Compel, she fails to cite a single case that supports her assertion that she can depose Mr. Glaze on two separate occasions when he has already been produced in his individual and 30(b)(6) capacity. In fact, the cases cited by Plaintiff relate to whether the corporate representative adequately responded to the questions identified in the 30(b)(6) notice. Because Mr. Glaze appeared as agreed and was prepared to respond in both his individual and 30(b)(6) capacity, Plaintiff should not be allowed to re-depose Mr. Glaze simply because she was unprepared for his first deposition.

[4] Plaintiff's action with respect to Mr. Glaze's deposition is simply another example of the continuing pattern of abusive, excessive and repetitive discovery tactics Plaintiff has utilized in this action. To date, Plaintiff has propounded eleven different sets of interrogatories (totaling 266 individual requests, including subparts) and eight separate Requests for Production (totaling 322 separate requests including subparts). In response, Defendant, in compliance with the Federal and Local Rules, has sought to cooperate with Plaintiff throughout the discovery phase of this litigation. Indeed, Defendant responded to many of Plaintiff's 266 interrogatories, including some that are outside the scope of the Local Rules' subject matter jurisdiction. In addition, Defendant responded to Plaintiff's First, Second and Third Requests for Production of documents by producing over 3,600 pages of documents to Plaintiff and making thousands of additional documents available for review at defense counsel's office. Because of Plaintiff's excessive and abusive written discovery, Defendant filed a Motion for Protective Order which the parties are currently briefing.

resources producing its Vice-President in charge of Florida for another deposition just because Plaintiff wants a second chance. For these reasons, Plaintiff's Motion to Compel should be denied.

Finally, and in the event the Court permits Plaintiff the opportunity to re-depose Mr. Glaze despite her actions, Defendant respectfully requests that the Court award Unisource its costs, expenses and attorneys' fees incurred in traveling to Ft. Lauderdale, Florida, preparing Mr. Glaze for a second deposition and producing Mr. Glaze a second time.

Respectfully submitted,

HUNTON & WILLIAMS
Attorney for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

By: _____
/Juan C. Enjamio
Florida Bar No. 571910

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S EXPEDITED MOTION TO COMPEL DEFENDANT TO PRODUCE JOHN GLAZE AND/OR ANOTHER CORPORATE REPRESENTATIVE FOR DEPOSITION ON OCTOBER 25, 2000** was mailed and sent by telecopy to Karen C. Amlong, Esq., Jennifer Daley, Esq., Amlong & Amlong,

CASE NO. 00-CV-6126

P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this /3/‍" day of October, 2000.

By: _____
Juan C. Enjamio

OF COUNSEL:

Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

Path: DOCSOPEN\MIAMI\08507\29073\000186\LJY01!.DOC
Doc #: 27934; V. 1

9

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF DEPOSITIONS

**NOTICE IS HEREBY GIVEN** that pursuant to Federal Rule of Civil Procedure 30, plaintiff, Betty Ortega, will take depositions as follows:

| Deponent | Date | Time |
|---|---|---|
| Bill Ready | September 21 2000 | 10:00 a.m. |
| John Glaze | September 21, 2000 | 1:00 p.m. |
| Cecil McClary | September 21, 2000 | 3:00 p.m. |
| 30(b)(6) Corporate Rep. | September 29, 2000 | 10:00 a.m. |
| Dennis Laux | September 29, 2000 | 1:00 p.m. |
| John Huempfner | September 29, 2000 | 3:00 p.m. |

at the offices of **AMLONG & AMLONG, P.A., 500 Northeast Fourth Street, Fort Lauderdale, Florida 33301** upon oral examination before an officer duly authorized to take depositions in the State of Florida. The deposition shall be recorded by stenographic means and also may be audio-taped and/or video-taped.



The oral examination will continue from day to day until completed. The depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of court.

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
(954)462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail + Fax this 30th day of August, 2000 to Juan C. Enjamio, Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131.

JENNIFER DALEY

G:\CP\HISTORY\1772\125.DOC





# HUNTON & WILLIAMS

ONE BISCAYNE TOWER
SUITE 2500
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-1802

TEL 305 • 810 • 2500
FAX 305 • 810 • 2460

JUAN C. ENJAMIO, ESQ.
DIRECT DIAL: 305 • 810 • 2511
EMAIL: jenjamio@hunton.com

FILE NO: 29073.000186

September 13, 2000

**VIA TELEFAX AND REGULAR MAIL**

Jennifer Daley, Esq.
Amlong & Amlong, P.A.
500 N.E. 4th Street
Fort Lauderdale, FL 33301

Re:    Unisource adv. Ortega

Dear Jennifer:

We have received your notices of deposition in this case. As I explain below, you have scheduled depositions on dates when either the witnesses or the attorneys are not available. We have the following conflicts:

1.    We are not available for depositions on September 25.

2.    John Glaze is not available on September 21 (the date he is presently noticed) or on September 29. He is available the first week of October on October 4 and 5.

3.    Cecil McClary is not available during the last two weeks of September because he is on vacation. In addition, as we have told you before, McClary resides and works in Jacksonville. He would have to be deposed there or by telephone. We can discuss scheduling the deposition the first week of October.

4.    Unisource will designate Amy George and John Glaze as its corporate representatives pursuant to your (30)(b)(6) deposition notice. However, George and Glaze are unavailable on September 29, the date the corporate representative deposition is now scheduled. As I state above, Glaze is available October 4 or 5. George would be available on the same dates.



Jennifer Daley, Esq.
September 13, 2000
Page 2

5.  You have also scheduled Bill Bresnehan for deposition on September 25. As you know, Mr. Bresnehan resides and works in Ashville, North Carolina. We are not available that day. Assuming that you want to take his deposition by telephone, we will need to find a new date.

6.  You have scheduled Larry Press for the morning of September 28 and Dennis Laux and John Huempfner for September 29. As you know, Press, Laux, and Huempfner no longer work for Unisource. We assume that you will try to subpoena them. Also, we are not available on the morning of September 28, and would request that you reschedule Press' deposition for the morning of September 29 (when you scheduled the 30(b)(6) deposition).

7.  Given the scheduling problems, we suggest that you reschedule the depositions of John Press and Bill Ready for September 21.

We wanted to bring these problems to your attention and suggest alternative dates as soon as possible. You may not be available on some of the suggested dates. As always, we will work with you to come up with an acceptable schedule. Please call me to discuss these scheduling issues further.

Very truly yours,

Juan C. Enjamio

JCE/ra

Path: DOCSOPEN\MIAMI\08507\29073\000186\JBC01!.DOC
Doc #: 25032; V. 1