UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

**NIGHT BOX FILED**
OCT 17 ~~~
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

    Plaintiff's Response ignores the core issue in Unisource's Motion for Protective Order: that the 266 interrogatory questions, including subparts, submitted by Plaintiff violate the strict, well-defined subject matter limitation in the Local Rules. Instead of addressing this issue, Plaintiff emphasizes broad discovery axioms that Unisource does not dispute, addresses arguments we never raised, and focuses on requests for production that were never the focus of our Motion.[1]

---

[1] Plaintiff spends much of her opposition supporting many her document requests. Yet our Motion did not deal with these issues. Our Motion dealt mostly with Plaintiff's excessive



## A. **PLAINITFF'S INTERROGATORIES VIOLATE THE RESTRICTIONS IN THE LOCAL RULES**

Unisource moved for a protective order after Plaintiff had propounded eleven different sets of interrogatories containing 266 individual questions. Under the Local Rules for the United States District Court, Plaintiff is allowed to ask questions relating to very limited areas. She did that in her original set of interrogatories. In fact, that original set of interrogatories, labeled Amended Rule 26.1.G Interrogatories, mirrors the sample set appended to the Local Rules and, thus, exhausted the subject matter areas she was allowed to address through interrogatories. She has nonetheless propounded an additional ten sets asking approximately 260 new questions. Her opposition memorandum advances no argument supporting her barrage of interrogatories and cites no legal authority allowing her to flaunt the Local Rules.[2]

Local Rule 26.1.G limits interrogatories to:

> those seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance

---

interrogatories. The only argument we raised concerning documents dealt with the Fourth and Fifth Requests for Production. As we noted in our Motion, these requests asked for many documents that we had made available to Plaintiff for weeks. We had a few boxes of documents in our office that Plaintiff's counsel had not reviewed. We felt that Plaintiff's counsel should review these boxes, containing documents she was seeking in the subsequent Requests, before we responded to the new Requests. But we made it clear that our Motion did not address the Sixth Request for Production, nor did we seek a blanket protective order with respect to any Request. We will address many of Plaintiff's arguments in this Reply, but most of her opposition was devoted to addressing arguments that were simply not part of our Motion. In fact, as we explain below, the limited issues we raised relating to the production of documents have been largely resolved.

[2] Plaintiff attaches an unpublished order that apparently allowed her in a different case to file four additional interrogatories. We, of course, have no basis to judge the applicability of the facts in that case to this one or to analyze the decision. More importantly, that order apparently dealt with four additional interrogatories, not over 200 extra questions.

>agreements, and other physical evidence, or information of a similar nature.

Local Rule 26.1.G.2. Except for Plaintiff's initial set of interrogatories, which mirrored the sample set appended to the Local Rules, her 266 interrogatory questions, including subparts, violate this strict limitation.

Plaintiff does not cite any authority to support her attempt to circumvent the Local Rules. Instead, she posits ten points that do not address Unisource's core argument. We address each of these points immediately below. But these points (as she calls them) have nothing to do with the essence of our Motion. And they certainly do not justify her attempt to conduct discovery through serial sets of interrogatories.

### B. PLAINITFF'S POINTS IN HER OPPOSITION MEMORANDUM DO NOT CONTRADICT UNISOURCE'S MOTION FOR PROTECTIVE ORDER

#### 1. Liberal Discovery Request

Plaintiff's first point is that "[r]elevant, non-privileged information is discoverable." We agree. In fact, we emphasize in our Motion that "discovery is admittedly broad." Motion at p. 5.[3] But discovery is not without limits,[4] and Districts may adopt Local Rules that, although within the admittedly broad parameters of Rule 26, restrict the use of some discovery devices. This District has adopted one such restriction by limiting the subject matter of interrogatories. *See* Local Rules 26.1.G. There is no authority--Plaintiff certainly cites none--ruling that this subject matter restriction is invalid or contradicts the liberal discovery rules. And it is this subject matter restriction that Plaintiff violates by filing dozens of interrogatories asking

---

[3] We will cite to our Motion for protective Order and Incorporated Memorandum of Law as "Motion at ___."

[4] *See Robbins v. Camden City Bd. Of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985) ("the scope of discovery is not without limits," even in a discrimination case).

3

questions well outside the limited permitted scope. Citing the axiom that discovery is broad does not justify violating this restriction.

### 2.  Blanket Objections

Plaintiff next argues that blanket objections are not appropriate, and contends that objections to requests for production should be specific. We generally agree. But this argument has nothing to do with Unisource's Motion. We did not seek a blanket protective order with respect to the requests for production. We only sought a blanket protective order on the outstanding interrogatories because they violate the Local Rules' restrictions. The only possible remedy for such a violation is, as we requested, for Unisource to be relieved of any obligation to answer the offending interrogatories. To do otherwise is to render the clear language of Local Rule 26.1.G meaningless.

Plaintiff cites no cases allowing her to avoid restrictions in the Local Rules. In fact, the cases she cites in this section relate to a party's attempt to avoid depositions, not to a violation of restrictions on interrogatories. Her attempt to send serial interrogatories, a practice forbidden under the Local Rules, is not justified by her reference to general rules and undisputed legal assertions bearing no relation to the arguments raised in the Motion.

### 3. Production in Mass

Plaintiff's third point is that a party should be allowed to send follow up discovery when a defendant produces documents "in mass." We again agree. In fact, that is precisely a point we raised in our Motion.[5] We stated that we made documents in boxes (that is the way Unisource maintains them), available to Plaintiff's counsel for weeks, and she had not reviewed most of

---

[5] This argument again bears no relationship to the essence of our Motion, which, as we say repeatedly, deals mainly with the interrogatories.

4

them. We asked that Plaintiff review these documents before she propounded any additional requests for the records contained in the boxes. We then stated that if she did not find the documents she sought, she could request them with specificity. At no point did we argue that she could not propound additional requests for production, or that we would simply produce boxes of documents. Rather, we stated exactly the opposite.[6]

4. Limitation on Number of Interrogatories

Plaintiff then states that the Local Rules contain no limitation on the number of interrogatories, and claims that Unisource is inconsistent because it has propounded 17 interrogatories. Plaintiff's argument is baffling since we never argued that the Local Rules limit the number of interrogatories. Instead, we acknowledged exactly the opposite: that there is *no* numbers limitation in this District.[7] We did emphasize what Plaintiff does not dispute: that even though this District opted out of the limitations on the number of interrogatories a party may propound, the Court still maintains the power to limit this number when the interrogatories become excessive. In fact, this District's Discovery Practices Handbook, adopted by Administrative Order as an Appendix to the Local Rules, states that if "a party considers the number or breadth of interrogatories to be burdensome ...the party may move for a protective order." Appendix IV(6) to the Local Rules. That is what we have done.

Plaintiff has propounded 266 interrogatory questions, including subparts. It has done this in a serial approach, propounding them throughout the litigation. It is precisely for these abuses

---

[6] This is contrary to our arguments with respect to the interrogatories, where we do seek a more blanket protective order because what Plaintiff has done is forbidden in its entirety by the Local Rules. A blanket order with respect to the interrogatories is, thus, appropriate.

[7] We stated in page 8 of our Motion: "[a]lthough the Local Rules *do not expressly limit the number of interrogatories that a party may propound....*" It is thus baffling that Plaintiff would

5

that the Discovery Handbook allows litigants to seek protective orders based on the excessive number of interrogatories. That is what we have sought. It is up to the propounding party to defend her practice. Plaintiff has not done so, choosing instead to make a legal argument--that there can be no numbers restrictions under the Local Rules--that is belied by the Handbook promulgated by this District.[8]

### 5. Contention Interrogatories

Plaintiff also argues that she may serve contention interrogatories at the close of discovery. That is, of course, irrelevant here because our Motion did not deal with contention interrogatories served after depositions have concluded and the parties have had an opportunity to digest the record. Instead, we move for protective order on interrogatories, most of which are not the type of contention interrogatories contemplated in the Local Rules, propounded throughout this case on myriad issues far removed from the strict limits of Local Rule 26.1.G. Plaintiff cites no legal authority allowing her to propound 266 interrogatories on disparate and varied issues, and her reference to contention interrogatories does not justify her discovery methods.[9]

---

claim that we argued that the Rules contain such a limit. We know this District opted out of such a limitation, and said so.

[8] If Plaintiff feels that our 17 interrogatories are so excessive and burdensome as to be objectionable on this separate basis she could, of course, seek the protection of this Court. She cannot make this argument because, there is, of course, no comparison between 17 interrogatory questions and 266.

[9] Plaintiff cites only a one paragraph unpublished order in another case in this District where we presume her counsel prevailed in a discovery motion. We cannot address this order because we have no way to know the factual and legal context, the nature of the dispute, or the position of the parties. It is interesting, though, that this order dealt by its terms with four interrogatories, not eleven different sets containing dozens of questions.

6.  Fourth Request for Production

Plaintiff's sixth point deals with the Fourth Request. Unisource has agreed to produce these documents since apparently Plaintiff could not be sure they were contained in the boxes her counsel reviewed.[10]

7.  Fifth Request for Production

Like with Fourth Request, Unisource will produce documents responsive to the Fifth request even if Plaintiff has reviewed some or all of these documents already.

8.  Sixth Request for Production

Plaintiff's eighth point deals with the Sixth Request for Production. This Request was not incorporated into Unisource's Motion. In fact, we stated clearly that our Motion was limited to the Fourth and Fifth Requests, and specifically declared that we were not addressing the Sixth Request.[11] Consequently, issues relating to the Sixth Requests are not within the scope of this Motion.

9.  Medical Records[12]

Plaintiff's next point deals with the Seventh Request for Production asking for copies of her medical records which we have obtained through subpoenas. This request was never part of our Motion, (Plaintiff had not even propounded this Request when we filed our Motion), we

---

[10] We did not maintain in our Motion that we would not produce these documents, only that we believe Plaintiff either had already reviewed them or had failed to review them in the documents we made available. We still believe that to be the case. Rather than belabor this point, however, we will produce these documents.

[11] The reason we did not include it was not because we thought the Sixth Request was unobjectionable. We did not raise it in our Motion because it was unrelated to the reasons we moved for limited protection on the production issue: that the documents in the Fourth and Fifth Requests, or at least some responsive documents, were contained in records we had made available to Plaintiff's counsel for weeks but had not been reviewed. This was not the case with resect to the Sixth Request, which did not include documents already produced.

never objected to the production of these records, and we actually produced them last week. This point is, thus, also moot.

### 10. Schedule of Depositions

Plaintiff also argues that it is "disingenuous" to contend, as we do, that she propounded these interrogatories before any deposition was taken because, she claims, delays in taking depositions were caused by Unisource's employees' schedules. This statement is inaccurate-- many of the delays were to accommodate Plaintiff's counsel who had only limited dates available during August and September. This is understandable, and Unisource did not complain. Both sides had scheduling pressures, but have worked together, and continue to do so, to schedule the depositions.

But that is irrelevant to the arguments in our Motion. Before Plaintiff had requested dates for a single deposition--before there was a chance to seek a delay of any deposition--Plaintiff had already propounded scores of interrogatories. That undisputed fact is relevant because the Local Rules forbid asking through interrogatories what may be asked in deposition, indeed, many of the issues raised in the interrogatories have since been addressed in the depositions.

That fact is also relevant for a related reason. Plaintiff's conduct of discovery has sought to overturn the order created by the Local Rules. This District has shown a bias against serial discovery through interrogatories by limiting severely their subject matter scope and postponing any contention interrogatories until the end of discovery. Plaintiff has repeatedly violated these strictures by propounding a continuing series of interrogatories, from the outset of the case through now, seeking answers to all of her questions, even if remote from the Local Rules' subject matter limitation. The Local Rules forbid this practice. To allow it here would render

---

[12] This point is actually mislabeled as 10 in Plaintiff's opposition memorandum.

these limitations meaningless and would prejudice parties who, abiding by the Local Rules, forbear from propounding interrogatories and seek alternative discovery methods.

### C. CONCLUSION

For the reasons raised in Unisource's Motion for Protective Order and reiterated here, Unisource should not have to answer any of the offending interrogatories and Plaintiff should not be allowed to propound new interrogatories absent leave of Court.

Respectfully submitted,

HUNTON & WILLIAMS
Attorney for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

By: _____
Juan C. Enjamio
Florida Bar No. 571910

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** was mailed to Karen C. Amlong,

Esq., Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this _____ day of October, 2000.

By: _____
/Juan C. Enjamio

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900