IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

Defendant.

_____/

## Plaintiff's Motion to Compel re:
## Plaintiff's Sixth Request for Production

Plaintiff, Betty Ortega, moves pursuant to Federal Rules of Civil Procedure
26 and 37 for an order compelling discovery regarding defendant's response
and objections to plaintiff's fourth request for production, and for the
reasonable expenses of preparing this motion.[1]

By filing and signing this motion, the undersigned counsel for plaintiff
certifies pursuant to Local Rule 26.1(I) that plaintiff has been unable to resolve
the disputed discovery matters extrajudicially, through conferences and
correspondence with opposing counsel, notwithstanding a good-faith effort to
do so.

---

[1]    Pursuant to Local Rule 26.1(B), attached are copies of: (1) Plaintiff's
Sixth Request for Production, and (2) Defendant's Response and Objections to
Plaintiff's Sixth Request for Production.



## **Introduction**

This is an action by Betty Ortega ("Ortega"), a Hispanic female sales representative, against Unisource Worldwide, Inc. ("Unisource"). Ortega – who is still employed by Unisource – claims that Unisource discriminated against her because of her gender, race  and national origin (including telling her that "customers don't like Hispanic women because they are too aggressive"), paid her less than male and non-Hispanic employees doing equal work, and retaliated against her after she spoke out against discrimination. In particular, the major thrust of plaintiff's claims focuses on defendant's assignment of accounts to male (and non-Hispanic) sales representative vs. female (and Hispanic) sales representatives such as Ortega, to whom plaintiff claims defendant discriminatorily assigned less lucrative accounts. Plaintiff sues pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and the Equal Pay Act,  29 U.S.C. § 206(d).

On July 24, 2000, the day before Unisource took Ortega's deposition, Unisource informed Ortega that she was being placed on probation (or a performance improvement plan) and that if she failed to generate a certain level of income (approximately $350,000) for company by the end of the year she would be terminated.  Plaintiff subsequently served her sixth request for production requesting that defendant produce documents about the probation and/or performance improvement plan on which plaintiff had been placed and other sales representatives who may have also been placed on probation within the past three years. In addition to the "boilerplate" general objections that defendant had asserted to all of plaintiff's other requests for production, defendant objected to the request because it "seeks information which is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" and "seeks information outside the relevant time period."

Defendant asserted those objections even though it had failed to supplement its previous discovery responses to address previous requests made by plaintiff in this case, including the following made in plaintiff's initial request for production that was served with Complaint related to the documents requested in the sixth request for production:

10.   The following documents regarding the plaintiff, if not contained in plaintiff's personnel file:

c.   Performance evaluations or job reviews.

d.   Records of complaints against plaintiff of misconduct or of violation of any workplace rule, regulation or policy,   the investigation of any such complaints and any disciplinary or other action taken as the result of the investigation and/or findings of the investigation.

e.   Records of all formal and informal disciplinary action, including but not limited to corrective action reports, counseling, verbal and written reprimands, suspensions, demotions, transfers, and the like, whether or not taken as the result of a complaint or investigation.

h.   Records of annual sales performance including but not limited to projections, goals, budgets and actual sales for each year of employment in the industrial and printing division

i.   Any and all files kept by individuals, departments and/or divisions regarding plaintiff.

18.   The following information for each sales representative employed in the Miami printing and industrial divisions for the past five years:

a.   wage and salary information, including all documents review or relied upon in making salary determinations, structuring commissions and/or establishing bonuses;

. . . .

c.   reports of sales performance, including any and all information regarding attainment of goals, projections and quotas.

Page 3 of 13

19.  Any and all documents, including but not limited to, employee handbooks, personnel manuals, supervisor's manuals, training materials, policy manuals, and other written policies, procedures, guidelines and materials of any kind that reflects Unisource's personnel policies in effect from January 1995 until the present, including but not limited to any documents reflecting the procedure and criteria for promoting, increasing salary, disciplining, and discharging employees.

22.  Each document memorializing:

a.  any rule, regulation, policy, procedure, and/or standard of conduct that Unisource asserts plaintiff violated;
b.  any employee discipline policy maintained by Unisource.

Thus, by this motion, plaintiff seeks entry of an Order compelling defendant to produce the documents at issue, and to provide a privilege log with respect to any privileges claimed. In an Equal Pay Act and Title VII gender/race/national origin discrimination case such as this, where the plaintiff also claims retaliation, the requested documents concerning additional discriminatory/retaliatory actions related the conduct alleged in the complaint are clearly relevant to the issues involved in this case.

## **Memorandum of Law**

### **Plaintiff's requests and defendant's response**

Request No. 1.  With respect to the performance improvement plan and/or probation program on which plaintiff was placed in our [sic] about July 2000, any and all documents showing:

a.  All criteria and/or factors used for placing plaintiff and/or other employees on the plan and/or program with the past three years;

b.  Any and all policies of defendant regarding the plan and/or program;

c.  Any and all goal(s) against which plaintiff was measured in making the decision to place her on the plan and/or program;

d.   The person(s) who made the decision to place plaintiff on the plan and/or program;

e.   Notes and/or correspondence regarding the decision to place plaintiff on the plan and/or program;

f.   What portion and/or percentage of the goal(s) referenced in paragraph 1(c) above plaintiff achieved and/or did not achieve when she was placed on the plan and/or program;

g.   The same and/or similar goal(s) set for other female and male sales representative in plaintiff's division for the past three years;

h.   What portion and/or percentage of the goal(s) referenced in paragraph 1(f) above each representative achieved and/or did not achieve when plaintiff was placed on the plan and/or program;

i.   The year to date sales and/or revenues for each representative in plaintiff's division when plaintiff was placed on the plan and/or program;

j.   The name, address, gender, national origin and ages of each sales representative in plaintiff's division(s) who were placed on the same or similar plan and/or program within the past three years due to sales performance;

k.   The reasons for placing the individuals referenced in paragraph 1(j) above on the plan and/or program;

Defendant's specific response.[2] Defendant objects to this Request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it seeks information outside the relevant time period.

---

[2]     Defendant's response also contains the following "General Objections" which defendant "adopts and incorporates by reference . . . in each of its response to Plaintiff's Sixth Request for Production of Documents":

1.   Defendant objects to Plaintiff's Sixth Request for Production of Documents in its entirety to the extent that such Requests impose or seek to impose obligations on Defendant greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida.

2.   Defendant objects to Plaintiff's Definitions and Instructions as imposing duties and obligations upon Defendant beyond those allowed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida.

3.   Defendant objects to Plaintiff's Sixth Request for Production of Documents to the extent that such Requests seek information that is protected by the attorney-client privilege, the work product doctrine, or that was prepared for or in anticipation of litigation. Defendant further objects to Plaintiff's Sixth Request for Production of Documents to the extent such Requests seek information that is otherwise privileged.

4.   Defendant objects to Plaintiff's Sixth Request for Production of Documents in its entirety because it is overly broad, vague, ambiguous, unduly burdensome, oppressive and harassing and seeks information not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

5.   Defendant objects to Plaintiff's Sixth Request for Production of Documents in its entirety on the basis that the time, place and matter of production requested by Plaintiff imposes duties and obligations upon Defendant beyond those allowed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida. Defendant states that it will produce all non-objectionable documents at a location and time mutually agreeable to both parties.

## Point 1.    Relevant, non-privileged information is discoverable.

The standard provided by the Federal Rules of Civil Procedure is that

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The key phrase in this definition — "relevant to the subject matter involved in the pending action" — has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Further, as the Honorable Charles Richey has noted in discussing discovery problems in the Title VII area,

Plaintiffs should be permitted a very broad scope of discovery in Title VII cases, **even in individual employee cases**. Since direct evidence of discrimination is rarely obtainable, plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's **prima facie** case.

C. RICHEY, Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts, A-26 (Federal Judicial Center rev. ed. 1986) (emphasis added). Thus, to the extent that the documents requested by plaintiff are relevant, defendant should be compelled to provide them.

In this case, in light of plaintiff's claim for retaliation by defendant (in addition to discrimination), documents related to defendant's subsequent act of retaliation and possible discrimination against the plaintiff who continues to

be employed by it – the day before her deposition – is clearly relevant to the issues raised in this case.

Generally, a plaintiff who suffers retaliation after filing his lawsuit is not required to make another EEOC filing. Gupta v. East Texas State Univ., 654 F.2d 411, 414 (5th Cir. 1981) ("it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.").[3] As Gupta explained:

> Several lower courts in the circuit have interpreted Pettway II[4] as eliminating the exhaustion requirement for retaliation claims because the district court has ancillary jurisdiction over such claims. See Held v. Missouri Pacific Railroad Co., 373 F.Supp. 996, 1000-1002 (S.D.Tex.1974), on denial of class-action status, 64 F.R.D. 346 (S.D.Tex.1974); Thomas v. Southdown Sugars, Inc., 484 F.Supp. 1317, 1320 (E.D.La.1980); Pouncy v. Prudential Insurance Company of America, 499 F.Supp. 427, 435 (S.D.Tex.1980). In keeping with the suggestion in Pettway II and the adherence to that suggestion by the lower courts of this circuit, we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.
>
> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title

---

[3]    Cased decided by the former Fifth Circuit Court decided prior to October 1, 1981 are binding precedent in this circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981).

[4]    Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, rehearing and rehearning en banc denied, 415 F.2d 1376 (5th Cir. 1956).

> VII. See Held v. Missouri Pacific Railroad Co., 373 F.Supp. at 1001, and
> National Organization for Women v. Sperry Rand Corp., 457 F.Supp.
> 1338, 1344 (D.Conn.1978). We are reluctant to erect a needless
> procedural barrier to the private claimant under Title VII, especially since
> the EEOC relies largely upon the private lawsuit to obtain the goals of
> Title VII. National Organization for Women v. Sperry Rand Corp., 457
> F.Supp. at 1344; Sanchez v. Standard Brands, Inc., 431 F.2d 455,
> 460-61 n. 1 (5th Cir. 1970). Intertwined with this practical reason for our
> holding is a strong policy justification. Eliminating this needless
> procedural barrier will deter employers from attempting to discourage
> employees from exercising their rights under Title VII. National
> Organization for Women v. Sperry Rand Corp., 457 F.Supp. at 1344.

654 F.2d at 413-14. See also Sanchez v. Standard Brands, Inc., 431 F.2d 455

(5th Cir. 1970) (additional claims that "arise naturally and logically from the

facts presented to the EEOC"); Baker v. Buckeye Cellulose Corp., 856 F.2d 167,

169 (11th Cir. 1988) ("Because a claim of retaliation could reasonably be

expected to grow out of the original charge of discrimination, the district court

had jurisdiction over the motion for injunctive relief."); Turner v. Orr, 804 F.2d

1223, 1226 (11th Cir. 1986) (collecting cases).

This Court also should compel defendant to produce the requested

documents, which are relevant to identifying potential comparators and

witnesses in the case, and other issues that were previously addressed in

plaintiff's first request for production of documents (as discussed further in

Point 3 below). The documents also are relevant to issue of how defendant's

conduct alleged in the complaint (of assigning less lucrative accounts to plaintiff

upon which it rate her performance) contributed to plaintiff's being placed on

probation with the threat termination if she fails to generate sufficient income

for defendant from the accounts assigned to her. Therefore, defendant should

be compelled to produce the requested documents.

## Point 2.    General objections to discovery requests are inappropriate and, without more, are insufficient to withhold production of discoverable information.

The Eleventh Circuit has held that mere boilerplate objections to discovery requests, without more, are insufficient grounds upon which to withhold production of otherwise discoverable information. See, e.g., Panola Land Buyer's Association v. Schuman, 762 F.2d 1550 (11th Cir. 1985) (denying request for protective order based on conclusory objection). As Panola, recognized:

> . . . . To be adequate, objections which serve as the basis for a motion for protective order under Fed. R. Civ. P. 26 should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). See Josephs v. Harris Corp., 677 F.2d 985 (3d Cir. 1982) (quoting Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)) (**"party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question in overly broad, burdensome or oppressive**).

(Emphasis added.) Further, as to defendant's vagueness and overbroad objections, as recognized in Resnick v. American Dental Association, 90 F.R.D. 530 (N.D. Ill. 1981), defendant's conclusory assertion of burdensomeness is insufficient to preclude discovery:

> Absent greater concreteness this Court cannot accept ADA's characterization of the discovery sought. Second, Resnick properly points out that undue "burdensomeness" should not in this instance preclude discovery.    Instead, under Rule 33(c) ADA's proper response to a demonstrably burdensome request should be to allow plaintiffs access to the relevant business records for examination, with any necessary copying at plaintiffs' expense.

This Court's Local Rule (Appendix A, Section I(D)(3)) also provides that "[w]hen objections are made to discovery requests, all grounds for the objections must be specifically stated."

In this case, because defendant has asserted boilerplate general objections to the request for production, which it incorporated into the specific response made with respect to each individual request, it is unclear whether defendant actually has privileged documents that is validly being withheld. So, in addition to compelling defendant to produce the requested documents, this Court should compel defendant to provide a privilege log with respect to any document withheld on the basis of privilege.

## Point 3. Had defendant supplemented its previous discovery responses, as required by the Local Rules and the Federal Rules, the sixth request for production and this motion to compel would not have been necessary.

This Court's Discovery Practices Handbook (Appendix A to the Local Rules), provides in pertinent part that:

**C.   Supplementing Answers.**  The Federal Rules of Civil Procedure expressly provide that in many instances a party is under a duty to supplement or correct prior disclosure to include information thereafter acquired.  See Rule 26(e). . . .

Rule 26(e) provides that:

A party who has made a disclosure under subdivisions (a) or responded to a request for discovery with disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under the duty to supplement at appropriate intervals its disclosure under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing. . . .

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response in some material respect is incomplete or incorrect and if additional information has

> not otherwise been made known to the other parties during the discovery process or in writing.

In this case, as early as in or about July 2000 when it notified plaintiff of her probation, defendant should have been aware that its previous document production to plaintiff was incomplete because the documents concerning the probation are related to the discovery requests previously made by plaintiff in this case, including those outlined in the introductory section of this motion. During the depositions taken in this case, it was clear from the witnesses' testimony that documents exist regarding the probation of plaintiff and other representatives in her division. Because defendant has not supplemented its response to those requests with respect to the documents at issue, it should be compelled to produce the documents requested in plaintiff's sixth request for production.

## **Conclusion**

For the above stated reasons, plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel in accordance with plaintiff's arguments herein, enter an order permitting plaintiff follow-up discovery on the material ordered to be produced, and award her attorneys' fees and expenses for having to move to compel defendant to produce documents that are clearly discoverable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has

been furnished by U.S. Mail this 27th day of October, 2000 to Juan C. Enjamio,

Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne

Blvd., Miami, FL 33131; Robert Stevens, Esq., Robert Stevens, Esq., Troutman

Sanders, LLP, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta,

GA 30308.

KAREN COOLMAN AMLONG
Florida Bar No. 275565
JENNIFER DALEY
Florida Bar No: 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, FL 33301-1154
(954)462-1983

I:\CPWin\HISTORY\971115A\6EC.DE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORDWIDE, INC., a                 ;
foreign corporation,

    Defendant.
_____/

## Plaintiff's Sixth
## Request for Production of Documents from Defendant

Plaintiff, BETTY ORTEGA, pursuant to Federal Rule of Civil Procedure 34,

requests defendant, UNISOURCE WORDWIDE, INC., respond within thirty (30)

days of the service of this Request for Production, to the following request, i.e.,





**EXHIBIT**

tabbies®   " 1 "

that defendant, produce and permit plaintiff to inspect and to copy each of the following documents[1],[2]:

1.    With respect to the performance improvement plan and/or probation program on which plaintiff was placed in or about July 2000, any and all documents showing:

a.    all criteria and/or factors used for placing plaintiff and/or other employees on the plan and/or program with the past three years;

b.    any and all policies of defendant regarding the plan and/or program;

c.    any and all goal(s) against which plaintiff was measured in making the decision to place her on the plan and/or program;

---

[1]    The term "document" shall be deemed to mean every writing or record of every type or description which is in your possession, custody or control (or copy thereof if the original is not in your possession, custody or control), including, and without any limitation whatsoever, correspondence, memoranda, log books, stenographic or handwritten notes, computer media, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, minutes, and statistical compilations.

[2]    Any information that defendant claims is privileged should be identified as such:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Rule 26(b)(5), Fed.R.Civ.P.

d.    the person(s) who made the decision to place plaintiff on the plan and/or program;

e.    notes and/or correspondence regarding the decision to place plaintiff on the plan and/or program;

f.    what portion and/or percentage of the goal(s) referenced in paragraph 1(c) above plaintiff achieved and/or did not achieve when she was placed on the plan and/or program;

g.    the same and/or similar goal(s) set for other female and male sales representative in plaintiff's division for the past three years;

h.    what portion and/or percentage of the goal(s) referenced in paragraph 1(f) above each representative achieved and/or did not achieve when plaintiff was placed on the plan and/or program;

i.    the year to date sales and/or revenues for each representative in plaintiff's division when plaintiff was placed on the plan and/or program;

j.    the name, address, gender, national origin and ages of each sales representative in plaintiff's division(s) who were placed on the same or similar plan and/or program within the past three years due to sales performance;

k.    the reasons for placing the individuals referenced in paragraph 1(j) above on the plan and/or program.

Production shall be made at 12 o'clock Noon on the last day permitted under the Florida Rules of Civil Procedure by delivering copies of the requested materials on or before that date to the offices of Amlong & Amlong, P.A., Second Floor, 500 Northeast Fourth Street, Fort Lauderdale, Florida 33301, for inspection and/or copying.

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiffs
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Date:    September 7, 2000

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on September 7, 2000, upon Juan C. Enjamio, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne Blvd., Miami, FL 33131.

JENNIFER DALEY

G:\CP\HISTORY\1772\138.DOC

Page 4 of 4

RECEIVED
OCT 1 0 2000
Courier Delivered

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

        Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

        Defendant.

_____/

## DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S
## SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT

COMES NOW, Defendant, Unisource Worldwide, Inc. ("Defendant"), and pursuant to

Rule 34 of the Federal Rules of Civil Procedure hereby serves its Responses and Objections to

Plaintiff's Sixth Request for Production of Documents From Defendant.

### GENERAL OBJECTIONS

Defendant hereby adopts and incorporates by reference the following general objections

in each of its responses to Plaintiff's Sixth Request for Production of Documents:

1.



EXHIBIT
" 2 "

Defendant objects to Plaintiff's Sixth Request for Production of Documents in its entirety to the extent that such Requests impose or seek to impose obligations on Defendant greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida.

2.

Defendant objects to Plaintiff's Definitions and Instructions as imposing duties and obligations upon Defendant beyond those allowed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida.

3.

Defendant objects to Plaintiff's Sixth Request for Production of Documents to the extent that such Requests seek information that is protected by the attorney-client privilege, the work product doctrine. or that was prepared for or in anticipation of litigation. Defendant further objects to Plaintiff's Sixth Request for Production of Documents to the extent that such Requests seek information that is otherwise privileged.

4.

Defendant objects to Plaintiff's Sixth Request for Production of Documents in its entirety because it is overly broad. vague, ambiguous. unduly burdensome, oppressive, and harassing and seeks information not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Defendant objects to Plaintiff's Sixth Request for Production of Documents in its

entirety on the basis that the time, place and manner of production requested by Plaintiff imposes duties and obligations upon Defendant beyond those allowed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Florida. Defendant states that it will produce all non-objectionable documents at a location and time mutually agreeable to both parties.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

Subject to, and without waiving, in any way any of the foregoing general objections (each of which is incorporated by reference in the Defendant's responses below to the individual document requests), Defendant responds to Plaintiffs' individual document requests as follows:

### REQUEST NO. 1:

With respect to the performance improvement plan and/or probation program on which plaintiff was placed in or about July 2000, any and all documents showing:

a.      all criteria and/or factors used for placing plaintiff and/or other employees on the plan and/or program with the past three years;

b.      any and all policies of defendant regarding the plan and/or program;

c.      any and all goal(s) against which plaintiff was measured in making the decision to place her on the plan and/or program;

d.      the person(s) who made the decision to place plaintiff on the plan and/or program;

3

        e.        notes and/or correspondence regarding the decision to place plaintiff on the plan and/or program;

        f.        what portion and/or percentage of the goal(s) referenced in paragraph l(c) above plaintiff achieved and/or did not achieve when she was placed on the plan and/or program;

        g.        the same and/or similar goal(s) set for other female and male sales representative in plaintiff's division for the past three years;

        h.        what portion and/or percentage of the goal(s) referenced in paragraph l(f) above each representative achieved and/or did not achieve when plaintiff was placed on the plan and/or program;

        i.        the year to date sales and/or revenues for each representative in plaintiff's division when plaintiff was placed on the plan and/or program;

        j.        the name, address. gender. national origin and ages of each sales representative in plaintiff's division(s) who were placed on the same or similar plan and/or program within the past three years due to sales performance;

        k.        the reasons for placing the individuals referenced in paragraph l(j) above on the plan and/or program.

**RESPONSE:**

        Defendant objects to this Request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request on the grounds that it seeks information outside the

relevant time period.

Respectfully submitted,

HUNTON & WILLIAMS
Attorney for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

By: _____
Juan C. Enjamio
Florida Bar No. 571910

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT'S RESPONSES**

**AND OBJECTIONS TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF**

**DOCUMENTS FROM PLAINTIFF** was mailed to Karen C. Amlong, Esq., Jennifer Daley,

Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale,

Florida 33301-1154 on this _____ day of October, 2000.

By: _____
Juan C. Enjamio

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

Path: DOCSOPEN\MIAMI\08507\29073\000186\L2X01!.DOC
Doc #: 27321; V. 1