UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

**NIGHT BOX FILED**
**OCT 3 0 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL re: PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION AND EIGHTH SET OF INTERROGATORIES

COMES NOW, Defendant, Unisource Worldwide, Inc. ("Unisource"), and responds to Plaintiff's Expedited Motion to Compel re: Plaintiff's Fourth Request For Production of Documents and Eighth Set of Interrogatories.

Plaintiff's Motion To Compel regarding Plaintiff's Fourth Request for Production of Documents and Eighth Set of Interrogatories concerns discovery issues already pending before the Court in Unisource's Motion for Protective Order. On September 19, 2000, Unisource filed a Motion for Protective Order and Incorporated Memorandum of Law, seeking a protective order from the Court relieving Unisource from having to



answer any of Plaintiff's pending Sets of Interrogatories and Requests for Production and forbidding Plaintiff from propounding additional interrogatories absent leave of Court. At that time, Plaintiff had propounded eleven different sets of interrogatories (totaling 266 individual questions), and Six Requests for Production of Documents (totaling 316 separate requests). Plaintiff's Fourth Request for Production of Documents and Eighth Set of Interrogatories, to which Plaintiff seeks to compel responses in this Motion, were pending at the time Unisource filed its Motion for Protective Order. Therefore, Plaintiff's instant Motion to Compel addresses issues already placed before the Court by Unisource's Motion for Protective Order (which has been fully briefed by the parties and is pending before the Court). Given that, Unisource will not fully re-brief its argument herein. Rather, pursuant to Federal Rule of Civil Procedure 10(c) Unisource incorporates by reference the memorandum of law and reply brief it filed in support of its Motion for Protective Order, both of which demonstrate that Unisource's Motion for Protective Order should be granted and Plaintiff's Motion to Compel should be denied. (See Unisource's Motion for Protective Order and Incorporated Memorandum of Law and Reply Brief in Support of its Motion for Protective Order attached hereto as Exhibits A & B, respectively.) In addition to the reasons stated in Unisource's Memorandum of Law and Reply Brief in Support of its Motion for Protective Order, Plaintiff's Motion to Compel should be denied for the reasons stated below.

With respect to Plaintiff's Fourth Request for Production of Documents, Plaintiff's Motion to Compel is moot because the parties have resolved their dispute over this Request for Production of Documents. Although Unisource sought protection in its Motion for Protective Order from responding to this document request, its Motion for

Protective Order only requested that Plaintiff review the thousands of documents Unisource originally made available to her in July at great burden and expense prior to responding to additional document requests which in most cases sought documents already made available. Now that Plaintiff has reviewed the documents Unisource originally made available in July, Unisource has agreed to produce the documents and/or specifically identify again the documents previously produced which are responsive to each individual request in Plaintiff's Fourth Request for Production. Therefore, Plaintiff's Fourth Request for Production of Documents is no longer at issue in Defendant's Motion for Protective Order or Plaintiff's Motion to Compel.

With respect to Plaintiff's Eighth Set of Interrogatories, Plaintiff simply asserts that Unisource should respond to the Interrogatories because they are relevant to the instant case. Unisource, however, has not contested the relevancy of Plaintiff's Eighth Set of Interrogatories. Rather, Unisource asserts that it should not be required to respond to ten different sets of serial interrogatories totaling almost 260 separate interrogatories that seek information beyond the scope permitted by the Local Rules of this Court. Although the Local Rules specifically opt out of the number limit of interrogatories, the rules limit the *scope* of information parties can seek through interrogatories.[1] Pursuant to the Local Rules, interrogatories are initially restricted to those seeking names of witnesses, the nature of their knowledge, computation of damages, identity of documents,

---

[1] Although the Local Rules specifically opt out of the number limitation on interrogatories, parties cannot propound additional interrogatories with impunity. Indeed, Appendix A to the Local Rules states:"[i]f a party considers the number or breadth of interrogatories to be burdensome in the context of a particular case, that party may move for a protective order." L.R. App. A IV(6). Because Plaintiff's 266 separate serial interrogatories are excessive and burdensome, Unisource's Motion for Protective Order also seeks relief from responding to Plaintiff's interrogatories for that reason.

3

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

names of expert witnesses and identity of insurance agreements. See L.R. 26.1.G.2; see also L.R. App. A, IVA(2). Indeed, Appendix B to the Local Rules provides a form to follow when propounding interrogatories in the Southern District of Florida. See L.R. 26.1.G.2 App. B.

Plaintiff initially propounded interrogatories in compliance with that Rule (Plaintiff's Amended Rule 26.1.G Interrogatories), and Defendant timely responded. Plaintiff's Eighth Set of Interrogatories, however, does not follow Appendix B or seek information specifically allowed by the Local Rules. Rather, it seeks information beyond the scope permitted by the Local Rules and more appropriately sought through Requests for Production of Documents and Depositions. In fact, the majority of the information sought by Plaintiff in her Eighth Set of Interrogatories has already been provided to Plaintiff in the form of documents and deposition testimony. For these reasons and for the reasons more fully briefed in Unisource's Motion for Protective Order and Reply Brief in support of its Motion for Protective Order, Plaintiff's Motion to Compel should be denied.

    Respectfully submitted,

    HUNTON & WILLIAMS
    Attorney for Unisource Worldwide, Inc.
    One Biscayne Tower, Suite 2500
    2 South Biscayne Boulevard
    Miami, Florida 33131-1802
    Telephone: (305) 810-2500
    Telefax: (305) 810-2460

    By: _____
        Juan C. Enjamio
        Florida Bar No. 571910

CASE NO. 00-CV-6126-CIV-DIMITROULEAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL re: PLAINTIFF'S FOURTH REQUST FOR PRODUCTION OF DOCUMENTS AND EIGHTH SET OF INTERROGATORIES** was mailed to Karen C. Amlong, Esq., Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this 31st day of October, 2000.

By: _____
Juan C. Enjamio

OF COUNSEL:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

# DISCOVERY

# NOT

# SCANNED

PLEASE REFER TO FILE