UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION
CASE NO. 00-CV-6126
JUDGE WILLIAM P. DIMITROULEAS
MAGISTRATE JUDGE JOHNSON



BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 7.5, Defendant Unisource Worldwide, Inc. hereby moves this Court for an Order granting summary judgment in its favor on the grounds that no genuine issue of material fact exits to be tried in this case and Defendant is entitled to judgment as a matter of law. Plaintiff alleges that Defendant discriminated against her because of her sex, race, and national origin and retaliated against her for her protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act ("FCRA") in the assignment and reassignment of (1) sales accounts serviced by former paper sales representative Tony Gispert, (2) sales accounts serviced by former paper sales representatives Dennis Laux and John Huempfner, and (3) all other sales accounts in Unisource's Miami division not assigned to her except web accounts. Plaintiff also alleges that Unisource violated Title VII, the FCRA, and the Equal Pay Act



("EPA") by paying her at a rate of pay less than that paid to employees of the opposite sex and outside her protected race and national origin.

Initially, Plaintiff's Title VII and FCRA discriminatory account assignment claims should be dismissed because Plaintiff offers no significant probative evidence to establish a prima facie case of sex, race, or national origin discrimination. That is, Plaintiff fails to offer any evidence that she was subjected to an adverse action, that she was qualified for all of the accounts, or that she was treated less favorably than employees outside her protected class for all account assignments. In addition, Plaintiff cannot offer any evidence to rebut Defendant's legitimate non-discriminatory reasons for account assignments – namely financial concerns and paper sales representatives' experience, skills, available time, and the geographic proximity of accounts. Moreover, Plaintiff's Title VII and FCRA discriminatory account assignment claims should be dismissed for the independent reason that Plaintiff cannot show pretext.

Furthermore, Plaintiff's retaliation claims should be dismissed because Plaintiff cannot offer any evidence to (1) demonstrate that she was subjected to an adverse action or that there is any causal connection between her purported protected activity and the alleged adverse action, or (2) rebut Defendant's legitimate non-discriminatory reasons for account assignments. Finally, Plaintiff's equal pay claim should be dismissed because Plaintiff offers no evidence to demonstrate a prima facie case of pay discrimination. In fact, the evidence reveals that all paper sales representatives in the Miami division were paid 100% commission based on a quantity of production – sales. Thus, Plaintiff's Title VII, FCRA and EPA pay claims should also be dismissed.

Defendant bases this Motion on the following documents filed contemporaneously herewith: Defendant's Statement of Material Facts To Which There Is No Genuine Issue To Be

Tried, the Affidavit of John Arthur Glaze, the Affidavit of Barbara Vega, the deposition of Plaintiff Betty Ortega, the depositions of John Arthur Glaze, the deposition of William Ready, and Defendant's Brief in Support of this Motion.

HUNTON & WILLIAMS
Attorneys for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

By: _____
Juan C. Enjamio
Florida Bar No. 57190

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was mailed to Karen C. Amlong, Esq., Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this _8th_ day of December, 2000.

By: _____
Juan C. Enjamio

OF COUNSEL:

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
PH: (404) 885-3000
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142