IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

**NIGHT BOX**
**FILED**

DEC 1 9 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / F

### Plaintiff's Motion to Enlarge
### the Deadline for Serving Plaintiff's Response to Defendant's Motion
### for Summary Judgment and Plaintiff's Expert Disclosure

Plaintiff, Betty Ortega, pursuant to Local Rule 7.1 and 7.5, moves for entry of an Order enlarging until January 12, 2001 the deadline for her to serve her response to defendant's motion for summary judgment and her expert report, and states as follow:

### Introduction

1. This is gender, race and national origin discrimination action.

2. Pursuant to the Order entered on December 8, 2000, defendant's productions should have been made by December 1, 2000; plaintiff's expert



Page 1 of 5



report is due on December 22, 2000; and the deadline for defendant's motion for summary judgment is extended until December 22, 2000.

3. However, over certificate of service dated December 8, 2000, defendant served its motion for summary judgment. But, plaintiff did not receive the bulk of the outstanding production until December 11, 2000 (consisting of two boxes of documents and defendant's responses to plaintiff's seventh through ninth interrogatories) – **ten days after** the deadline contemplated by the Court in its December 8, 2000 Order for plaintiff to receive the production. Plaintiff agreed to the enlargement until December 8, 2000 after being informed of defendant's need for additional time for answering the interrogatories at issue. Many of those documents produced by defendant are confusing and, after three days, plaintiff is still in the process of attempting to organize them. Also, as recently as today, during a telephone conference with opposing counsel about some of the documents reviewed to date, defendant provided plaintiff with additional information about some of the documents that were produced.

4. Accordingly, plaintiff seeks to enlarge the deadline for her response to the motion for summary judgment and her expert disclosure until January 12, 2000, for several reasons:

    a. **One**, the undersigned is in the process of preparing a response to a motion for summary judgment in another case, Martin v. Underwood, Karcher & Karcher, P.A., Case No. 99-01440-Civ-Jordan, which

motion the undersigned received the day after receipt of the motion for summary judgment in this case;

b. **Two**, while the December 8, 2000 Order contemplated that plaintiff would have received all of defendant's productions by December 1, 2000, plaintiff did not receive the bulk of the documents (consisting of two boxes) and discovery responses until December 11, 2000. So, plaintiff has effectively lost 10 days' worth of preparation time for the expert report that the Court contemplated in its December 8, 2000 Order. Plaintiff needs her expert report to assist her in preparing her summary judgment response;

c. **Three**, the most recent set of documents plaintiff received on December 11, 2000 are confusing, and after approximately three days of a paralegal's time devoted to organizing the documents, the process is still not completed to permit plaintiff to select documents needed for her expert to complete the report and for her to prepare her response. As recently as today, in response to telephone messages left by plaintiff about how the documents were produced, defendant clarified how some of the documents are responsive to one of the discovery request, which information plaintiff would not have known without the clarification.[1]

---

[1]    Among other things, some of the documents (which were numbered) were out of order; other documents were numbered with numbers

Page 3 of 5

   d. **Four**, other discovery issues are still unresolved, including those related to objections asserted by defendant with respect to the outstanding discovery, including objections asserted to plaintiff's second and third requests for admissions;

   e. **Five**, because the timing of the production of the bulk of the documents, the current expert deadline falls within date for other previous commitments for plaintiff's expert witness, making it impossible for him to complete the report by December 22, 2000, or soon thereafter; and

   f. **Six**, plaintiff has not yet completed the process of obtaining the transcripts needed to respond to the motion for summary judgment.

  5. Plaintiff has conferred with defendant's attorneys concerning defendant's position on this motion. Defendant does not object to the requested enlargement with respect to the response to the motion for summary judgment, but it objects to the request with respect to the expert report.

  6. This motion is filed in good faith and not for the purpose of delay.

  WHEREFORE, plaintiff respectfully requests entry of an Order granting this motion to enlarge, and granting her such other and further relief as this Court deems appropriate.

---

that had previously been given to other documents but were not duplicates of the previously numbered documents; and other documents were illegible.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Date: December 19 2000

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on this day on

Juan C. Enjamio, Esquire
Hunton & Williams
One Biscayne Tower, Suite 2500
2 S. Biscayne Blvd.
Miami, FL 33131

Robert Stevens, Esq.
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308

JENNIFER DALEY   I:\CPW\n\HISTORY\971115A\6EC.100