UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

**NIGHT BOX**
**FILED**

JAN 30 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### UNISOURCE'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO COMPEL WITH COMBINED RULE 56(f) MOTION TO SUPPLEMENT PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A.    **Introduction**

In her Renewed Motion to Compel, Plaintiff complains about two separate issues: (1) that Unisource had not provided complete answers to her Seventh and Ninth Set of Interrogatories; and (2) that it had not produced Customer Lists of Sales and Gross Profit Reports for fiscal years 1994, 1995, and 2000. Plaintiff also requests permission under Fed.R.Civ.P. 56(f) to supplement her response to Unisource's pending Motion for Summary Judgment.



Despite the fact that the information requested by Plaintiff has either been provided previously, was not available to Unisource, or had not been requested by Plaintiff, Unisource has now supplemented its prior responses by producing the documents discussed by Plaintiff in her Renewed Motion to Compel and by expanding its interrogatory answers to clarify for Plaintiff precisely how she can obtain the most responsive commission information she requests. In fact, as Unisource shows below, its supplemental responses exceed any obligation imposed on Unisource by the Federal Rules of Civil Procedure. Unisource, through its counsel, has also informed Plaintiff's attorneys that it does not object to Plaintiff supplementing her response to the Motion for Summary Judgment within seven (7) days of receiving the supplemental discovery responses.[1]    Given the supplemental discovery responses, the issues raised in the Renewed Motion to Compel are now moot.

B.    **Discussion**

1.    **Plaintiff's Seventh and Ninth Set of Interrogatories**

Plaintiff's Seventh and Ninth Set of Interrogatories asked the following questions about each account handled by various sales representatives in 1996, 1997, 1998, 1999, and 2000: the name of the account; the date on which each account was assigned; the person who assigned the account; the value of the account when it was assigned; and the total income generated by each account. Given the number of representatives, these questions totaled thirty-five (35) separate interrogatories, not counting subparts.

---

[1] Plaintiff's supplemental response under Rule 56(f) must, of course, be based only on the new information provided in the recent discovery responses, and cannot be an opportunity to reargue the merits of the summary judgment or to file a surreply.

2

In its original responses, Unisource provided the names of the account, the gross profit for the accounts each year, and the commissions earned by each account. It also explained to Plaintiff which managers were responsible for assigning accounts each fiscal year starting in 1996. Unisource advised Plaintiff that it could not determine the exact date when each account was assigned and the value of the account on that date because, with some exceptions, that information was not available.

In her Renewed Motion to Compel, Plaintiff argues that Unisource can determine the exact date when accounts were first assigned to a sales representatives because, according to the testimony of two managers, Unisource maintains a Customer File Maintenance Form containing this information. She argues that Unisource can provide the exact date when the accounts were assigned and the value of the accounts on these dates by reviewing these forms. Plaintiff's analysis of the managers' testimony, however, does not support her assertion that these forms exist for all accounts. In fact, John Glaze, one of the managers she quotes, testified that the "form is not always used." (Depo. of John Glaze at 40-41.)

Unisource has previously produced to Plaintiff all of the Customer File Maintenance Forms in its possession.[2] These forms provide the dates on which a particular account--the account that is listed on each form--was assigned. In the supplemental responses provided to Plaintiff this week, Unisource has listed by bates number all of the forms previously provided to Plaintiff.[3] Under Fed.R.Civ.P. 33(d), this documentation is sufficient for Unisource to fully

---

[2] Unisource found five new forms (all from year 2000, after our initial response) and has produced them.

[3] A copy of the Supplemental Responses to the Seventh and Ninth Sets of Interrogatories, are attached as Exhibits "A" and "B" respectively.

3

answer the interrogatories and comply with its obligation under the Federal Rules. See, e.g., Factory Air Conditioning Corp. v. Westside Toyota, Inc., 579 F.2d 334, 336 (5th Cir. 1978) (Under Fed.R.Civ.P. 33(c), subsequently renumbered as subsection (d), defendant provides a sufficient answer to an interrogatory where it provides plaintiff a reasonable opportunity to inspect business records provided that "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.")[4]: Hickman v. Wal-Mart Stores, Inc., 152 F.R.P. 216, 223 (M.D. Fla. 1993).

Unisource, however, has done even more in its recent supplemental answers. Even though the exact date when most accounts were transferred cannot be ascertained from the records, Unisource has outlined in detail for Plaintiff how she can determine the week when an account first earned a commission for the particular representative. In fact, Unisource has provided Plaintiff with a detailed explanation of how to obtain this information from the documents produced in this case. (See Exhibit "A" at pp. 4-9; Exhibit "B" at pp. 3-9.)

Unisource's supplemental answers far exceed its obligations under the Federal Rules. Unisource could have declined to answer these interrogatories, other than to identify the Customer File Maintenance Forms it had already produced, because the exact date when the accounts were transferred--that is, the answer to the question asked by Plaintiff in the interrogatories--cannot be determined. Instead, Unisource is providing Plaintiff with a precise explanation of how to obtain the date when an account first earned a commission. (See id.)

---

[4] The burden would be the same here, since either party would have to obtain the information from the same documents. Unisource even provides Plaintiff with a detailed roadmap to obtain the information from the documents.

4

Unisource has also exceeded its obligations under Fed.R.Civ.P. 33(d), which allows a party to indicate with specificity the documents from which the inquiring party can obtain the information. Reliance on this Rule is particularly acceptable where, as here, the parties are equally situated to obtain the information from the records identified by Unisource. See, e.g., 8A. WRIGHT, MILLER, & MARCUS. FEDERAL PRACTICE AND PROCEDURE Civil 2d §2178, p. 335 (2d ed. 1994) ("The effort need not be precisely equal, and the inquiring party cannot deprive its opponent of the Rule 33(d) option by the simple expedient of pointing out that any party is likely to be more at ease with its own records."). Unisource not only identifies the documents where the information can be obtained, but it has also provided a detailed outline of how Plaintiff can ascertain both the first week each account earned a commission for a particular sales representative and the gross profit dollar generated by the account the previous fiscal year. Unisource's answers even include precise examples illustrating how to conduct this analysis. Unisource has, thus, fully complied with all of its obligations relating to the Seventh and Ninth Set of Interrogatories.

2.    **Production of 1994, 1995, and 2000 Reports**

Plaintiff also argues that Unisource had not provided the Customer Lists of Sales and Gross Profit Reports (the "Reports") for 1994, 1995, and 2000. Unisource had previously produced the 1996, 1997, 1998, and 1999 Reports. Unisource had not produced the fiscal year 2000 Report because it had not been created when Unisource responded to Plaintiff's requests for production. Unisource had not produced the 1994 and 1995 Reports because the parties had

5

limited discovery to the period from 1996 forward (the three year period predating the filing of Plaintiff's Complaint).

To avoid any continuing dispute and resolve all outstanding discovery issues, Unisource has now produced the 1994, 1995, and 2000 Reports. Accordingly, there are no outstanding unresolved issues pertaining to Plaintiff's requests for production.

### 3.    **Rule 56(f) Supplement**

Plaintiff wants to file a supplemental response to Defendant's Motion for Summary Judgment under Fed.R.Civ.P. 56(f). Although she is not entitled to file such a response and her Motion is not properly supported by an affidavit as required by Rule 56(f), Unisource has no objection to Plaintiff filing a supplemental response by February 7, 2001 (seven (7) days of Plaintiff receiving the last supplemental discovery response). Given the approaching trial date, an open-ended or long period of time to file a supplemental response may not allow the Court a proper amount of time to consider Unisource's Motion for Summary Judgment. Any supplemental response must, of course, be limited to new issues or arguments raised by the supplemental discovery responses.[5]

### C.    **Conclusion**

Unisource has fully complied--in fact, it has exceeded--its obligations under the Federal

---

[5] We believe that the discovery responses do not raise any new arguments and do not create factual issues. A supplemental response to the Motion for Summary Judgment cannot be used as a guise to rehash arguments or to rebut Unisource's Reply.

CASE NO. 00-CV-6126-DIMITROULEAS

Rules of Civil Procedure. Accordingly, the discovery issues raised in Plaintiff's Renewed Motion to Compel are moot.[6]

Respectfully submitted,

HUNTON & WILLIAMS
Attorneys for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802

By: _____
For, Juan C. Enjamio
Florida Bar No. 571910

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Karen C. Amlong, Esq., Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154 on this 31st day of January, 2001.

By: _____
Juan C. Enjamio

OF COUNSEL:
TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens

---

[6] Undersigned counsel discussed with Plaintiff's counsel whether she agreed that the issues were moot. At the time, Plaintiff's counsel had just received the supplemental responses and had not had an opportunity to review them.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

        Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

        Defendant.

_____/

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO
## PLAINTIFF'S SEVENTH SET OF INTERROGATORIES

COMES NOW, Defendant, Unisource Worldwide, Inc. ("Defendant"), and

responds to Plaintiff's Seventh Set of Interrogatories (hereinafter "Plaintiff's

Interrogatories") as follows:

## GENERAL OBJECTIONS

Defendant hereby adopts and incorporates by reference the following general

objections in each of its responses to Plaintiff's individual interrogatories:

1.

Defendant objects to any instructions or definitions contained in Plaintiff's Eighth Set of Interrogatories which seek to impose upon Defendant any duties, obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

2.

Defendant objects to Plaintiff's Interrogatories to the extent that they seek:

(a)     information or documents containing confidential communications between Defendant and its attorneys, which documents are protected by the attorney-client privilege;

(b)     information or documents compiled or prepared by Defendant or its attorneys in anticipation of litigation, in the preparation of Defendant's defense, or which contain or evidence Defendant's attorneys' mental impressions, opinions, or theories, which documents are protected by the work product doctrine;

(c)     information or documents protected by any other privilege or exemption; and

(d)     information or documents not reasonably calculated to lead to the discovery of admissible evidence or which are otherwise not within the permissible scope of discovery, as governed by Federal Rule of Civil Procedure 26(b).

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to, and without waiving any of the foregoing general objections (each of

which is incorporated by reference into the Defendant's responses below to the individual

interrogatories), Defendant responds to Plaintiff's individual interrogatories as follows:

## INTERROGATORIES

1.

What is the name and address of each person who is participating in answering these

interrogatories and, if applicable, the person's official position or relationship with the party

to whom the interrogatories are directed?

## RESPONSE TO NO. 1:

| (1) | Amy George | 330 Stevens Street Jacksonville, Florida 32254 | Human Resources Manager Unisource Southeast |
|-----|-----|-----|-----|
| (2) | John Glaze | 3501 Commerce Parkway Miramar, Florida 33014 | Vice President and Division Manager – South Florida |
| (3) | Lou Kaminow | 3501 Commerce Parkway Miramar, Florida 33014 | Sales Manager South Florida |
| (4) | Terri Rivero | 3501 Commerce Parkway Miramar, Florida 33014 | Administrative Assistant |
| (5) | Libya R. BaaQar | 133 Peachtree Street, N.E. P.O. Box 105605 Atlanta, Georgia 30348 | Paralegal Georgia-Pacific Corp. |

2.

With respect to accounts handled by plaintiff in 1996, please state:

a. the name of each account;

b. the date on which each account was assigned to plaintiff;

    c.  the name, address, and/or title of the person who assigned the account

        to plaintiff;

    d.  the value of the account when it was assigned to plaintiff;

    e.  the total income generated by the account in 1996.

### GENERAL RESPONSE TO INTERROGATORIES 2-31

This general response applies to each interrogatory response below. Plaintiff requests in subpart (b) that Unisource provide the date on which each account was assigned to specific sales representatives and in subpart (d) that Unisource provide the value of each account when it was assigned to the sales representative. As more fully explained below in each individual response, Unisource lacks sufficient knowledge to identify the date that each account was assigned to the sales representative and the value of each account when assigned to the sales representative. However, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Unisource produces documents which contain the most precise information available responsive to subparts b and d. Furthermore, Unisource provides herein a detailed explanation of how to interpret these documents to ascertain the information.

I.      Subpart B – The Date Accounts Were Assigned

Subpart b asks Unisource to identify the date each account was assigned to the sales representatives. As previously stated, Unisource lacks sufficient knowledge to identify the specific date each account was assigned. Given that, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Unisource refers Plaintiff to the appropriate documents to ascertain the most precise date Unisource assigned an account. With respect to accounts where specific dates can be ascertained, Unisource refers

Plaintiff to customer file maintenance forms and memoranda which were previously produced to Plaintiff at Bates Numbers DEF3621-DEF3623, DEF3625, DEF3824, DEF3834, DEF2815, DEF2829, DEF2832, DEF2828, DEF2809, DEF2812, DEF2820, DEF2823, DEF2837, DEF2840, DEF2843, DEF2846, DEF2850, DEF2855, DEF2858, DEF2861, DEF2865, DEF2868, and DEF3367-DEF3375 or are produced contemporaneously herewith at Bates Numbers DEF12771-DEF12776. Where a customer file maintenance form or memorandum lists a specific date, this is the date that Unisource reassigned the account to the listed sales representative.

Where no customer file maintenance forms or memoranda are available, as heretofore told Unisource lacks sufficient knowledge to identify the specific dates these accounts were assigned. Plaintiff, however, should be able to determine a specific week and/or year that the sales representative first earned commission on each account. To do this, Plaintiff should do the following:

•        Compare the Commission Analysis Reporting System Customer Detail Report Paper Store Consolidation ("Customer Detail Report"), previously produced to Plaintiff at Bates Numbers DEF7910-DEF8397, for FY 1995 (DEF7910-DEF7981), which lists the accounts held by each sales representative in FY 1995, with FY 1996 (DEF7982-DEF8051) for each sales representative;

•        Where an account appears on the FY 1996 Customer Detail Report but did not appear on the FY 1995 Customer Detail Report, it can be assumed that the additional accounts listed on the Customer Detail Report in FY 1996 are new accounts which were assigned during 1996;

•    A comparison of the Customer Detail Reports for FY 1996 and FY 1997,
and each subsequent fiscal year until the present will reveal the new accounts assigned to
each representative each fiscal year (where an account appears on the sales
representative's Customer Detail Report that did not appear on the prior year's report it
can be assumed that this is a new account);

•    To determine the week an account first earned commission for the sales
representative, review the week by week Commission Statements (SC-1050) for each
sales representative for first fiscal year the account appeared on the Customer Detail
Report;

•    The first week the account appears on the sales representative's
Commission Statements (SC-1050) is the first week the account generated commission
for the sales representative; the Commission Statements (SC-1050) for each sales
representative identified in Plaintiff's Seventh Request for Interrogatories are produced
contemporaneously herewith at Bates Numbers DEF13231-DEF15787. The remainder of
the Commission Statements (SC-1050) will be produced at Plaintiff's office on
Wednesday January 31, 2001 at Bates Numbers DEF15785 through approximately
DEF19000;

•    If an exhaustive review of the week by week Commission Statements (SC-
1050) for the sales representative does not reveal the precise week the sales representative
first earned commission on an account, Unisource lacks sufficient knowledge to identify
the specific dates or weeks these accounts were assigned;

•       If a specific week is not ascertainable, the most specific date available for
when the sales representative first earned commission on an account will be the relevant
fiscal year;

•       The relevant fiscal year date can be determined by a comparison of fiscal
year Customer Detail Reports as described above.

Example: Pursuant to the Customer Detail Report for FY 1995, previously
produced at Bates Number DEF7921, Plaintiff did not earn commission on Donadios
Paper Ink during FY 1995. In FY 1996, however, Plaintiff's Customer Detail Report
(DEF7996) reveals that she serviced the account and earned $2,915.00 in commission on
the account. Because Unisource does not have a customer file maintenance form or
memorandum which reflects the exact date this account was assigned, the most precise
answer that can be ascertained is the week Plaintiff first earned commission. This can be
done through a week by week review of Betty Ortega's Commission Statements in FY
1996. Plaintiff's FY 1996 Commission Statements (SC-1050) (DEF13232-DEF13376)
show that she first earned commission on Donadios Paper Ink during the week of January
2, 1996.

By repeating the same steps for each sales representative in each subsequent fiscal
year, one can determine each week a sales representative first earned commission on each
new account.

II.      Subpart D – The Value of Accounts

Subpart d requests Unisource to state the value of each account when it was
assigned to the sales representative. Despite the vague use of the term "value" and
notwithstanding Unisource's objections, in an effort to assist Plaintiff in ascertaining as

precise an answer as possible, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Unisource directs Plaintiff to the documents containing the responsive information. It is possible to determine the gross profit dollar generated by an account the fiscal year prior to when Unisource assigned an account the sales representative. This information can be gathered from the Customer List of Sales and Gross Profit Report (MI3050) previously produced to Plaintiff at Bates Numbers DEF11327-DEF12770. Period 12 of the MI3050 contains the gross profit dollar generated for each account in the previous fiscal year. To determine the gross profit of an account for the previous fiscal year:

• Determine the fiscal year the account was assigned to the sales representative through an analysis of customer file maintenance forms, memorandum, or an analysis of the Customer Detail Reports as described above;

• Pull the MI3050 for the fiscal year the account was assigned from documents Bates Numbered DEF11327-12770;

• The relevant sales representative's MI3050 for the fiscal year in which the account was assigned will show the gross profit earned by the account for the previous fiscal year.

Example: A review of customer file maintenance forms and memorandum show that Plaintiff was assigned Executek Printing in 1999. A review of Plaintiff's MI3050 for fiscal year 1999, reveals that Executek Printing earned $2,068.79 in gross profit in fiscal year 1998. This gross profit dollar figure for the prior fiscal year is the closest approximation of the value of the account when Unisource assigned the account to the sales representative – Plaintiff.

**RESPONSE TO NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1996; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subparts (b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Plaintiff in FY 1996 and the gross profit and commission earned on each account can be found in documents produced contemporaneously herewith to Plaintiff at Bates Number DEF12784.

| Response To: | a,<br>Accounts Held for Fiscal Year 1996 | d.<br>Gross Profit | e.<br>Commission Earned |
|---|---|---|---|
| | Fla. Pwer & Light Co | 113,491 | 21,902 |
| | Tiger Bus. Forms Inc. | 31,274 | 5,485 |
| | Donadios Paper Ink | 12,757 | 2,915 |
| | Pitney Bowes Mge. S 35 | 12,109 | 2,180 |

| Response To: | a,  Accounts Held for Fiscal Year 1996 | d.  Gross Profit | e.  Commission Earned |
|---|---|---|---|
| | Papeles Seleccionados | 10,433 | 2,523 |
| | Le Natal Sa | 9,515 | 2,325 |
| | +Art & Design Print 35 | 9,240 | 1,634 |
| | Gaude Printing 35 | 8,340 | 1,169 |
| | $offset Express, In 35 | 4,058 | 806 |
| | $White Litho Printi 35 | 2,911 | 294 |
| | Green Light Printin 35 | 2,570 | 231 |
| | Kislak Corporation 35 | 2,509 | 448 |
| | Accugraphics Inc. 35 | 1,979 | 345 |
| | $Three Point Printing | 1,940 | 365 |
| | Florida Power & Light | 1,524 | 294 |
| | Allied Printing Svc 35 | 1,420 | 100 |
| | $Quality Bus. Cards 35 | 1,227 | 160 |
| | $Imprenta Canizales S | 1,121 | 299 |
| | Pronto Printing 35 | 807 | 49 |
| | Imprenta Commercial PA | 537 | 155 |
| | R G Imports | 294 | 49 |
| | Phoenix Printery Ltd | 260 | 42 |
| | M & H Printing 35 | 231 | 20 |
| | Rovinter 35 | 209 | 28 |
| | +Trident Graphics, I 35 | 191 | 37 |
| | $A. G. Printing 35 | 189 | 11 |
| | Vervo Printing 35 | 58 | 9 |
| | GNC Printing 35 | 53 | 0 |
| | Copy Depot Inc. 35 | 10 | 0 |
| | Customer Not On File | | 890- |

3.

With respect to accounts handled by plaintiff in 1997, please state:

    a. the name of each account;

    b. the date on which each account was assigned to plaintiff;

    c. the name, address, and/or title of the person who assigned the account
       to plaintiff;

    d. the value of the account when it was assigned to plaintiff;

    e. the total income generated by the account in 1997.

### RESPONSE TO NO. 3:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear
whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1997; subpart (d) states the gross
profit earned by Unisource for each account; and subpart (e) states the commission earned
for each account. (See chart below for a detailed explanation. Where the chart refers to
Customer Not on File, that reflects an account that is not an active account in 2000 and
Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c)
John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account
assignment decisions in fiscal year 1997. With respect to subpart (b), Unisource lacks
sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Plaintiff in FY 1997 and the gross profit and commission earned on each account can be found in documents produced contemporaneously herewith to Plaintiff at Bates Number DEF12866.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1997 | d.<br>Gross Profit | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Fla. Pwer & Light Co. | 72,958 | 15,508 |
| . | Papeles Seleccionados | 41,218 | 9,292 |
| | Tiger Bus. Forms, Inc. | 40,041 | 7,856 |
| | Le Natal SA | 32,307 | 10,034 |
| | Donadios Paper Ink | 22,399 | 6,170 |
| | Assoc. Insurance Brke | 9,331 | 1,837 |
| | Florida Power & Light | 7,678 | 1,736 |
| | Lithographic Printers | 7,596 | 1,795 |
| | Nu Press of Miami | 7,159 | 1,094 |
| | Customer Not On File | 5,498 | 1,437- |
| | Phoenix Printery Ltd | 4,557 | 1,483 |
| | Gaude Printing | 4,249 | 795 |
| | Three Point Printing | 3,716 | 566 |
| | Pitney Bowes Mgmt Serv | 3,476 | 756 |
| | Chameleon Color Inc. | 3,102 | 583 |
| | Corporacion Puliavt | 2,781 | 826 |
| | Green Light Printing | 2,001 | 196 |
| | Accugraphics, Inc. | 1,931 | 248 |
| | Printing & Graphic | 1,920 | 183 |
| | Alpha Graphics | 1,750 | 699 |
| | White Litho Printing | 1,717 | 228 |
| | Kislak Corporation | 1,631 | 443 |
| | Offset Express, Inc. | 1,495 | 292 |
| | Maccim, Inc. | 1,434 | 369 |
| | Quality Bus. Cards | 1,333 | 178 |
| | Caribbean World Trad | 1,197 | 376 |
| | Pitney Bowes Mge. S | 871 | 201 |
| | Allied Printing Svc | 862 | 50 |

0677224 01

-13-

| Response To: | a.<br>Accounts Held for Fiscal Year 1997 | d.<br>Gross Profit | e.<br>Commission Earned |
|---|---|---|---|
| | Trident Graphics, Inc. | 645 | 198 |
| | R G Imports | 620 | 120 |
| | Paper Corp. of U. S. | 609 | 164 |
| | Mas Copy Center Inc. | 229 | 43 |
| | Imprenta Comercial PA | 151 | 23 |
| | Rovinter | 146 | 22 |
| | Graphic Works, Inc. | 27 | 0 |
| | Precision Art Print | 16 | 0 |
| | Spectrum Forms & Print | 13 | 0 |

4.

With respect to accounts handled by plaintiff in 1998, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to plaintiff;

    c.  the name, address, and/or title of the person who assigned the account to plaintiff;

    d.  the value of the account when it was assigned to plaintiff;

    e.  the total income generated by the account in 1998.

### RESPONSE TO NO. 4:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous

because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1998; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Plaintiff in FY 1998 and the gross profit and commission earned on each account can be found on documents produced contemporaneously herewith to Plaintiff at Bates Number DEF12953.

| Response To: | a.<br>Accounts Held for Fiscal Year 1998 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Le Natal SA | 60,333 | 18,303 |
| | Donadios Paper Ink | 46,109 | 12,202 |
| | Fla. Pwer & Light Co. | 42,889 | 6,419 |
| | Papeles Seleccionados | 41,636 | 10,792 |
| | Tiger Bus. Forms, Inc. | 34,136 | 5,747 |
| | Florida Power & Light | 27,861 | 6,716 |
| | Florida Power & Light | 19,980 | 5,218 |
| | Pitney Bowes Mgmt Serv | 11,616 | 1,610 |
| | Assoc. Insurance Brke | 11,285 | 1,924 |

0677224 01

-15-

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | G.P.F. Div of R.L.P.C. | 8,712 | 2,145 |
| | Burromatic | 3,587 | 1,220 |
| | Phoenix Printery Ltd | 3,468 | 1,028 |
| | Gaude Printing | 2,978 | 498 |
| | C.D.C. Int'l Corp. | 2,334 | 917 |
| | Accugraphics Inc. | 2,242 | 239 |
| | Green Light Printing | 2,114 | 114 |
| | Lithographic Printers | 2,027 | 379 |
| | Desber Import Export | 1,453 | 336 |
| | Three Point Printing | 1,388 | 152 |
| | Printing & Graphic 35 | 1,309 | 97 |
| | Hispanic Mail Adver 35 | 1,102 | 326 |
| | Multi Graphics & PA | 1,059 | 266 |
| | Nu Press of Miami | 1,025 | 155 |
| | All Amer Paper & Su | 937 | 189 |
| | Cargil Int'l. | 897 | 288 |
| | Mas Copy Center, Inc. | 738 | 117 |
| | Quality Bus. Cards | 618 | 72 |
| | Paper Corp. of U.S. | 592 | 71 |
| | Caribbean Basin | 577 | 80 |
| | Interprint | 489 | 104 |
| | Imprenta Commercial PA | 450 | 78 |
| | Pedro Ramierz Paper 35 | 317 | 86 |
| | Alpha Graphics | 309 | 74 |
| | Ministerial Consul | 288 | 68 |
| | Les Enterprises | 258 | 44 |
| | D'Vision Grafica, S. | 252 | 53 |
| | Rovinter | 211 | 46 |
| | Precision Art Print | 201 | 22 |
| | Antonio Parodi | 182 | 57 |

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1998 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Caribbean World Trade | 69 | 7 |
| | Action Printing & | 13 | 0 |
| | Offset Express, Inc. | 71- | 16- |
| | Customer Not On File | 2,208- | 2,468- |

5.

With respect to accounts handled by plaintiff in 1999, please state:

     a. the name of each account;

     b. the date on which each account was assigned to plaintiff;

     c. the name, address, and/or title of the person who assigned the account

        to plaintiff;

     d. the value of the account when it was assigned to plaintiff;

     e. the total income generated by the account in 1999.

**RESPONSE TO NO. 5:**

Defendant objects to this Interrogatory on the grounds that it is vague and

ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear

whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the

definition of value is vague and ambiguous because Unisource does not know what is

meant by value. Further, the definition of income in subpart (e) is vague and ambiguous

because Unisource does not know what is meant by income. Subject to, and without

waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the

name of each account held at the end of fiscal year 1999. In an effort to correspond fiscal

year to calendar year, in 1999 Unisource unified its fiscal year with the calendar year.

Because of this move, Unisource is supplying account information for the fifth quarter of 1999 (Oct. 1, 1999 to Dec. 31, 1999). Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, made all account assignment decisions in fiscal year 1999. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Plaintiff in FY 1999 and fifth quarter of 1999 and the gross profit and commission earned on each account can be found on documents produced contemporaneously herewith to Plaintiff at Bates Numbers DEF13035, DEF13107.

| Response To: | a. Accounts Held for Fiscal Year 1999 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Fla. Pwer & Light Co. | 37,907 | 4,618 |
| | Papeles Seleccionados | 36,270 | 9,785 |
| | Tiger Bus. Forms, Inc. | 36,043 | 5,916 |
| | Donadios Paper Ink | 34,212 | 9,954 |
| | Florida Power & Light | 32,298 | 7,827 |
| | Florida Power & Light | 31,279 | 9,020 |
| | Le Natal SA | 25,836 | 8,400 |
| | G.P.F. Div of R.L.P.C. | 15,201 | 3,842 |
| | Pitney Bowes Mgmt Serv | 9,643 | 1,167 |
| | Assoc. Insurance Brke | 8,718 | 1,800 |

0677224 01

-18-

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1999 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Sep's & Neg's, Inc. | 8,673 | 2,392 |
| | Color Express | 7,555 | 843 |
| | Executek Prtg. & Dup | 6,272 | 1,016 |
| | Transcon Graphics | 4,954 | 775 |
| | Accugraphics, Inc. | 4,471 | 859 |
| | Ameko Wholesaler I | 3,836 | 1,066 |
| | Lithographic Printers | 3,514 | 684 |
| | Interprint | 3,096 | 739 |
| | Lionel Vovel | 2,910 | 1,098 |
| | Gaude Printing | 2,895 | 355 |
| | C.D.C. Int'l Corp. | 2,371 | 705 |
| | Caribbean Basin | 2,325 | 513 |
| | Green Light Printing | 2,180 | 168 |
| | Phoenix Printery Ltd. | 2,034 | 670 |
| | Customer Not On File | 1,977 | 3,118- |
| | Desber Import Export | 1,888 | 587 |
| | All Amer Paper & SU | 1,327 | 239 |
| | Blamaros S.A. | 1,234 | 444 |
| | Sterling Bus. Syst. | 1,135 | 173 |
| | Enzo Gotti, Inc. | 876 | 301 |
| | Imprenta Comercial PA | 873 | 162 |
| | Editorial Televisa | 814 | 199 |
| | Alpha Graphics | 678 | 202 |
| | Media Sales Ltd. | 497 | 184 |
| | Listco Data Service | 319 | 42 |
| | Spectrum Forms & Pr | 310 | 80 |
| | Eastern Caribbean | 304 | 93 |
| | Linco Int'l | 292 | 34 |
| | Ministerial Consul | 288 | 85 |
| | Polaris Ent. Inc. | 250 | 49 |

0677224.01

| Response To: | a. | d. | e. |
|---|---|---|---|
| | **Accounts Held for Fiscal Year 1999** | **Gross Profit Earned** | **Commission Earned** |
| | Aza Graphics Ltd. I | 149 | 21 |
| | Nu Press of Miami | 138 | 8 |
| | A.B. Graphic | 104 | 0 |
| | Al Bon Marche, Inc. | 102 | 22 |
| | Del Monte Fresh Pro | 93 | 0 |
| | Continental Prtg Co. | 66 | 0 |
| | Americ Disc., Inc. | 37 | 0 |
| | Paper Corp. of U.S. | 125- | 16- |
| | **Accounts Held for Quarter 5 1999** | **Gross Profit Earned** | **Commission Earned** |
| | Tiger Bus Forms, Inc. | 10,472 | 1,835 |
| | Donadios Paper Ink | 7,965 | 2,365 |
| | Florida Power & Light | 7,167 | 1,571 |
| | Fla. Pwer & Light Co. | 5,349 | 165 |
| | Florida Power & Light | 4,807 | 1,101 |
| | Office City, Inc. | 4,100 | 1,501 |
| | Executek Prtg. & Dup | 3,268 | 453 |
| | Pitney Bowes Mgmt Serv | 2,736 | 332 |
| | Color Express | 2,587 | 316 |
| | Papeles Seleccionados | 2,067 | 525 |
| | Assoc. Insurance Brke | 1,798 | 483 |
| | G.P.F. Div of R.L.P.C. | 1,127 | 220 |
| | Transcon Graphics | 711 | 116 |
| | Phoenix Printery Ltd. | 678 | 200 |
| | Casa Grafica U.S.A. | 661 | 222 |
| | All Amer Paper & Su | 610 | 82 |
| | Accugraphics, Inc. | 529 | 85 |
| | Gaude Printing | 466 | 13 |
| | Envision Graphics | 459 | 45 |

| | | |
|---|---|---|
| Green Light Printing | 402 | 29 |
| Imprenta Commercial PA | 349 | 98 |
| Sep's & Neg's, Inc. | 328 | 66 |
| Sir Speedy | 283 | 76 |
| Eastern Caribbean | 257 | 69 |
| Caribbean Basin | 183 | 36 |
| Editorial Televisa | 125 | 18 |
| The Buccaneer Hotel | 93 | 21 |
| Americ Disc. Inc. | 72 | 0 |
| Customer Not On File | | 134- |
| Lithographic Printers | 39- | 7- |
| Polaris Ent., Inc. | 78- | 15- |

6.

With respect to accounts handled by plaintiff in 2000, please state:

     a. the name of each account;

     b. the date on which each account was assigned to plaintiff;

     c. the name, address, and/or title of the person who assigned the account to plaintiff;

     d. the value of the account when it was assigned to plaintiff;

     e. the total income generated by the account in 2000.

**RESPONSE TO NO. 6:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without

0677224 01                                   -21-

waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 2000; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, made all account assignment decisions until June 2000; thereafter, John Glaze and Lou Kaminow, as Sales Manager, made account assignment decisions. With respect to subparts (b), Unisource lacks sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Plaintiff in FY 2000 and the gross profit and commission earned on each account can be found on documents produced contemporaneously herewith to Plaintiff at Bates Number DEF13162.

| Response To: | a.<br>Accounts Held for Fiscal Year 2000 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Florida Power & Light | 35,710 | 8,816 |
| | Tiger Bus. Forms, Inc. | 34,150 | 6,355 |
| | Papeles Seleccionados | 25,235 | 8,017 |
| | Executek Prtg. & Dup | 25,093 | 4,293 |
| | Donadios Paper Ink | 24,155 | 7,214 |
| | Fla. Pwer & Light Co. | 21,578 | 1,103 |
| | Le Natal SA | 12,560 | 4,007 |
| | Florida Power & Light | 11,812 | 2,953 |
| | All Amer Paper & Su | 9,498 | 2,215 |

| Response To: | a. Accounts Held for Fiscal Year 2000 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Color Express | 9,287 | 760 |
| | G.P.F. Div of R.L.P.C. | 9,078 | 2,170 |
| | Transcon Graphics | 4,177 | 698 |
| | Pitney Bowes Mgmt Srv | 4,096 | 602 |
| | Lithographic Printers | 3,987 | 764 |
| | Casa Papel | 2,831 | 887 |
| | Assoc. Insurance Brke | 2,708 | 535 |
| | Desber Import Export | 2,162 | 694 |
| | Interprint | 1,931 | 475 |
| | Editorial Televisa | 1,586 | 301 |
| | Media Sales Ltd. | 1,542 | 445 |
| | Green Light Printing | 1,524 | 173 |
| | Accugraphics, Inc. | 1,261 | 242 |
| | Caribbean Basin | 1,175 | 266 |
| | Phoenix Printery Ltd. | 1,064 | 314 |
| | Envision Graphics | 959 | 88 |
| | A.B. Graphic | 847 | 190 |
| | World Link Trading | 756 | 158 |
| | TLC Graphics | 746 | 226 |
| | Kenneth A. Gomez & Son | 663 | 182 |
| | Al Bon Marche, Inc. | 645 | 148 |
| | Imprenta Comercial PA | 591 | 111 |
| | Gaude Printing | 270 | 41 |
| | Blades & Williams Lt. | 257 | 87 |
| | AZA Graphics, Ltd. I | 38 | 0 |
| | Customer Not On File | 108- | 2,422- |
| | Sir Speedy | 141- | 42- |

7.

With respect to accounts handled by John Huempfner in 1996, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to John Huempfner;

    c.  the name, address, and/or title of the person who assigned the account to John Huempfner;

    d.  the value of the account when it was assigned to John Huempfner;

    e.  the total income generated by the account in 1996.

### RESPONSE TO NO. 7:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1996; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subparts (b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1996 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|

0677224.01

-24-

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1996 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Avanti Press 35 | 78,651 | 20,339 |
| | Original Impressions | 63,810 | 11,556 |
| | Media Printing Copr. | 37,902 | 10,709 |
| | Avanti/Case-Hoyt | 24,882 | 6,609 |
| | H & D Graphics | 22,052 | 5,201 |
| | GE Capital | 20,922 | 6,884 |
| | Blue Ocean Press Inc. | 20,255 | 3,610 |
| | Suniland Press/AMEX | 14,270 | 2,938 |
| | +Image Express Corp. 35 | 12,327 | 2,583 |
| | Power Images | 11,062 | 2,030 |
| | +Ross Printing 35 | 9,741 | 1,802 |
| | A-Team Office Produ 35 | 7,278 | 1,710 |
| | Continental Prtg Co 35 | 5,726 | 1,906 |
| | Trade Litho Inc. | 4,988 | 1,101 |
| | Laser Tech Services, | 4,971 | 742 |
| | Equus Financial Corp. | 4,138 | 1,117 |
| | Customer Not On File | 2,900 | 5,609- |
| | Review Printers | 2,636 | 611 |
| | Caribbean Bus. Forms | 2,621 | 554 |
| | Customer Not On File | 2,490 | 672 |
| | United Business For 35 | 1,951 | 218 |
| | Sykes Printing 35 | 1,879 | 207 |
| | $Personal Touch Prt 35 | 1,715 | 147 |
| | $Kaufman Press, Inc 35 | 1,589 | 245 |
| | $Proprint & Graphic 31 | 904 | 74 |
| | +Templeton Research 31 | 762 | 193 |
| | Ken-Kraft Press Inc 35 | 421 | 48 |
| | American Instant Pr 31 | 405 | 99 |
| | +Press Plus 31 | 309 | 46 |
| | Prepress Consolidat 35 | 255 | 36 |

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | +A-Achen Gourmet Grap | 223 | 16 |
| | $Standard Press, In 35 | 180 | 12 |
| | South Broward High SC | 80 | 10 |
| | $Laser Image Printi 35 | 66 | 0 |
| | Palmetto Printing C 35 | 61 | 8 |
| | Printland Corporati 35 | 42 | 0 |
| | $Raimundo J. Travie 35 | 29 | 0 |
| | +Sunspree Graphics 31 | 21 | 0 |
| | Kinkos PlmBch 107-01 31 | 14 | 0 |
| | Y. Ganan 35 | 2 | 0 |
| | Media Printing Copr. | 48,367 | 12,042 |
| | Avanti Press 35 | 32,858 | 9,857 |
| | Caribbean Bus. Forms | 795 | 238 |
| | Review Printers | 425 | 127 |

8.

With respect to accounts handled by John Huempfner in 1997, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to John Huempfner;

    c.  the name, address, and/or title of the person who assigned the account

        to John Huempfner;

    d.  the value of the account when it was assigned to John Huempfner;

    e.  the total income generated by the account in 1997

### RESPONSE TO NO. 8:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1997. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal Year 1997 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Original Impressions | 82,959 | 16,094 |
| | Suniland Press/Amex | 44,821 | 9,410 |
| | Power Images | 33,931 | 6,713 |
| | Professional Leasing | 24,000 | 7,992 |
| | Image Express Corp | 19,837 | 4,819 |
| | H & D Graphics | 18,312 | 3,299 |
| | Blue Ocean Press Inc. | 15,241 | 2,624 |

| Response To: | a. | d. | e. |
|---|---|---|---|
| | **Accounts Held for Fiscal Year 1997** | **Gross Profit Earned** | **Commission Earned** |
| | AT&T Capital Leasing | 12,700 | 3,706 |
| | Avanti/Case-Hoyt | 10,024 | 2,169 |
| | Media Printing Corp | 9,958 | 2,106 |
| | Colonial Pacific Leas | 8,210 | 2,068 |
| | Laser Tech Services | 6,766 | 1,350 |
| | Avanti Press | 6,526 | 1,545 |
| | A-Team Office Produ | 6,241 | 1,067 |
| | Caribbean Bus. Forms | 3,424 | 628 |
| | Tri-Star Group, Inc. | 2,777 | 556 |
| | Trade Litho, Inc. | 2,356 | 452 |
| | A-Achen Gourmet Grap | 2,174 | 400 |
| | Direct Graphics | 1,673 | 282 |
| | Hammond Groves, Inc. | 948 | 327 |
| | On-Demand Print Ser | 944 | 46 |
| | Action Communication | 904 | 233 |
| | Personal Touch Prt | 473 | 51 |
| | United Business For | 378 | 21 |
| | Standard Press, Inc. | 150 | 2 |
| | Printland Corporation | 104 | 12 |
| | Gen Graph Group | 9- | 0 |
| | Customer Not On File | 5,147- | 22,389- |
| | Avanti Press | 167,122 | 50,110 |
| | Media Printing Corp | 102,440 | 30,737 |
| | Avanti/Case-Hoyt | 29,430 | 8,816 |
| | Continental Prtg Co | 5,318 | 1,595 |
| | Review Printers | 4,033 | 1,209 |
| | Caribbean Bus. Forms | 1,020 | 286 |
| | Customer Not On File | 938 | 240- |

9.

With respect to accounts handled by John Huempfner in 1998, please state:

- a. the name of each account;
- b. the date on which each account was assigned to John Huempfner;
- c. the name, address, and/or title of the person who assigned the account to John Huempfner;
- d. the value of the account when it was assigned to John Huempfner;
- e. the total income generated by the account in 1998.

## RESPONSE TO NO. 9:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1998; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts

serviced by Huempfner in FY 1998 and the gross profit and commission earned on each

account can be found on documents produced contemporaneously herewith to Plaintiff at

Bates Number DEF12960.

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Original Impressions | 62,731 | 11,170 |
| | H & D Graphics | 45,259 | 9,837 |
| | Power Images | 41,951 | 7,300 |
| | Suniland Press/Amex | 31,210 | 5,381 |
| | Tri-Star Group, Inc. | 13,459 | 2,791 |
| | Avanti Press | 12,341 | 2,480 |
| | Blue Ocean Press, Inc. | 10,248 | 1,874 |
| | Suniland Press | 10,146 | 1,692 |
| | Media Printing Corp. | 8,546 | 1,533 |
| | Laser Tech Services | 8,076 | 1,939 |
| | Caribbean Bus. Forms | 5,832 | 1,138 |
| | Image Express Corp. | 5,604 | 818 |
| | Rose Graphics | 4,056 | 1,141 |
| | Customer Not On File | 3,598 | 25,773- |
| | A-Team Office Produ | 3,549 | 529 |
| | Continental Printing Co. | 3,086 | 681 |
| | A-Achen Gourmet Grap | 2,692 | 479 |
| | Avanti/Case-Hoyt | 1,857 | 445 |
| | American National Ltd. | 1,626 | 272 |
| | Review Printers | 1,554 | 323 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 1998** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Action Printing & | 487 | 54 |
| | Direct Graphics | 432 | 50 |
| | Data Business Produ | 424 | 46 |
| | Standard Press, Inc. | 139 | 11 |
| | Atlantic Int'l Gra | 59 | 0 |
| | Graphic Images | 57 | 10 |
| | AT&T Capital Leasing | 242- | 70- |
| | Media Printing Corp | 122,984 | 36,758 |
| | Avanti/Case-Hoyt | 97,811 | 29,343 |
| | Avanti Press | 80,920 | 24,276 |
| | Continental Prtg Co. | 11,819 | 3,545 |
| | Review Printers | 8,296 | 2,478 |
| | Tri-Star Group, Inc. | 5,608 | 1,682 |
| | Customer Not On File | | 2,042- |

10.

With respect to accounts handled by John Huempfner in 1999, please state:

    a.   the name of each account;

    b.   the date on which each account was assigned to John Huempfner;

    c.   the name, address, and/or title of the person who assigned the account to John Huempfner;

    d.   the value of the account when it was assigned to John Huempfner;

    e.   the total income generated by the account in 1999.

**RESPONSE TO NO. 10:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze made all account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal Year 1999 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Original Impressions | 13,929 | 2,787 |
| | Suniland Press/Amex | 8,266 | 1,647 |
| | Caribbean Bus. Forms | 7,988 | 2,270 |
| | Suniland Press | | 0 |
| | H & D Graphics | 7,848 | 1,211 |
| | Power Images | 7,162 | 779 |

0677224.01                                    -32-

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1999 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Suniland Press | 4,576 | 812 |
| | Tri-Star Group, Inc. | 4,207 | 879 |
| | Power Images | | 0 |
| | Customer Not On File | | 0 |
| | A-Team Office Produ | 1,494 | 299 |
| | Rosenbaum Fine Art | 1,490 | 553 |
| | Laser Tech Services | | 0 |
| | American National Ltd | 966 | 169 |
| | Rose Graphics | 345 | 96 |
| | Avanti Press | 304 | 38 |
| | Data Business Produ | 183 | 29 |
| | Suniland Press/Amex | | 0 |
| | Media Printing Corp. | 155 | 20 |
| | Original Impressions | | 0 |
| | Continental Prtg Co. | 43 | 0 |
| | Image Express Corp. | | 0 |
| | Avanti Press | | 0 |
| | Laser Tech Services | 19- | 12- |
| | A-Team Office Produ | | 0 |
| | H & D Graphics | | 0 |
| | Caribbean Bus. Forms | | 0 |
| | American National | | 0 |
| | Tri-Star Group, Inc. | | 0 |
| | Customer Not On File | 2,910- | 1,651- |
| | Media Printing Corp. | 18,288 | 5,486 |
| | Avanti Press | 14,798 | 4,439 |
| | Avanti/Case-Hoyt | 13,498 | 4,049 |
| | Media Printing Corp. | | 0 |
| | Review Printers | 4,896 | 1,469 |
| | Customer Not On File | 2,910 | 1,733- |

| Response To: | a. | | d. | e. |
|---|---|---|---|---|
| | **Accounts Held for Fiscal Year 1999** | | **Gross Profit Earned** | **Commission Earned** |
| | Review Printers | | | 0 |
| | Customer Not On File | | | 0 |
| | Avanti Press | | | 0 |

11.

With respect to accounts handled by John Huempfner in 2000, please state:

a. the name of each account;

b. the date on which each account was assigned to John Huempfner;

c. the name, address, and/or title of the person who assigned the account to John Huempfner;

d. the value of the account when it was assigned to John Huempfner;

e. the total income generated by the account in 2000.

### RESPONSE TO NO. 11:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: John Huempfner was no longer employed by Unisource in fiscal year 2000; thus, Unsource has no account information for fiscal year 2000.

-34-

12.

With respect to accounts handled by Bill Bresnehan in 1996, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Bill Bresnehan;

    c.  the name, address, and/or title of the person who assigned the account
       to Bill Bresnehan;

    d.  the value of the account when it was assigned to Bill Bresnehan;

    e.  the total income generated by the account in 1996.

### RESPONSE TO NO. 12:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear
whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1996; subpart (d) states the gross
profit earned by Unisource for each account; and subpart (e) states the commission earned
for each account. (See chart below for a detailed explanation. Where the chart refers to
Customer Not on File, that reflects an account that is not an active account in 2000 and
Unisource lacks sufficient knowledge to identify the account.) With respect to subparts
(b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a.<br>Accounts Held for Fiscal Year 1996 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | S.I.R.S. | 71,816 | 16,600 |
| | North Broward Hosp Di | 66,857 | 17,284 |
| | Graphics Illust. Inc | 49,527 | 8,196 |
| | Star Prt & Publish. 31 | 33,303 | 5,396 |
| | Crooks Prt. Svc. Inc. | 32,490 | 5,891 |
| | SCP Commercial Prt. | 28,396 | 4,099 |
| | 2521 Corporation | 21,527 | 4,018 |
| | GE Capital | 18,555 | 5,343 |
| | Commercial Printers | 17,458 | 3,064 |
| | Consumer Advertising | 17,201 | 2,974 |
| | Advanced Color Grap | 16,505 | 2,474 |
| | Epic Enterprises Inc. | 15,535 | 1,751 |
| | Port Printing Co. | 15,071 | 2,1115 |
| | My Print Shop, Inc. | 14,402 | 1,906 |
| | The Printing Office | 13,385 | 1,942 |
| | $Postal Instant Press | 12,786 | 1,425 |
| | Atlantic Litho Prt 31 | 12,731 | 2,023 |
| | +Ad Color 87 | 11,916 | 1,433 |
| | International Print 87 | 11,308 | 1,673 |
| | P.I.P. #1099 | 11,200 | 1,232 |
| | Westgate Printing | 10,601 | 1,413 |
| | Insty Print | 9,320 | 796 |
| | $Rainbow Press | 8,966 | 771 |
| | +Futura Printing 87 | 8,962 | 1,235 |
| | Printers Choice, In 87 | 8,692 | 887 |
| | $Clear Copy, Inc. | 8,824 | 919 |
| | Sun Gr. Do Not Use 31 | 8,556 | 1,057 |
| | Do Not Use/Co Sold 87 | 8,393 | 745 |
| | Bo Del Printing, In 87 | 6,443 | 579 |
| | Postal Instant Press | 5,490 | 583 |

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 1996** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | Gold Star Graphics 87 | 4,999 | 455 |
| | New Horizon Printin 31 | 3,747 | 240 |
| | $Chemical Parckng. 31 | 3,213 | 613 |
| | Banyan Printing 87 | 2,800 | 163 |
| | $T.M.A. 31 | 2,565 | 246 |
| | Customer Not On File | 2,431 | 908- |
| | +Z Business Center 87 | 2,404 | 217 |
| | $Jerrys Print Shop 31 | 2,041 | 241 |
| | $R. Printer CR/CD 31 | 539 | 55 |
| | +Logical Press Grap 31 | 536 | 86 |
| | Tri-County Printing 31 | 505 | 69 |
| | Prt Shop of the Palm | 452 | 51 |
| | D.K. Graphics, Inc. 31 | 174 | 26 |
| | New Horizons 31 | 104 | 7 |
| | $Howies Instant Prt 87 | 103 | 12 |
| | +JJ & Associates 87 | 75 | 0 |
| | Deerfield Publishin 31 | 57 | 0 |

13.

With respect to accounts handled by Bill Bresnehan in 1997, please state:

- a. the name of each account;
- b. the date on which each account was assigned to Bill Bresnehan;
- c. the name, address, and/or title of the person who assigned the account to Bill Bresnehan;
- d. the value of the account when it was assigned to Bill Bresnehan;
- e. the total income generated by the account in 1997.

0677224 01

**RESPONSE TO NO. 13:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1997. With respect to subparts (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1997 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | North Broward Hosp Di | 82,232 | 19,673 |
| | S.I.R.S. | 74,407 | 16,620 |
| | Graphics Illust. Inc. | 56,287 | 9,742 |
| | SCP Commercial Prt. | 44,037 | 8,035 |
| | Crooks Prt. Svc. Inc. | 27,187 | 4,437 |
| | Advanced Color Grap | 25,865 | 4,332 |
| | AD Color | 18,282 | 2,724 |

| Response To: | a. Accounts Held for Fiscal Year 1997 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Epic Enterprises, Inc. | 17,923 | 2,273 |
| | Commercial Printers | 15,062 | 2,477 |
| | Star Prt & Publish. | 14,899 | 2,097 |
| | Postal Instant Press | 14,822 | 1,718 |
| | Consumer Advertising | 13,904 | 1,958 |
| | Atlantic Litho Prt | 13,504 | 2,118 |
| | My Print Shop, Inc. | 12,485 | 1,401 |
| | Port Printing Co. | 12,295 | 1,551 |
| | The Printing Office | 11,253 | 1,621 |
| | Insty Print | 11,079 | 1,227 |
| | P.I.P. #1099 | 10,466 | 968 |
| | Clear Copy, Inc. | 10,210 | 1,132 |
| | Rainbow Press | 9,762 | 1,177 |
| | 2521 Corporation | 9,156 | 1,229 |
| | Do Not Use/Co Sold | 8,198 | 813 |
| | International Print | 8,183 | 1,159 |
| | Sun Gr. Do Not Use | 7,543 | 903 |
| | Printers Choice, Inc. | 7,166 | 755 |
| | R. Printer CR/CD | 6,520 | 730 |
| | Z Business Center | 5,716 | 641 |
| | Futura Printing | 4,144 | 494 |
| | Gold Star Graphics | 4,112 | 338 |
| | Westgate Printing | 2,450 | 203 |
| | Postal Instant Press | 2,075 | 192 |
| | Bo Del Printing, Inc. | 2,070 | 146 |
| | Logical Press Grap | 2,064 | 165 |
| | The Karen S. Simon | 1,505 | 433 |
| | Bethesda Memorial H. | 1,378 | 179 |
| | Advance Bus. Form & | 1,362 | 191 |
| | Jerrys Print Shop | 656 | 46 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 1997** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | D.K. Graphics, Inc. | 496 | 107 |
| | Customer Not On File | 454 | 1,236- |
| | Chemical Parckng. | 299 | 25 |
| | Banyan Printing | 287 | 5 |
| | Tri-County Printing | 128 | 18 |

14.

With respect to accounts handled by Bill Bresnehan in 1998, please state:

    a. the name of each account;

    b. the date on which each account was assigned to Bill Bresnehan;

    c. the name, address, and/or title of the person who assigned the account
       to Bill Bresnehan;

    d. the value of the account when it was assigned to Bill Bresnehan;

    e. the total income generated by the account in 1998.

### RESPONSE TO NO. 14:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear
whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1998; subpart (d) states the gross

0677224.01          -40-

profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1998 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | North Broward Hosp Di | 98,529 | 23,864 |
| | S.I.R.S. | 75,981 | 17,179 |
| | Graphics Illust., Inc. | 63,894 | 11,816 |
| | SCP Commercial Prt. | 39,930 | 7,019 |
| | Crooks Prt. Svc. Inc. | 33,360 | 5,878 |
| | Clear Copy, Inc. | 19,497 | 2,677 |
| | Commercial Printers | 18,776 | 3,121 |
| | Epic Enterprises, Inc. | 18,411 | 2,262 |
| | Advanced Color Grap | 18,018 | 2,729 |
| | Postal Instant Press | 17,136 | 1,984 |
| | Port Printing Co. | 16,849 | 2,353 |
| | Topline Prtg. & Graph | 15,874 | 2,694 |
| | Atlantic Litho Prt | 14,558 | 2,097 |
| | Consumer Advertising | 14,032 | 1,965 |
| | Do Not Use/Co Sold | 11,220 | 1,432 |
| | My Print Shop, Inc. | 11,000 | 1,113 |
| | Insty Print | 10,707 | 1,149 |
| | The Printing Office | 10,084 | 1,416 |
| | Rainbow Press | 9,224 | 996 |
| | 2521 Corporation | 7,977 | 1,012 |

0677224 01

-41-

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 1998** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | P.I.P. #1099 | 7,782 | 391 |
| | Printers Choice, Inc. | 7,698 | 808 |
| | International Print | 7,104 | 898 |
| | AD Color | 7,102 | 1,182 |
| | Westgate Printing | 7,042 | 1,064 |
| | Sun Gr. Do Not Use | 6,990 | 860 |
| | R. Printer CR/CD | 5,640 | 703 |
| | Gold Star graphics | 4,992 | 441 |
| | Bethesda Memorial H | 4,359 | 512 |
| | Jerrys Print Shop | 3,370 | 333 |
| | Advance Bus. Forms & | 2,725 | 463 |
| | Futura Printing | 2,596 | 265 |
| | Postal Instant Press | 2,100 | 222 |
| | Logical Press Grap | 1,938 | 159 |
| | DLM Import & Expor | 957 | 308 |
| | Star Prt & Publish | 905 | 40 |
| | CRC Press | 783 | 133 |
| | Digital X-Press | 328 | 59 |
| | Customer Not On File | 700- | 1,341- |

15.

With respect to accounts handled by Bill Bresnehan in 1999, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Bill Bresnehan;

    c.  the name, address, and/or title of the person who assigned the account

        to Bill Bresnehan;

          d.  the value of the account when it was assigned to Bill Bresnehan;

          e.  the total income generated by the account in 1999.

## RESPONSE TO NO. 15:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. In an effort to correspond fiscal year to calendar year, in 1999 Unisource unified its fiscal year with the calendar year. Because of this move, Unisource is supplying account information for the fifth quarter of 1999 (Oct. 1, 1999 to Dec. 31, 1999). Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze made all account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal Year 1999 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Graphics Illust., Inc. | 106,464 | 20,540 |
| | North Broward Hosp. Di | 103,170 | 26,510 |
| | S.I.R.S. | 94,058 | 21,708 |
| | Topline Prtg. & Graph | 42,564 | 7,426 |
| | SCP Commercial Prt. | 41,041 | 7,204 |
| | Crooks Prt. Svc. Inc. | 36,472 | 7,399 |
| | Clear Copy, Inc. | 22,430 | 3,526 |
| | Commercial Printers | 21,083 | 3,366 |
| | Advanced Color Grap | 18,305 | 2,721 |
| | Epic Enterprises | 17,455 | 2,067 |
| | Postal Instant Press | 16,817 | 1,527 |
| | Port Printing Co. | 14,986 | 2,045 |
| | Atlantic Litho Prt | 14,245 | 2,093 |
| | Consumer Advertising | 13,585 | 2,182 |
| | My Print Shop, Inc. | 12,055 | 1,171 |
| | 2521 Corporation | 11,215 | 1,651 |
| | Insty Print | 10,583 | 1,254 |
| | The Printing Office | 10,026 | 1,452 |
| | Rainbow Press | 8,267 | 876 |
| | Westgate Printing | 7,792 | 1,403 |
| | Printers Choice, Inc. | 7,625 | 1,017 |
| | Postal Instant Press | 5,956 | 646 |
| | P.I.P. #1099 | 5,295 | 382 |
| | International Print | 4,954 | 498 |
| | Gold Star Graphics | 4,935 | 486 |
| | Sun Gr. Do Not Use | 4,566 | 655 |
| | Bethesda Memorial H. | 3,644 | 564 |
| | Jerrys Print Shop | 3,444 | 337 |
| | R. Printer CR/CD | 2,831 | 387 |
| | Advance Bus. Forms & | 2,760 | 355 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 1999** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Futura Printing | 2,081 | 305 |
| | Do Not Use/Co Sold | 1,974 | 420 |
| | Great Amer. Prtg & | 1,023 | 247 |
| | Minuteman Press | 960 | 111 |
| | Budget Printing | 813 | 184 |
| | Digital X-Press | 303 | 90 |
| | Replica Key Chains | 172 | 25 |
| | Logical Printing | 159 | 30 |
| | Customer Not On File | | 532- |

| **Accounts Held for Quarter 5 1999** | **Gross Profit Earned** | **Commission Earned** |
|---|---|---|
| Commercial Printers | 1,939 | 498 |
| Graphics Illust. Inc. | 402 | 74 |
| The Printing Office | 344 | 88 |
| SCP Commercial Prt. | 288 | 62 |
| Westgate Printing | 264 | 45 |
| Clear Copy, Inc. | 262 | 48 |
| S.I.R.S. | 251 | 56 |
| Epic Enterprises, Inc. | 128 | 22 |
| Postal Instant Press | | 0 |
| Topline Prtg. & Graph | 86 | 8 |
| Consumer Advertising | 80 | 12 |
| Postal Instant Press | 76 | 0 |
| Atlantic Litho Prt | 37 | 0 |
| Port Printing Co. | 24 | 1- |
| Postal Instant Press | 9 | 0 |
| Crooks Prt. Svc. Inc. | 3 | 2- |
| My Print Shop, Inc. | 1 | 0 |
| Replica Key Chains | | 0 |

| | | |
|---|---|---|
| Budget Printing | 8- | 0 |
| 2521 Corporation | 9- | 0 |
| Port Printing Co. | | 0 |
| The Printing Office | | 0 |
| Rainbow Press | | 0 |
| Epic Enterprises, Inc. | | 0 |
| Topline Prtg. & Graph | | 0 |
| Digital X-Press | | 0 |
| North Broward Hosp Di | | 0 |
| Graphics Illust. Inc. | | 0 |
| Customer Not On File | | 0 |

16.

With respect to accounts handled by Bill Bresnehan in 2000, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Bill Bresnehan;

    c.  the name, address, and/or title of the person who assigned the account

        to Bill Bresnehan;

    d.  the value of the account when it was assigned to Bill Bresnehan;

    e.  the total income generated by the account in 2000.

**RESPONSE TO NO. 16:**

Defendant objects to this Interrogatory on the grounds that it is vague and

ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear

whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the

definition of value is vague and ambiguous because Unisource does not know what is

meant by value. Further, the definition of income in subpart (e) is vague and ambiguous

because Unisource does not know what is meant by income. Subject to, and without

waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the

name of each account held at the end of fiscal year 2000; subpart (d) states the gross

profit earned by Unisource for each account; and subpart (e) states the commission earned

for each account. (See chart below for a detailed explanation.) With respect to subpart

(c), John Glaze, as Division Manager, made all account assignment decisions until June

2000; thereafter John Glaze and Lou Kaminow, as Sales Manager, made account

assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge

to respond to this subpart.

| Response To: | a.<br>**Accounts Held for Fiscal Year 2000** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Port Printing Co. | | 0 |

17.

With respect to accounts handled by Dennis Laux in 1996, please state:

- a.  the name of each account;

- b.  the date on which each account was assigned to Dennis Laux;

- c.  the name, address, and/or title of the person who assigned the account

      to Dennis Laux;

- d.  the value of the account when it was assigned to Dennis Laux;

- e.  the total income generated by the account in 1996.

## RESPONSE TO NO. 17:

Defendant objects to this Interrogatory on the grounds that it is vague and

ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear

whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the

definition of value is vague and ambiguous because Unisource does not know what is

meant by value. Further, the definition of income in subpart (e) is vague and ambiguous

because Unisource does not know what is meant by income. Subject to, and without

waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the

name of each account held at the end of fiscal year 1996; subpart (d) states the gross

profit earned by Unisource for each account; and subpart (e) states the commission earned

for each account. (See chart below for a detailed explanation. Where the chart refers to

Customer Not on File, that reflects an account that is not an active account in 2000 and

Unisource lacks sufficient knowledge to identify the account.) With respect to subparts

(b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a.<br>Accounts Held for Fiscal Year 1996 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | Health Communications | 294,091 | 87,771 |
| | Kar Prting Co Fl Inc | 47,426 | 13,044 |
| | Coastal Leasing, Inc. | 28,900 | 7,933 |
| | +Paper Smith Inc. | 24,851 | 6,350 |
| | $Photo Engraving In 83 | 9,200 | 2,530 |
| | Sun-Sentinel Company | 8,839 | 1,156 |
| | American National LTD | 8,269 | 1,152 |
| | $Genesis Press, Inc. 35 | 8,204 | 2,533 |
| | Warner Bros. Pub. I 35 | 7,648 | 1,648 |
| | $Topluz S.A. | 5,613 | 1,879 |
| | Elbon Leasing | 5,226 | 1,437 |
| | Universal Printing | 3,976 | 1,466 |
| | The Menu Man | 3,288 | 622 |
| | Sunbelt Graphics | 3,151 | 613 |
| | $DXP Inc. 31 | 2,852 | 653 |
| | $Chiprint Inc. 35 | 2,404 | 500 |

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Imageworks Prtg., Inc. | 2,129 | 258 |
| | Fine Arts Litho 35 | 1,665 | 206 |
| | Little River Press | 706 | 110 |
| | Advercolor Inc. | 676 | 91 |
| | Do Not Use/See 201467 | 547 | 138 |
| | $De Inarr Business 35 | 460 | 111 |
| | Do Not Use/See 1609 35 | 389 | 101 |
| | Customer Not On File | 322 | 36 |
| | Customer Not On File | 320 | 122 |
| | +Sunart Designs, ln 31 | 311 | 40 |
| | Customer Not On File | 300 | 6,756- |
| | Miami Shores Bapt C 35 | 246 | 19 |
| | City of Hialeah | 140 | 13 |
| | Pro Color Graphics 35 | 135 | 16 |
| | Critical Color Inc. 31 | 102 | 10 |
| | Do Not Use/See 2014 35 | 93 | 0 |
| | Delta Printing | 56 | 11 |
| | Narup Engraving Co. 35 | 31 | 0 |
| | The Flyer 35 | 1,012- | 338- |
| | $Topluz S.A. | 4,571 | 1,371 |

18.

With respect to accounts handled by Dennis Laux in 1997, please state:

    a. the name of each account;

    b. the date on which each account was assigned to Dennis Laux;

    c. the name, address, and/or title of the person who assigned the account

       to Dennis Laux;

d. the value of the account when it was assigned to Dennis Laux;

e. the total income generated by the account in 1997.

### RESPONSE TO NO. 18:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1997. With respect to subparts (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1997 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Health Communications | 527,689 | 162,361 |
| | Customer Not On File | 14,838 | 5,066 |
| | Paper Smith Inc. | 14,305 | 3,053 |
| | Sun-Sentinel Company | 12,955 | 2,212 |

| Response To: | a.<br>Accounts Held for Fiscal Year 1997 | d.<br>Gross Profit Earned | e.<br>Commission Earned |
|---|---|---|---|
| | GE Capital | 10,728 | 3,100 |
| | American National Ltd. | 10,479 | 1,883 |
| | Controlled Graphic | 8,353 | 1,797 |
| | Graphic Technology | 8,177 | 2,884 |
| | Kar Printing Co Fl Inc. | 6,993 | 1,021 |
| | Sunart Designs, Inc. | 3,901 | 690 |
| | Do Not Use/See 1609 | 3,742 | 872 |
| | CPS Communications, Inc. | 3,661 | 957 |
| | The Flyer | 2,638 | 664 |
| | Imageworks Prtg., Inc. | 2,191 | 499 |
| | Warner Bros. Pub. Inc. | 1,484 | 271 |
| | DXP, Inc. | 1,475 | 324 |
| | Advercolor, Inc. | 1,299 | 190 |
| | The Film Company | 1,083 | 315 |
| | First Book Publishing | 1,043 | 198 |
| | Genesis Press, Inc. | 991 | 205 |
| | Print Media Int'l | 962 | 217 |
| | Americ Disc., Inc. | 940 | 195 |
| | Little River Press | 550 | 71 |
| | Fine Arts Litho | 504 | 66 |
| | Advanced Film Labs | 321 | 53 |
| | Miami Shores Bapt C | 113 | 0 |
| | Do Not Use/See 2014 | 96 | 14 |
| | Sunbelt Graphics | 78 | 10 |
| | The Menu Man | 74 | 10 |
| | Palm Land-Goodway | 39 | 0 |
| | Kar Prting Co Fl Inc. | 17,714 | 5,314 |
| | The Flyer | 17,026 | 5,107 |
| | Universal Printing | 5,164 | 1,549 |

19.

With respect to accounts handled by Dennis Laux in 1998, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Dennis Laux;

    c.  the name, address, and/or title of the person who assigned the account to Dennis Laux;

    d.  the value of the account when it was assigned to Dennis Laux;

    e.  the total income generated by the account in 1998.

## **RESPONSE TO NO. 19:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d), the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1998; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Health Communications | 183,550 | 51,352 |
| | Customer Not On File | 33,708 | 6,987 |
| | Kar Printing Co. Fl, Inc. | 27,639 | 6,592 |
| | Colonial Press, Inc. | 19,965 | 5,279 |
| | Paper Smith, Inc. | 9,955 | 1,697 |
| | Genesis Press, Inc. | 7,241 | 1,752 |
| | Sunart Designs, Inc. | 7,125 | 1,870 |
| | CPS Communications, Inc. | 6,395 | 1,395 |
| | American National Ltd. | 5,471 | 890 |
| | Sun-Sentinel Company | 5,306 | 756 |
| | Benchmark Press Inc. | 4,439 | 918 |
| | Sep's & Neg's, Inc. | 4,436 | 1,078 |
| | Americ Disc., Inc. | 3,877 | 938 |
| | Blue Ocean Press Inc. | 3,172 | 692 |
| | Do Not Use/See 1609 | 3,136 | 759 |
| | Imageworks Prtg., Inc. | 1,650 | 461 |
| | The Film Company | 707 | 136 |
| | Advercolor Inc. | 356 | 28 |
| | Graphic Technology | 204 | 12 |
| | Fine Graphics, Inc. | 164 | 29 |
| | Palm Land-Goodway | 80 | 11 |
| | St. Ives, Inc. | 58 | 13 |
| | Miami Shores Bapt C | 31 | 0 |
| | Print Media Int'l | 26 | 0 |
| | Kar Prting Co Fl Inc. | 60,649 | 18,177 |
| | The Flyer | 8,979 | 2,683 |
| | Universal Printing | 5,986 | 1,795 |

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 1998** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | Little River Press | 588 | 176 |
| | Customer Not On File | | 10- |

20.

With respect to accounts handled by Dennis Laux in 1999, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Dennis Laux;

    c.  the name, address, and/or title of the person who assigned the account to Dennis Laux;

    d.  the value of the account when it was assigned to Dennis Laux;

    e.  the total income generated by the account in 1999.

### RESPONSE TO NO. 20:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to

0677224 01                                    -54-

Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze made all account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1999 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Kar Printing Co Fl Inc. | 4,677 | 888 |
| | CPS Communications, Inc. | 3,831 | 1,155 |
| | Blue Ocean Press, Inc. | 3,139 | 752 |
| | Genesis Press, Inc. | 2,575 | 670 |
| | Kar Printing Co. Fl, Inc. | | 0 |
| | Colonial Press Inc. | 2,150 | 580 |
| | Sep's & Neg's Inc. | 1,373 | 325 |
| | Paper Smith Inc. | 1,143 | 159 |
| | Sun-Sentinel Company | 348 | 33 |
| | Americ Disc., Inc. | 239 | 56 |
| | St. Ives, Inc. | 215 | 45 |
| | Accugraphics, Inc. | 208 | 31 |
| | St. Ives, Inc. | | 0 |
| | Knight-Ridder | 123 | 19 |
| | Paper Smith Inc. | | 0 |
| | Customer Not On File | | 269- |
| | Blue Ocean Press, Inc. | | 0 |
| | Colonial Press, Inc. | | 0 |
| | Sep's & Neg's Inc. | | 0 |
| | Kar Prting Co Fl Inc. | 11,080 | 3,324 |

21.

With respect to accounts handled by Dennis Laux in 2000, please state:

   a.  the name of each account;

   b.  the date on which each account was assigned to Dennis Laux;

   c.  the name, address, and/or title of the person who assigned the account
       to Dennis Laux;

   d.  the value of the account when it was assigned to Dennis Laux;

   e.  the total income generated by the account in 2000.

## RESPONSE TO NO. 21:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear
whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Dennis Laux was no
longer employed by Unisource in fiscal year 2000; thus, Unsource has no account
information for fiscal year 2000.

22.

With respect to accounts handled by Bob Peterson in 1996, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Bob Peterson;

    c.  the name, address, and/or title of the person who assigned the account to Bob Peterson;

    d.  the value of the account when it was assigned to Bob Peterson;

    e.  the total income generated by the account in 1996.

**RESPONSE TO NO. 22:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1996 is vague and ambiguous – it is unclear whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1996; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subparts (b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Advertisers Press | 58,260 | 12,647 |
| | Palm Beach Newspapers | 45,138 | 11,695 |
| | St. Lucie School Bd. | 32,748 | 7,336 |
| | Boca Color Graph. Inc | 30,805 | 6,756 |
| | Tiger Tale Publicatio | 29,498 | 9,198 |
| | Multicolor Prtg. | 27,692 | 5,523 |
| | Palm Prt. Of Trea. Co | 23,693 | 4,666 |
| | Martin County Sch. | 23,103 | 5,185 |
| | Boca Raton Prt Co | 22,256 | 4,182 |
| | Kalmus Music 31 | 19,686 | 3,971 |
| | Fast Graphics Prt. Co | 18,833 | 3,548 |
| | Coastal Graphics | 17,178 | 3,709 |
| | Southeastern Prt. Co. | 14,982 | 2,757 |
| | Dearborn Commodity Tr | 13,194 | 3,696 |
| | Capitol Printing | 10,201 | 1,950 |
| | The Stuart News | 9,838 | 3,286 |
| | I. River Comm. College | 9,010 | 1,728 |
| | A & T Printing, Inc. | 8,770 | 1,649 |
| | Action Printers | 8,630 | 1,430 |
| | SL. W. Herald Press 87 | 8,537 | 1,555 |
| | Customer Not On File | 7,708 | 1,356 |
| | Vero Beach Printing | 7,691 | 1,283 |
| | Minuteman Press | 7,602 | 1,275 |
| | Blue Water Graphics | 6,529 | 1,470 |
| | +K's Custom Printing | 6,304 | 1,280 |
| | Ironside Press | 5,096 | 954 |
| | Service Printing | 5,040 | 858 |
| | Lumbermans Underwri 31 | 4,974 | 1,186 |
| | Hamilton Printing Inc | 4,582 | 813 |
| | Sunrise Printing Svc. | 4,326 | 702 |

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Jiffy Prt. & Graphics | 4,291 | 621 |
| | School Board St. Luci | 4,263 | 1,148 |
| | +Prt Depot of Palm 87 | 4,238 | 505 |
| | Do Not Use.Co Sold | 4,013 | 481 |
| | +Sir Speedy | 3,771 | 480 |
| | +Paper Conversions | 3,432 | 664 |
| | Goodtime Prtg. Inc. | 3,305 | 703 |
| | +Double A Associates | 3,038 | 550 |
| | Printing Center, The | 3,016 | 528 |
| | Pelecan Printing & Ad | 2,922 | 500 |
| | $Russo Printing Inc., | 2,712 | 354 |
| | +Atlantic Offset Pr 31 | 2,231 | 359 |
| | Martin County Bd of C | 2,082 | 366 |
| | $Page One Printing | 1,818 | 383 |
| | Custom Plastic Card 31 | 1,740 | 448 |
| | $BSE Graphic Design 87 | 1,640 | 207 |
| | Stuart Web, Inc. | 1,572 | 446 |
| | ABC Quick Print | 1,459 | 224 |
| | Venue, Inc. 87 | 1,436 | 338 |
| | Indian River Cty Sch. | 1,211 | 192 |
| | +Buttons & Pads | 1,097 | 217 |
| | Color Trend Corpora 31 | 941 | 110 |
| | +Treasure Coast Graph | 825 | 174 |
| | School Bd. Of Palm 87 | 744 | 98 |
| | Robert H. Raymer | 502 | 124 |
| | Do Not Use/Use 130444 | 430 | 68 |
| | Ken Reed Printing | 296 | 15 |
| | $Gold Coast Press | 270 | 47 |
| | The Tribune | 263 | 40 |
| | $American Speedy Prin | 262 | 76 |

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1996 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | The Stuart News CR/CD | 252 | 35 |
| | Indian River Mem Hosp | 219 | 12 |
| | Superior Printing | 174 | 15 |
| | Stevens Printing | 172 | 0 |
| | Sir Speedy | 129 | 30 |
| | $Sir Speedy Printing | 102 | 13 |
| | Midway Printing | 88 | 8 |
| | $Pronto Printing | 70 | 1 |
| | Customer Not On File | | 2854- |
| | Corp. Marketing of 87 | 6- | 0 |
| | A Quick Prt. Place In | 133- | 17- |
| | Tiger Tale Publicatio | 4,290 | 1,287 |
| | Dearborn Commodity Tr | 2,183 | 654 |

23.

With respect to accounts handled by Bob Peterson in 1997, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to Bob Peterson;

    c.  the name, address, and/or title of the person who assigned the account

        to Bob Peterson;

    d.  the value of the account when it was assigned to Bob Peterson;

    e.  the total income generated by the account in 1997.

**RESPONSE TO NO. 23:** .

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous – it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1997. With respect to subparts (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1997 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Advertisers Press | 57,987 | 13,215 |
| | Boca Color Graph. Inc. | 39,763 | 9,335 |
| | Multicolor Prtg. | 33,044 | 7,102 |
| | St. Lucie School Bd. | 31,486 | 7,196 |
| | Palm Beach Newspapers | 28,324 | 6,685 |
| | Southeastern Prt. Co. | 28,223 | 4,958 |
| | Boca Raton Prt Co. | 25,136 | 4,965 |

| Response To: | a. Accounts Held for Fiscal Year 1997 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Fast Graphics Prt. Co. | 24,084 | 4,522 |
| | Palm Prt. Of Trea. Co. | 22,909 | 4,816 |
| | Martin County Sch. | 21,459 | 4,811 |
| | Minuteman Press | 20,899 | 4,940 |
| | Coastal Graphics | 19,716 | 4,094 |
| | I. River Comm. College | 14,722 | 3,357 |
| | School Board St. Lucie | 13,386 | 3,982 |
| | Tiger Tale Publication | 11,290 | 2,191 |
| | Blue Water Graphics | 10,924 | 1,786 |
| | The CIT Group | 10,728 | 3,100 |
| | A & T Printing, Inc. | 10,040 | 2,090 |
| | Capitol Printing | 9,739 | 1,674 |
| | Action Printers | 7,851 | 1,391 |
| | Hamilton Printing, Inc. | 7,585 | 1,390 |
| | Dearborn Commodity Tr | 7,373 | 1,963 |
| | Ironside Press | 6,891 | 1,353 |
| | Vero Beach Printing | 6,676 | 1,156 |
| | L.W. Herald Press | 6,343 | 1,258 |
| | Service Printing | 6,212 | 1,074 |
| | Sunrise Printing Svc. | 6,205 | 1,186 |
| | K's Custom Printing | 6,205 | 1,349 |
| | Jiffy Prt. & Graphics | 4,499 | 771 |
| | Superior Printing | 4,465 | 599 |
| | Do Not Use Co. Sold | 4,149 | 454 |
| | Custom Plastic Card | 3,691 | 646 |
| | Kalmus Music | 2,966 | 609 |
| | Sir Speedy | 2,843 | 566 |
| | Sir Speedy | 2,20 | 429 |
| | Paper Conversions | 2,471 | 500 |
| | Robert H. Raymer | 2,156 | 422 |

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1997 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Pelican Printing & AD | 2,118 | 394 |
| | Gold Coast Press | 2,008 | 375 |
| | The Stuart News | 1,952 | 520 |
| | Lumbermans Underwriters | 1,708 | 468 |
| | American Speedy Printing | 1,621 | 306 |
| | Printing Center, The | 1,392 | 237 |
| | Double A Associates | 1,357 | 232 |
| | Indian River CTY Sch. | 975 | 171 |
| | The Stuart News CR/CD | 828 | 213 |
| | ABC Quick Print | 724 | 77 |
| | Color Trend Corporation | 715 | 68 |
| | Russo Printing, Inc. | 714 | 97 |
| | PRT Depot of Palm | 613 | 84 |
| | Buttons & Pads | 504 | 83 |
| | Executive Prtg. & MA | 421 | 72 |
| | Preferred Prt. & Gr. | 395 | 49 |
| | Martin County Bd. Of C | 323 | 41 |
| | Productions Unlimi | 250 | 14 |
| | Redkey's Dies | 201 | 59 |
| | Midway Printing | 172 | 22 |
| | Indian River Mem Hosp | 108 | 9 |
| | Great Amer. Prtg & | 41 | 0 |
| | Customer Not On File | 15,179- | 3,976- |
| | Palm Beach Newspapers | 16,985 | 5,095 |
| | Dearborn Commodity | 11,293 | 3,387 |
| | Customer Not On File | 7,510 | 2,157 |
| | Tiger Tale Publication | 5,007 | 1,502 |
| | Advertisers Press | 636 | 191 |

24.

With respect to accounts handled by Bob Peterson in 1998, please state:

a.   the name of each account;

b.   the date on which each account was assigned to Bob Peterson;

c.   the name, address, and/or title of the person who assigned the account to Bob Peterson;

d.   the value of the account when it was assigned to Bob Peterson;

e.   the total income generated by the account in 1998.

### RESPONSE TO NO. 24:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1998 is vague and ambiguous – it is unclear whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1998; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c) John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held for Fiscal<br>Year 1998 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Advertisers Press | 57,859 | 13,440 |
| | Southeastern Prt. Co. | 49,511 | 8,222 |
| | St. Lucie School Bd. | 35,672 | 9,013 |
| | Multicolor Prtg. | 31,799 | 6,876 |
| | Boca Raton Prt. Co. | 30,831 | 6,671 |
| | Boca Color Graph., Inc. | 29,702 | 6,515 |
| | Blue Water Graphics | 29,602 | 6,426 |
| | Palm Beach Newspapers | 29,536 | 6,614 |
| | Fast Graphics Prt. Co. | 28,972 | 5,950 |
| | Tiger Tale Publication | 27,480 | 5,716 |
| | Palm Prt. Of Trea. Co. | 24,160 | 4,792 |
| | Customer Not On File | 21,804 | 5,580 |
| | Coastal Graphics | 17,144 | 3,371 |
| | I. River Comm. College | 14,978 | 3,541 |
| | Minuteman Press | 10,374 | 2,331 |
| | Action Printers | 9,874 | 2,054 |
| | A & T Printing, Inc. | 9,626 | 1,985 |
| | School Board St. Lucie | 9,186 | 2,670 |
| | L.W. Herald Press | 9,120 | 2,448 |
| | Martin County Sch. | 8,705 | 2,019 |
| | Capitol Printing | 8,527 | 1,626 |
| | Hamilton Printing, Inc. | 8,496 | 1,658 |
| | Ironside Press | 7,278 | 1,419 |
| | Vero Beach Printing | 7,115 | 1,087 |
| | Service Printing | 4,971 | 838 |
| | Jiffy Prt. & Graphics | 4,629 | 789 |
| | Preferred Prt. & Gr | 4,470 | 611 |

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Sir Speedy | 3,864 | 632 |
| | Superior Printing | 3,653 | 430 |
| | Productions Unlimi | 3,617 | 543 |
| | Sunrise Printing Svc. | 3,505 | 576 |
| | Gold Coast Press | 2,437 | 383 |
| | Dearborn Commodity Tr | 2,150 | 522 |
| | ABC Quick Print | 2,075 | 252 |
| | American Speedy Prin | 2,020 | 346 |
| | Buttons & Pads | 1,936 | 259 |
| | Sir Speedy | 748 | 141 |
| | Millenium Services | 739 | 151 |
| | Russo Printing Inc. | 513 | 81 |
| | The Stuart News | 345 | 71 |
| | Pelican Printing & AD | 320 | 57 |
| | Indian River Cty Sch. | 208 | 35 |
| | Stuart Web, Inc. | 194 | 30 |
| | Great Amer. Prtg & | 159 | 20 |
| | K's Custom Printing | 131 | 15 |
| | Double A Associates | 105 | 20 |
| | J.V. Graphics | 67 | 9 |
| | Worldnet Copy Solutions | 55 | 8 |
| | Dearborn Commodity Tr | 9,379 | 2,813 |
| | Palm Beach Newspapers | 7,777 | 2,333 |
| | The Stuart News | 5,639 | 1,691 |
| | Customer Not On File | 4,556 | 1,366 |
| | Tiger Tale Publications | 2,869 | 860 |

25.

With respect to accounts handled by Bob Peterson in 1999, please state:

- a. the name of each account;

- b. the date on which each account was assigned to Bob Peterson;

- c. the name, address, and/or title of the person who assigned the account to Bob Peterson;

- d. the value of the account when it was assigned to Bob Peterson;

- e. the total income generated by the account in 1999.

### RESPONSE TO NO. 25:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous – it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. In an effort to correspond fiscal year to calendar year, in 1999 Unisource unified its fiscal year with the calendar year. Because of this move, Unisource is supplying account information for the fifth quarter of 1999 (Oct. 1, 1999 to Dec. 31, 1999). Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource

0677224.01                                   -67-

lacks sufficient knowledge to identify the account.) With respect to subpart (c), John

Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze made all

account assignment decisions. With respect to subpart (b), Unisource lacks sufficient

knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1999 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Advertisers Press | 56,029 | 14,331 |
| | Tiger Tale Publications | 52,738 | 12,560 |
| | Southeastern Prt. Co. | 51,530 | 10,192 |
| | Boca Color Graph. Inc. | 48,460 | 12,169 |
| | Blue Water Graphics | 40,479 | 8,746 |
| | St. Lucie School Bd. | 33,212 | 8,605 |
| | Palm Beach Newspapers | 30,478 | 7,359 |
| | Multicolor Prtg. | 29,120 | 6,020 |
| | Fast Graphics Prt. Co. | 23,344 | 5,112 |
| | Palm Prt. Of Trea. Co. | 22,317 | 4,976 |
| | Boca Raton Prt Co | 21,246 | 4,287 |
| | Martin County Sch. | 19,023 | 4,653 |
| | Coastal Graphics | 15,585 | 3,139 |
| | I. River Comm. College | 15,120 | 4,037 |
| | School Board St. Lucie | 11,576 | 3,416 |
| | Action Printers | 9,964 | 1,901 |
| | Capitol Printing | 9,769 | 2,090 |
| | Minuteman Press | 9,139 | 1,796 |
| | Hamilton Printing, Inc. | 8,708 | 1,730 |
| | Vero Beach Printing | 7,606 | 1,309 |
| | Ironside Press | 7,524 | 1,732 |
| | A&T Printing, Icn. | 7,284 | 1,671 |
| | Service Printing | 5,329 | 903 |

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 1999** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | Jiffy Prt. & Graphics | 4,039 | 745 |
| | Preferred Prt. & Gr | 3,302 | 553 |
| | Superior Printing | 2,723 | 359 |
| | L.W. Herald Press | 2,163 | 545 |
| | Sunrise Printing Svc. | 2,117 | 379 |
| | American Speedy Prin | 1,535 | 320 |
| | Indian River Cty Sch. | 1,013 | 143 |
| | Sir Speedy | 754 | 95 |
| | Worldnet Copy Solutions | 721 | 146 |
| | The Stuart News Cr/CD | 675 | 106 |
| | Indian River Mem Hosp | 417 | 90 |
| | Gold Coast Press | 257 | 27 |
| | Stuart Web, Inc. | 209 | 23 |
| | Quill & Press, Inc. | 191 | 15 |
| | The Stuart News | 159 | 30 |
| | Marketing That Works | 44 | 0 |
| | Customer Not On File | 2,182- | 2,014- |
| | Palm Beach Newspapers | 12,831 | 3,849 |
| | Dearborn Commodity Tr | 8,102 | 2,430 |
| | Advertisers Press | 3,630 | 1,089 |
| | The Stuart News | 2,683 | 804 |
| | Tiger Tale Publications | 2,373 | 711 |
| | Customer Not On File | 2,182 | 619 |
| | Stuart Web, Inc. | 677 | 203 |
| | **Accounts Held for<br>Quarter 5 1999** | **Gross Profit<br>Earned** | **Commission<br>Earned** |
| | Graphics Illust. Inc. | 22,080 | 3,776 |
| | Tiger Tale Publications | 17,465 | 4,241 |
| | Blue Water Graphics | 16,167 | 3,505 |

| | | |
|---|---|---|
| Southeastern Prt. Co. | 11,223 | 2,159 |
| Palm Beach Newspapers | 10,644 | 2,819 |
| Boca Color Graph. Inc. | 10,167 | 2,450 |
| Topline Prtg. & Graph | 9,293 | 1,644 |
| Multicolor Prtg. | 7,802 | 1,504 |
| Boca Raton Prt. Co. | 6,876 | 1,438 |
| Martin County Sch. | 5,717 | 1,514 |
| Fast Graphics Prt. Co. | 5,522 | 1,296 |
| St. Lucie School Bd. | 5,362 | 1,300 |
| Coastal Graphics | 4,716 | 892 |
| Ironside Press | 3,142 | 748 |
| Action Printers | 2,897 | 655 |
| I. River Comm. College | 2,726 | 741 |
| Capitol Printing | 2,561 | 531 |
| Minuteman Press | 2,199 | 326 |
| Hamilton Printing Inc. | 1,746 | 384 |
| Vero Beach Printing | 1,390 | 190 |
| Service Printing | 1,336 | 212 |
| A&T Printing, Inc. | 1,199 | 252 |
| School Board St. Lucie | 1,025 | 298 |
| Jiffy Prt. & Graphics | 1,013 | 186 |
| Superior Printing | 627 | 57 |
| The Stuart News CR/CD | 622 | 89 |
| Stuart Web, Inc. | 535 | 96 |
| Customer Not On File | 489 | 611- |
| American Speedy Printing | 342 | 60 |
| Indian River Mem Hosp | 185 | 47 |
| The Stuart News | 183 | 36 |

| | | |
|---|---|---|
| Southeastern Prt. Co. | 11,223 | 2,159 |
| Palm Beach Newspapers | 10,644 | 2,819 |
| Boca Color Graph. Inc. | 10,167 | 2,450 |
| Topline Prtg. & Graph | 9,293 | 1,644 |
| Multicolor Prtg. | 7,802 | 1,504 |
| Boca Raton Prt. Co. | 6,876 | 1,438 |
| Martin County Sch. | 5,717 | 1,514 |
| Fast Graphics Prt. Co. | 5,522 | 1,296 |
| St. Lucie School Bd. | 5,362 | 1,300 |
| Coastal Graphics | 4,716 | 892 |
| Ironside Press | 3,142 | 748 |
| Action Printers | 2,897 | 655 |
| I. River Comm. College | 2,726 | 741 |
| Capitol Printing | 2,561 | 531 |
| Minuteman Press | 2,199 | 326 |
| Hamilton Printing Inc. | 1,746 | 384 |
| Vero Beach Printing | 1,390 | 190 |
| Service Printing | 1,336 | 212 |
| A&T Printing, Inc. | 1,199 | 252 |
| School Board St. Lucie | 1,025 | 298 |
| Jiffy Prt. & Graphics | 1,013 | 186 |
| Superior Printing | 627 | 57 |
| The Stuart News CR/CD | 622 | 89 |
| Stuart Web. Inc. | 535 | 96 |
| Customer Not On File | 489 | 611- |
| American Speedy Printing | 342 | 60 |
| Indian River Mem Hosp | 185 | 47 |
| The Stuart News | 183 | 36 |

26.

With respect to accounts handled by Bob Peterson in 2000, please state:

- a. the name of each account;

- b. the date on which each account was assigned to Bob Peterson;

- c. the name, address, and/or title of the person who assigned the account to Bob Peterson;

- d. the value of the account when it was assigned to Bob Peterson;

- e. the total income generated by the account in 2000.

## RESPONSE TO NO. 26:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 2000; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, made all account assignment decisions until June 2000; thereafter John Glaze and Lou Kaminow, as Sales Manager, made account

0677224 01                                                        -71-

assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge

to respond to this subpart.

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 2000** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | Graphics Illust., Inc. | 103,037 | 19,425 |
| | Southeastern Prt. Co. | 69,151 | 14,380 |
| | Tiger Tale Publication | 59,680 | 14,423 |
| | Blue Water Graphics | 55,660 | 11,960 |
| | Boca Color Graph. Inc. | 40,419 | 10,451 |
| | Topline Prtg. & Graph | 39,070 | 6,754 |
| | Multicolor Prtg. | 30,799 | 5,968 |
| | St. Lucie School Bd. | 28,751 | 6,829 |
| | Martin County Sch. | 23,721 | 5,798 |
| | Boca Raton Prt. Co. | 21,574 | 4,227 |
| | Palm Beach Newspapers | 20,564 | 4,584 |
| | Fast Graphics Prt. Co. | 17,151 | 3,810 |
| | Coastal Graphics | 15,838 | 3,090 |
| | I. River Comm. College | 12,763 | 3,385 |
| | Minuteman Press | 10,834 | 2,012 |
| | Action Printers | 8,742 | 1,673 |
| | Vero Beach Printing | 7,997 | 1,679 |
| | Hamilton Printing Inc. | 7,627 | 1,767 |
| | Capitol Printing | 7,570 | 1,659 |
| | Ironside Press | 6,982 | 1,526 |
| | A&T Printing, Inc. | 6,879 | 1,491 |
| | Service Printing | 4,979 | 930 |
| | Jiffy Prt. & Graphics | 3,113 | 725 |
| | Superior Printing | 3,097 | 284 |
| | School Board St. Lucie | 2,739 | 414 |
| | American Speedy Prin | 1,687 | 380 |
| | Stuart Web., Inc. | 1,323 | 323 |

| Response To: | a. Accounts Held for Fiscal Year 2000 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Dearborn Commodity Tr | 1,309 | 310 |
| | Digital X-Press | 355 | 14 |
| | The Stuart News CR/CD | 146 | 23 |
| | The Stuart News | 82 | 0 |
| | Customer Not On File | | 316- |
| | The Stuart News | 7,975 | 2,392 |
| | Palm Beach Newspapers | 3,305 | 991 |
| | Dearborn Commodity TR | 1,541 | 462 |

27.

With respect to accounts handled by John Price in 1996, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to John Price;

    c.  the name, address, and/or title of the person who assigned the account
        to John Price;

    d.  the value of the account when it was assigned to John Price;

    e.  the total income generated by the account in 1996.

### RESPONSE TO NO. 27:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear
whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without

waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1996; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subparts (b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Coulter Corporation 35 | 41,562 | 9,323 |
| | M & M Press | 39,609 | 9,038 |
| | R.C. Cruise Line Prt. | 24,467 | 7,600 |
| | So. Bus. Cards Corp. | 15,742 | 3,087 |
| | $Hurricane Graphics 31 | 8,500 | 1,152 |
| | Coulter Corporation 35 | | 0 |
| | Owen Business Sys. Inc | 4,673 | 714 |
| | Minuteman Press | 4,440 | 393 |
| | Best Impressions 31 | 4,440 | 479 |
| | Winsted Thermograph 31 | 4,346 | 693 |
| | +Bayshore Graphics 35 | 4,088 | 540 |
| | American Instant Pr 31 | 3,735 | 626 |
| | V.P. Press | 3,364 | 287 |
| | $Proprint & Graphic 31 | 2,235 | 151 |
| | So. Bus. Cards Corp. | | 0 |
| | $Golden Press | 2,093 | 248 |
| | City of Coral Springs | 2,036 | 310 |
| | Assoc. Printing Prod. | 1,990 | 234 |
| | Postal Instant Press | 1,933 | 268 |
| | Agape Graphics & Pr 35 | 1,817 | 154 |

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Sykes Printing 35 | 1,805 | 144 |
| | Coastal Refinning & 35 | 1,522 | 309 |
| | Impressions of Miam 35 | 1,492 | 109 |
| | Grant Printing 35 | 1,492 | 172 |
| | Swanson Printing Inc. | 1,450 | 239 |
| | Winsted Thermograph 31 | | 0 |
| | City of Hollywood | 1,267 | 257 |
| | Do Not Use/See 2062 35 | 1,201 | 125 |
| | City of Pompano Beach | 1,132 | 180 |
| | Print-It-Plus 87 | 1,100 | 102 |
| | +Bayshore Graphics 35 | | 0 |
| | $Five R's Inc. 35 | 961 | 153 |
| | $Graphic Connection 35 | 958 | 135 |
| | Minuteman Press | | 0 |
| | American Instant Pr 31 | | 0 |
| | $Daniels Printing 35 | 723 | 99 |
| | Best Impressions 31 | | 0 |
| | Postal Instant Press | | 0 |
| | Do Not Use/See 1379 35 | 643 | 31 |
| | $Advetisors Adviso 31 | 576 | 37 |
| | Naples Graphics & Pri | 500 | 71 |
| | Printco Inc. 31 | 499 | 22 |
| | N.W. Smith & Associ 31 | | 0 |
| | Owen Business Sys. Inc. | | 0 |
| | On-Demand Print Ser 35 | 428 | 66 |
| | Swanson Printing Inc. | | 0 |
| | Agape Graphics & Pr 35 | | 0 |
| | Executek Prtg. & Dup | 387 | 63 |
| | Grant Printing 35 | | 0 |
| | Assoc. Printing Prod. | | 0 |

0677224.01

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Do Not Use/See 1379 35 | | 0 |
| | Arlene Segal Designs | 272 | 19 |
| | Coastal Refinning & 35 | | 0 |
| | $Hurricane Graphics 31 | | 0 |
| | Do Not Use/See 2169 31 | 241 | 27 |
| | Yovino Printers | | 0 |
| | Do Not Use/See 2062 35 | | 0 |
| | N.W. Smith & Associ 31 | 222 | 58 |
| | Boca Kopy Quick 31 | 201 | 14 |
| | Excello Graphics 35 | 182 | 9 |
| | Apple Prtg. & Advert 31 | 130 | 4 |
| | Apollo Graphics 31 | | 0 |
| | American Speedy Prt 31 | | 0 |
| | PIP Printing | | 0 |
| | R.C. Cruise Line Prt. | | 0 |
| | American Speedy Prt 31 | 84 | 0 |
| | Yovino Printers | 81 | 12 |
| | Impressions of Miam 35 | | 0 |
| | $Daniels Printing 35 | | 0 |
| | $Five R's Inc. 35 | | 0 |
| | Apollo Graphics 31 | 63 | 0 |
| | Printco Inc. 31 | | 0 |
| | $Miami Engraving 35 | | 0 |
| | Boca Kopy Quick 31 | | 0 |
| | $Advertisors Adviso 31 | | 0 |
| | Office Innovations | | 0 |
| | $Graphic Connection 35 | | 0 |
| | Dynamic Graphics GR 35 | 41 | 0 |
| | Customer Not On File | 36 | 44 |
| | Excello Graphics 35 | | 0 |

0677224.01

-76-

| Response To: | a. Accounts Held for Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Office Innovations | 21 | 0 |
| | Associated Printing C | | 0 |
| | V.P. Press | | 0 |

28.

With respect to accounts handled by John Price in 1997, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to John Price;

    c.  the name, address, and/or title of the person who assigned the account to John Price;

    d.  the value of the account when it was assigned to John Price;

    e.  the total income generated by the account in 1997.

## RESPONSE TO NO. 28:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned

for each account. (See chart below for a detailed explanation. Where the chart refers to

Customer Not on File, that reflects an account that is not an active account in 2000 and

Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c)

John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1997. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

| Response To: | a.<br>**Accounts Held for Fiscal Year 1997** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | M&M Press | 41,674 | 8,907 |
| | R.C. Cruise Line Prt | 35,734 | 10,516 |
| | Coulter Corporation | 22,841 | 5,620 |
| | So. Bus. Cards Corp. | 14,937 | 2,767 |
| | Minuteman Press | 9,282 | 930 |
| | Owen Business Sys. Inc. | 8,499 | 1,384 |
| | Hurricane Graphics | 7,173 | 1,489 |
| | V.P. Press | 3,959 | 403 |
| | Best Impressions | 3,628 | 384 |
| | City of Coral Springs | 3,421 | 561 |
| | Sykes Printing | 3,280 | 283 |
| | Yovino Printers | 2,565 | 213 |
| | Maxigraphics, Inc. | 2,533 | 161 |
| | Agape Graphics & Pr | 2,450 | 209 |
| | Commerce Prtg Asso | 2,376 | 204 |
| | Golden Press | 2,368 | 223 |
| | Proprint & Graphic | 2,067 | 106 |
| | Winsted Thermograph | 1,691 | 145 |
| | Dynamic Graphics GR | 1,522 | 304 |
| | Maxigraphics, Inc. | 1,148 | 176 |
| | Bayshore Graphics | 919 | 94 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 1997** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Apollo Graphics | 817 | 97 |
| | Postal Instant Pre | 734 | 89 |
| | Excello Graphics | 659 | 130 |
| | Coastal Refining & | 572 | 75 |
| | Suntone | 482 | 53 |
| | Executek Prtg. & Dup | 403 | 38 |
| | Minuteman Press Soc | 362 | 32 |
| | On-Demand Print Ser | 331 | 34 |
| | Announcement Conv't | 277 | 37 |
| | Do Not Use/See 1379 | 208 | 6 |
| | Tropicana Products. | 201 | 45 |
| | City of Hollywood | 125 | 0 |
| | Boca Kopy Quick | 96 | 7 |
| | Advertisors Adviso | 67 | 5 |
| | Daniels Printing | 61 | 4 |
| | Prism Graphics | 61 | 13 |
| | Do Not Use/See 2169 | 48 | 0 |
| | Arlene Segal Designs | 32 | 0 |
| | Berges Et. Co. Inc. | 29 | 0 |
| | CWL Designs/Baliti | 8 | 0 |
| | Customer Not On File | | 1,078- |

29.

With respect to accounts handled by John Price in 1998, please state:

    a.  the name of each account;

    b.  the date on which each account was assigned to John Price;

    c.  the name, address, and/or title of the person who assigned the account
        to John Price;

    d.  the value of the account when it was assigned to John Price;

    e.  the total income generated by the account in 1998.

### RESPONSE TO NO. 29:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear
whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1998; subpart (d) states the gross
profit earned by Unisource for each account; and subpart (e) states the commission earned
for each account. (See chart below for a detailed explanation. Where the chart refers to
Customer Not on File, that reflects an account that is not an active account in 2000 and
Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c)
John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account

assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | M&M Press | 35,668 | 7,165 |
| | R.C. Cruise Line Prt | 25,083 | 6,865 |
| | Owen Business Sys, Inc. | 17,147 | 3,498 |
| | V.P. Press | 12,177 | 9,177 |
| | So. Bus. Cards Corp. | 10,619 | 1,851 |
| | Minuteman Press | 10,350 | 1,110 |
| | Yovino Printers | 9,791 | 1,331 |
| | Sir Speedy | 5,415 | 329 |
| | Sykes Printing | 4,804 | 445 |
| | Downtown Digital Prtg | 4,724 | 899 |
| | Customer Not On File | 4,500 | 6,898- |
| | School Bd. of Dade Cou | 4,393 | 630 |
| | Best Impressions | 3,999 | 396 |
| | Sir Speedy Instant Pr | 3,808 | 422 |
| | Proprint & Graphic | 3,724 | 499 |
| | City of Coral Springs | 3,612 | 470 |
| | Southern Color | 3,537 | 518 |
| | Perrine Cutler Pres | 3,464 | 508 |
| | Commerce Prtg Asso | 3,079 | 286 |
| | Dynamic Graphics Gr | 2,470 | 343 |
| | Agape Graphics & Pr | 2,087 | 183 |
| | Daniels Printing | 2,085 | 270 |
| | MPI Printing Center | 2,037 | 355 |
| | Minuteman Press Soc | 1,629 | 152 |
| | Copy Club | 1,557 | 217 |
| | Sir Speedy | 1,485 | 41 |
| | Golden Press | 1,450 | 99 |

| Response To: | a. Accounts Held for Fiscal Year 1998 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | STL Precision | 1,241 | 245 |
| | Zang's Printing | 974 | 84 |
| | Sir Speedy | 925 | 69 |
| | Apollo Grpahics | 899 | 77 |
| | The Twins Prt Inc. S | 591 | 124 |
| | Coastal Refinning & | 585 | 87 |
| | Tropicana Products | 574 | 100 |
| | Paper Depot | 462 | 49 |
| | Bayshore Graphics | 462 | 27 |
| | Van Etten Ent. | 442 | 61 |
| | Express Images | 429 | 76 |
| | Laser Computer Graphics | 391 | 95 |
| | Microfilm Depot | 327 | 48 |
| | University Baptist | 310 | 58 |
| | Postal Instant Press | 284 | 20 |
| | Cliff Berry, Inc. | 225 | 82 |
| | Coulter Corporation | 218 | 42 |
| | Graphica Services | 192 | 24 |
| | Announcement Conv't | 187 | 22 |
| | Tic The Industrial | 174 | 19 |
| | A Art Press Corp | 118 | 0 |
| | Sun Printing USA | 101 | 18 |
| | Suntone | 100 | 11 |
| | Advertisors Adviso | 93 | 21 |
| | Mr. Quick Print | 84 | 9 |
| | Acobe Enterprises, Inc. | 77 | 10 |
| | Hershey Int'l USA/Amex | 56 | 0 |
| | Sir Speedy 5537 | 54 | 0 |
| | Intertec Industry | 34 | 0 |
| | Eller Media Co. | 32 | 0 |

| Response To: | a.<br>**Accounts Held for Fiscal<br>Year 1998** | d.<br>**Gross Profit<br>Earned** | e.<br>**Commission<br>Earned** |
|---|---|---|---|
| | Fleet Data Forms | 31 | 0 |
| | CWL Desings/Baliti | 29 | 0 |
| | Colorworks, Inc. | 27 | 0 |
| | Grant Printing | 27 | 0 |
| | Sir Speedy #5537-1 | 19 | 0 |

30.

With respect to accounts handled by John Price in 1999, please state:

    a.   the name of each account;

    b.   the date on which each account was assigned to John Price;

    c.   the name, address, and/or title of the person who assigned the account to John Price;

    d.   the value of the account when it was assigned to John Price;

    e.   the total income generated by the account in 1999.

**RESPONSE TO NO. 30:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. In an effort to correspond fiscal

year to calendar year, in 1999 Unisource unified its fiscal year with the calendar year. Because of this move, Unisource is supplying account information for the fifth quarter of 1999 (Oct. 1, 1999 to Dec. 31, 1999). Subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze made all account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held for Fiscal Year 1999 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | M&M Press | 34,938 | 7,252 |
| | School Bd. of Dade Cou | 33,653 | 5,049 |
| | R.C. Cruise Line Prt | 21,691 | 6,090 |
| | V.P. Press | 21,606 | 3,407 |
| | Owen Business Sys Inc. | 15,772 | 3,561 |
| | Yovino Printers | 12,640 | 2,102 |
| | So. Bus. Cards Corp. | 11,174 | 1,883 |
| | Minuteman Press | 10,605 | 1,202 |
| | Sir Speedy Instant Pr | 7,483 | 1,093 |
| | MPI Printing Center | 6,284 | 1,201 |
| | Best Impressions | 5,408 | 600 |
| | Dynamic Graphics Gr | 5,403 | 734 |
| | Communiprint | 4,711 | 675 |
| | Perrine Cutler Pres | 4,537 | 681 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 1999** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Downtown Digital Prtg | 4,011 | 628 |
| | City of Coral Springs | 3,854 | 559 |
| | Miami Dade Community | 3,623 | 768 |
| | Commerce Prtg Asso | 3,561 | 265 |
| | Paper Depot | 3,412 | 321 |
| | Laser Tech Services | 3,411 | 690 |
| | Proprint & Graphic | 3,322 | 501 |
| | STL Precision | 3,139 | 691 |
| | Sykes Printing | 2,834 | 324 |
| | Graphica Services I | 2,528 | 452 |
| | Southern Color | 2,313 | 363 |
| | Classon Paper & Sup | 2,240 | 260 |
| | Suntone | 2,194 | 303 |
| | Naples Graphics & Pri | 1,898 | 447 |
| | Tic the Industrial | 1,465 | 350 |
| | Colorworks, Inc. | 1,368 | 235 |
| | Sir Speedy | 1,348 | 59 |
| | Postal Instant Press | 1,123 | 72 |
| | Sir Speedy | 1,048 | 83 |
| | Sir Speedy | 914 | 156 |
| | ABF Printing, Inc. | 876 | 85 |
| | Jame-SCO Graphics, Inc. | 835 | 77 |
| | Van Etten Ent. | 773 | 55 |
| | Tropicana Products | 596 | 95 |
| | Zang's Printing | 549 | 70 |
| | Agape Graphics & Pr | 479 | 75 |
| | Minuteman Press | 429 | 57 |
| | PR Press, Inc. | 240 | 26 |
| | Florida Intl University | 236 | 66 |
| | Copy Club | 199 | 42 |

| Response To: | a. Accounts Held for Fiscal Year 1999 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Laser Computer Gra | 125 | 32 |
| | Sir Speedy 5537 | 113 | 0 |
| | Hershey Int'l USA/Amex | 67 | 0 |
| | Amazon Services | 42 | 0 |
| | Print-A-Matic | 39 | 0 |
| | Grant Printing | 37 | 0 |
| | Customer Not On File | | 1,235- |
| | Acobe Enterprises Inc. | 26- | 0 |
| | Apollo Graphics | 26- | 0 |
| | Coastal Refinning & | 33- | 3- |
| | The Twins Prt Inc. | 220- | 57- |

| Accounts Held for Quarter 5 1999 | Gross Profit Earned | Commission Earned |
|---|---|---|
| V.P. Press | 8,357 | 1,394 |
| School Bd. of Dade Cou | 7,898 | 1,057 |
| M&M Press | 6,278 | 1,145 |
| Owen Business Sys, Inc. | 3,732 | 777 |
| So. Bus Cards Corp | 3,183 | 514 |
| Naples Graphics & Pri | 2,935 | 675 |
| Yovino Printers | 2,916 | 504 |
| Minuteman Press | 2,697 | 280 |
| Commerce Prtg Asso | 2,285 | 197 |
| Dynamic Graphics Gr | 1,599 | 263 |
| Communiprint | 1,309 | 160 |
| Sir Speedy Instant Pr | 1,240 | 168 |
| MPI Printing Center | 1,110 | 183 |
| Best Impressions | 1,076 | 84 |
| Downtown Digital Prtg | 1,000 | 199 |
| City of Coral Springs | 961 | 131 |

| | | |
|---|---|---|
| STL Precision | 955 | 224 |
| Proprint & Graphic | 929 | 139 |
| Graphica Services Inc. | 876 | 171 |
| Miami Dade Community | 733 | 154 |
| Laser Tech Services | 695 | 81 |
| Southern Color | 694 | 76 |
| R.C. Cruise Line Prt. | 616 | 179 |
| Sykes Printing | 588 | 107 |
| Suntone | 315 | 38 |
| Perrine Cutler Pres | 184 | 11 |
| Tropicana Products | 182 | 30 |
| Classon Paper & Sup | 122 | 21 |
| Paper Depot | 111 | 0 |
| Customer Not On File | 107 | 142- |
| Agape Graphics & Pr | 95 | 11 |
| Jame-Sco Graphics, Inc. | 71 | 0 |
| J&R Publishing C | 65 | 0 |
| Postal Instant Press | 34 | 0 |
| Sir Speedy 5537 | 20 | 0 |
| First Marketing Corp. | 2 | 0 |

31.

With respect to accounts handled by John Price in 2000, please state:

     a.  the name of each account;

     b.  the date on which each account was assigned to John Price;

     c.  the name, address, and/or title of the person who assigned the account

        to John Price;

     d.  the value of the account when it was assigned to John Price;

     e.  the total income generated by the account in 2000.

**RESPONSE TO NO. 31:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 2000; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, made all account assignment decisions until June 2000; thereafter John Glaze and Lou Kaminow, as Sales Manager, made account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

In addition to the accounts listed below, with respect to Branch 46, the accounts serviced by Price in FY2000 and the gross profit and commission earned on each account can be found on documents produced contemporaneously herewith to Plaintiff at Bates Number DEF13161.

| Response To: | a. Accounts Held for Fiscal Year 2000 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | V.P. Press | 28,454 | 4,593 |
| | Yovino Printers | 19,883 | 3,813 |
| | School Bd. of Dade Cou | 18,297 | 2,235 |
| | Miami Dade Community | 16,472 | 5,487 |
| | Owen Business Sys. Inc. | 14,774 | 2,895 |
| | Naples Graphics & Pri | 14,233 | 3,226 |
| | Sir Speedy Instant Pr | 11,518 | 1,912 |
| | M&M Press | 11,390 | 1,692 |
| | So. Bus. Cards Corp. | 9,666 | 2,074 |
| | Communiprint | 6,593 | 985 |
| | Minuteman Press | 6,566 | 375 |
| | First Marketing Corp. | 6,145 | 1,137 |
| | Commerce Prtg Asso | 4,966 | 271 |
| | STL Precision | 4,827 | 1,325 |
| | Best Impressions | 4,771 | 504 |
| | Dynamic Graphics Gr | 3,835 | 624 |
| | Graphica Services Inc. | 3,704 | 854 |
| | Downtown Digital Prtg | 3,100 | 261 |
| | Proprint & Graphic | 2,345 | 368 |
| | Perrine Cutler Pres | 2,252 | 334 |
| | Postal Instant Press | 1,951 | 86 |
| | Sykes Printing | 1,702 | 234 |
| | Suntone | 1,549 | 283 |
| | Southern Color | 1,447 | 199 |
| | R.C. Cruise Line Prt. | 1,302 | 363 |
| | Jame-Sco Graphics Inc. | 1,216 | 172 |
| | City of Coral Springs | 1,110 | 103 |
| | Customer Not On File | 1,088 | 371- |
| | Tropicana Products | 863 | 157 |
| | Daniels Printing | 487 | 57 |

| Response To: | a.<br>**Accounts Held for Fiscal Year 2000** | d.<br>**Gross Profit Earned** | e.<br>**Commission Earned** |
|---|---|---|---|
| | Minuteman Press Soc | 242 | 13 |
| | Print-A-Matic | 225 | 37 |
| | First Impression Prt. | 134 | 26 |
| | Classon Paper & Sup | 58 | 0 |
| | Paper Depot | 27 | 0 |
| | Sir Speedy 5537 | 25 | 0 |
| | Allied Graphics | 25 | 0 |
| | J&R Publishing Co | 25- | 0 |
| | Laser Tech Services | 97- | 0 |

Respectfully submitted this 29th day of January, 2001.

> TROUTMAN SANDERS, LLP
> Attorneys for Unisource Worldwide, Inc.
> 5200 Bank of America Plaza
> 600 Peachtree Street, N.E.
> Atlanta, Georgia 30308-2216
> Ph: (404) 885-3000
> Fax: (404) 885-3900
>
> By:_____
>     Robert H. Buckler
>     Georgia Bar No. 092650
>     Robert C. Stevens
>     Georgia Bar No. 680142

OF COUNSEL:

Juan C. Enjamio
Florida Bar No. 571910
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

| | |
|---|---|
| BETTY ORTEGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV-DIMITROULEAS |
| v. | ) |
| | ) Magistrate Judge Johnson |
| UNISOURCE WORLDWIDE, INC., a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SEVENTH**

**SET OF INTERROGATORIES** upon opposing counsel by depositing a true and

correct copy of same in the United States mail with adequate postage thereon and

addressed as follows:

Karen C. Amlong, Esq.
Jennifer Daley, Esq.
Amlong & Amlong, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154

This $29$ day of January, 2001.

Robert C. Stevens

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

        Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

        Defendant.

_____/

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO
## PLAINTIFF'S NINTH SET OF INTERROGATORIES

COMES NOW, Defendant, Unisource Worldwide, Inc. ("Defendant"), and

responds to Plaintiff's Ninth Set of Interrogatories (hereinafter "Plaintiff's

Interrogatories") as follows:

## GENERAL OBJECTIONS

Defendant hereby adopts and incorporates by reference the following general

objections in each of its responses to Plaintiff's individual interrogatories:

1.

Defendant objects to any instructions or definitions contained in Plaintiff's Ninth Set of Interrogatories which seek to impose upon Defendant any duties, obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

2.

Defendant objects to Plaintiff's Interrogatories to the extent that they seek:

(a)    information or documents containing confidential communications between Defendant and its attorneys, which documents are protected by the attorney-client privilege;

(b)    information or documents compiled or prepared by Defendant or its attorneys in anticipation of litigation, in the preparation of Defendant's defense, or which contain or evidence Defendant's attorneys' mental impressions, opinions, or theories, which documents are protected by the work product doctrine;

(c)    information or documents protected by any other privilege or exemption; and

(d)    information or documents not reasonably calculated to lead to the discovery of admissible evidence or which are otherwise not within the permissible scope of discovery, as governed by Federal Rule of Civil Procedure 26(b).

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to, and without waiving any of the foregoing general objections (each of

which is incorporated by reference into the Defendant's responses below to the individual

interrogatories), Defendant responds to Plaintiff's individual interrogatories as follows:

## INTERROGATORIES

1.

What is the name and address of each person who is participating in answering these

interrogatories and, if applicable, the person's official position or relationship with the party

to whom the interrogatories are directed?

## RESPONSE TO NO. 1:

| (1) | Amy George | 330 Stevens Street<br>Jacksonville, Florida 32254 | Human Resources Manager<br>Unisource Southeast |
|---|---|---|---|
| (2) | John Glaze | 3501 Commerce Parkway<br>Miramar, Florida 33014 | Vice President and Division<br>Manager – South Florida |
| (3) | Lou Kaminow | 3501 Commerce Parkway<br>Miramar, Florida 33014 | Sales Manager<br>South Florida |
| (4) | Terri Rivero | 3501 Commerce Parkway<br>Miramar, Florida 33014 | Administrative Assistant |
| (5) | Libya R. BaaQar | 133 Peachtree Street, N.E.<br>P.O. Box 105605<br>Atlanta, Georgia 30348 | Paralegal<br>Georgia-Pacific Corp. |

## GENERAL RESPONSE TO INTERROGATORIES 2-6

This general response applies to each interrogatory response below. Plaintiff

requests in subpart (b) that Unisource provide the date on which each account was

assigned to specific sales representatives and in subpart (d) that Unisource provide the

0677220 01                                      -3-

value of each account when it was assigned to the sales representative. As more fully

explained below in each individual response. Unisource lacks sufficient knowledge to

identify the date that each account was assigned to the sales representative and the value

of each account when assigned to the sales representative. However, pursuant to Rule

33(d) of the Federal Rules of Civil Procedure, Unisource produces documents which

contain the most precise information available responsive to subparts b and d.

Furthermore, Unisource provides herein a detailed explanation of how to interpret these

documents to ascertain the information.

I.    Subpart B – The Date Accounts Were Assigned

Subpart b asks Unisource to identify the date each account was assigned to the

sales representatives. As previously stated, Unisource lacks sufficient knowledge to

identify the specific date each account was assigned. Given that, and pursuant to Rule

33(d) of the Federal Rules of Civil Procedure, Unisource refers Plaintiff to the

appropriate documents to ascertain the most precise date Unisource assigned an account.

With respect to accounts where specific dates can be ascertained, Unisource refers

Plaintiff to customer file maintenance forms and memoranda which were previously

produced to Plaintiff at Bates Numbers DEF3621-DEF3623, DEF3625, DEF3824,

DEF3834, DEF2815, DEF2829, DEF2832, DEF2828, DEF2809, DEF2812, DEF2820,

DEF2823, DEF2837, DEF2840, DEF2843, DEF2846, DEF2850, DEF2855, DEF2858,

DEF2861, DEF2865, DEF2868. and DEF3367-DEF3375 or are produced

contemporaneously herewith at Bates Numbers DEF12771-DEF12776. Where a

customer file maintenance form or memorandum lists a specific date, this is the date that

Unisource reassigned the account to the listed sales representative.

Where no customer file maintenance forms or memoranda are available, as heretofore told Unisource lacks sufficient knowledge to identify the specific dates these accounts were assigned. Plaintiff, however, should be able to determine a specific week and/or year that the sales representative first earned commission on each account. To do this, Plaintiff should do the following:

•    Compare the Commission Analysis Reporting System Customer Detail Report Paper Store Consolidation ("Customer Detail Report"), previously produced to Plaintiff at Bates Numbers DEF7910-DEF8397, for FY 1995 (DEF7910-DEF7981), which lists the accounts held by the sales representative in FY 1995, with FY 1996 (DEF7982-DEF8051) for the sales representative;

•    Where an account appears on the FY 1996 Customer Detail Report but did not appear on the FY 1995 Customer Detail Report, it can be assumed that the additional accounts listed on the Customer Detail Report in FY 1996 are new accounts which were assigned during 1996;

•    A comparison of the Customer Detail Reports for FY 1996 and FY 1997, and each subsequent fiscal year until the present will reveal the new accounts assigned to the representative each fiscal year (where an account appears on the sales representative's Customer Detail Report that did not appear on the prior year's report it can be assumed that this is a new account);

•    To determine the week an account first earned commission for the sales representative, review the week by week Commission Statements (SC-1050) for the sales representative for first fiscal year the account appeared on the Customer Detail Report;

• The first week the account appears on the sales representative's Commission Statements (SC-1050) is the first week the account generated commission for the sales representative; the Commission Statements (SC-1050) for the sales representative identified in Plaintiff's Ninth Request for Interrogatories are produced contemporaneously herewith at Bates Numbers DEF13231-DEF15787. The remainder of the Commission Statements (SC-1050) will be produced at Plaintiff's office on Wednesday January 31, 2001 at Bates Numbers DEF15785 through approximately DEF19000;

• If an exhaustive review of the week by week Commission Statements (SC-1050) for the sales representative does not reveal the precise week the sales representative first earned commission on an account, Unisource lacks sufficient knowledge to identify the specific dates or weeks these accounts were assigned;

• If a specific week is not ascertainable, the most specific date available for when the sales representative first earned commission on an account will be the relevant fiscal year;

• The relevant fiscal year date can be determined by a comparison of fiscal year Customer Detail Reports as described above.

Example: Pursuant to the Customer Detail Report for FY 1995, previously produced at Bates Number DEF7921, Plaintiff did not earn commission on Donadios Paper Ink during FY 1995. In FY 1996, however, Plaintiff's Customer Detail Report (DEF7996) reveals that she serviced the account and earned $2,915.00 in commission on the account. Because Unisource does not have a customer file maintenance form or memorandum which reflects the exact date this account was assigned, the most precise

answer that can be ascertained is the week Plaintiff first earned commission. This can be done through a week by week review of Betty Ortega's Commission Statements in FY 1996. Plaintiff's FY 1996 Commission Statements (SC-1050) (DEF13232-DEF13376) show that she first earned commission on Donadios Paper Ink during the week of January 2, 1996.

By repeating the same steps for the sales representative in each subsequent fiscal year, one can determine each week a sales representative first earned commission on each new account.

II.    Subpart D – The Value of Accounts

Subpart d requests Unisource to state the value of each account when it was assigned to the sales representative. Despite the vague use of the term "value" and notwithstanding Unisource's objections, in an effort to assist Plaintiff in ascertaining as precise an answer as possible, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Unisource directs Plaintiff to the documents containing the responsive information. It is possible to determine the gross profit dollar generated by an account the fiscal year prior to when Unisource assigned an account the sales representative. This information can be gathered from the Customer List of Sales and Gross Profit Report (MI3050) previously produced to Plaintiff at Bates Numbers DEF11327-DEF12770. Period 12 of the MI3050 contains the gross profit dollar generated for each account in the previous fiscal year. To determine the gross profit of an account for the previous fiscal year:

    •         Determine the fiscal year the account was assigned to the sales representative through an analysis of customer file maintenance forms, memorandum, or an analysis of the Customer Detail Reports as described above;

    •         Pull the MI3050 for the fiscal year the account was assigned from documents Bates Numbered DEF11327-12770;

    •         The relevant sales representative's MI3050 for the fiscal year in which the account was assigned will show the gross profit earned by the account for the previous fiscal year.

Example: A review of customer file maintenance forms and memorandum show that Plaintiff was assigned Executek Printing in 1999. A review of Plaintiff's MI3050 for fiscal year 1999, reveals that Executek Printing earned $2,068.79 in gross profit in fiscal year 1998. This gross profit dollar figure for the prior fiscal year is the closest approximation of the value of the account when Unisource assigned the account to the sales representative – Plaintiff.

2.

With respect to accounts handled by Richard Crane in 1996, please state:

   a.   the name of each account;

   b.   the date on which each account was assigned to Richard Crane;

   c.   the name address, and/or title of the person who assigned the account to Richard Crane;

   d.   the value of the account when it was assigned to Richard Crane;

   e.   the total income generated by the account in 1996.

## RESPONSE TO NO. 2:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1996 is vague and ambiguous -- it is unclear
whether 1996 means calendar year or fiscal year 1996. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1996; subpart (d) states the gross
profit earned by Unisource for each account; and subpart (e) states the commission earned
for each account. (See chart below for a detailed explanation. Where the chart refers to
Customer Not on File, that reflects an account that is not an active account in 2000 and
Unisource lacks sufficient knowledge to identify the account.) With respect to subparts
(b) and (c), Unisource lacks sufficient knowledge to respond to these subparts.

| Response To: | a.<br>Accounts Held For Fiscal<br>Year 1996 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Stanfast | 82,682 | 18,256 |
| | Rex Three | 25,783 | 4,959 |
| | Dutton Press, Inc. | 24,724 | 4,240 |
| | $Firgos Caribbean Amer | 19,263 | 5,050 |
| | Motivating Graphics | 16,208 | 3,240 |
| | Galleria Press | 12,116 | 1,886 |
| | Copans Prtg & Graphics | 11,938 | 1,939 |

| Response To: | a. Accounts Held For Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Customer Not On File | 9,237 | 1,544 |
| | $Maxigraphics, Inc. #31 | 8,514 | 1,370 |
| | Mark Graphics, Inc. | 7,449 | 914 |
| | Broward Legal Sup., I | 6,804 | 929 |
| | Thompson Press | 6,784 | 1,157 |
| | M P I Printing Center | 6,285 | 1,086 |
| | Orix Credit Allianc 26 | 6,143 | 1,824 |
| | Redi Color, Inc. | 5,791 | 708 |
| | European Graphics | 5,294 | 749 |
| | +Postal Instant Pre 31 | 4,933 | 706 |
| | +Franklin's Boca Ra 31 | 3,839 | 493 |
| | Dash Printing 31 | 3,353 | 478 |
| | Omni Press 31 | 3,337 | 464 |
| | $Photo Associates, 31 | 3,062 | 462 |
| | +G.G. Printing 31 | 2,917 | 483 |
| | S.C.G. & Associates 31 | 2,699 | 409 |
| | $Printing Arts 35 | 2,599 | 320 |
| | Noah's Printing | 2,418 | 379 |
| | Insty Print 31 | 2,060 | 218 |
| | Lithochrome Printin 31 | 1,549 | 206 |
| | Customer Not On File | 1,526 | 179 |
| | Dependable Prt & Of 35 | 1,520 | 276 |
| | First Marketing Corp. | 1,467 | 194 |
| | $Maverick Ltd. Inc. 31 | 1,320 | 187 |
| | 2B, Inc. | 1,052 | 168 |
| | Peak Seven | 1,008 | 98 |
| | $Scarlett Industrie 31 | 918 | 152 |
| | Tags & Labels Inc. 31 | 868 | 125 |
| | $Rapid Graphics, In 31 | 847 | 70 |

| Response To: | a. Accounts Held For Fiscal Year 1996 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | A Print Three, Inc. 31 | 817 | 154 |
| | $M & J Graphics, In 31 | 681 | 73 |
| | +G.R.P. Press 31 | 565 | 94 |
| | $D & D Graphics Cor 31 | 552 | 84 |
| | Printing Plus 87 | 485 | 50 |
| | Customer Not On File | 361 | 2,186- |
| | Studio Graphics, In 31 | 308 | 42 |
| | Poinsettia Press In 31 | 289 | 45 |
| | Horner Equipment Of 31 | 269 | 78 |
| | Gulfstream Graphics 87 | 264 | 34 |
| | $Aladdin Inc. Soc 31 | 260 | 38 |
| | AC Graphics Inc. 35 | 187 | 21 |
| | $Oceanside Printing 31 | 162 | 16 |
| | $Courthouse Quick P 31 | 158 | 6 |
| | Jewish Federation | 157 | 21 |
| | $Shenandoah Copy Ce 31 | 128 | 23 |
| | All Graphics | 30 | 0 |
| | Customer Not On File | 21 | 0 |
| | Customer Not On File | 24- | 2- |

3.

With respect to accounts handled by Richard Crane in 1997, please state:

  a. the name of each account;

  b. the date on which each account was assigned to Richard Crane;

  c. the name, address, and/or title of the person who assigned the account

    to Richard Crane;

0677220 01                                                         -11-

d. the value of the account when it was assigned to Richard Crane;

e. the total income generated by the account in 1997.

### RESPONSE TO NO. 3:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1997 is vague and ambiguous -- it is unclear whether 1997 means calendar year or fiscal year 1997. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1997; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all account assignment decisions for fiscal year 1997. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held For Fiscal<br>Year 1997 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Stanfast | 71,019 | 15,691 |
| | Rex Three | 52,980 | 9,549 |
| | Dutton Press, Inc. | 49,285 | 8,796 |
| | First Marketing Corp. | 19,223 | 3,639 |
| | Thompson Press | 14,649 | 2,444 |

| Response To: | a. Accounts Held For Fiscal Year 1997 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Copans Prtg & Graphics | 14,153 | 2,188 |
| | Galleria Press | 11,892 | 1,780 |
| | Motivating Graphics | 10,133 | 1,936 |
| | $Firgos Caribbean Amer | 9,872 | 2,104 |
| | Spherion Corp. 31 | 8,331 | 2,240 |
| | Redi Color, Inc. | 7,907 | 1,897 |
| | Broward Legal Sup., I | 6,797 | 1,103 |
| | Customer Not On File | 6,350 | 712 |
| | M P I Printing Center | 6,091 | 1,045 |
| | 2B, Inc. | 5,276 | 841 |
| | $Maxigraphics, Inc. # 31 | 5,008 | 563 |
| | Crystal Image Graph 3 | 4,090 | 706 |
| | Metro Dade County | 3,389 | 577 |
| | $Tru Color 35 | 2,865 | 553 |
| | Metro Dade County | 2,549 | 380 |
| | +Postal Instant Pre 31 | 2,411 | 370 |
| | Mark Graphics, Inc. | 2,114 | 228 |
| | +G. G. Printing 31 | 2,067 | 282 |
| | $Photo Associates 31 | 920 | 205 |
| | $Hurricane Graphics 31 | 623 | 91 |
| | Tags & Labels, Inc. 31 | 242 | 25 |
| | A Print Three, Inc. 31 | 139 | 17 |
| | A & L Prtg. & Graphics | 114 | 6 |
| | $Maxigraphics, Inc. # 35 | 72 | 7 |
| | Peak Seven | 53 | 6 |
| | All Graphics 31 | 50 | 9 |

4.

With respect to accounts handled by Richard Crane in 1998, please state:

   a.  the name of each account;

   b.  the date on which each account was assigned to Richard Crane;

   c.  the name address, and/or title of the person who assigned the account
       to Richard Crane;

   d.  the value of the account when it was assigned to Richard Crane;

   e.  the total income generated by the account in 1998.

## RESPONSE TO NO. 4:

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous. The request for accounts in 1998 is vague and ambiguous -- it is unclear
whether 1998 means calendar year or fiscal year 1998. In addition, in subpart (d) the
definition of value is vague and ambiguous because Unisource does not know what is
meant by value. Further, the definition of income in subpart (e) is vague and ambiguous
because Unisource does not know what is meant by income. Subject to, and without
waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the
name of each account held at the end of fiscal year 1998; subpart (d) states the gross
profit earned by Unisource for each account; and subpart (e) states the commission earned
for each account. (See chart below for a detailed explanation. Where the chart refers to
Customer Not on File, that reflects an account that is not an active account in 2000 and
Unisource lacks sufficient knowledge to identify the account.) With respect to subpart
(c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all

account assignment decisions in fiscal year 1998. With respect to subpart (b), Unisource

lacks sufficient knowledge to respond to this subpart.

| Response To: | a.<br>Accounts Held For Fiscal<br>Year 1998 | d.<br>Gross Profit<br>Earned | e.<br>Commission<br>Earned |
|---|---|---|---|
| | Dutton Press, Inc. | 83,602 | 16,372 |
| | Rex Three | 77,180 | 14,315 |
| | Stanfast | 58,021 | 12,251 |
| | Metro Dade County | 41,248 | 7,017 |
| | First Marketing Corp. | 28,391 | 5,815 |
| | Thompson Press | 19,213 | 4,123 |
| | Galleria Press | 16,679 | 2,668 |
| | Copans Prtg & Graphics | 13,759 | 2,274 |
| | Motivating Graphics | 8,454 | 1,945 |
| | 2B, Inc. | 7,060 | 1,047 |
| | Broward Legal Sup., I | 5,773 | 913 |
| | Redi Color, Inc. | 5,038 | 652 |
| | Crystal Image Graph 3 | 3,546 | 688 |
| | M P I Printing Center | 3,005 | 529 |
| | Spherion Corp. 31 | 2,867 | 667 |
| | $Firgos Caribbean Amer | 2,358 | 442 |
| | $Tru Color 35 | 1,385 | 333 |
| | $Color Systems Ltd., I | 423 | 181 |
| | Systems & Solutions 35 | 372 | 56 |
| | Curran & Connors | 368 | 89 |
| | Metro Dade County | 360 | 42 |
| | A & L Prtg. & Graphics | 286 | 41 |
| | Mark Graphics, Inc. | 189 | 6 |
| | +Polo Print, Inc. | 21 | 0 |
| | Customer Not On File | | 3,100- |

5.

With respect to accounts handled by Richard Crane in 1999, please state:

    a. the name of each account;

    b. the date on which each account was assigned to Richard Crane;

    c. the name address, and/or title of the person who assigned the account to Richard Crane;

    d. the value of the account when it was assigned to Richard Crane;

    e. the total income generated by the account in 1999.

### RESPONSE TO NO. 5:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 1999 is vague and ambiguous -- it is unclear whether 1999 means calendar year or fiscal year 1999. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 1999. In an effort to correspond fiscal year to calendar year, in 1999 Unisource unified its fiscal year with the calendar year. Because of this move, Unisource is also supplying account information for the fifth quarter of fiscal year 1999 (Oct. 1, 1999 to Dec. 31, 1999). Subpart (d) states the gross profit earned by Unisource for each account; subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and

0677220.01                -17-

Unisource lacks sufficient knowledge to identify the account.) With respect to subpart

(c), John Glaze, as Division Manager, and Bill Ready, as Sales Manager, made all

account assignment decisions in fiscal year 1999 until April 1999; thereafter, John Glaze

made all account assignment decisions. With respect to subpart (b), Unisource lacks

sufficient knowledge to respond to this subpart.

| Response To: | a. Accounts Held For Fiscal Year 1999 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Rex Three | 110,543 | 22,478 |
| | Dutton Press, Inc. | 85,182 | 16,606 |
| | Stanfast | 62,628 | 14,498 |
| | Metro Dade County | 45,368 | 6,861 |
| | Galleria Press | 14,996 | 2,798 |
| | H & D Graphics | 14,925 | 3,460 |
| | 2B, Inc. | 12,579 | 3,041 |
| | Copans Prtg & Graphics | 10,702 | 1,639 |
| | Motivating Graphics | 10,380 | 2,940 |
| | First Marketing Corp. | 9,902 | 1,668 |
| | Thompson Press | 9,321 | 1,998 |
| | Redi Color, Inc. | 8,453 | 1,327 |
| | A & L Prtg. & Graphics | 6,742 | 901 |
| | CPS Communications, In | 6,321 | 1,683 |
| | Broward Legal Sup., I | 5,275 | 1,029 |
| | Super Color, Inc. | 1,574 | 568 |
| | $Tru Color 35 | 581 | 106 |
| | Systems & Solutions 35 | 478 | 84 |
| | Curran & Connors | 449 | 97 |
| | Spherion Corp. 31 | 234 | 24 |
| | Customer Not On File | | 2,597- |
| | Metro Dade County | 29- | 14- |

| Accounts Held for Quarter 5 1999 | Gross Profit Earned | Commission Earned |
|---|---|---|
| Rex Three | 29,667 | 6,158 |
| Dutton Press, Inc. | 17,883 | 3,312 |
| H & D Graphics | 9,192 | 1,564 |
| Metro Dade County | 6,850 | 716 |
| Redi Color, Inc. | 4,609 | 778 |
| CPS Communications, In | 4,204 | 1,159 |
| A & L Prtg. & Graphics | 2,639 | 351 |
| Galleria Press | 2,527 | 390 |
| Copans Prtg & Graphics | 2,280 | 396 |
| Motivating Graphics | 2,239 | 583 |
| Super Color, Inc. | 1,961 | 382 |
| 2521 Corporation | 1,954 | 322 |
| Broward Legal Sup., I | 1,278 | 246 |
| First Marketing Corp. | 1,091 | 179 |
| Laser Tech Services, | 920 | 173 |
| 2B, Inc. | 620 | 50 |
| $Tru Color 35 | 492 | 119 |
| Systems & Solutions 35 | 182 | 50 |
| Peak Seven | 139 | 30 |
| Dodd Printers | 126 | 18 |
| Metro Dade County | 61 | 0 |
| Customer Not On File | | 241- |
| Stanfast | 347- | 123- |

6.

With respect to accounts handled by Richard Crane in 2000, please state:

    a.   the name of each account;

0677220.01                    -19-

b. the date on which each account was assigned to Richard Crane;

c. the name address, and/or title of the person who assigned the account to Richard Crane;

d. the value of the account when it was assigned to Richard Crane;

e. the total income generated by the account in 2000.

### RESPONSE TO NO. 6:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. The request for accounts in 2000 is vague and ambiguous -- it is unclear whether 2000 means calendar year or fiscal year 2000. In addition, in subpart (d) the definition of value is vague and ambiguous because Unisource does not know what is meant by value. Further, the definition of income in subpart (e) is vague and ambiguous because Unisource does not know what is meant by income. Subject to, and without waiving the foregoing objections, Defendant responds as follows: Subpart (a) states the name of each account held at the end of fiscal year 2000; subpart (d) states the gross profit earned by Unisource for each account; and subpart (e) states the commission earned for each account. (See chart below for a detailed explanation. Where the chart refers to Customer Not on File, that reflects an account that is not an active account in 2000 and Unisource lacks sufficient knowledge to identify the account.) With respect to subpart (c), John Glaze, as Division Manager, made all account assignment decisions until June 2000; thereafter John Glaze and Lou Kaminow, as Sales Manager, made account assignment decisions. With respect to subpart (b), Unisource lacks sufficient knowledge to respond to this subpart.

-20-

| Response To: | a. Accounts Held For Fiscal Year 2000 | d. Gross Profit Earned | e. Commission Earned |
|---|---|---|---|
| | Rex Three | 154,462 | 33,031 |
| | Dutton Press, Inc. | 78,326 | 16,182 |
| | H & D Graphics | 53,582 | 10,306 |
| | Metro Dade County | 28,482 | 4,662 |
| | Galleria Press | 18,116 | 3,008 |
| | Redi Color, Inc. | 16,956 | 2,854 |
| | Copans Prtg & Graphics | 10,397 | 1,771 |
| | A & L Prtg. & Graphics | 9,219 | 1,326 |
| | 2521 Corporation | 6,706 | 1,175 |
| | CPS Communications, In | 6,104 | 1,595 |
| | Motivating Graphics | 5,245 | 1,386 |
| | 2B, Inc. | 3,959 | 812 |
| | Super Color, Inc. | 3,703 | 657 |
| | Broward Legal Sup., I | 3,423 | 639 |
| | Dodd Printers | 3,406 | 466 |
| | Peak Seven | 2,343 | 262 |
| | $Tru Color 35 | 324 | 63 |
| | $The Printer | 320 | 52 |
| | Systems & Solutions 35 | 263 | 31 |
| | Customer Not On File | | 380 |

0677220.01

Respectfully submitted this $\underline{29^{TH}}$ day of January, 2001.

> TROUTMAN SANDERS, LLP
> Attorneys for Unisource Worldwide, Inc.
> 5200 Bank of America Plaza
> 600 Peachtree Street, N.E.
> Atlanta, Georgia 30308-2216
> Ph: (404) 885-3000
> Fax: (404) 885-3900
>
> By:_____
>     Robert H. Buckler
>     Georgia Bar No. 092650
>     Robert C. Stevens
>     Georgia Bar No. 680142

OF COUNSEL:

Juan C. Enjamio
Florida Bar No. 571910
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

BETTY ORTEGA,                        )
                                     )
           Plaintiff,                )
                                     )     CIV-DIMITROULEAS
v.                                   )
                                     )     Magistrate Judge Johnson
UNISOURCE WORLDWIDE, INC., a         )
foreign corporation,                 )
                                     )
           Defendant.                )
_____)

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S NINTH SET**

**OF INTERROGATORIES** upon opposing counsel by depositing a true and correct

copy of same in the United States mail with adequate postage thereon and addressed as

follows:

      Karen C. Amlong, Esq.
      Jennifer Daley, Esq.
      Amlong & Amlong, P.A.
      500 Northeast Fourth Street
      Second Floor
      Fort Lauderdale, Florida 33301-1154

This _29__ day of January, 2001.

Robert C. Stevens

00 77220 01                          -23-