IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC.,
a foreign corporation,

    Defendant.
_____/

**NIGHT BOX FILED**

FEB - 1 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### Plaintiff's Motion to Enlarge the Deadline
### for Providing her Marked Trial Exhibits to Defendant

Plaintiff, Betty Ortega, pursuant to Federal Rule of Civil Procedure 6(b)[1] moves for entry of an Order enlarging until seven (7) days after the Court enters an order on defendant's pending motion for summary judgment the deadline for plaintiff to provide her marked trial exhibits to defendant, and states as follow:

---

[1]     Federal Rule of Civil Procedure 6(b) states:

When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified period of time, the court for cause shown may at any time in its discretion...(1) with or without motion or notice order the period enlarged if request is made before expiration of the period originally prescribed or as extended by a previous order . . .


Amlong & Amlong, P.A.

Page 1 of 5

## **Introduction**

1. Pursuant to the Order entered on March 7, 2000, the parties must exchange their pre-marked pretrial exhibits before the execution of the joint pretrial stipulation which is due on February 2, 2001.

2. As of the time of service of this motion, plaintiff has drafted a joint pretrial stipulation and provided it to defendant for review, but plaintiff has not yet received defendant's revisions to the stipulation. The parties also have not yet exchange their witness or exhibit lists. By letter dated January 31, 2001, defendant has informed plaintiff that it will have its marked exhibits available at its counsel's office in Miami "for exchanging" at 1:00 p.m. on February 2, 2001.

3. Plaintiff seeks to enlarge the deadline to provide her marked exhibits to defendant (until seven days after the Court rules on the pending motion for summary judgment) for several reasons:

    a. ***One***, this case involves over 20,000 pages of documents, thousands of which defendant produced to plaintiff this week – one box of which defendant produced to plaintiff on January 30, and another produced on January 31 (yesterday). So, because of the volume of documents involved in the case, some of which have only recently been provided to plaintiff, plaintiff has not yet completed the process of logging the documents, copying the

documents for her exhibit notebooks, placing them in exhibit notebooks, and placing the exhibit labels on them.[2]

    b.   **Two**, plaintiff also is unable to complete processing the exhibits because the undersigned had to prepare for and attend the deposition of plaintiff's expert today (which was taken by defendant's in-house counsel, rather than its attorneys who are litigating this case and are preparing the pretrial stipulation and related pleadings with the undersigned).

    c.   **Three**, without obtaining an agreement from plaintiff, defendant has chosen its office in Miami as the location for exchanging its marked exhibits, even though the undersigned's office is located in Ft. Lauderdale (and so, absent an agreement between the parties, it would make so sense for defendant to have to then travel to Ft. Lauderdale to review plaintiff's exhibits). As plaintiff explained to defendant, it is impossible for the undersigned to travel to Miami tomorrow (the due date for the pretrial stipulation) for 1:00 p.m. (the time when defendant states its exhibits will be available) to review defendant's marked exhibits, prepare plaintiff's own marked exhibits, make written objections to defendant's exhibits, and complete preparation of the stipulation in time for filing tomorrow.

    d.   **Four**, defendant will not be prejudiced by the requested enlargement because, as plaintiff has already explained to defendant, her

---

[2] Also, because the Court has not yet ruled on defendant's pending motion for summary judgment, out of an abundance of caution, plaintiff must include as trial exhibits all of the exhibits pertaining to the claims that are still at issue, which are voluminous.

exhibit list will include both a description of the documents and the corresponding bates numbers that have been used by the parties, and plaintiff has offered to make all of the listed documents (approximately 95% of which were produced by defendant) available to defendant at its convenience for review and inspection.

4. Plaintiff has conferred with defendant about this motion, and defendant objects to it.

5. This motion is filed in good faith and not for the purpose of delay.

WHEREFORE, plaintiff respectfully requests entry of an Order granting this motion to enlarge, and granting her such other and further relief as this Court deems appropriate.

Respectfully Submitted,

*[signature]*

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on February 1, 2001 upon:

Juan C. Enjamio, Esquire
Hunton & Williams
One Biscayne Tower, Suite 2500
2 S. Biscayne Blvd.
Miami, FL 33131

Robert Stevens, Esq.
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308

JENNIFER DALEY I:\CPWin\HISTORY\001222A\6EC 146