UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

NIGHT BOX
FILED AT

FEB - 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## UNISOURCE WORLDWIDE, INC'S MOTION IN LIMINE AND BRIEF IN SUPPORT

COMES NOW Unisource Worldwide, Inc. ("Unisource"), Defendant in the above-styled action. and, pursuant to the Federal Rules of Evidence and this Court's Order Setting Trial Date and Discovery Deadlines, hereby files this Motion in Limine and Brief in Support.

### INTRODUCTION

This is an action brought by Plaintiff Betty Ortega against her current employer, Unisoruce Worldwide, Inc., for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the Florida Civil Rights Act ("FCRA"), F.S.A. §§ 760 et seq., and the federal Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Plaintiff claims that Unisource discriminated and retaliated against her by failing to assign her certain sales accounts and failing to pay her at the same rate of pay as the men, because of her status as a Hispanic female and in retaliation for complaining about the assignment of accounts. Unisource asserts that it assigned accounts to all sales representatives, including Plaintiff, based on financial concerns and sales representatives' experience, skills, available time, and geographic proximity

to accounts, and paid its sales representatives pursuant to a commission matrix applicable to all sales representatives.

At the trial of this case, Unisource expects that Plaintiff will seek to offer evidence that is not relevant to determining whether Unisource elected not to assign accounts to her based on her status as a Hispanic female or in retaliation for complaining about the assignment of accounts or whether Unisource paid Plaintiff less than similarly situated men performing similar work and which therefore should be excluded under Rules 401 and 402 of the Federal Rules of Civil Evidence. Unisource also anticipates that Plaintiff will attempt to offer testimony that is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. Further, Unisource expects that Plaintiff will attempt to offer evidence that has little or no probative value, evidence that is substantially outweighed by the danger of unfair prejudice, evidence that will mislead the jury and confuse the issues in this case, and evidence that will cause undue delay, waste of time and needless presentation of cumulative evidence, all of which should be excluded under Rule 403 of the Federal Rules of Evidence. This Brief discusses the specific evidence Unisource seeks to have excluded by its Motion in Limine and the reasons in support for each requested exclusion.

## DISCUSSION AND LEGAL ANALYSIS

**1.    Evidence of Commissions Paid on Web Sales Accounts Should Be Excluded Pursuant To Fed. R. Evid. 401, 401 and 403 Because it is Irrelevant, and Is Unfairly Prejudicial.**

In bringing her claims of discrimination based on her status as a Hispanic female, equal pay violations and retaliation against Unisource, Plaintiff may seek to introduce evidence regarding commissions paid to sales representatives for web account sales. Specifically, Plaintiff may attempt to introduce evidence of a separate commission plan for web sales in Unisource's Miami division. Evidence of this separate commission pay plan is irrelevant and improper in this case, and should therefore not be admitted.

Ortega's Amended Complaint alleges, without specificity, that Unisource discriminated against her based on her sex, race and national origin in the assignment of accounts and pay. (Amended Compl. at ¶¶ 10. 21, 29, 37, 49, 57, 65.) Plaintiff's response to Unisource's Motion for Summary Judgment limits her claims solely to her status as a Hispanic female. (Plaintiff's Response at 1.) Ortega's Amended Complaint also alleges that Unisource retaliated against her

for complaining about the discriminatory assignment of accounts. (Amended Compl. at ¶¶ 19, 41, 69.) During her deposition, Ortega identified several of the accounts that she is complaining about in the instant action and specifically stated which accounts she is not complaining about in the instant action. Ortega testified under oath that her lawsuit does not include the assignment of web accounts. (Pl. Dep. at 87.)

Q:    Are there any web sales accounts that you believe should have been assigned to you but were assigned to someone else?

A:    No, sir. I don't get involved in web sales at all.

Q:    So your complaint here in regard to the assignment of accounts does not deal with web sales?

A:    No, sir.

(Pl. Dep. at 86-87.) Moreover, Plaintiff testified that she has never sold web accounts and does not even want to sell web accounts. Indeed, Plaintiff testified that when Unisource assigned new a web account she immediately returned it.

Q:    Have you ever done web sales?

A:    No sir.

Q:    Have you ever asked for web sales accounts?

A:    I was given one when John Huempfner left.

Q:    So one of Huempfner's accounts you were given when he left?

A:    Right, it was $14.

Q:    Was it web sales?

A:    It was web sales and then I turned it in the minute I walked into the place.

Q:    You did what?

A:    I turned it back into the company

Q:    It was assigned to you and you gave it back to the company?

A:    Yes, sir?

Q:    And what is the name of it?

A:    It was Continental, Continental Printing in Hialeah.

Q:    And other than that one instance when they gave you continental printing as an account, have you ever done any web sales since?

A:     No, Sir.

Q:     Are there any web sales accounts that you believe should have been assigned to you but were assigned to someone else?

A:     No, sir. I don't get involved in web sales at all.

(Pl. Dep. at 85-87.) Despite Plaintiff's unequivocal deposition testimony, it is anticipated that Plaintiff will seek to introduce evidence relating to web accounts and the web account commission structure. In fact, Plaintiff has already sought to change her deposition testimony after the close of discovery and after Defendant filed its Motion for Summary Judgment through a sanctionable errata sheet and sham declaration. Plaintiff's attempts to surreptitiously introduce this information is a disingenuous attempt to manufacture an issue of fact which is currently the subject of two Motions to Strike filed by Defendant. Simply put, such evidence should be excluded because Plaintiff has admitted that the assignment of web accounts and the web commission structure are not at issue in this action.

Furthermore, any evidence of this sort should be excluded from the trial of this case under Rules 103(c), 402 and 403 of the Federal Rules of Evidence. The evidence is irrelevant as it concerns matters that are not in dispute in this case. The introduction of this evidence would be solely for the purpose of inflaming and confusing the jury and would be unduly prejudicial to Defendant.

**2.     Evidence Of Alleged Sex, Race Or National Origin Discrimination Or Retaliation Against Current Or Former Employees Of Unisource Should Be Excluded Pursuant to Fed. R. Evid. 401, 402 And 403 Because It Is Irrelevant, Unfairly Prejudicial, Will Confuse The Issues, Mislead The Jury, and Cause Undue Delay And Waste Of Time.**

Unisource expects Plaintiff to try to call as witnesses several current and former employees in its Miami Division to testify or introduce documentary evidence regarding alleged discriminatory actions on the basis of sex, race and national origin supposedly taken against them by Unisource. Specifically, Defendant expects Plaintiff to try to call as witnesses Eleanor Jablonsky, Bobbie Vega, Holly Hernandez, Kathy Healy and William Rominger to testify exclusively to allegations of sex, race and/or national origin discrimination unique to them. Unisource also anticipates that Plaintiff will seek to illicit testimony from other witnesses relating to alleged discrimination solely against them. Furthermore, Unisource believes that

Plaintiff will seek to introduce an April 1998 letter from William Rominger to Cecil McClary regarding the treatment of Eleanor Jablonsky. This evidence is improper and should be excluded because it is irrelevant to Ortega's claim that *she* was discriminated against based on her status as a Hispanic female and because of the danger of unfair prejudice to Unisource, confusion of the issues, misleading the jury, undue delay and waste of time.

Ortega's ultimate burden in this case is to prove by a preponderance of the evidence that Unisource refused to assign her accounts because of her status as a Hispanic female and/or in retaliation for complaining about the assignment of accounts and paid her differently because of her sex. McDonnell Douglas, 411 U.S. 792. Testimony by other current or former employees of Unisource regarding alleged discriminatory and/or retaliation action supposedly taken against *them* does not tend to disprove or prove that Ortega was in fact, *intentionally* discriminated or retaliated against. Thus, this testimony is not relevant under Rule 401 of the Federal Rules of Evidence. Moreover, much of the evidence that could be offered by these current and former employees is further irrelevant because it would necessarily differ as to the alleged discriminatory and/or retaliatory actions taken, including the alleged perpetrator(s) of such actions. See Kunzman v. Enron Corp., 941 F. Supp. 853, 864 (N.D. Iowa 1996) (evidence of an employer's past discriminatory acts against others is not probative of plaintiff's discrimination claims where the employees involved in the improper activity were unconnected with those who allegedly discriminated against plaintiff).

Courts have long recognized that testimony about an employer's conduct towards other employees not a party to the case is not relevant to a plaintiff's individual claim of discrimination. For example, in Goff v. Continental Oil Co., 678 F.2d 593, 596 (5th Cir. 1982),[1] the Fifth Circuit held that the testimony of three nonparty former employees' accounts of employer's racial discrimination against them, even if true, was irrelevant to the issue of whether Goff had suffered discriminatory treatment. Specifically, the Court stated,

> Goff's claim was one of individualized, as opposed to classwide
> discrimination.    To prevail he had to show that Conoco
> purposefully discriminated against him.    The witnesses Goff

---

[1]    Carter v. South Central Bell, 912 F.2d 832 (5th Cir. 1990) effectively overruled Goff by holding that 42 U.S.C. § 1981 did not apply to discriminatory discharge. Carter, 912 F.2d at 840-41. The 1991 amendments to the Civil Rights Act of 1964, however, expanded the application of 42 U.S.C. § 1981 to discriminatory discharge, thereby re-establishing Goff as good law.

> wanted to call could not testify to Conoco's motive, intent, or
> purposefulness in failing to promote Goff . . . All the witnesses
> could have testified to was their own individualized dealings with
> Conoco . . . Because this testimony would not have related to the
> issue of whether Goff suffered discrimination, the court did not err
> in refusing to admit this testimony.

Id. at 596-597 (emphasis in original).

> Similarly, in Williams v. Boorstin, 663 F.2d 109 (D.C. Cir. 1980), the court noted,

> This is not a class action . . . Consequently, in this case, evidence of
> systematic or general instances of discrimination can only be collateral to
> evidence of specific discrimination against the actual plaintiff . . . [T]he case at
> bar concerns [the plaintiff] only and we are unavoidably constrained by the facts
> pertaining directly to this case. At the very least, it is inappropriate to rely on
> extrapolation from general evidence of discriminatory episodes when there is
> available specific evidence directly relevant to the particular plaintiff.

Williams, 663 F. 2d at 115 n.38. See also Callanan v. Runyun, 75 F.3d 1293, 1298 (8th Cir.
1996) (district court did not abuse its discretion in excluding testimony of various individuals
regarding acts of discrimination they experienced or witnessed which plaintiff attempted to
introduce to buttress her assertion of disparate treatment); Schrand v. Federal Pac. Elec. Co., 851
F.2d 152, 156 (6th Cir. 1988) (testimony of two former employees about alleged statements
made to them concerning their age was not relevant in age discrimination claim of another
employee); Franco-Rivera v. FDIC, 751 F. Supp. 13, 14 n.1 (D.P.R. 1990) (defendant's motion
in limine to exclude testimony of other individuals who plaintiff intended to call to testify about
their own discrimination complaints was granted since such evidence is irrelevant to plaintiff's
own individual claims).

To prevail in this case, Ortega must show that Unisource refused to assign her accounts
based on her status as an Hispanic female or in retaliation against her for complaining about
account assignments. Evidence of alleged discrimination toward other current or former
employees would not establish Unisource's motive, intent, or purposefulness in deciding not to
assign accounts to Ortega because those situations are factually distinct from Ortega's situation.
Testimony by other employees, who may have not received accounts for reasons unrelated to the
issues in this case, has no relevance to Ortega's claim. Harvey v. Anheuser-Busch, Inc., 38 F.3d
968, 972 (8th Cir. 1994); Bizzle v. McKesson Corp., 961 F.2d 719 (8th Cir. 1992). Instead,

testimony of other employees would only be relevant to their own individualized dealings with Unisource. Within the context of this case, testimony regarding factually dissimilar allegations of discrimination and retaliation would not assist in the development of a reasonable inference of discrimination. Id.; Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1419 (8th Cir. 1995).

Furthermore, in the instant case the evidence of alleged discrimination against others is irrelevant since the individuals were not parties to, or witnesses of, the conduct allegedly engaged in against Ortega. As a result, any evidence of discrimination against any other individual formerly or currently employed by Unisource is irrelevant and should be precluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence. Callanan, 75 F.3d at 1297; see also Biggs v. Nicewonger Co., 897 F. Supp. 483, 484 (D. Or. 1995) (evidence of alleged incidents of sexual harassment against other employees not witnessed by plaintiff or not related to her employment was irrelevant and prejudicial). Accordingly, for all of these reasons, Ortega should be precluded from introducing evidence of alleged discrimination or retaliation against any other individual employed by Unisource since this evidence is not relevant to the issue of whether Ortega was not assigned accounts because of her status as a Hispanic female or in retaliation for complaining about the assignment of accounts.

Assuming *arguendo*, however, that evidence of alleged discrimination against other former and current employees is in some part relevant, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This evidence has no direct bearing on the issue to be decided – whether Ortega was not assigned accounts because of her status as a Hispanic female or in retaliation for complaining about the assignment of accounts. Testimony by other former and current Unisource employees regarding alleged discrimination or retaliation against them would only serve improperly to embellish the circumstantial evidence directed to that issue, resulting in unfair prejudice to Unisource. In addition, the testimony would confuse the jury by focusing the jury's attention on unrelated events. If the jury were to believe the allegations of these current and former employees, there is a distinct danger that the jury would assume a connection that does not exist between the alleged, distinct claims involving other individuals and that of Ortega. This is sufficient unfair prejudice such that this evidence should be excluded under Rule 403 of the Federal Rules of Evidence.

Moreover, the admission of such evidence would place Unisource in the position of having to present defensive evidence as to every one of the potential witnesses' claims of discrimination, resulting in a series of "mini-trials" centering on the rebuttal of the alleged discriminatory acts taken against each potential witness, the employment history of each potential witness, the presentation of witnesses who were not subject to discrimination, and the expenditure of significant litigation time on collateral issues, and inevitably jury confusion, delay and prejudice. See McWhorter v. Birmingham, 906 F.2d 674, 679 (11th Cir. 1990); (affirming Judge Clemon's exclusion of testimony of alleged harassment and intimidation against other employees by Plaintiff's Supervisor); see also McCleland v. Montgomery Ward & Co., 1995 WL 571324, at *3 (N.D. Ill. 1995) (if evidence of another employee's claim of harassment was introduced, defendant would be forced to present evidence refuting this issue, necessitating a "trial within a trial" and the expenditure of a great deal of time on an issue that is collateral to plaintiff's claim, unfairly prejudicing defendant and confusing the issues); Sims v. Mulcahy, 902 F.2d 524, 531 (7th Cir. 1990) (affirming exclusion of evidence surrounding another termination in § 1981 case). On the other hand, Unisource might choose not to present rebuttal evidence as to these witnesses, resulting in an "obvious prejudicial impact." Moorhouse v. Boeing Co., 501 F. Supp. 390, 392 (E.D. Pa. 1980), aff'd, 639 F.2d 774 (3d Cir. 1980). In Moorhouse, for example, the court did not allow testimony by former employees regarding alleged age discrimination committed against them. In considering the plaintiff's motion for a new trial, the court held:

> Had the witnesses been permitted to testify about circumstances surrounding their own lay off, each, in essence, would have presented a prima facie case of age discrimination. Defendants would then have been placed in the position of either presenting the justification for each individual's lay off, or of allowing the testimony to remain unrebutted. The latter alternative, of course, would have an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, defendant would have been forced, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation.

Id. at 392. The court further held that each of the factors set forth in Rule 403 – danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and needless

presentation of cumulative evidence – would have resulted had the evidence been admitted. Id. at 393.

Introduction of collateral evidence of sex, race or national origin discrimination or retaliation against current or former employees would have the same effect in this case. Admission of testimony by current or former employees would place Unisource in the unfair position of having either to defend each instance of alleged discrimination, or face the prejudicial result of letting the allegations go unrebutted. This would not only mean the expenditure of unnecessary time and resources, but would result in confusion of the issues and misleading the jury as well. In order to avoid this danger, this irrelevant and collateral evidence should be excluded. See Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987) (finding in a Title VII and § 1981 case, that the probative value of evidence regarding employer's alleged prior discriminatory acts against employees was substantially outweighed by danger of confusion of issues or undue delay); Spence v. Maryland Cas. Co., 803 F. Supp. 649, 670 (W.D.N.Y. 1992), aff'd, 995 F.2d 1147 (2d Cir. 1993). Accordingly, this Court should exclude testimony by other employees of alleged discriminatory and retaliatory acts by Unisource as irrelevant, unfairly prejudicial, confusing, misleading, dilatory and wasteful under Rule 403 of the Federal Rules of Evidence.

## 3.    Evidence Of Promotions Should Be Excluded Pursuant to Fed. R. Evid. 401, 402 and 403 Because it is Irrelevant, and is Unfairly Prejudicial.

In bringing her claims of discrimination based on her status as a Hispanic female and retaliation against Unisource, Plaintiff may seek to introduce evidence regarding the alleged denial of promotions as an adverse employment action. Specifically, Ortega may assert that Unisource refused to promote her based on her status as a Hispanic female and/or in retaliation for complaining about the assignment of accounts based on a protected category. Evidence regarding promotions is irrelevant and improper in this case, and should therefore not be admitted.

Ortega's Amended Complaint alleges that "Unisource failed to consider Ortega and/or passed Ortega over for promotions and assignments for which she was qualified in favor or equally or less qualified males." (Amended Compl. at ¶¶ 21 & 49.) During her deposition, Plaintiff clarified what she meant by promotions and assignments. (Pl. Dep. at 65-66.)

Specifically, Ortega testified that she is not alleging that Unisource failed to promote her.

Rather, she is only asserting that Unisource failed to assign her accounts on a discriminatory and retaliatory basis.

Q: Now, we will just use paragraph 21, which is the same as paragraph 49. It says you were treated differently and worse than male sales representatives. And in particular it says first that they failed or passed over you for promotions. My first question to you is when were you passed over for a promotion?

A: For assignment of accounts.

Q: So you are not talking about being promoted to a different position within the company –

A: No, sir.

Q: -- from sales rep?

A: No, sir.

Q: You are not alleging that the company didn't promote you to manager or sales manager?

A: I am not looking for that, sir.

(Pl. Dep. at 65-66.) Despite Ortega's unequivocal testimony, it is anticipated that Plaintiff may seek to introduce evidence relating to promotions. To suggest that Unisource passed over Ortega for promotions to the jury will confuse the jury and unduly prejudice Defendant. Such evidence should not be allowed under Rules 103(c), 401 and 403 of the Federal Rules of Evidence

**4.  Evidence Of The Assignment Of Accounts Previously Assigned To Michael C. Altholz, Gene Press, and Larry Press Should Be Excluded Pursuant to Fed. R. Civ. 401, 402 & 403 Because It Is Irrelevant, Untimely, Unfairly Prejudicial, Will Confuse The Issues, Mislead The Jury, And Cause Undue Delay And Waste Of Time.**

Unisource expects Plaintiff to try to introduce evidence regarding the assignment of accounts previously assigned to former Unisource employees Michael C. Altholz, Gene Press and Larry Press. Specifically, Unisource anticipates that Plaintiff will seek to introduce evidence and elicit testimony that Unisource did not assign her the accounts serviced by Altholz and Gene and Larry Press, when they left the employment of Unisource, because of Ortega's status as a Hispanic female and/or in retaliation for complaining about the discriminatory assignment of accounts. Each of these three former Unisource employees left the employment of Unisource

more than three years before Plaintiff filed this action in December of 1999. Altholtz terminated employment with Unisource in July of 1994. Gene Press terminated employment with Unisource in February of 1996. And, Larry Press terminated employment in June of 1996. Evidence relating to the assignment of accounts serviced by Althotlz, Press and Press when they terminated employment with Unisource should be excluded because it is irrelevant to Ortega's timely claims of discriminatory and retaliation assignment of accounts, and because of the danger of unfair prejudice to Unisource, confusion of the issues, misleading the jury, undue delay and waste of time.

Ortega filed the instant lawsuit on December 3, 1999, and filed the charge of discrimination that forms the underpinnings of the instant action on April 23, 1999. Ortega's lawsuit asserts claims of discrimination and retaliation in violation of Title VII and the FCRA. In addition, Ortega asserts claims of discrimination and retaliation in violation of the federal EPA. In order for Ortega's Title VII and FCRA claims to be timely, the alleged discriminatory conduct must have occurred within 365 days of the day Ortega filed her EEOC charge on April 23, 1998. See F.S.A. § 760.11; see also 42 U.S.C. § 2000e-5(e). The statute of limitations with respect to Plaintiff's EPA claims is two years from the date that she filed her lawsuit or December of 1997. Furthermore, the longest potential statute of limitations, that for a willful violation of the EPA, is three years. See 29 U.S.C. § 255(a). Therefore, the longest period that encompasses any of Ortega's potential claims is three years or December 3, 1996. Because all three of these former Unisource employees terminated employment with Unisource prior to December 3, 1996, evidence regarding the assignment of their accounts when they terminated employment is not relevant to proving Plaintiff's case. Thus, this testimony is not relevant under Rule 401 of the Federal Rules of Evidence.

The evidence as it relates to Ortega's FCRA and Title VII claims is not only irrelevant because it antedated Ortega's April 23, 1999, EEOC charge by almost three years, but also because it is too remote from her timely claims. Plaintiff's only timely claims involve the assignment of Gispert's accounts in April 1999 and one account each from Laux and Huempfner in December of 1998. See Plaintiff's Expert Report at 2-3, attached as Ex. 19 to Pl. Stmt. of Disputed Material Facts. As a result, there is over two and one-half year time gap between Plaintiff's claims for Larry and Gene Press' accounts and any timely claim for accounts in this

action. Because of the substantial time gap between Plaintiff's timely claims and her claims for accounts in 1996 and 1994, (and because this is not a continuing violation case) these claims are irrelevant and should be excluded pursuant to Rules 103, 401 and 403 of the Federal Rules of Evidence. See Wagner v. The Dallas Morning News, 79 F. Supp.2d 521, 581 (N.D. Tex. 1999) (account assignments are discrete acts); see also Davis v. City of Stamford, 216 F. 3d 1071, 2000 WL 839924, No. 99-7428 (2d Cir. 2000) (affirming grant of motion in limine excluding evidence of discrimination as too remote).

The evidence as it relates to Ortega's equal pay claim is likewise irrelevant and untimely. All of the alleged acts occurred more than three years before Ortega filed her lawsuit in this action. And, equal pay claims are not continuing violations. To the contrary, a new violation, occurs, if at all, with each pay period. See Knight v. Columbus, 19 F.3d 579, 582 (11th Cir. 1994). As a result, the assignment of accounts does not tend to prove or disprove that Unisource discriminated against her in pay. Rather, it simply involves the assignment of accounts – not the pay rate at which Unisource paid Plaintiff. Accordingly, such evidence, as it related to Plaintiffs equal pay claims, should be excluded under Rules 103(c), 401 and 403 of the Federal Rules of Evidence.

## 5. Defendant Objects To The Introduction Of Any Evidence Or Mention In The Opening Or Closing Statement Of The Internal Sexual Harassment Complaint Ortega Submitted To Unisource In The Summer of 1999.

Defendant anticipates that Plaintiff will seek to introduce, through documentary evidence and testimony, evidence relating to Ortega's internal complaint to Unisource of sexual harassment in the Summer of 1999. It is anticipated that Plaintiff will seek to offer evidence regarding the sexual harassment complaint she submitted to Unisource in the Summer of 1999 asserting that a Georgia-Pacific employee sexually harassed her. Such evidence should be excluded because it is outside the scope of her EEOC charge, not reasonably related or likely to grow out of an investigation of her EEOC charge and not included in her Complaint. See, e.g., Favis v. Herndon, 139 F.3d 904, 1998 WL 78758, at *1, No. 96-15486 (9th Cir. 1998) (affirming lower court's order granting defendant's motion in limine to exclude claims not raised in EEOC charge).

Plaintiff filed her EEOC charge in this action on or about April 23, 1999, alleging exclusively discrimination and retaliation in the assignment of accounts. Ortega did not mention

or suggest allegations relating to sexual harassment. Indeed, this alleged sexual harassment did not even occur until over one year after Plaintiff filed here EEOC charge and Plaintiff did not file a subsequent EEOC charge regarding this alleged event nor did she attempt to amend her Complaint filed herein. As such, evidence regarding this complaint is irrelevant to this action and should not be admitted. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994) (EEOC complaint regarding unequal pay and resulting investigation does not trigger an inquiry into defendant's promotion practices). And, the scope of any subsequent action is limited solely to allegations raised in the EEOC charge or those that "can be reasonably expected to grow out of the charge of discrimination." Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988) (quoting cases). As heretofore stated, Plaintiff's EEOC charge did not allege sexual harassment and sexual harassment is not reasonably expected to grow out of the charge of discrimination relating exclusively to the discriminatory and retaliatory assignment of accounts. See, e.g., Tart v. Hill Behan Lumber Co., 31 F.3d 668, 672 (8th Cir. 1994) (holding that racial harassment charge is not like or reasonably related to claim of racially discriminatory discharge); Weaver v. Florida Power & Light. 1996 WL 479117, at *11, NO. 95-8519-CIV (S.D. Fla. 1996) (sexual harassment charge outside scope of EEOC charge alleging sexually discriminatory discharge). Because this alleged sexual harassment was not in Ortega's EEOC charge or like or reasonably likely to grow out of that charge of discrimination, this alleged harassment is not relevant to Plaintiff's case and should be excluded from the trial of this case. Fed. R. Evid. 401, 402.

**6.  Defendant Objects To The Introduction Of Evidence Of Stray Remarks Of Former Supervisor William Ready Who Was Not The Decisionmaker With Respect To Reassigning Accounts Within The Relevant Time Period.**

Plaintiff may seek to offer evidence of a supposedly discriminating comment made by William Ready. Plaintiff testified in her deposition that William Ready said to her "I have been told that customers don't like Hispanic Women." (Ortega Dep. at 109-10.) Plaintiff will attempt to justify this evidence as probative of some discriminatory animus. This alleged statement should not be admitted in this case because it is irrelevant to Ortega's claims, its

probative value is substantially outweighed by the danger of unfair prejudice, and it will confuse the issues and mislead the jury.

Ready's alleged statement in 1997 is irrelevant to Ortega's effort to prove discrimination and retaliation by Unisource because stray remarks by non-decisionmakers are not evidence of discriminatory or retaliatory animus. Slathar v. Sather Trucking Corp., 78 F.3d 415, 419 (8th Cir. 1996); Bashara v. Black Hills Corp., 26 F.3d 820, 823-24 (8th Cir. 1994); Beshears v. Asbill, 930 F.2d 1348, 1354 (8th Cir. 1991); see also Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 484 (8th Cir. 1997) ("Statements may constitute evidence of impermissible [discriminatory] motive only when they are made by decisionmakers . . . and reflect a discriminatory animus such that a jury could infer it was a motivating factor in the [decision-making] process.") (emphasis added). Ready was not the decisionmaker with respect to the assignment of Gispert's accounts, and the alleged comment at issue did not have anything to do with the assignment of accounts within the relevant time frame. See October 30, 2000, Deposition of John Glaze at 45-46; see also Deposition of Betty Ortega at 109-10, filed December 8, 2000 in support of Defendant's Motion for Summary Judgment; Herrero, 109 F.3d at 484. In fact, not only had Ready ceased being Ortega's supervisor in August of 1998, her allegation against him concerns an alleged discriminatory statement made in 1997 – more than two years before she even filed this action and more than one year before she filed her EEOC charge. Because numerous courts have held that such a remark is not evidence of discrimination as a matter of law, it is not relevant to Plaintiff's case and should be excluded from the trial of this case. Id.; see also Burrell v. Board of Trustees of Georgia Military College, 125 F.3d 1340, 1394 n.7 (11th Cir. 1998); Fed.R.Evid. 401, 402.

Not only is this alleged comment attributed to Ready irrelevant, but admission of such evidence would be highly prejudicial to Unisource, and would confuse and mislead jurors. This type of evidence relating to a Unisource supervisor, while of no legal bearing in this case, often appears to jurors as a type of "smoking gun" evidence of discrimination by a company. Slathar, 78 F.3d at 419. Because it has no probative value as to the actual issues in this case, and because it may cause jurors to make inferences or conclusions of discrimination and/or retaliation that would be improper and unfounded in this case as a matter of law, such evidence is exactly the type of evidence that should be excluded. See Slathar, 78 F.3d at 419 (excluding statement by

human resources official about age of terminated employee (i) because statement was irrelevant since the official was not the decisionmaker and (ii) because statement was "quite prejudicial" to the company and likely to lead to improper inferences by jurors); see also Farley v. Miller Fluid Power Corp., 1997 WL 757863, at *1-3, No. 94 C2273 (N.D. Ill. 1997) (excluding three year old statements by former supervisor because he was not the decisionmaker and because the probative value of the statement was substantially outweighed by the danger of unfair prejudice).  The prejudice inherent in this evidence substantially outweighs any probative value of this evidence, and combined with the likely jury confusion that this statement would cause, this evidence should be excluded.  Fed.R.Evid. 403.

**8.     Evidence of Comments Made By Former Manager Billy Thomas and of the Investigation into Those Comments Should Be Excluded Pursuant to Fed. R. Civ. P. 401, 402, & 403 Because It Is Irrelevant, Untimely, Unfairly Prejudicial, Will Confuse The Issues, Mislead the Jury, And Cause Undue Delay And Waste Of Time.**

Unisource anticipates that Plaintiff will seek to introduce, through documentary evidence and testimony, evidence relating to alleged racial and sexual comments and actions made by former manager Billy Thomas and of Unisource's investigation into Thomas' alleged racial and sexual comments and actions.  It is anticipated that Plaintiff will seek to introduce a July 22, 1994 letter from the sales representatives in Unisource's Miami Division to Cecil McClary alleging that Thomas used racial slurs.  Furthermore, it is anticipated that Plaintiff will seek to introduce testimony regarding Thomas' alleged racially and sexually harassing comments made prior to July of 1994 and Unisource's subsequent investigation in July and August of 1994.  This evidence is improper and should be excluded because it irrelevant to Ortega's claim that she was discriminated against based on her status as a Hispanic female and retaliated against by Glaze and Ready regarding the assignment of accounts in 1998 and 1999, and because of the danger of unfair prejudice to Unisource, confusion of the issues, misleading the jury, undue delay and waste of time.  Thomas is not the decisionmaker at issue, he has not worked in Unisource's Miami division since August of 1994, and these allegations are too remote from the issues in the present action and are outside the scope of the EEOC charge.

Thomas' alleged racially and sexually harassing statements are irrelevant to Ortega's effort to prove discrimination and retaliation in the assignment of accounts because stray remarks

by non-decisionmakers are not evidence of discriminatory or retaliatory animus. See, e.g., Herrero, 109 F.3d at 484. Thomas was not the decisionmaker regarding the assignment of accounts at issue in this action and the alleged comments did not have anything to do with the assignment of accounts within the relevant time frame. In fact, Thomas left Unisource's Miami division in the early Fall of 1994 – more than five (5) years before this lawsuit was filed and almost five (5) years before Plaintiff even filed here EEOC charge of discrimination. Because numerous courts have held that such remarks are not evidence of discrimination or retaliation as a matter of law, the alleged remarks are not relevant to Plaintiff's case and should be excluded from the trial of this case. See, e.g., Burrell, 125 F.3d at 1394 n.7; see also Farley, 1997 WL 757863, at *1-3.

In addition, the alleged comments and actions attributed to Thomas involve exclusively allegations of racially and sexually harassing comments that are clearly beyond the scope of Plaintiff's April 23, 1999 EEOC charge. As heretofore stated, a lawsuit is limited solely to the allegations raised in the EEOC charge and those that "can be reasonably expected to grow out of the charge of discrimination." Baker, 856 F.2d at 169 (quoting cases). Because the allegations regarding Thomas occurred almost five years before Plaintiff filed her EEOC charge (obviously well before the expiration of the one-year statute of limitations) and because racial and sexual harassment allegations are not raised in the charge of discrimination nor reasonably likely to grow out of the charge of discrimination, evidence regarding Thomas' comments and actions and Unisource's subsequent investigation is not relevant to Plaintiff's case and should be excluded from the trial of this case. See Tart, 31 F.3d at 672 (sexual harassment outside scope of charge alleging sexual discharge); see also Weaver, 1996 WL 479117, at *11 (racial harassment outside scope of charge alleging racial discharge), Favis, 1998 WL 78758, at *1 (affirming lower court's ruling excluding claims not raised in EEOC charge); Fla. Sta. § 760.11.1 (365 day statute of limitations); 42 U.S.C. § 2000e-5(e) (300 day statute of limitations); Fed. R. Evid. 401 & 402.

Not only are these alleged comments and actions attributed to Thomas irrelevant and untimely, but admissions of such evidence would be highly prejudicial to Unisource, and would confuse and mislead the jurors. This type of evidence relating to a former Unisource manager, while belated and of no legal bearing in this case, often appears to a jury as a type of "smoking gun" evidence of discrimination by a company. Because this evidence has no probative value as

to the actual issues in this case, and because it may cause jurors to make inferences or conclusions of discrimination and/or retaliation that would be improper and unfounded in this case as a matter of law, such evidence is exactly the type of evidence that should be excluded. See, e.g., Slathar, 78 F.3d at 419. Simply put, the prejudice inherent in this evidence substantially outweighs any probative evidence, and combined with the likely jury confusion that this statement would cause, this evidence should be excluded. Fed. R. Evid. 403.

## 8.    Defendant objects To The Introduction Of Any Evidence By Ofelia Colunga, Plaintiff's Life Partner

It is anticipated that Plaintiff may seek to introduce testimony from Ofelia Colunga relating to her compensatory damages as a result of Unisource not assigning her certain sales accounts and/or counseling her regarding her sales results in 2000 and regarding Unisource's alleged discrimination and retaliation. Colunga is not competent to testify to damages or to the substantive claims raised in Plaintiff's complaint. Colunga is Plaintiff's life partner. (Ortega Dep. at 151.) Colunga is not competent pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Federal Rule of Evidence to testify as an expert as to the cause of Plaintiff's emotional state and/or alleged mental anguish. "To qualify, the putative expert must have such knowledge, skill, experience, training or education that his or her opinion will aid the trier of fact in understanding the evidence." Browder v. General Motors Corp., 5 F. Supp.2d 1267, 1281 (M.D. Ala. 1998). Furthermore, Plaintiff has not listed or disclosed Colunga as an expert witness. Because (1) Colunga is not trained as psychiatrists, psychologists, medical doctors or any other medical professional, (2) she has not been disclosed as an expert, and (3) her proposed testimony would not assist the jury in understanding the evidence, her testimony should be excluded. Simply put, allowing Colunga to testify as to Plaintiff's emotional state and/or the cause of her emotional state offers no competent probative value and would unduly prejudicial. Fed. R. Evid. 403.

In addition, Colunga's anticipated testimony regarding the substantive allegations raised in Plaintiff's complaint is not based on her own personal knowledge and would be cumulative of Plaintiff's testimony resulting in undue delay and waste of time. Plaintiff testified that Colunga has no independent knowledge of any of the facts that Plaintiff alleges in her lawsuit:

Q:    Does Ms. Colunga have any independent knowledge, independent of anything

you told her, any facts that support your claim that you were discriminated against
on the basis of your race, your sex or national origin?

A:     No, sir.

Q:     Does she have any independent knowledge of facts that would support your claim
that you were retaliated against in any way?

A:     No, sir.

(Ortega Dep. at 152.) Because Colunga would be testifying exclusively to events outside the
ambit of her personal knowledge, such testimony should be excluded as hearsay. Fed. R. Evid.
801. Furthermore, such testimony should be excluded because it is cumulative of Plaintiff's
testimony, would create undue delay and waste of time, and any competent probative value is
outweighed by the prejudicial and inflammatory nature of said testimony. Fed. R. Evid. 103,
401, 403.

## 9.     Defendant Objects To The Introduction Of Any Evidence Regarding Alleged
Complaints To Managers And Supervisors Prior To December Of 1996 Regarding
Ready's Alleged Favoritism Of Men Over Women.

Defendant anticipates that Plaintiff will seek to introduce documentary evidence and
testimony relating to alleged complaints she made to managers prior to December 3, 1996
regarding Ready's alleged favoritism of men over women. Plaintiff filed her lawsuit in this
action on December 3, 1999 asserting causes of action for sex, race and national origin
discrimination and retaliation in violation of Title VII and the FCRA and equal pay and
retaliation claims in violation of the EPA. The longest statute of limitations conceivably
applicable to this action is that derived from the EPA – three (3) years. See 29 U.S.C. § 255(a).
Therefore, any evidence relating to events that occurred more than three years prior to the filing
of this action – December 3, 1996, should be excluded.

Despite these facts, it is anticipated that Plaintiff will seek to introduce evidence relating
to actions that occurred prior to December 3, 1996. Specifically, it is anticipated that Plaintiff
seek to introduce evidence that she complained to supervisors Jose Encinosa, Billy Thomas, and
Bob McKee between 1994 and 1996 regarding Ready's alleged favoritism of men over women.
(Ortega Dep. at 91-92.) The complaints Plaintiff allegedly made between 1994 and 1996 all fall
outside the relevant statute of limitations and antedate the filing of this lawsuit by more than

three years. As such, this testimony is irrelevant to the instant action and should be excluded. Fed.R.Evid. 401, 403.

In addition to the fact that these complaints are untimely, they are too remote in time to be relevant to the claims Plaintiff raises in this action. The only alleged discriminatory assignment of accounts that Plaintiff alleges occurred after December 3, 1996, are the assignment of one of Huempfner's former accounts and one of Laux's former accounts which were reassigned after they left Unisource's employment in December of 1998 and the reassignment of Tony Gispert's accounts in April of 1999. See Plaintiff's Expert Report at 2-3, attached as Ex. 19 to Pl. Stmt. of Disputed Material Facts. These alleged discriminatory and retaliatory assignment of accounts occurred more than two years after Plaintiff's alleged complaints between 1994 and 1996. Therefore, Plaintiff's evidence concerning complaints to supervisors Jose Encinosa, Billy Thomas, and Bob McKee between 1994 and 1996, are too remote to be relevant to the instant action. See Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir. 1997) (4-month time period between alleged adverse action and protected activity creates no inference of causation); see also Valdez v. Mercy Hops., 961 F.2d 1401, 1403 (8th Cir. 1992) (no retaliation where there is a six month time gap between the alleged protected activity and the alleged adverse action); Rio v. Runyon, 972 F. Supp. 1446, 1460 (S.D. Fla. 1997) (no retaliation where there is a seven month time gap between the alleged protected activity and the alleged adverse action). Accordingly, such evidence would be irrelevant and prejudicial to Defendant and should be excluded.

Even if these complaints were timely and not remote, these complaints should be excluded for the independent reason that they were made to non-decisionmakers. Plaintiff does not assert, and the evidence does not reflect, that Encinosa, Thomas and McKee were decisionmakers with respect to her discriminatory and retaliatory account assignments. To the contrary, Encinosa, Thomas and McKee were not only non-decisionmakers, but they also did not supervise Plaintiff during the relevant time frame. In fact, Thomas transferred out of Unisource's Miami division in August of 1994. Because these individuals were not decisionmakers and because they did not supervise Plaintiff during the relevant time period, Plaintiff's complaints to them are irrelevant and prejudicial and should be excluded. See generally Burrell, 125 F.3d at 1394.

This __⊂,ᵏ__ day of February, 2001.

HUNTON & WILLIAMS
Attorneys for Unisource Worldwide, Inc.
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
PH: (305) 810-2511
FAX: (305) 810-2460

By: _____
Juan C. Enjamio
Florida Bar No. 57190

OF COUNSEL:

TROUTMAN SANDERS, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

BETTY ORTEGA,                          )
                                       )
            Plaintiff,                 )
                                       )    CIV-DIMITROULEAS
v.                                     )
                                       )    Magistrate Judge Johnson
UNISOURCE WORLDWIDE, INC., a           )
foreign corporation.                   )
                                       )
            Defendant.                 )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **UNISOURCE**

**WORLDWIDE, INC.'S MOTION IN LIMINE AND BRIEF IN SUPPORT** upon opposing

counsel by depositing a true and correct copy of same in the United States mail with adequate

postage thereon and addressed as follows:

> Karen C. Amlong, Esq.
> Jennifer Daley, Esq.
> Amlong & Amlong, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33301-1154

This 5th day of February, 2001.

Juan C. Enjamio
