UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

      Plaintiff,

v.

UNISOURCE WORLDWIDE. INC., a
foreign corporation,

      Defendant.

_____/

**NIGHT BOX**
**FILED** ~··
FEB - 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## JOINT PRE-TRIAL STIPULATION

    COME NOW, Plaintiff BETTY ORTEGA and Defendant UNISOURCE WORLDWIDE,

INC. and pursuant to this Court's Order of March 7, 2000 and Rule 16.1(E) of the Local Rules

for the United States District Court for the Southern District of Florida hereby submit their Joint

Pre-Trial Stipulation as follows:

### I.    STATEMENT OF THE CASE

#### a.    Plaintiff's Concise Statement of the Case

    This is an action by plaintiff, Betty Ortega, a Hispanic female sales representative,

employed by Unisource Worldwide, Inc. ("Unisource"). Ortega claims that Unisource

1

UniaourceOrtegaFinalPretrialStipulation.doc

discriminated against her because she was a Hispanic female (as evidenced by her supervisor,

who assigned accounts, telling her that "customers don't like Hispanic women because they are

too aggressive"), paid her less than male employees doing equal work, and retaliated against her

after she spoke out against discrimination.[1]  Plaintiff sues pursuant to Title VII of the Civil Rights

Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title

VII")(Counts VII and X), the Florida Civil Rights Act, Chapter 760, Florida Statutes

("FCRA")(Count III and VI), and the Equal Pay Act, 29 U.S.C. § 206(d)(Counts I and II).

### b.    Defendant's Concise Statement of the Case

Plaintiff Betty Ortega is and has been employed as a sales representative at

Unisource or its predecessors since 1988. As a sales representative she is required to manage her

sales account base and is responsible for opening new accounts and expanding her account base

through account penetration. Plaintiff services numerous sales accounts and is and has been one

of two sales representatives in Unisource's Miami division who is responsible for overseas

(export) accounts.

As new accounts are developed and sales representatives leave the company, it is often

necessary, provided the existing sales representatives can handle the reassignments, to assign

new accounts and reassign existing accounts among sales representatives. In making account

assignment decisions, Bill Ready, as Sales Manager, and John Glaze, as Division Manager,

evaluate the sales representatives' experience, skill, available time, and geographic proximity to

accounts. Pursuant to this criteria, Ready and Glaze have assigned numerous accounts to

Plaintiff since 1996, particularly in the area of export accounts. According to the aforementioned

---

[1]    As noted in her response to defendant's motion for summary judgment, plaintiff abandons her claims based
**solely** on hr Hispanic ethnicity and national origin (Counts IV, V, VIII and IX of the Amended Complaint) and limits

2

UniaourceOrtegaFinalPretrialStipulation.doc

criteria, Ready and Glaze have also reassigned accounts to other sales representatives, including some of the accounts formerly serviced by Tony Gispert, Dennis Laux and John Huempfner.

Despite the fact that Unisource has assigned Plaintiff numerous accounts since 1996, including several which she admits are quite lucrative. Plaintiff filed a Complaint in December of 1996 alleging that Unisource discriminated against her based on her race, sex, and national origin in the assignment of accounts under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Florida Civil Rights Act ("FCRA"), and in retaliation for engaging in protected activity under Title VII, the FCRA and the Equal Pay Act ("EPA"). Plaintiff also alleged that Unisource paid her less than male sales representatives in violation of Title VII, the FCRA, and the EPA. In response to Defendant's Motion for Summary Judgment, however, Plaintiff voluntarily dismissed all of her claims except her discriminatory assignment of accounts claim based on her status as a Hispanic female with respect to Gispert's former accounts and one former account each of Laux and Huempfner, a retaliation claim based on her complaints about discrimination in violation of Title VII, the FCRA, and the EPA, and equal pay violations in violation of the EPA, Title VII, and the FCRA.

The undisputed facts of this case clearly demonstrate, however, that Unisource did not violate Title VII, the FCRA, or the EPA and did not discriminate or retaliate against Plaintiff in the assignment of accounts or pay. Rather, Unisource assigned all sales accounts based on legitimate non-discriminatory reasons – namely, Unisource's financial concerns and sales representatives' experience, skills, available time, and geographic proximity to accounts. In addition, with respect to the accounts at issue in this action, Unisource paid all sales

---

her discrimination claims to gender discrimination (Counts III VII) on a "sex-plus" theory based on gender **and** her Hispanic origins. See Jeffries v. Harris County Community Action Ass'n, 615 F.2d 1025, 1034 (5th Cir. 1980)

3

representatives in the Miami division on the same 100% commission basis based solely on the quantity of production. Finally, Plaintiff cannot demonstrate a causal connection between her alleged adverse action and her alleged protected activity and Unisource has non-discriminatory reasons for all of its employment decisions.

## II.    BASIS OF FEDERAL JURISDICTION

This Court has subject matter jurisdiction over the claims in this action relating to discrimination in employment and unequal pay pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331, 1343 & 1441. This Court has supplemental jurisdiction over the claims arising under the statutory law of the State of Florida pursuant to 28 U.S.C. § 1367, as the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## III.    PLEADINGS RAISING THE ISSUES

a.    Plaintiff's Amended Complaint deemed filed by Order of the Court on April 18, 2000.

b.    Defendant's Answer to Plaintiff's Amended Complaint filed April 27, 2000.

## IV.    LIST OF ALL UNDISPOSED MOTIONS

a.    Defendant's Motion for Summary Judgment filed December 8, 2000.

b.    Plaintiff's Renewed Motion to Compel With Combined Rule 56(f) Motion for Leave to Supplement Plaintiff's Response to Defendant's Motion for Summary Judgment.

c.    Defendant's Motion to Enlarge Deadline for Serving Response to Plaintiff's Renewed Motion to Compel With Combined Rule 56(f) Motion for Leave to Supplement Plaintiff's Response to Defendant's Motion for Summary Judgment.

4

UniaourceOrtegaFinalPretrialStipulation.doc

d.    Defendant's Motion to Strike the Errata Sheet of Plaintiff Betty Ortega filed January 24, 2001.

e.    Defendant's Motion to Strike Paragraph 27 of the Unsworn Declaration of Betty Ortega under penalty of perjury, pursuant to 28 U.S.C. § 1746 in support of Plaintiff's response to Motion for Summary Judgment filed January 24, 2001.

f.    Defendant's Motion in Limine filed February 2, 2001.

g.    Plaintiff's Motion to Enlarge the Deadline for Providing her Marked Trial Exhibits to Defendant filed over certificate of service dated February 1, 2001.

h.    Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Statement of Disputed Material Facts (to be filed).

i.    Defendant's Unopposed Motion to Enlarge Deadline for Serving Expert Disclosure (to be filed).

j.    Plaintiff's reserves the right to strike defendant's expert and his report to the extend that defendant intends to use the witness for purposes other than rebuttal.

V.    **CONCISE STATEMENT OF UNDISPUTED FACTS**

a.    Venue is proper in the Ft. Lauderdale Division of the Southern District of Florida.[2]

b.    Unisource is a paper distributing company that sells and distributes paper and paper products throughout the United States, the Caribbean and Central and South America; Unisource maintains a branch office in South Florida ("Miami division") which services

---

2    Defendant's Answer at ¶ 3.

5

accounts primarily in South Florida and the Caribbean (export accounts).[3]

    c.    Betty Ortega is an Hispanic female of Cuban descent.

    d.    Unisource Worldwide, Inc., is a foreign corporation, doing business in Broward County, Florida, where Ortega was based, and is and was at all material times an "employer" as defined by 42 U.S.C. §2000e(b), 29 U.S.C. § 203(d), and Chapter 760.02(7), Florida Statutes.[4]

    e.    Betty Ortega is a sales representative for Unisource and has been employed in that capacity by Unisource or one of its predecessors since 1988.

    f.    Bill Ready hired Plaintiff in 1988 and was her supervisor. Following a series of corporate changes, in 1993, Ready assumed the Sales Manager position in Unisource's Miami division and continued to directly supervise Ortega.[5]

    g.    In October of 1996, John Glaze became the division manager of Unisource's Miami division. As division manager, Glaze indirectly supervised Plaintiff starting in October of 1996 and starting in August of 1998, took over direct supervision of numerous printing paper sales representatives including Plaintiff.[6]

    h.    Unisource has assigned Plaintiff numerous accounts since October of 1996.[7]

    i.    In December of 1998, Dennis Laux and John Huempfner, sales representatives in Unisource's Miami division, resigned.[8]

---

3    (Glaze Aff. at ¶ 2; Pl. Stmt. of Disputed Material Facts at 1 n.1.)
4    Defendant's Answer at ¶ 5.

5    (Ready Dep. at 17; Pl. Stmt. of Disputed Material Facts at 1 n.1.)
6    (Glaze Aff. at ¶ 7; Pl. Stmt. of Disputed Material Facts at 1 n.1.)
7    (Ortega Dep. at 94-98.)
8    (Glaze Aff. at ¶ 14; Pl. Stmt. of Disputed Material Facts at 1 n.1.)

6

j.    On March 12. 1999, Glaze sent corporate a letter identifying five

employees that the Miami division intended to discharge.

k.    On March 17. 1999, Tony Gispert, a sales representative in Unisource's

Miami division. announced that he was retiring effective March 26, 1999.[9]

l.    Glaze received recommendations for Gispert's position.

m.    Glaze eliminated Ready's sales manager position in April of 1998 and

Ready became a sales representative effective May 1, 1999.[0]

o.    On or about April 23, 1999, Plaintiff filed a charge of discrimination with

the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on

Human Relations ("FCHR").

p.    The EEOC issued Plaintiff a Notice of Right to Sue dated March 20, 2000.

## VI.    ISSUES OF FACT TO BE LITIGATED AT TRIAL

Defendant contends, as set forth in its Motion for Summary Judgment, that there

are no genuine issues of material fact with respect to Plaintiff's claims.  Accordingly, Defendant

maintains that there are no issues of fact to be litigated at trial.

Plaintiff contends that the following issues of fact remain to be litigated at trial:

a.    Whether defendant discrimination against plaintiff based on her gender

and Hispanic origin.

b.    Whether defendant violated plaintiff's rights under the Equal Pay Act.

c.    Whether defendant retaliated against plaintiff for having complained about

discrimination.

---

9    (Glaze Aff. at ¶ 10.; Pl. Stmt. of Disputed Material Facts at 1 n.1)
0    (Glaze Aff. at ¶ 13.; Pl. Stmt. of Disputed Material Facts at 1 n.1)

UniaourceOrtegaFinalPretrialStipulation.doc

     d.     Whether defendant willfully violated the Equal Pay Act.

     e.     How much, if any, should plaintiff recover for

          i.     back pay and benefits;

          ii.     compensatory damages; and

          iii.     punitive damages.

     f.     To what other relief, if any, is plaintiff entitled.

## VII.    AGREED ISSUES OF LAW

     a.     In order to establish a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Florida Civil Rights Act ("FCRA") Plaintiff must prove by a preponderance of the evidence that: (1) she belongs to a protected category; (2) she suffered an adverse employment action; (3) employees outside her protected class were treated more favorably; and (4) she was qualified for the job.

     b.     In order to establish a prima facie case of retaliation under Title VII or the FCRA, Plaintiff must prove by a preponderance of the evidence that: (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; and (3) the adverse action was causally related to her protected activity.

     c.     If Plaintiff establishes a prima facie case of discrimination or retaliation under Title VII or the FCRA, the burden shifts to Defendant to rebut the inference by presenting legitimate, non-discriminatory reasons for its decisions.

     d.     Under Title VII or the FCRA, Plaintiff must prove by a preponderance of the evidence that Defendant acted with discriminatory or retaliatory intent.

     e.     Under Title VII or the FCRA, The burden of proof lies with the Plaintiff to establish intentional discrimination or retaliation.

8

    f.     If Plaintiff successfully establishes a <u>prima facie</u> case under the EPA, Defendant must show by a preponderance of the evidence that the differential in pay is justified under one of the four statutory exceptions to the EPA:  a <u>bona fide</u> (1) seniority system; (2) merit system; (3) system based on quantity or quality of production; or (4) system based on any other factor other than sex.

    g.     In order to establish a <u>prima facie</u> case of retaliation under the EPA, Plaintiff must prove by a preponderance of the evidence that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) the adverse action was causally related to her protected activity.

    h.     If Plaintiff establishes a <u>prima facie</u> case of retaliation, the burden shifts to Defendant to rebut the inference by presenting legitimate, non-discriminatory reasons for its decisions.

### Defendant's statement of additional issues of law

    i.     Once Defendant has satisfied its burden of producing legitimate, non-discriminatory reasons for its decisions, the burden shifts back to Plaintiff to prove pretext.  In order to prove pretext, Plaintiff must demonstrate that the Defendant's asserted reasons for its decisions are false and that intentional discrimination or retaliation was the real reason for the decision.

    j.     In order to establish a <u>prima facie</u> case of discrimination under the Equal Pay Act ("EPA"), Plaintiff must prove by a preponderance of the evidence that:  (1) she was employed by an establishment subject to the Act; (2) she received wages at a rate less than the rate paid to employees of the opposite sex; (3) she performed work requiring equal skill, effort and responsibility; and (4) she performed work under similar working conditions.

9

k.     The burden of proof lies with Plaintiff to establish intentional retaliation under the

EPA.

## VIII.   ISSUES OF LAW TO BE DETERMINED BY THE COURT

a.     Whether Defendant has established that any pay differential is justified

under a system based on quantity or quality of production.

b.     Whether Plaintiff was discriminated against in violation of the EPA.

c.     Whether Plaintiff was willfully discriminated against in violation of the

EPA.

d.     Whether Defendant retaliated against Plaintiff in violation of Title VII, the

FCRA or the EPA.

e.     Whether Plaintiff is entitled to damages and, if so, how much.

f.     Whether Plaintiff has mitigated her damages.

g.     Whether Plaintiff or Defendant is entitled to attorneys' fees and costs.

h.     Whether Plaintiff's claims are barred in whole or in part by the applicable

statutes of limitations.

### Defendant's statement of additional issues of law to be determined by the

### court

i.     Whether Plaintiff's claims are barred under Title VII or the FCRA because she did

not suffer an adverse employment action.

j.     Whether Plaintiff's claims are barred under Title VII or the FCRA because she

cannot show that employees outside her protected class were treated more favorably.

k.     Whether Plaintiff's claims are barred under Title VII or the FCRA because she

cannot show that she was qualified for the job.

10

UniaourceOrtegaFinalPretrialStipulation.doc

l.    Whether Plaintiff's claims are barred under Title VII or the FCRA because she cannot rebut Defendant's legitimate, non-discriminatory reasons for its decisions.

m.    Whether Plaintiff was discriminated against in violation of Title VII or the FCRA.

n.    Whether Plaintiff's claims under the EPA are barred because she cannot show that she received wages at a rate less than the rate paid to employees of the opposite sex.

o.    Whether Plaintiff's claims under the EPA are barred because she cannot show that she performed work requiring equal skill, effort, and responsibility.

p.    Whether Plaintiff's claims under the EPA are barred because she cannot show that she performed work under similar working conditions.

q.    Whether Plaintiff's claims of retaliation under Title VII, the FCRA or the EPA are barred because she cannot show that she engaged in protected activity.

r.    Whether Plaintiff's claims of retaliation under Title VII, the FCRA or the EPA are barred because she cannot show that she suffered an adverse employment action.

s.    Whether Plaintiff's claims of retaliation under Title VII, the FCRA or the EPA are barred because she cannot show that her adverse action was causally related to her protected activity.

t.    Whether Plaintiff's claims of retaliation under Title VII, the FCRA, or the EPA are barred because she cannot rebut Defendant's legitimate, non-discriminatory reasons for its decisions.

u.    Whether Plaintiff's Complaint fails to state a claim upon which relief can be granted.

v.    Whether Plaintiff's claims under Title VII and the FCRA are barred by Plaintiff's failure to satisfy the administrative prerequisites for filing each claim.

11

UniaourceOrtegaFinalPretrialStipulation.doc

w.    Whether Plaintiff waived some or all of her claims.

x.    Whether Plaintiff raised her claims in the charge of discrimination she filed with the EEOC or the FCHR.

y.    Whether Plaintiff's Title VII and FCRA claims are barred because the claims are based on conduct occurring outside the period prescribed in those statutes for filing administrative charges of discrimination.

z.    Whether Plaintiff's claims for compensatory and punitive damages are barred by the applicable statutory caps limiting the amount of such damages.

aa.    Whether Plaintiff's claims are barred because, to the extent any person affiliated with or employed by the Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's policies and occurred without the consent or ratification of Defendant.

bb.    Whether Plaintiff's claims under the EPA are barred to the extent that Defendant's conduct was at all times in good faith and without malice, willfulness or reckless indifference to Plaintiff's statutory rights.

cc.    Whether Plaintiff's claims are barred by her inability to establish causation.

## IX.    LIST OF WITNESSES

a.    Plaintiff's Witnesses (See Attachment A)

b.    Defendant's Witnesses (See Attachment B)

## X.    EXHIBITS

a.    Plaintiff's Exhibits (See Attachment C)

b.    Defendant's Exhibits (See Attachment D)

UniaourceOrtegaFinalPretrialStipulation.doc

## XI.    LIST OF EXPERT WITNESSES

a.    Plaintiff's Expert Witness

Michael Piette, Ph.D.

b.    Defendant's Expert Witness

Paul White, Ph.D.

## XII.    ESTIMATED TRIAL TIME

It is estimated that trial will last four to five days.

## XIII.    WHERE ATTORNEYS' FEES TO PREVAILING PARTY, AN ESTIMATE OF FEES

Plaintiff estimates that her attorneys' fees through trial will be $150,000 to $200,000.

Defendant disputes that estimate and reserves the right to present evidence rebutting

Plaintiff's estimate at trial.

## XIV.    MEMORANDUM OF LAW AND MOTIONS IN LIMINE

Defendant files its Motion in Limine under separate cover.

13

This _____ day of February, 2001.


_Juan C. Enjamio for_

Karen Coolman Amlong
Florida Bar Number 275565
Jennifer Daley
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Ft. Lauderdale, Florida
(954)        462-1983

Attorneys for Plaintiff Betty Ortega

_Juan C. Enj_

Juan C. Enjamio
Florida Bar Number 5719190
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Blvd.
Miami, Florida
(305) 810-2500

-and-

Robert H. Buckler
Georgia Bar Number 092650
Robert C. Stevens
Georgia Bar Number 680142
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
(404) 885-3000

Attorneys for Defendant Unisource
Worldwide, Inc.

14

## ATTACHMENT A

### Plaintiff's Witness List

### Name and Address

1.    Sylvia Almeida, Ph.D.   (plaintiff's treating physician)
Institute for Family Therapy
10691 N. Kendall Drive, Suite 106
Miami, FL 33176

2.    Bill Bresnehan
287 Windy Hill Drive
Waynesville, NC 28785

3.    Dr. Daniel Lee Cassis    (plaintiff's treating physician)
Miami Heart Institute
4701 N. Meridian Avenue, Suite 7460
Miami, FL 33140

4.    Ofelia Colunga
607 S.W. 130 Place
Miami, FL 33184

5.    Richard Crane
105 Lake Emerald Drive, Apt. 706
Ft. Lauderdale, FL 33309

6.    Franklin Del Rio, D.D.S.  (plaintiff's treating physician)
916 S.W. 67 Avenue
Miami, FL 33176

7.    Tony Gispert
Miami, Florida

8.    John Glaze
4122 Boston Court
Weston, FL 33331

9.    Dr. Lawrence R. Grobman    (plaintiff's treating physician)
409 Mercy Professional Bldg.
3661 S. Miami Avenue
Miami, FL   33137

10.    Kathy Healy
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

11.    John Huempfner
       11945 S.W. 98th Lane
       Miami, FL 33186

12.    Dr. Jose Iparraquierre    (plaintiff's treating physician)
       8950 N. Kendall Dr., Suite 430
       Miami, FL 33176

13.    Eleanor Jablonski
       Hollywood, FL

14.    Lou Kaminow
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

15.    Dr. David Kasner    (plaintiff's treating physician)
       8940 N. Kendall Dr., Suite 400E
       Miami, FL 33176

16.    Dennis Laux
       3060 Venice Way
       Miramar, FL

17.    Dr. Rebecca Martinez    (plaintiff's treating physician)
       Mt. Sinai Medical Center
       4300 Alton Rd., Suite 850
       Miami Beach, FL 33140

18.    Dr. Idelfonso Mas    (plaintiff's treating physician)
       3659 S. Miami Ave., Suite 6002
       Miami, FL 33133

19.    Cecil McCrary
       12710 Cormorant Cover Lane
       Jacksonville, FL

20.    Bob McKee
       c/o Unisource Worldwide, Inc.
       1141 S.W. 12th Avenue
       Pompano Beach, FL

21.     Dr. John Niven    (plaintiff's treating physician)
        1680 Michigan Avenue, Suite 912
        Miami Beach, FL 33139

22.     Betty Ortega
        607 S.W. 130 Place
        Miami, FL 33184

23.     Michael J. Piette, Ph. D.  (plaintiff's expert witness)
        Analytical Economics, Inc.
        3169 Clancy Court
        Tallahassee, FL 32308

24.     Bob Peterson
        522 S.W. Pine Tree Lane
        Palm City, FL 34490

25.     Gene Press
        Miami, FL

26.     Larry Press
        3200 Arbor Lane
        Hollywood, FL 33021

27.     John Price
        c/o Unisource Worldwide, Inc.
        3501 Commerce Parkway
        Miramar, FL 33025

28.     Dr. Eduardo Ragolta, Jr.    (plaintiff's treating physician)
        7500 S.W. 8th Street, Suite 204
        Miami, FL 33144

29.     Bill Ready
        1227 S.W. 87 Terrace
        Plantation, FL 33324

30.     Randy Rominger
        6281 S.W. 5th Ct.
        Plantation, FL 33317

31.     Lawrence Silverman, D.C.   (plaintiff's treating physician)
        11010 N. Kendall Drive, Suite 104
        Miami, FL 33176

32.    Steve Sullivan
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

33.    Billy Thomas
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

34.    Bobbie Vega
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

35.    Jim Ware
       c/o Unisource Worldwide, Inc.
       3501 Commerce Parkway
       Miramar, FL 33025

36.    30(b)(6) corporate representatives designated by defendant,
       including:
       Amy George
       John Glaze
       c/o Unisource Worldwide, Inc.
       1141 S.W. 12th Avenue
       Pompano Beach, FL

37.    The parties

38.    All persons listed on any other party's pretrial witness list

39.    All persons named or referred to in discovery, including all
       persons named or mentioned in answers to interrogatories,
       requests for admissions, depositions, including exhibits, and
       other discovery made or taken herein

40.    All persons named in the pleadings

41.    The preparer of any summary for which notice has been given
       pursuant to Federal Rule of Evidence 1006

42.    Custodian of any document on either party's exhibit list

43.    Impeachment witnesses

Ortega v. UNISOURCE WORLDWIDE
Case Number: 00-6126-CIV-DIMITROULEAS/JOHNSON          Page 4 of 5

44.    Rebuttal Witnesses

I:\CPWin\HISTORY\001222A\6EC.140

**Attachment B**

**Defendant's Witness List of Witnesses Who May Be Called**

1.   Plaintiff

2.   John Glaze
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

3.   Cecil McClary
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

4.   Bill Ready
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

5.   Amy George
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

6.   Jeanne Holmes
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

7.   Jim Ware
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

8.   Phil Hazan
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

9.   Stanley Kurceba
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

10.  John Price
     Unisource Worldwide, Inc.
     (can be reached through counsel for Defendant)

11.  Charles White
     Consolidated Graphics
     (713) 787-0977 (work)

12.    Tony Gispert
       2300 SW 82nd Place
       Miami, FL  33155
       (305) 264-8646 (Home)

13.    Barbara M. Vega
       Mac Paper, Inc.
       5900 NW 176th Street
       Miami, Florida 33015
       (305) 362-9699

14.    Alex Gomez
       Gould Paper
       15600 NW 65th Avenue
       Hialeah, Florida 33014
       (305) 698-6601

15.    Larry Press
       16295 Collins Avenue
       Bal Habour, Florida 33154

16.    Gene Press
       7835 Noremac Avenue
       Miami Beach, Florida 33141
       (305) 865-6686 (Home)

**Attachment B**

**Defendant's Witness List of Witnesses Who May Be Called**

1.    Plaintiff

2.    John Glaze
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

3.    Cecil McClary
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

4.    Bill Ready
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

5.    Amy George
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

6.    Jeanne Holmes
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

7.    Jim Ware
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

8.    Phil Hazan
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

9.    Stanley Kurceba
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

10.   John Price
      Unisource Worldwide, Inc.
      (can be reached through counsel for Defendant)

11.   Charles White
      Consolidated Graphics
      (713) 787-0977 (work)

12.    Tony Gispert
2300 SW 82nd Place
Miami, FL  33155
(305) 264-8646 (Home)

13.    Barbara M. Vega
Mac Paper, Inc.
5900 NW 176th Street
Miami, Florida 33015
(305) 362-9699

14.    Alex Gomez
Gould Paper
15600 NW 65th Avenue
Hialeah, Florida 33014
(305) 698-6601

15.    Larry Press
16295 Collins Avenue
Bal Habour, Florida 33154

16.    Gene Press
7835 Noremac Avenue
Miami Beach, Florida 33141
(305) 865-6686 (Home)

## ATTACHMENT C

### Plaintiff's Pretrial Exhibit List

Ortega v. Unisource Worldwide, Inc.
Case Number: 00-06126-Civ-Dimitrouleas/Johnson

As of 6:00 p.m. Friday February 2, 2001, Plaintiff did not have her trial exhibits properly

marked, numbered and available for exchanging in compliance with the Local Rules of the

Southern District of Florida or the Court's March 7, 2000 Order. Because Plaintiff has not

properly produced her documents for exchanging in compliance with the Court's March 7, 2000,

Order and the Local Rules of the Southern District of Florida and because Unisource has not seen

Plaintiff's exhibits, Unisource objects to all of Plaintiff's documents on her Pretrial Exhibit List

based on relevancy, materiality and authentication. Having never seen Plaintiff's properly

marked exhibits and having not received Plaintiff's exhibit list until 3:30 p.m. on Friday

February 2, 2001, Unisource is unable to provide complete objections to individual exhibits.

Subject to, and notwithstanding these objections, Unisource asserts specific objections to the

exhibits listed on Plaintiff's trial exhibit list based on the bates numbers identified and the

description provided, as follows: [1]

---

[1] Plaintiff objects to the insertion of this narrative in this joint pretrial stipulation. Over certificate
of service dated February 1, 2001, plaintiff filed a motion, which is pending, to enlarge the
deadline for her to complete the process of organizing and placing stickers on her trial exhibits.
However, plaintiff offered to make *all* of her exhibits available to defendant for examination at
the undersigned's office and, if defendant insisted despite plaintiff's pending motion, to place the
labels on the exhibits as they were being examined by defendant. Plaintiff also notes that she did
not receive defendant's exhibit list and *initial* revisions to the joint pretrial stipulation until 11:00
a.m. on February 2, 2001.

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions
insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial
— probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **M**—
Materiality; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | DEF1105 | DEF1109 | Employment Application for Betty Ortega (DEF1105-1109) | None |
| | A&A4 | A&A5 | 10th Anniversary Card to Betty Ortega (A&A4-5) | R, M. |
| | Various | Various | Composite: Evaluations for Betty Ortega<br><br>(a) 12/19/95 (DEF1073-1076)<br>(b) 1997 (DEF1066-1069)[1]<br>(c) 3/9/98 (DEF1057-1060<br>(d) 9/18/98 (DEF1050-1053)<br>(e) 10/12/99 (DEF1238-1239, 3229)<br>(f) 1/30/01 Employee counseling summary (A&A288) | R, M. A. |
| | A&A8 | A&A19 | Letters from John Glaze to Betty Ortega re: work performance<br>(a) 12/6/96<br>(b) 1/8/97<br>(c) 2/6/97<br>(d) 3/10/97<br>(e) 4/10/97<br>(f) 5/7/97<br>(g) 6/4/97<br>(h) 7/17/97<br>(i) 8/5/97<br>(g) 9/5/97<br>(h) 10/9/97<br>(i) 1/8/98 | R, M. |
| | DEF3604 | | Miami Sales Rep Performance Rating (DEF3604) | R, M. |
| | DEF4358 | DEF4360 | 1/2000 Unisource Job Description (DEF4358-4360) | R. |
| | DEF3603 | | Sales Representative Profile (DEF3603) | R, M. |

---

1          The first 2 pages of the evaluation were not produced by defendant.

**Key to objections:  A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice;  **NTD**—Not timely disclosed; **M**—Materiality; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | Various | Various | Unisource policies and procedures<br>(a) Excerpts from Employee Handbook re: "Benefits" (DEF1357-1361)<br>(b) Employee Handbook. May 2000 (Exhibit 30 to Amy George's rule 30(b)6 deposition) (DEF4377-4420)<br>(c) Employee Handbook (DEF1271-1363) | (a) None;<br><br>(b) R;<br><br>(c) None. |
| | DEF1120<br>DEF1148<br>DEF1159 | | Composite: Benefits documents for Betty Ortega:<br><br>(a) Stock Participation Plan form (DEF1120)<br>(b) Savings Plan Election Forms (DEF1148, 1159) | (a) None;<br><br>(b) DEF1148 -R, M; DEF1159 - None. |
| | DEF1162<br><br>A&A287 | DEF1165 | Composite: Forms W-2 for Betty Ortega<br>(a) 1996 (DEF1162)<br>(b) 1997 (DEF1163)<br>(c) 1998 (DEF1164)<br>(d) 1999 (DEF1165)<br>(e) 2000 (A&A287) | (a) R, M;<br><br>(b) R. M;<br><br>(c) R, M;<br><br>(d) None;<br><br>(e) None. |
| | DEF3626 | DEF3627 | 7/22/94 Letter to Cecil McClary (DEF03626-03627) | R. M, A, H. UP. |
| | DEF3628 | | 4/29/98 Letter from William Rominger to Cecil McClary (DEF3628) | R. M, A, H, UP. |
| | DEF3376<br>DEF4219 | DEF3381<br>DEF4224 | Composite: Salesman Master Lists (DEF4219-4224, 3376-3381) | R, M. |
| | DEF3382 | DEF3387 | Personnel lists for:<br><br>(a) 1/1/95 (DEF3382-3383)<br>(b) 1/1/96 (DEF3384-3385)<br>(c) 3/1/96 (DEF3386-3387) | All – R, M. |

**Key to objections:** **A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | DEF1245 DEF4355 | DEF1255 DEF4356A | Composite: Commission Schedules for: (a) 3/17/95 Schedules (DEF1253-1255) (b) 3/17/96 Warehouse/Indirect Commission Schedule Supply Systems & Printing (DEF1252) (c) 1/15/96 Direct Commission Schedule Supply Systems & Printing (DEF1251) (d) 1/1/98 Schedules (DEF1247-1250) (e) 2/1/99 Schedules (DEF1245-1246) (f) 2/1/99 (revised) Schedules (DEF4355-4356A) (g) 2/1/99 Indirect Commission Schedule Supply Systems & Printing (DEF1246) | (a) R, M; (b) R, M; (c) R, M; (d) None; (e) None; (f) None; (g) None. |
| | EEOC185 | EEOC190 | Composite: Defendant's Commission Paid Charts for: (a) Fiscal Year 1994 (DEF2737) (b) Fiscal Year 1995 (DEF2738) (c) Fiscal Year 1996 (DEF2739) (d) Fiscal Year 1997 (DEF2740) (e) Fiscal Year 1998 (DEF2741) (f) YTD 1999 (DEF2742) (g) Projected Fiscal Year 1999 (DEF2743) | All - R, M, A. |
| | Various | Varoius | Spreadsheets re: 1994-1999 commissions paid (DEF2795 - 2803, 2876-2877) | R, M. |
| | DEF7921 DEF8115 DEF8129 DEF8261 DEF8315 DEF8326 | | Commission Analysis Reports for Betty Ortega for: (a) Fiscal Year 1996 (DEF7921) (b) Fiscal Year 1997 (DEF8115) (c) Fiscal Year 1998 (DEF8192) (d) Fiscal Year 1999 (DEF8261-62) (e) October - December 1999 (DEF8315) (f) YTD 2000 (DEF8326) | (a) R, M; (b) R, M; (c) R, M; (d) None; (e) None; (f) None. |

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | Various | Various | Commission Statements for Betty Ortega: for:<br><br>(a) 2000 - (DEF1364-1367, 1911-1920; A&A285-286) (DEF13835-13937)<br>(b) 1999 - (DEF1368-1457, 1921-2059, A&A29-67) (DEF13682-13834)<br>(c) 1998 - (DEF1466-1574, 2060-2184) (DEF13514-13681, 11022-11031)<br>(d) 1997 - (DEF1653-1678, 2185-2447, 2248-2318) (DEF13377-13513, Branch 45: DEF13938-14189, Branch 46)<br>(e) 1996 - (DEF1575-1652, 2319-2453) (DEF13231-13376)<br>(f) 1995 - (DEF1679-1787, 2554-2560) | (a) None;<br><br>(b) None;<br><br>(c) R, M;<br><br>(d) R, M;<br><br>(e) R, M;<br><br>(f) R, M. |
| | Various | Various | Commission Statements for John Huempfner for:<br><br>(a) 1999 Branch 45 (DEF16431-16538)<br>(b) 1998 Branch 45 (DEF16198-16430) (DEF7727-7765, 7779-7909)<br>(c) 1997 Branch 45 (DEF15979-16197) (DEF7685-7726) (DEF7766-7778)<br>(d) 1997 Branch 46 (DEF16595-16608)<br>(e) 1996 Branch 45 (DEF15788-15978)<br>(f) 1996 Branch 46 (DEF16539-16594) | (a) None;<br><br>(b) R, M;<br><br>(c) R, M;<br><br>(d) R, M;<br><br>(e) R, M;<br><br>(f) R, M. |
| | DEF16609 | DEF17204 | Commission Statements for Dennis Laux  for:<br><br>(a) 1999 Branch 45 (DEF17114-17204)<br>(b) 1998 Branch 45 (DEF16930-17113)<br>(c) 1997 Branch 45 (DEF16747-16928)<br>(d) 1996 Branch 45 (DEF16609-16746) | (a) None;<br><br>(b) R, M;<br><br>(c) R. M;<br><br>(d) R, M. |
| | DEF17205 | DEF18320 | Commission Statements for Bob Peterson for:<br><br>(a) 2000 Branch 45 (DEF18139-18311)<br>(b) 2000 Branch 46 (DEF18312-18320)<br>(c) 1999 Branch 45 (DEF17891-18138)<br>(d) 1998 Branch 45 (DEF17652-17890)<br>(e) 1997 Branch 45 (DEF17427-17651)<br>(f) 1996 Branch 45 (DEF17205-17426A) | All – R, M. |

**Key to objections:  A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice;  **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | DEF18321 | DEF18997 | Commission Statements for John Price for:<br><br>(a) 2000 Branch 46 (DEF18985-18997)<br>(b) 2000 Branch 46 (DEF18885-18954)<br>(c) 1999 Branch 45 (DEF18725-18884)<br>(d) 1998 Branch 45 (DEF18579-18724)<br>(e) 1997 Branch 45 (DEF18464-18578)<br>(f) 1996 Branch 45 (DEF18321-18461) | All – R, M. |
| | DEF14190- | DEF15009 | Commission Statements for Bill Bresnehan for:<br><br>(a) 2000 Branch 45 (DEF14970-15009)<br>(b) 1999 Branch 45 (DEF14806-14969)<br>(c) 1998 Branch 45 (DEF14599-14805)<br>(d) 1997 Branch 45 (DEF14400-14598)<br>(e) 1996 Branch 45 (DEF14190-14399) | All – R, M. |
| | DEF15010 | DEF15787 | Commission Statements for Rich Crane for:<br><br>(a) 2000 Branch 46 (DEF15782-15787)<br>(a) 2000 Branch 45 (DEF15660-15781)<br>(b) 1999 Branch 45 (DEF15467-15659)<br>(c) 1998 Branch 45 (DEF15309-15466)<br>(d) 1997 Branch 45 (DEF15178-15308)<br>(e) 1996 Branch 45 (DEF15010-15177) | All – R, M. |
| | Various | Various | Commission Statements for Branch:<br><br>(a) 1998 (DEF6267-7039) (DEF4440-4952)<br>(b) 1996 (DEF5125-5390) (DEF4953-5124)<br>(c) 1995 (DEF5817-6266) (DEF5391-5813)<br>(d) 1994 (DEF7434-7588) | All – R, M. |

**Key to objections:  A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice;  **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | Various | Various | Additional reports re: Betty Ortega:<br><br>(a) Territory Review Reports (DEF3156-3160)<br>(b) Commission Analysis Reports (DEF3160-3179) (DEF10420-10449)[2]<br>    (c) Customer Performance Reports (DEF3180-3194)<br>(d) Salesrep prior YTD/current YTD comparison (DEF3195-3200) (DEF10473-10886)<br>[3] (DEF4238-4239)[4]<br>(e) Customer List of Sales and Gross Profit (DEF3200-3217)<br>(f) Sales Representative Commitment Summaries (DEF3218-3227)<br>(g) Territory Summary Profile (DEF3228)<br>    (h) Territory Notebook for Ortega (DEF3831-3971) | (a) None;<br><br>(b) R, M;<br><br>(c) R, M;<br><br>(d) R, M;<br><br>(e) None;<br><br>(f) R, M;<br><br>(g) R;<br><br>(h) R. |
| | Various | Various | Reports re: Bob Peterson:<br><br>(a) Territory Review Reports (DEF03230, 3332)<br>(b) Commission Analysis Reports (DEF03232-3274) (DEF10375-10419)[5]<br>    (c) Customer Performance Reports (DEF3275-3286)<br>(d) Salesrep Prior YTD/Current YTD Comparison(DEF3287-3294) (DEF10450-10472)<br>6<br>(e) Customer List of Sales and Gross Profit (DEF3295-3317)<br>(f) Sales Representative Commitment Summaries (DEF3318-3329)<br>(g) Territory Summary Profile (DEF 3330)<br>    (h) 10/12/99 Evaluation (DEF3331) | All – R, M. |

2    Defendant logged these documents as DEF4311-4340.

3    Defendant logged these documents as DEF4341-4354.

4    Defendant logged these documents DEF3827-3828.

5    Defendant logged these documents as DEF4242-4287.

6    Defendant logged these documents as DEF4288-4310.

**Key to objections:** **A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | DEF3333 | DEF3366 | Reports re: William Ready:<br><br>(a) Commission Analysis Reports (DEF3333-3345)<br>(b) Customer Performance Reports (DEF3346-3351)<br>(c) Salesrep Prior YTD/Current YTD Comparison(DEF3352-3355)<br>(d) Customer List of Sales and Gross Profit (DEF3356-3364)<br>(e) Sales Representative Commitment Summaries (DEF3318-3329)<br>(f) 10/12/99 Evaluation (DEF3365)<br>(g) Territory Review report (DEF3366) | (a) None;<br><br>(b) None;<br><br>(c) None;<br><br>(d) R, M;<br><br>(e) R, M;<br><br>(f) R, M. |
| | | | Reports re: John Price:[7]<br><br>(a) Commission Analysis Reports<br>(DEF10329-10361)<br>(b) Salesrep Prior YTD/Current YTD Comparison (DEF10362-10374) (DEF4245-4248) | All – R, M. |
| | | | Reports re: Larry Press:<br><br>(a) Customer Sales Reports (DEF4421-4439) | All – R, M. |
| | DEF7910<br>DEF8101<br>DEF8176<br>DEF8246<br>DEF8311<br>DEF8349 | DEF7978<br>DEF8175<br>DEF8242<br>DEF8308<br>DEF8346<br>DEF8395 | Composite: Commission Analysis Reports for:<br><br>(a) YTD 2000 (DEF8349-8395) (DEF13155-13230)<br>(b) October - December 1999 (DEF8311-8346) (DEF13105-13154)<br>(a) Fiscal Year 1999 (DEF8246-8308) (DEF13027-13104)<br>(b) Fiscal Year 1998 (DEF8176-8243) (DEF12942-13026)<br>(c) Fiscal Year 1997 (DEF8101-8175) (12859-12941)<br>(d) Fiscal Year 1996 (DEF7910-7978) (DEF12777-12858) | All – R, M. |
| | | | 10/12/98 Commission Analysis Reporting System Summary Report (DEF0322-10328)[7] | R, M. |

[7]    Defendant logged these documents as DEF4225-4241, and 3834-3837.

[7]    Defendant logged these documents as DEF4212-4218.

**Key to objections:  A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice;  **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | Various | Various | Composite: Salesrep Sales and Gross Profit reports for:<br><br>(a) Fiscal Year 1994 (DEF8428-8435)<br>(b) Fiscal Year 1995 (DEF 8420-27)<br>(c) Fiscal Year 1996 (DEF3450-3460)<br>(d) Fiscal Year 1997 (DEF3470-3480)<br>(e) Fiscal Year 1998 through period 11 (DEF3439-3449, 4210-4223)<br>(f) Fiscal Year 1999 (DEF8408-8419)<br>(g) YTD October 2000 (DEF8398-8407) | All – R, M. |
| | DEF9935 | DEF10098 | Customer Sales and Gross Profit reports for (MC3112) for<br><br>(a) Period 3 1999 (DEF9935-10098)<br>(b) Period 3 1998(DEF9444-9934)<br>(c) Period 3 1997(DEF9567-9743)<br>(d) Period 3 1996(DEF9407-9566) | All – R, M. |
| | DEF10252 | DEF11021 | Customer Sales and Gross Profit reports for (MC3112 and 3110) for<br><br>(a) Period 12 1999 (DEF10946-11021)<br>(b) Fifth Quarter 1999 (DEF10099-10251)<br>(c) Period 12 1996 (DEF10734-10945)<br>(d) Period 12 1997 (DEF10477-10733)<br>(e) Period 12 1996 (DEF10252-10476) | All – R, M. |
| | Various | Various | Composite: Branch Top 100 Customers reports for:<br><br>(a) 9/29/00 (DEF9400-9406, 11032-11059)<br>(b) 9/1/00 (DEF11060-11080)<br>(c) 6/2/00 (DEF11081-11115)<br>(d) 5/5/00 (DEF11116-11143)<br>(e) 3/31/00 (DEF11144-11178)<br>(f) 7/30/99 (DEF11179-11218)<br>(g) 7/2/99 (DEF11219-11239)<br>(h) 5/28/99 (DEF11240-11267)<br>(i) 4/30/99 (DEF11268-113000) | All – R, M. |
| | | | 1/31/99 Customer List of Sales and Gross Profit Report for Tony Gispert (DEF3972)<br><br>(Exhibit 41 to John Glaze 10/30/00 Deposition as Rule 30(b)6 representative) | None. |
| | DEF4357 | | 4/1/99 Letter from John Glaze to William Ready, re: outside sales position (DEF4357) | None |

**Key to objections:**  **A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice;  **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | 11/28/98 Customer List of Sales and Gross Profit Report for Dennis Laux<br><br>(Exhibit 40 to John Glaze 10/30/00 Deposition as Rule 30(b)6 representative) | R, M. |
| | DEF4225 | | Composite: Documents regarding probation/minimum GTM program:<br><br>(a) Memoranda from Chris Alex (DEF4224-25)<br>(b) Policy re: counseling and discipline (DEF4226-4230)<br>(c) Memoranda from Cecil McClary (DEF4231-4235)<br>(d) Memoranda from Chris Alex (DEF4236-4237)[8]<br>    (e) Evaluation for Ana T. Valdes (DEF4253-4260)<br>[9]<br>(f) Composite: Undated charts re: sales representative sales, sales, etc. (DEF4261-4279)<br>(g) additional reports and memoranda (DEF3595-3618) | All – R, M, A. |
| | DEF4234 | DEF4235 | Composite: April 2000, E-mails among Cecil McClary and others, re: FW: Sales Thresholds (DEF4234-4235) | R, M, A. |
| | DEF4234 | DEF4235 | Composite: November 2000, E-mails between Alex Chris and others, re: Southeast Period 9 (DEF4234-4235) | R, M, A. |
| | DEF4238 | DEF4238 | 10/5/00 Salesrep Prior YTD/Current YTD Comparison report for Betty Ortega (DEF4238) | None. |

---

8       Defendant logged these documents as DEF3813-3826.

9       Defendant logged these documents as DEF3842-3849.

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | Various | | Composite: Memoranda from John Glaze re: account reassignments concerning Betty Ortega<br><br>(a) 7/12/99 Memorandum (DEF03623)<br>(b) 11/22/99 Memorandum (DEF03621)<br>(c) 2/24/00 Memorandum(DEF03622)<br>(d) 7/12/99 Memorandum (DEF1177)<br>(e) 7/12/99 Memorandum (DEF1178)<br>(f) 7/12/99 Memorandum (DEF1182) | (a) None;<br><br>(b) None:<br><br>(c) None;<br><br>(d) R, M;<br><br>(e) None;<br><br>(f) None. |
| | Various | | Composite: Account change forms and notes concerning Betty Ortega:<br><br>(a) Customer File Maintenance Changes forms (DEF2820, 1174-1176)<br>(b) Customer File Maintenance Changes forms (DEF2823)<br>(c) Handwritten notes (DEF02832)<br>(d) Carms Customer Status/Addition form (DEF02830)<br>(e) Chart (DEF1172-73)<br>(f) Notes on Territory Review reports (DEF1179-1181)<br>(g) Additional Carms reports and change forms (DEF2807-2875, 3156-3158: A&A107-153) | (a) R, M;<br><br>(b) None:<br><br>(c) None;<br><br>(d) R, M, A;<br><br>(e) R. M:<br><br>(f) None:<br><br>(g) R, M. |
| | Various | | Additional account assignment memoranda and forms:<br><br>(a) memoranda from John Glaze (DEF3367-3375)<br>(b) 12/00 Customer File Maintenance Changes (DEF12771-12776) | (a) R, M;<br><br>(b) R, M. |
| | | | Commission Analysis Reports re: Betty Ortega (DEF01183-01184, 8290) | DEF8290 – R, M;<br><br>DEF01183-84 – None. |
| | | | Customer List of Sales and Gross Profit for Ortega (DEF3209) | None. |

**Key to objections:  A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Composite: John Glaze's handwritten note with attached Customer Order Processing Default Report re: Tony Gispert Accounts (A&A102-106)<br><br>(Exhibit 39 to John Glaze 10/30/00 Deposition as rule 30(b)6 representative) | R, M. |
| | | | 8/22/97 Memorandum from John Glaze to Brian Kelley, re: Miami Export Opportunities (DEF2762-2763) | R, M. |
| | | | Drafts of 5/12/99 Memorandum from John Glaze to Human Resources, re: Betty Ortega<br><br>(a) DEF2788-2790<br>(b) DEF2791-2794 | R, M, A. H. |
| | | | Policies and Procedures re: Counseling and Discipline (DEF4226-4230)[0] | R, M, A. |
| | Various | Varoius | Miami Business Plans<br>(a) 1997 (DEF10000-10103)<br>(b) 1999 (Def10104-10319)[1] (DEF8439-8450)<br>(c) Misc documents from business plans (DEF3788-3812) | R, M. |
| | DEF2729<br>EEOC13 | | Composite: Charges of Discrimination<br>(a) EEOC (DEF2729)<br>(b) FCHR (EEOC13) | H. |
| | EEOC168 | EEOC173 | Defendant's response to Charge of Discriminations:<br><br>(a) Response to Particulars EEOC<br>(EEOC168-169)<br>(b) Position Statement (EEOC170-173) | H, R. |
| | | | Michael J. Piette's Report: Estimated Economic Losses for Betty Ortega, with supplements | R, M. |

---

0    Defendant logged these pages as DEF3815-3820.

1    Defendant logged these documents as DEF3891-4209.


**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Composite: Betty Ortega's Medical Records from:<br><br>(a) Dr. Rebecca Martinez (DEF3645-3716)<br>(b) Dr. David Kasner (DEF3652-3675)<br>(c) Dr. Lawrence Grobman (DEF2676-3712)<br>(d) Institute for Family Therapy/Dr. Silvia Almeida (Inst. 1-9)<br>(e) Dr. Eduardo Ragolta (Ragolta1-9) | All – R, M, A. |
| | | | Organizational charts for the Miami Division (EEOC3143-3145) | R, M. |
| | | | Rule 1006 Summary re: Form W-2 wages for 1996, 1997, 1998 and 1999, with supporting documents (DEF3713-3785) | R, M, A. |
| | | | Rule 1006 Summary: Ortega Commissions that Should Have Been at Thirty (30%)<br><br>(with supporting documents) | R, M, A, H. |
| | | | Rule 1006 Summary: Carnival Cruise Line Direct Sales By Ortega on Number 0030<br><br>(with supporting documents) | A, R, M. |
| | | | 6/10/99 Witness Statement of John Glaze (EEOC174-176) | H, A. |
| | | | 6/8/99 Witness Statement of Jeanne Holmes (EEOC) | H, A. |
| | | | 6/7/99 Witness Statement of William Ready (EEOC178) | H, A. |
| | | | List of Accounts for Betty Ortega (EEOC183) | H, A. |
| | | | All documents to be produced by defendant regarding pending motions to compel | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. |

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Demonstrative and illustrative aids | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R. M. A. |
| | | | All matters of which the Court has been asked to take judicial notice | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R. M, A. |
| | | | Summaries of which notice has been given pursuant to Federal Rule of Evidence 1006 | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A, H. |

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Interrogatories and answers thereto served in this case | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. |
| | | | Requests for production and admissions and responses thereto served in this case, including documents produced pursuant to any motion to compel | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. |
| | | | Depositions and exhibits thereto taken in this case | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. |

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | All documents and other tangible evidence referred to in the pleadings, rule 16.1 disclosure, discovery responses or depositions and exhibits thereto filed or taken herein | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R. M, A, H. |
| | | | All documents and other tangible evidence sought or given in response to discovery subpoenas served in this case | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. H. |
| | | | All documents and other tangible evidence listed on any notice to produce at trial served in this case | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R. M, A, H. |

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Transcripts of all hearings in this case | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A. |
| | | | All papers served or filed in this case not otherwise listed above | In addition to not being marked, numbered or exchanged. these documents are not identified or described as required by the Local Rules – R, M, A, H. |
| | | | All items listed on any other party's exhibit list | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R. M, A, H. |
| | | | Impeachment exhibits | Not required to list pursuant to the local rules. R, M, A. H |

**Key to objections:** **A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| Exhibit No. | Bates Number | | Description | Defendant's Objections |
|---|---|---|---|---|
| | | | Rebuttal exhibits | In addition to not being marked, numbered or exchanged, these documents are not identified or described as required by the Local Rules – R, M, A, H |

Plaintiff reserves the right to revise this list prior to trial.

pl-exh-ort.doc

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

## Attachment D

### Defendant's Exhibit List

| EXH. NUMBER | DESCRIPTION OF EXH. | OBJECTIONS |
|---|---|---|
| Defendant's Exh. 1. | EEOC Charge | None. |
| Defendant's Exh. 2. | Statement of Jeanne Holmes - EEOC position statement | H |
| Defendant's Exh. 3. | 3/11/99 Memorandum from Paul Stewart Directing Miami Division to Cut Costs by Eliminating Employees | H. |
| Defendant's Exh. 4. | 3/12/99 Letter from John Glaze to Paul Stewart Notifying Paul Stewart of the Jobs Eliminated Pursuant to Cost-Cutting Directive | R. |
| Defendant's Exh. 5. | 3/17/99 Retirement Letter from Tony Gispert | H, R. |
| Defendant's Exh. 6. | 4/1/99 Letter from John Glaze to Bill Ready Regarding Ready's Move to the Sales Representative Position | None. |
| Defendant's Exh. 7. | 4/1/99 Memorandum Announcing Bill Ready's Move to Sales Representative Position | None. |
| Defendant's Exh. 8. | Documentation of Jobs Eliminated Pursuant to Corporate Directive: Expense Reduction Program | All reserved until documents inspected. |
| Defendant's Exh. 9. | Commission matrices effective 2/1/99 | None. |
| Defendant's Exh. 10. | Commission matrices effective 1/1/98 | None. |
| Defendant's Exh. 11. | Commission matrices effective 1/15/96 | None. |
| Defendant's Exh. 12. | Commission matrices effective 3/17/96 | None. |
| Defendant's Exh. 13. | Commission matrices effective 6/3/93 | None. |
| Defendant's Exh. 14. | Commission matrices effective 3/8/93 | None. |
| Defendant's Exh. 15. | Commission matrices effective 4/27/93 | None. |
| Defendant's Exh. 16. | 5/95 Unisource Commission Policy | None. |
| Defendant's Exh. 17. | 4/11/2000 Memorandum from Chris Alex Regarding the Sales Force Improvement Initiative | All reserved until documents inspected. |
| Defendant's Exh. 18. | 4/18/2000 Email from Cecil McClary Regarding Updated GTM Thresholds | All reserved until documents inspected. |
| Defendant's Exh. 19. | Chart of Those Counseled Pursuant to Minimum GTM Program (DEF3850) | All reserved until documents |

1

| EXH. NUMBER | DESCRIPTION OF EXH. | OBJECTIONS |
|---|---|---|
| | | inspected. |
| Defendant's Exh. 20. | 4/24/00 Southeast Sales Reduction Chart (DEF3856-DEF3859) | All reserved until documents inspected. |
| Defendant's Exh. 21. | Final GTM Report – 2000 and List of Those Counseled Pursuant to the Program (DEF18999) | NTD. All reserved until documents inspected. |
| Defendant's Exh. 22. | 10/13/00 Performance Review of Betty Ortega | None. |
| Defendant's Exh. 23. | 10/18/00 Performance Review of Kathleen Healy | R. |
| Defendant's Exh. 24. | 10/17/00 Performance Review of Stanley Kurceba | R. |
| Defendant's Exh. 25. | 10/16/00 Performance Review of Robert Gennell | R. |
| Defendant's Exh. 26. | 10/19/00 Performance Review of John Price | R. |
| Defendant's Exh. 27. | 10/20/00 Performance Review of Robert Lerner | R. |
| Defendant's Exh. 28. | Transfer Documentation for Billy Thomas | All reserved until documents inspected. |
| Defendant's Exh. 29. | W-2 Statements for Printing Paper Sales Representatives – 1996 | R, as to some. |
| Defendant's Exh. 30. | W-2 Statements for Printing Paper Sales Representatives – 1997 | R, as to some. |
| Defendant's Exh. 31. | W-2 Statements for Printing Paper Sales Representatives – 1998 | R, as to some. |
| Defendant's Exh. 32. | W-2 Statements for Printing Paper Sales Representatives – 1999 | R, as to some. |
| Defendant's Exh. 33. | Sales Representative Evaluation Form – Eleanor Jablonski – 12/27/95 | R. |
| Defendant's Exh. 34. | Sales Representative Evaluation Form – Eleanor Jablonski – 12/18/96 | R. |
| Defendant's Exh. 35. | Sales Representative Evaluation Form – Eleanor Jablonski – 1/6/98 | R. |
| Defendant's Exh. 36. | Employee Counseling Summary – Eleanor Jablonski – 1/6/97 | R. |
| Defendant's Exh. 37. | Employee Counseling Summary – Eleanor Jablonski – 2/6/98 | R. |
| Defendant's Exh. 38. | Employee Counseling Summary – Eleanor Jablonski – 3/10/98 | R. |

2

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.): **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)

| EXH. NUMBER | DESCRIPTION OF EXH. | OBJECTIONS |
|---|---|---|
| Defendant's Exh. 39. | Termination Documents for Eleanor Jablonski | R. All reserved until documents inspected. |
| Defendant's Exh. 40. | 11/22/99 Memorandum from John Glaze to Shelia Sullivan Regarding Account Reassignments | None. |
| Defendant's Exh. 41. | 2/24/2000 Memorandum from John Glaze to File Regarding Assignment of Associated Insurance Brokers | None. |
| Defendant's Exh. 42. | 7/12/99 Memorandum from John Glaze to Betty Ortega Regarding Account Reassignments | None. |
| Defendant's Exh. 43. | Handwritten Note Regarding Account Reassignments – Saral, Nassau Hotel, Gould Paper (DEF3624) | None. |
| Defendant's Exh. 44. | Handwritten Notes Regarding Account Reassignment—Al Bon Marche (DEF3625) | None. |
| Defendant's Exh. 45. | 7/17/97 Handwritten Note Regarding Account Reassignment –Pitney Bowes Management Serv. (45-225500) | All reserved until document inspected. |
| Defendant's Exh. 46. | 1/5/99 Handwritten Note Regarding Account Reassignments of Huempfner's Former Accounts (DEF2815) | None. |
| Defendant's Exh. 47. | 12/18/98 Handwritten Note Regarding Account Reassignments (DEF2829) | None. |
| Defendant's Exh. 48. | Handwritten Note Regarding Account Reassignments of Dennis Laux's Former Accounts (DEF2832) | None. |
| Defendant's Exh. 49. | 7/12/99 Memorandum from John Glaze to Kathy Healy Regarding Account Reassignment – Enterprise Printing | R. |
| Defendant's Exh. 50. | 12/17/98 Customer File Maintenance Form – Assignment of Color Express | All reserved until documents inspected. |
| Defendant's Exh. 51. | 12/17/98 Customer File Maintenance Form – Assignment of A.B. Graphic | All reserved until documents inspected. |
| Defendant's Exh. 52. | 4/19/99 Customer File Maintenance Form – Assignment of Editorial Televisa and Saral Publications | All reserved until documents inspected. |
| Defendant's Exh. 53. | 3/12/99 Customer File Maintenance Form – Assignment of Executek Printing | All reserved until documents |

3

Key to objections: A—Authenticity; I—Contains inadmissible matter (mentions insurance, prior conviction, etc.); R—Relevancy; H—Hearsay; UP—Unduly prejudicial — probative value outweighed by undue prejudice; NTD—Not timely disclosed; O—Other (specify)

| EXH. NUMBER | DESCRIPTION OF EXH. | OBJECTIONS |
|---|---|---|
| | | inspected. |
| Defendant's Exh. 54. | 8/28/98 Customer File Maintenance Form – Assignment of Litho Nova | All reserved until documents inspected. |
| Defendant's Exh. 55. | 7/15/98Customer File Maintenance Form – Assignment of All American Paper | All reserved until documents inspected. |
| Defendant's Exh. 56. | 11/5/98 Customer File Maintenance Form – Assignment of Hispanic Mail | All reserved until documents inspected. |
| Defendant's Exh. 57. | 8/6/97 Customer File Maintenance Form – Assignment of Precision Art Printing | All reserved until documents inspected. |
| Defendant's Exh. 58. | 7/18/97 Carms Customer Status Addition Form with Handwitten Note – Assignment of Desber Import Export | All reserved until documents inspected. |
| Defendant's Exh. 59. | 7/18/97 Carms Customer Status Addition Form with Handwitten Note – Assignment of Maison Henri Deschamp | All reserved until documents inspected. |
| Defendant's Exh. 60. | 7/18/97 Carms Customer Status Addition Form with Handwitten Note – Assignment of Multi Graphics & Paper | All reserved until documents inspected. |
| Defendant's Exh. 61. | 3/7/97 Customer File Maintenance Form – Assignment of Graphic Works Inc. | All reserved until documents inspected. |
| Defendant's Exh. 62. | 11/5/96 Customer File Maintenance Form – Assignment of Paper Corp. | All reserved until documents inspected. |
| Defendant's Exh. 63. | 12/12/96 Handwritten Note – Assignment of Associated Insurance Brokers (DEF2868) | None. |
| Defendant's Exh. 64. | Investigation File of Plaintiff's EEO Sexual Harassment Charge Against Joel Sledge | R, H. |
| Defendant's Exh. 65. | Chart of accounts assigned to Plaintiff In the Past Five Years | All reserved until documents inspected. |
| Defendant's Exh. 66. | Chart of Plaintiff's Sales Dollars on Selected Accounts for FY1998-FY2000 | All reserved until documents inspected. |

4

Key to objections:  A—Authenticity; I—Contains inadmissible matter (mentions insurance, prior conviction, etc.); R—Relevancy; H—Hearsay; UP—Unduly prejudicial — probative value outweighed by undue prejudice; NTD—Not timely disclosed; O—Other (specify)

| **EXH. NUMBER** | **DESCRIPTION OF EXH.** | **OBJECTIONS** |
|---|---|---|
| Defendant's Exh. 67. | 1996 Gross Pay Chart for Printing Paper Sales Representatives | All reserved until documents inspected. |
| Defendant's Exh. 68. | 1997 Gross Pay Chart for Printing Paper Sales Representatives | All reserved until documents inspected. |
| Defendant's Exh. 69. | 1998 Gross Pay Chart for Printing Paper Sales Representatives | All reserved until documents inspected. |
| Defendant's Exh. 70. | 1999 Gross Pay Chart for Printing Paper Sales Representatives | All reserved until documents inspected. |

5

**Key to objections: A**—Authenticity; **I**—Contains inadmissible matter (mentions insurance, prior conviction, etc.); **R**—Relevancy; **H**—Hearsay; **UP**—Unduly prejudicial — probative value outweighed by undue prejudice; **NTD**—Not timely disclosed; **O**—Other (specify)