UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

NIGHT BOX
· FILED · ·

FEB - 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

BETTY ORTEGA,

        Plaintiff,

v.

UNISOURCE WORLDWIDE. INC., a
foreign corporation,

        Defendant.

_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

    COMES NOW Defendant UNISOURCE WORLDWIDE. INC. ("UNISOURCE") and

requests that the Court issue the following instructions to the jury. In addition, Unisource

respectfully requests that instead of giving the jury the "Basic" instruction from the Pattern Jury

Instructions of the U.S. Eleventh Circuit entitled "Consideration of the Evidence / Duty to

Follow Instructions (No Corporate Party Involved)," the Court consider giving the jury the

"Basic" instruction from the Pattern Jury Instructions of the U.S. Eleventh Circuit entitled

"Consideration of the Evidence / Duty to Follow Instructions (Corporate Party Involved),"

because Unisource, a corporation, is the Defendant in this matter.

## Table of Contents

DEFENDANT'S REQUEST TO CHARGE NO. 1 - (Burden of Proof When There are Multiple Claims or When Both Plaintiff and Defendant Or Third Parties Have Burden of Proof) ..................2

DEFENDANT'S REQUEST TO CHARGE NO. 2 (Nature of Claims)............................................3

DEFENDANT'S REQUEST TO CHARGE NO. 3 (No Recovery For Time Barred Acts)...............5

DEFENDANT'S REQUEST TO CHARGE NO. 4 (Plaintiff's Burden of Proof under Her Title VII and FCRA Claims - Indirect Evidence) ...............................................................................................7

DEFENDANT'S REQUEST TO CHARGE NO. 5 (Similarly Situated Employees).......................9

DEFENDANT'S REQUEST TO CHARGE NO. 6 (Pretext)..........................................................11

DEFENDANT'S REQUEST TO CHARGE NO. 7 (Defense to Plaintiff's Title VII/FCRA Claims)12

DEFENDANT'S REQUEST TO CHARGE NO. 8 (Legitimate Nondiscriminatory Reason)........15

DEFENDANT'S REQUEST TO CHARGE NO. 9 (No Inference of Discrimination for "Same Actor") .........................................................................................................................................16

DEFENDANT'S REQUEST TO CHARGE NO. 10 (Retaliation) .................................................17

DEFENDANT'S REQUEST TO CHARGE NO. 11 (Retaliation – Causal Connection) ...............19

DEFENDANT'S REQUEST TO CHARGE NO. 12 (Defense to Plaintiff's Retaliation Claim)....20

DEFENDANT'S REQUEST TO CHARGE NO. 13 (Equal Pay Act - Generally)...........................22

DEFENDANT'S REQUEST TO CHARGE NO. 14 (Plaintiff's Burden)........................................23

DEFENDANT'S REQUEST TO CHARGE NO. 15 (Lower Wages than Male Comparator).........24

DEFENDANT'S REQUEST TO CHARGE NO. 16 (Equal Work) .................................................25

DEFENDANT'S REQUEST TO CHARGE NO. 17 (Equal Skill).................................................26

DEFENDANT'S REQUEST TO CHARGE NO. 18 (Equal Responsibility) ...................................27

DEFENDANT'S REQUEST TO CHARGE NO. 19 (Equal Effort)................................................28

DEFENDANT'S REQUEST TO CHARGE NO. 20 (Defendant's Burden Generally - Shifting of Burdens).........................................................................................................................................29

DEFENDANT'S REQUEST TO CHARGE NO. 21 (System Based on Quantity or Quality of Production)......................................................................................................................................31

DEFENDANT'S REQUEST TO CHARGE NO. 22 (Differential Based on a Factor Other Than Sex) ...............................................................................................................................................32

DEFENDANT'S REQUEST TO CHARGE NO. 23 (Introduction to Damages)............................33

DEFENDANT'S REQUEST TO CHARGE NO. 24 (Compensatory Damages for Title VII and FCRA Claims) ................................................................................................................................35

DEFENDANT'S REQUEST TO CHARGE NO. 25 (Punitive Damages under Title VII and the FCRA)..............................................................................................................................................37

DEFENDANT'S REQUEST TO CHARGE NO. 26 (Damages Under the Equal Pay Act)............39

DEFENDANT'S REQUEST TO CHARGE NO. 27 (Back Pay Under the Equal Pay Act) ............40

DEFENDANT'S REQUEST TO CHARGE NO. 28 (Damages Under the Equal Pay Act – No Double Recovery).............................................................................................................................41

DEFENDANT'S REQUEST TO CHARGE NO. 29 (Liquidated Damages – Showing Willfulness)42

DEFENDANT'S REQUEST TO CHARGE NO. 30 (No Punitive nor Exemplary Damages Under the Equal Pay Act).........................................................................................................................43

## DEFENDANT'S REQUEST TO CHARGE NO. 1

(Burden of Proof When There are Multiple Claims or
When Both Plaintiff and Defendant Or Third Parties
Have Burden of Proof)

In this case each party asserting a claim or a defense has the responsibility to prove

every essential part of the claim or defense by a "preponderance of the evidence." This is

sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is

enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted,

you should consider each claim and each defense separately; but in deciding whether any fact has

been proved by a preponderance of the evidence, you may consider the testimony of all of the

witnesses, regardless of who may have called them, and all of the exhibits received in evidence,

regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a

preponderance of the evidence you should find against the party making that claim or contention.

Authority:   U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions: Civil
             Cases 6.2 (2000).

Granted:     _____

Modified:    _____

Denied:      _____

DEFENDANT'S REQUEST TO CHARGE NO. 2

(Nature of Claims)

This is a case brought under three different laws: Title VII of the Civil Right's Act of 1964, as amended, the Florida Civil Rights Act ("FCRA"). and the Equal Pay Act ("EPA").

With respect to the Title VII and FCRA claims. the law under both statutes is the same. Therefore, the Title VII instructions I will give you apply to Plaintiff's Title VII and FCRA claims. Both Title VII and the FCRA prohibit discrimination because of an employee's race, color, sex. religion. or national origin. Plaintiff in this case is a salesperson who claims that she was intentionally discriminated against based on a combination of her sex and race in that she was not assigned certain customer accounts and was paid less than employees who are not Hispanic females because of her status as an Hispanic female. Defendant denies these charges and it is your responsibility to decide whether Plaintiff has proven these claims against Defendant by a preponderance of the evidence. Plaintiff also claims that she was intentionally retaliated against in violation of Title VII and the FCRA for complaining of discrimination. Defendant also denies these charges and it is your responsibility to decide whether Plaintiff has proven her retaliation claims against Defendant by a preponderance of the evidence.

Finally. Plaintiff claims that she was paid less than male employees for equal work in violation of the Equal Pay Act. Defendant denies this claim and it is your responsibility to decide whether Plaintiff has proven her disparate pay claim by a preponderance of the evidence.

Authority:     42 U.S.C. § 2000e <u>et seq.</u>; Fla. Stat. § 760 <u>et seq.</u>; 29 U.S.C. § 206(d)(1); Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, § 104.01 (Supp. 1997); <u>Model Jury Instructions in Employment Litigation</u>, American Bar Association, Section of Litigation. Chicago: American Bar Association, 1994; <u>see also</u> <u>Mitchell v. Jefferson Co. Bd. of Educ.</u>, 936 F.2d 539 (11th Cir. 1991); <u>Paris v. City of Coral Gables</u>, 951 F. Supp. 1584, 1584 (S.D. Fla. 1995).

Granted:       _____

Modified:      _____

Denied:        _____

## DEFENDANT'S REQUEST TO CHARGE NO. 3

(No Recovery For Time-Barred Acts)

As I mentioned earlier. the first of Plaintiff's claims is that she was not assigned certain customer accounts and was paid less than similarly situated employees in violation of Title VII and the FCRA because she is an Hispanic female. In order to recover under either Title VII or the FCRA, Plaintiff is required to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Rights ("FCHR") before she can file a lawsuit alleging discrimination under Title VII or the FCRA. Plaintiff must prove this fact by a preponderance of the evidence. In addition. Plaintiff may not recover for any act of discrimination occurring more than 300 days before she filed her charge of discrimination with the EEOC or more than 365 days before she filed her charge of discrimination with the FCHR. In this case, Plaintiff claims to have filed her charge of discrimination on April 23. 1999. If you determine that Plaintiff has proven by a preponderance of the evidence that she filed her charge on April 23. 1999. then. Plaintiff can only recover for a discriminatory act that occurred after April 23. 1998 for her FCRA claims and after June 27, 1998 for her Title VII claims.

With respect to Plaintiff's Equal Pay Act claim, the EPA provides that an action to recover damages is barred unless an action is commenced within two years after the cause of action accrued. Plaintiff claims to have filed her Complaint on December 3, 1999. If you determine that Plaintiff has proven by a preponderance of the evidence that she filed her Complaint on December 3. 1999. then, Plaintiff can only recover for a discriminatory act that occurred after December 3, 1997 (two years before she filed her Complaint).

In sum, this means that if you find that Plaintiff has not proven by a preponderance of the evidence that Unisource discriminated against her, you must find in favor of Unisource. If, however, you determine that Plaintiff has demonstrated by a preponderance of the evidence that Unisource did discriminate against her, you must decide when each discriminatory act occurred. You may not find Unisource liable nor may you award any damages for any discriminatory act that you determine occurred before April 23, 1998 for her FCRA claims or before June 27, 1998 for her Title VII claims. Further, you may not find Unisource liable and award damages for any EPA violation you determine occurred before December 3, 1997.

Authority:    42 U.S.C. § 2000e-(5)e; Fla. Stat. § 760.11(1); 29 U.S.C. § 255.

Granted: _____

Denied: _____

Modified: _____

## DEFENDANT'S REQUEST TO CHARGE NO. 4

(Plaintiff's Burden of Proof under Her Title VII and FCRA Claims - Indirect Evidence)

In order to proceed to the merits of Plaintiff's discriminatory assignment of accounts and disparate pay claims against Defendant, Plaintiff must initially prove by a preponderance of the evidence the following four elements:

*One:*    She belongs to a protected class based on her status as an Hispanic female;

*Two:*    She was subjected to an adverse employment action;

*Three:* The employer treated similarly situated, employees who are not Hispanic females more favorably (in this case that accounts to which Plaintiff was entitled were assigned to employees who were not Hispanic females or that she was paid less than employees who are not Hispanic females who performed the same type of work as Plaintiff); and

*Four:* She was qualified to do the job.

If Plaintiff fails to prove any one or more of the above elements by a preponderance of the evidence, you must find in favor of Defendant on Plaintiff's discriminatory assignment of accounts and discriminatory pay claims. If Plaintiff proves all four of the above elements by a preponderance of the evidence, you may proceed to evaluate Plaintiff's claims on the merits. Thus, it then becomes your duty to determine the second issue, namely, did Defendant introduce evidence showing that there were legitimate, nondiscriminatory reasons why it did not assign certain accounts to Plaintiff or why it paid her less than employees who are not Hispanic females. If you find that Defendant has stated legitimate nondiscriminatory reasons for not assigning certain accounts to Plaintiff and for paying her less than employees who are not Hispanic females, then you must decide in favor of Defendant, unless Plaintiff has also proven by a preponderance of the evidence that Defendant's stated legitimate nondiscriminatory reasons are a

pretext, disguising an underlying intent to discriminate on the basis of her status as an Hispanic

female.

Authority:    <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Combs v. Jones v.</u>
              <u>Bessemer Carraway Medical Center</u>, 137 F. 3d 1306 (11th Cir. 1998); <u>Holifield v.</u>
              <u>Reno</u>, 115 F.3d 1555 (11th Cir. 1997).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 5

### (Similarly Situated Employees)

As I stated, as part of her case, Plaintiff must prove by a preponderance of evidence that Unisource treated similarly situated employees who are not Hispanic females more favorably than it treated Plaintiff. Defendant denies this fact. If you find that Plaintiff has not proven by a preponderance of the evidence that Unisource treated similarly situated employees who are not Hispanic females more favorably than it treated Plaintiff, you must find in favor of Unisource.

With respect to her assignment of accounts claim, Plaintiff cannot meet her burden of identifying similarly situated employees merely by asserting that she should have been assigned certain accounts. With respect to her account assignments claim, Plaintiff must establish by a preponderance of the evidence that employees who are not Hispanic females were assigned more favorable accounts to which she was entitled. If you determine that Plaintiff has proven by a preponderance of the evidence that employees who are not Hispanic females received more favorable accounts to which she was entitled, Plaintiff has met the third element of her case. If, on the other hand, you find that Plaintiff has not demonstrated by a preponderance of evidence that employees who are not Hispanic females received more favorable accounts, you must find in favor of Unisource.

Similarly, with respect to her claim that she was paid less than employees who are not Hispanic females, Plaintiff cannot meet her burden simply by showing that employees who are not Hispanic females made more than she did. With respect to her disparate pay claim, Plaintiff must establish by a preponderance of the evidence that the employees who made more money than she did and who were not Hispanic females performed the same type of work as Plaintiff

and were compensated based on a different system for the same type of work. If you determine

that Plaintiff has proven by a preponderance of the evidence that the employees who made more

money than she did and are who were not Hispanic females performed the same type of work as

Plaintiff and were compensated based on a different system for the same type of work, Plaintiff

has met the third element of her case. If, on the other hand, you find that Plaintiff has not

demonstrated by a preponderance of evidence that the employees who made more money than

she did and who were not Hispanic females performed the same type of work as Plaintiff and

were compensated based on a different system for the same type of work, you must find in favor

of Unisource.

Authority:    Jones v. Bessemer Carranny Medical Center, 137 F.3d 1306 (11th Cir. 1998),
              rev'd in part on other grounds on reh'g, 151 F.3d 1321 (11th Cir.); McKenzie v.
              EAP Mgmt. Corp., 40 F. Supp.2d 1369, 1375 (S.D. Fla. 1999) (J. Dimitrouleas).


Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 6

### (Pretext)

As I have stated, if you find that Plaintiff has established the first four elements of her case of discrimination by a preponderance of evidence, you must then determine whether Unisource's stated reasons for its employment decisions are true or whether they are a pretext for unlawful discrimination. Plaintiff may prove pretext either directly by persuading you that a discriminatory reason more likely than not motivated Unisource's decisions or indirectly by showing that Unisource's proffered explanation is unworthy of credence.

Because Plaintiff has the burden of demonstrating pretext, she must present significantly probative evidence on this issue in order to prove her discrimination claims. A showing of pretext requires more than a mere mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action. Therefore, if you determine that Unisource has produced legitimate business reasons explaining why Plaintiff was not assigned certain accounts and not paid the same on web accounts then you must find in favor of Unisource. Plaintiff's belief that she was discriminated against is insufficient to establish pretext.

Authority:  Robert v. Gadsden Memorial Hosp., 835 F.2d 793 (11th Cir. 1988); Young v. General Foods Corp., 840 F.2d 825 (11th Cir. 1988); Timcher v. WalMart Stores, Inc., 118 F.3d 1125 (7th Cir. 1997); Holifield v. Reno, 115 F.3d 1555 (11th Cir. 1997)

Granted:        _ _ _ _ _

Modified:       _ _ _ _ _

Denied:         _ _ _ _ _

## DEFENDANT'S REQUEST TO CHARGE NO. 7

### (Defense to Plaintiff's Title VII/FCRA Claims)

Ultimately, Plaintiff must prove by a preponderance of the evidence that Plaintiff's status as an Hispanic female was a "substantial factor" in Defendant's employment decisions. In this regard, if you find that Plaintiff's status as an Hispanic female was not a "substantial factor" in Defendant's decision not to award certain accounts to Plaintiff and pay Plaintiff less than other employees who are not Hispanic females, you must find in favor of Defendant.

In this case, Unisource claims that it assigned all accounts based on legitimate non-discriminatory reasons - namely, Unisource's financial concerns and sales representatives' experience, skills, available time, and geographic proximity to accounts. Unisource also claims that it paid its sales representatives pursuant to two commission matrices – one applicable to all non-web sales accounts at issue in this action and a second applicable to all web accounts at issue in this action. Therefore, Plaintiff also may not prevail on her claim for discrimination unless she proves by a preponderance of the evidence that Unisource's stated business reasons for its actions were nothing more than a pretext for intentional, unlawful discrimination. To prove pretext, Plaintiff must prove by a preponderance of the evidence that it was more likely than not that the decision to assign accounts employees who are not Hispanic females and to pay Plaintiff less than males and non-Hispanic females was, in fact, motivated by unlawful discrimination. A showing of pretext requires more than a mere mistake on the part of the employer; pretext means a lie, specifically, a phony reason.

If you find that Plaintiff has met her burden of proving that Unisource's stated business reasons for its actions were merely a pretext for unlawful discrimination, then you must return a verdict in favor of Plaintiff. If you find that Plaintiff has not satisfied her burden in this regard, then you must return a verdict in favor of Unisource. You should remember that the Plaintiff retains the ultimate burden at all times of persuading you, the jury, that she has been the victim of intentional discrimination.

Authority:    <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993); <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981); <u>Mt. Healthy City Bd. of Educ. V. Doyle</u>, 429 U.S. 274, 287 (1977).

Granted:    _____  ___

Modified:    _____  _____

Denied:    ____  _____  __

## DEFENDANT'S REQUEST TO CHARGE NO. 8

(Legitimate Nondiscriminatory Reason)

A legitimate nondiscriminatory reason is any reason or explanation unrelated to the

Plaintiff's status as an Hispanic female. In considering the legitimate nondiscriminatory reasons

stated by Unisource for its decisions, you are not to second-guess that decision or to otherwise

substitute your judgment for that of Defendant.

In this case, the ultimate burden of persuading the jury that Unisource intentionally

discriminated against Plaintiff because of her status as an Hispanic female remains at all times

with Plaintiff. Unisource is therefore not required to prove its decisions were actually motivated

by the stated legitimate nondiscriminatory reasons.

Authorities:  Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct.
1089, 67 L. Ed. 2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792,
93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); Chapman v. Al Transport, 229 F.3d 1012
(11th Cir. 2000).

Granted:      _____

Modified:     _____

Denied:       _____

06833271 doc                                    14

DEFENDANT'S REQUEST TO CHARGE NO. 9

(No Inference of Discrimination for "Same Actor")

In situations where the same individual is responsible for hiring an employee and making the employment decisions with respect to that employee, evidence that the "same actor" made both the hiring decision and the alleged discriminatory decision constitutes evidence that you may consider in deciding whether the employer intentionally discriminated against the employee. Where such evidence exists you are permitted to infer that intentional discrimination did not motivate the employer.

In this case, if you find that Bill Ready hired Plaintiff and also made some account assignment decisions with respect to accounts claimed by Plaintiff, you are permitted to conclude that because Bill Ready hired Plaintiff he did not discriminate against her in the assignment of accounts.

Authorities:     Williams v. Vitro Servs. Corp., 144 F.3d 1438 (11th Cir. 1998); Waterhouse v. District of Columbia, 124 F. Supp.2d 1 (D.D.C. 2000); Rocky v. Columbia Lawnwood Regional Medical Center, 54 F. Supp.2d 1159 (S.D. Fla. 1999).

Granted:     _ _ _ _ _

Modified:    _ _ _ _ _

Denied:      _ _ _ _ _

## DEFENDANT'S REQUEST TO CHARGE NO. 10

### (Retaliation)

The last claim of Plaintiff's under Title VII and the FCRA is that she was retaliated against for complaining to the Defendant about discrimination. In order to proceed to the merits of Plaintiff's retaliation claims against Defendant, Plaintiff must establish by a preponderance of the evidence the following three elements:

(1)    Plaintiff complained of discrimination;

(2)    Plaintiff suffered an adverse employment action; and

(3)    Plaintiff suffered an adverse employment action because she complained of discrimination.

Merely because Plaintiff complained about discrimination and suffered an adverse employment action is not enough to establish that Defendant acted with the intent to retaliate against Plaintiff. Plaintiff must establish a link between those two events and prove that Defendant took adverse employment actions against her because of Plaintiff's complaints of discrimination. If Plaintiff's adverse employment actions occurred for any other reason, or were not due to her alleged complaints of discrimination, she cannot prevail on this claim.

Keep in mind that Title VII and the FCRA do not change the fact that employers, like Defendant, still retain their traditional right to take other employment-related actions for legitimate business reasons. As an example, it is a legitimate business reason for an employer to counsel employees not on track to meet sales goals as long as it treats employees who have complained about discrimination the same as the employer treats employees who have never lodged complaints about discrimination.

Authority:     42 U.S.C. § 2000e <u>et seq.</u>; <u>EEOC v. Total Sys. Servs., Inc.</u>, 221 F.3d 1171 (11th
Cir. 2000); <u>Holifield v. Reno</u>, 115 F.3d 1555 (11th Cir. 1997); <u>Meeks v.
Computer Assoc. Int'l</u>, 15 F. 3d 1013, (11th Cir. 1994).

Granted:     ___ ___ ___ ___

Modified:     ___ ___ ___ ___

Denied:     ___ ___ ___ ___

## DEFENDANT'S REQUEST TO CHARGE NO. 11

(Retaliation – Causal Connection)

As I just mentioned, in order to proceed to the merits of Plaintiff's retaliation claims against Defendant, Plaintiff must establish by a preponderance of the evidence that she suffered an adverse employment action because she complained of discrimination. Evidence that Plaintiff complained about discrimination and suffered an adverse employment action is not enough to establish that Defendant acted with the intent to retaliate against Plaintiff. Plaintiff must establish a link between those two events and prove by a preponderance of the evidence that Defendant took adverse employment actions against her because of Plaintiff's complaints of discrimination. If Plaintiff's adverse employment actions occurred for any other reason, or were not due solely to her alleged complaints of discrimination, she cannot prevail on this claim. Furthermore, if there is a significant time gap between Plaintiff's complaints of discrimination and the adverse employment action, you can infer that the two events are unrelated.

Authority:    42 U.S.C. § 2000e et seq.; Connor v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir. 1997); Valdez v. Mercy Hosp., 961 F.2d 1401, 1403 (8th Cir. 1992); Rio v. Runyon, 972 F. Supp. 1446, 1460 (S.D. Fla. 1997).

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 12

(Defense to Plaintiff's Retaliation Claim)

Plaintiff must prove by a preponderance of the evidence that Plaintiff's complaint of discrimination was a "substantial factor" in Defendant's adverse employment actions. In this regard, if you find that Plaintiff's complaint was not a "substantial factor" in the alleged adverse employment actions, you must find in favor of Defendant. In this case, Unisource claims that it has non-discriminatory reasons for all of its employment decisions. Therefore, as mentioned before, Plaintiff may not prevail on her claims of retaliation unless she proves by a preponderance of the evidence that Unisource's reasons for the decisions were nothing more than a pretext for intentional, unlawful retaliation. To prove pretext, Plaintiff must prove by a preponderance of the evidence that it was more likely than not that Unisource's employment decisions were, in fact, motivated by unlawful retaliation. Plaintiff cannot prevail on her claim for retaliation unless she proves by a preponderance of the evidence that, at the time of the employment decisions, Unisource was not motivated by its stated business reasons for the employment decisions but was motivated by a retaliatory reason. In other words, in order to prevail on her claim. Plaintiff must establish by a preponderance of the evidence that her complaint was the true reason for the adverse employment decisions.

If you find that Plaintiff has met her burden of proving that Unisource's claim that it made adverse employment decisions for legitimate reasons was merely a pretext for unlawful discrimination, then you may return a verdict in favor of Plaintiff. If you find that Plaintiff has not satisfied her burden in this regard, then you must return a verdict in favor of Unisource. You should remember that the Plaintiff retains the ultimate burden at all times of persuading you, the jury, that she has been the victim of intentional discrimination.

Authority:    <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993); <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981); <u>Mt. Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).

Granted:    _____  ___  ____

Modified:    _____  ___  ____  _

Denied:    _____  ___  ____

DEFENDANT'S REQUEST TO CHARGE NO. 13

(Equal Pay Act - Generally)

Finally, Plaintiff in this action claims that Unisource has violated the provisions of the

Equal Pay Act. In general, the Equal Pay Act prohibits wage discrimination based on sex. It

provides:

> No employer . . .subject to . . . this section shall discriminate . . .
> between employees on the basis of sex by paying wages to
> employees . . . at a rate less than the rate at which he pays wages to
> employees of the opposite sex . . . for equal work on jobs, the
> performance of which requires equal skill, effort, responsibility,
> and which are performed under similar working conditions. . . .

Authority:     See 29 U.S.C.A. § 206(d); Devitt, Blackmar and Wolff, Federal Jury Practice and
               Instructions – Civil §§ 107.01, 107.02 (4th ed. 1987).


Granted:       _____ ___ ___

Modified:      _____ ___ ___

Denied:        _____ ___ ___

## DEFENDANT'S REQUEST TO CHARGE NO. 14

### (Plaintiff's Burden)

While Plaintiff's disparate pay claims under the Equal Pay Act are for the same alleged wrongful acts as are the disparate pay claims under Title VII and the FCRA, Plaintiff's burden of proof is somewhat different. To prevail on her claim under the Equal Pay Act in this case, Plaintiff must prove by a preponderance of the evidence that she was discriminated against in her pay on the basis of her sex by showing each of the following:

(1)    she has been employed by Defendant doing substantially equal work on a

job or jobs, the performance of which requires substantially equal skill,

effort, and responsibility as jobs held by members of the opposite sex;

(2)    the job or jobs are performed under similar working conditions; and

(3)    she has been paid a lower wage than members of the opposite sex doing

equal work.

If you determine that Plaintiff has failed to prove any of these three elements, your verdict must be for Unisource.

Authority:    See Corning Glass Works v. Brennan, 417 U.S. 188 (1974); Schwartz v. Florida Board of Regents, 807 F. 2d 901 (11th Cir. 1987); Plemer v. Parsons-Gilbane, 713 F.2d 1127 (5th Cir 1983); Devitt. Blackmar and Wolff, Federal Jury Practice and Instructions § 107.03 (4th ed. 1987).

Granted:    _____.

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 15

(Lower Wages than Male Comparator)

Plaintiff must prove that Unisource has paid her a lower wage than an employee or

employees of the opposite sex doing equal work. As defined under the Equal Pay Act, wages

include all forms of compensation, including fringe benefits. You should consider all evidence

you have heard concerning the wages Unisource pays employees in determining whether Plaintiff

has been paid a lower wage than an employee of the opposite sex.

Authority:     See 29 C.F.R. § 1620.10 (1992); Devitt, Blackmar and Wolff, Federal Jury
               Practice and Instructions § 107.06 (4t ed. 1987).

Granted:       _____

Modified:      _____

Denied:        _____

DEFENDANT'S REQUEST TO CHARGE NO. 16

(Equal Work)

Plaintiff must prove that she has been employed by Unisource doing equal work on a job,

the performance of which requires equal skill, effort, and responsibility. In considering whether

work on jobs is equal, you should consider whether the performance of those jobs requires

substantially equal skill, effort, and responsibility. Insubstantial or minor differences in the skill,

effort, or responsibility requirements of particular jobs should be ignored.

Authority:    See 29 C.F.R. § 1620.14(a) (1992); Devitt, Blackmar and Wolff, Federal Jury
              Practice and Instructions § 107.04 (4th ed. 1987).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 17

### (Equal Skill)

In considering whether the jobs in question require equal skill, you should consider factors such as experience, training, education, and ability, and these factors should be measured in terms of the performance requirements of the job. If an employee must have essentially the same skill in order to perform either of two jobs, the jobs will qualify under the Equal Pay Act as jobs the performance of which requires equal skill, even though the employee in one of the jobs may not exercise the required skill as frequently or during as much of his or her working time as the employee in the other job. Possession of a skill not needed to meet the requirements of the job cannot be considered in making a determination regarding equality of skill.

Authority:    See 29 C.F.R. § 1620.15 (1992); Devitt, Blackmar and Wolff, Federal Jury
Practice and Instructions § 107.04 (4th ed. 1987).

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 18

(Equal Responsibility)

In considering whether the jobs in question require equal responsibility. you should

consider the degree of accountability required when performing the job, particularly the

importance of the job duties and the degree of authority delegated to the employee.

Authority:   See 29 C.F.R. § 1620.17 (1992); Devitt. Blackmar and Wolff, Federal Jury
             Practice and Instructions § 107.04 (4th ed. 1987).

Granted:     _____

Modified:    _____

Denied:      _____

DEFENDANT'S REQUEST TO CHARGE NO. 19

(Equal Effort)

In considering whether the jobs in question require equal effort, you should consider the amount of physical or mental activity needed for the performance of the job. Jobs may require equal effort in their performance even though the effort may be exerted in different ways. Where substantial differences exist, however, in the amount or degree of effort required to perform the jobs, the equal pay standard cannot apply, even though the jobs may be equal in all other respects. Similarly, jobs do not require equal effort, even though they require most of the same routine duties, if one job involves other additional tasks that require extra effort and that consume a significant amount of time of substantially all those doing that job.

Authority:      See 29 C.F.R. § 1620.16 (1992); Devitt, Blackmar and Wolff, Federal Jury
Practice and Instructions § 107.04 (4th ed. 1987).

Granted:        _ ___ ___ _

Modified:       ___ ___ __

Denied:         _ ___ ___ _

## DEFENDANT'S REQUEST TO CHARGE NO. 20

(Defendant's Burden
Generally - Shifting of Burdens)

If you determine that Plaintiff has established by a preponderance of the evidence all the elements of her Equal Pay Act claim, then the burden of proof shifts to Unisource to prove by a preponderance of the evidence that the difference in pay is justified under one of the Equal Pay Act's four exceptions. This is the only point in this case where Defendant has the burden of proving something by a preponderance of the evidence. The four exceptions are:

      (1)    a seniority system,

      (2)    a merit system,

      (3)    a system that measures earnings by quantity or quality of production, or

      (4)    a differential based on any other factor other than sex.

If Unisource establishes that a difference in pay is caused by one of these four exceptions, you must decide in favor of Unisource. On the other hand, if you determine that Unisource has failed to prove that a difference in pay is caused by any of these exceptions, you must decide in favor of Plaintiff.

Authority:     See <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188 (1974); <u>Schwartz v. Florida Board of Regents</u>, 807 F.2d 901 (11th Cir. 1987); <u>Plemer v. Parsons-Gilbane</u>, 713 F.2d 1127 (5th Cir. 1983); <u>Bence v. Detroit Health Corp.</u>, 712 F.2d 1024 (6th Cir. 1983); <u>Kouba v. Allstate Insurance Co.</u>, 691 F.2d 873 (9th Cir. 1982); 29 U.S.C.A. § 206(d)(1) (1978).

Granted:     _____

Modified:     _____

Denied:     _____

## DEFENDANT'S REQUEST TO CHARGE NO. 21

### (System Based on Quantity or Quality of Production)

In this case Defendant claims that Plaintiff was paid pursuant to a system based on both the quantity of production and the quality of production which was applied in a non-discriminatory manner. To establish the defense that the differences in pay were the result of a system based on quantity or quality of production, Unisource must show that such a system exists. A valid system under this exception measures the employee's earnings by the quantity or quality of the employee's production.

The quantity test refers to equal dollar per unit compensation rates. No discrimination can occur under this test if two employees receive the same pay rate but one receives more total compensation because he or she produces more.

The quality test refers to increased compensation for higher quality products. No discrimination occurs if the employer rewards employees of both sexes equally for producing higher quality products through compensation incentives.

Authority:    See Bence v. Detroit Health Corp., 712 F.2d 1024 (6th Cir. 1983).

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 22

### (Differential Based on a Factor Other Than Sex)

I stated before, Unisource may also justify differences in pay as the result of factors other than sex. To establish the defense that the differences in pay were based on a factor other than , Unisource must show that its web account pay decisions were based on a factor other than the sales representatives sex. Factors other than sex that excuse pay differential include:

(1)    unique characteristics of the same job;

(2)    an employee's education;

(3)    an employee's training;

(4)    an employee's ability; or

(5)    other business related reasons.

No discrimination occurs if the employer paid employees based on a factor other than sex.

Authority:    See Glen v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988); Irby v. Bittick, 44 F.3d 949 (11th Cir. 1995).

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 23

### (Introduction to Damages)

I will now instruct you on damages. Upon your consideration of the case under all the instructions which the Court has given you to this point. if you reach the conclusion that Plaintiff is not entitled to recover from Unisource. that would be the end of your deliberations and you should return a verdict in favor of Unisource.

On the other hand. upon your consideration of the case under all of the instructions the Court has given you to this point, if you reach the conclusion that Plaintiff is entitled to recover against Defendant, then. and only then, should you give consideration to the question of damages and determine the amount of damages to be awarded to Plaintiff, if any.

The fact that I do so does not mean that I think you should award damages. These instructions are given solely for your guidance in the event that you should find in favor of Plaintiff by a preponderance of the evidence as I have explained to you. You should simply disregard these instructions regarding damages if you render a verdict for Defendant.

If you find that Defendant Unisource intentionally discriminated against Plaintiff because of her status as an Hispanic female, Plaintiff may be entitled to recover an amount which will reasonably compensate her for the loss and damage she suffered as a result of Defendant's unlawful conduct. Conduct by Defendant Unisource that did not cause harm does not entitle Plaintiff to damages. By the same token, harm which Plaintiff suffers which is not the result of Defendant Unisource's unlawful conduct does not entitle her to damages.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of

damages, drawing reasonable inferences from the facts in evidence. You may not award

damages based on sympathy, speculation, or guesswork.

Authority:     U.S. Eleventh Circuit District Judges Association, <u>Pattern Jury Instructions: Civil Cases</u>, Damages Instructions, § 1.4 (2000), as adapted; Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions – Civil</u>, § 104A.11 (1995), as adapted.

Granted:     _____

Modified:     _____

Denied:     _____

### DEFENDANT'S REQUEST TO CHARGE NO. 24

(Compensatory Damages for Title VII and FCRA Claims)

If you determine that Unisource discriminated against Plaintiff under Title VII and the FCRA, you must decide what compensatory damages, if any, resulted from that act. You may award compensatory damages only for injuries that Plaintiff proves to you were caused by Defendant Unisource's wrongful conduct. The damages that you award must be fair compensation for losses or harm that you find she actually sustained – no more and no less.

You may award compensatory damages, based on the evidence introduced at trial, for emotional pain and suffering, inconvenience, and mental anguish. No evidence of monetary value of such intangible things as pain and suffering has been, or needs, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. Plaintiff has alleged that, as a result of Defendant's intentional discrimination, under Title VII and the FCRA, she has suffered compensable injuries. Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If Plaintiff does not establish that she has experienced compensable injuries because of Defendant's conduct, then she cannot recover compensatory damages.

If you determine that Plaintiff has proven by a preponderance of the evidence that she has suffered compensable injuries, you may award her damages for those injuries. The damages that you award must be fair compensation - no more and no less.

When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character and seriousness of any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life Plaintiff felt. You must also consider the extent of

duration, as any award you make must cover the damages endured by Plaintiff since Plaintiff was discriminated against by Unisource.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

Authority:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 104A.11 (1995), as adapted.

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 25

(Punitive Damages under Title VII and the FCRA)

In addition to the claims for damages already mentioned, Plaintiff in this case seeks

punitive damages for the alleged discrimination and retaliation. Punitive damages are awarded in

exceptional cases as a punishment of Defendant and as a warning to others to keep them from

following Defendant's example.

You may award punitive damages only if you determine by a preponderance of the

evidence that one or more of Defendant's acts were done with either

> (1)    actual malice, which is nothing more or less than intentional wrongdoing-
> an evil-minded act, or
>
> (2)    a wanton and willful disregard for the rights of another-in other words, a
> deliberate act with knowledge of a high degree of probability of harm to
> another and reckless indifference to the consequences of the act.

Plaintiff has produced what she considers evidence of Defendant's evil-minded intent or

wanton and willful disregard for Plaintiff's rights because of her status as an Hispanic female.

You may find that one, all, or none of these examples indicate Defendant's evil-minded intent

toward Plaintiff. Again, it is for you to determine the credibility, relevance, and significance of

each piece of evidence and whether it supports Plaintiff's contention that punitive damages

should be awarded.

If you determine that the facts justify an award of punitive damages, you should try to

determine a fair, just, and reasonable amount for Plaintiff under all the circumstances. Punitive

damages are not intended to compensate Plaintiff for injuries but rather to punish Defendant and

to prevent similar conduct in the future. Thus, if you award these damages, you should consider

Defendant's net worth and the impact of its paying that award. Punitive damages must bear a

reasonable relationship to Plaintiff's actual injury. However, no single numerical equation has

been made to easily link punitive to compensatory damages. In determining a reasonable

relationship to the actual injury, you must consider all relevant factors. These include:

      (1) the impact or severity of Defendant's conduct,

      (2) the amount of time Defendant conducted itself in this manner,

      (3) the amount of compensatory damages,

      (4) the potential profits Defendant may have made from this conduct,

      (5) the attitudes and actions of Defendant's top management after the misconduct

         was discovered,

      (6) the effect of the damages award on Defendant's financial condition, and

      (7) any punishment the defendant may receive from other sources.

Authority:    Adapted from *ICLE Model Jury Charges-Civil* § 6.40; U.S. Eleventh Circuit
District Judges Association, Pattern Jury Instructions: Civil Cases, Damages
Instructions, § 8.1 (1990), as adapted; Devitt, Blackmar and Wolff; Federal Jury
Practice and Instructions – Civil, § 104A.12, as adapted (1995).

Granted:      _____

Modified:    _____

Denied:      _____

DEFENDANT'S REQUEST TO CHARGE NO. 26

(Damages Under the Equal Pay Act)

If you determine that Plaintiff has satisfied her burden of proving the essential elements
of her case under the Equal Pay Act by a preponderance of the evidence, and you determine that
Unisource has not met its burden of proving the existence of one of the four exceptions by a
preponderance of the evidence, then you should determine what amount of money would
compensate Plaintiff in this case. You should determine as damages to be awarded in favor of
Plaintiff the amount of money that will compensate her for the difference between what she was
paid and what a male employee or employees were paid for performing jobs requiring
substantially equal skill, effort, and responsibility that were performed under similar working
conditions.

Authority:    See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 107.08
              (4th ed 1987).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 27

(Back Pay Under the Equal Pay Act)

Back pay is available to a plaintiff who can prove a violation of the Equal Pay Act. Back

pay awards should reflect total lost earnings. In other works, Plaintiff is entitled to receive the

earnings she would have received if the Act had not been violated. Defendant's back pay

liability, however, is limited to two years before Plaintiff filed her complaint unless you

determine that the violation was willful which would permit you to award back pay for three

years.

Authority:     29 U.S.C. §§ 215, 217, 255(a); Waters v. Wisconsin Steel Works of International
               Harvesters Co., 502 F.2d 1309 (7th Cir 1974), cert. denied, 425 U.S. 997 (1976).

Granted:       _____

Modified:      _____

Denied:        _____

## DEFENDANT'S REQUEST TO CHARGE NO. 28

(Damages Under the Equal Pay Act – No Double Recovery)

If you determine that Plaintiff is entitled to damages for the difference between what she was paid and what a male employee or employees were paid for performing jobs requiring substantially equal skill, effort, and responsibility that were performed under similar working conditions, you cannot award Plaintiff the same damages twice. That is, you cannot award Plaintiff damages for the difference in pay under each separate legal theory – Title VII, the FCRA and the EPA. Plaintiff is not entitled to recover twice for the same wrong. Instead, you can only award her the difference between what she was paid and what a male employee or employees were paid for performing jobs requiring substantially equal skill, effort and responsibility once.

Authority:     See Equal Employment Opportunity Commission v. Cherry-Burrell Corp., 35
F.3d 356, 358 (8th Cir. 1994).

Granted:        _____ ___ ___

Modified:       _____ ___ ___

Denied:         _____ ___ ___

## DEFENDANT'S REQUEST TO CHARGE NO. 29

(Liquidated Damages – Showing Willfulness)

If you determine that the defendant violated the Equal Pay Act during the two years prior

to the filing of this case, you must consider whether that violation was willful. To establish that

Unisource willfully violated the law, Plaintiff must prove that Unisource knowingly or

intentionally violated or disregarded a known legal duty. Thus Plaintiff must prove that

Defendant knew of the existence and the effect of the Equal Pay Act and knowingly or

intentionally violated or disregarded its requirements. There will be a place on the verdict form

in which you may indicate your decision with respect to whether, if you determine a violation of

the Equal Pay Act, you also find that the violation was willful.

Authority:    20 U.S.C. 260 (1985); Dybach v. Florida Department of Corrections, 942 F.2d
              1562 (11th Cir. 1991); Hultgren v. Lancaster, 913 F.2d 498 (8th Cir. 1990); Peters
              v. City of Shreveport, 818 F.2d 1148 (5th Cir. 1987); Walton v. United Consumers
              Club, Inc., 786 F.2d 303 (7th Cir. 1986); Williams v. Tri-County Growers, Inc.,
              747 F.2d 121 (3d Cir. 1984); Richey, Manual on Employment Discrimination and
              Civil Rights Actions in the Federal Courts at K1-7 (1988). See also § 1.08[10][c],
              supra.

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 30

(No Punitive nor Exemplary Damages Under the Equal Pay Act)

If you determine that Plaintiff is entitled to damages under the Equal Pay Act, in fixing

the amount of your award, you may not include, or add to an otherwise just award, any sum for

the purpose of punishing Unisource to serve as an example or warning for others.

Authority:    Lindsey v. American Cast Iron Pipe Co., 810 F.2d 1094, 1102 (11th Cir. 1987);
              Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 107.08 (4th
              ed 1987).

Granted:      ___ ___ ___ ___

Modified:     ___ ___ ___ ___

Denied:       ___ ___ ___

Respectfully submitted this 12th day of February, 2001.

                              TROUTMAN SANDERS, LLP
                              Attorneys for Unisource Worldwide, Inc.
                              5200 Bank of America Plaza
                              600 Peachtree Street, N.E.
                              Atlanta, Georgia 30308-2216
                              Ph: (404) 885-3000
                              Fax: (404) 885-3900

                              By: _Juan C. Enjamio_____
                              Robert H. Buckler
                              Georgia Bar No.  092650
                              Robert C. Stevens
                              Georgia Bar No. 680142

OF COUNSEL:

Juan C. Enjamio
Florida Bar No. 571910
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

BETTY ORTEGA,                          )
                                       )
            Plaintiff,                 )
                                       )        CIV-DIMITROULEAS
v.                                     )
                                       )        Magistrate Judge Johnson
UNISOURCE WORLDWIDE, INC., a           )
foreign corporation,                   )
                                       )
            Defendant.                 )
                                       )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT'S**

**PROPOSED JURY INSTRUCTIONS** upon opposing counsel by depositing a true and correct

copy of same in the United States mail with adequate postage thereon and addressed as follows:

    Karen C. Amlong, Esq.
    Jennifer Daley, Esq.
    Amlong & Amlong, P.A.
    500 Northeast Fourth Street
    Second Floor
    Fort Lauderdale, Florida 33301-1154

This /2ᵗʰ day of February, 2001.

                                  Robert C. Stevens