IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

**NIGHT BOX FILED**
FEB 9 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### Joint Proposed Jury Instructions

Plaintiff, Betty Ortega, and defendant, Unisource Worldwide, Inc., submit this their joint proposed jury instructions. The parties will submit their additional instructions separately.



Page 1 of 2

Respectfully Submitted,

*(signature)* *AUTHORIZED TO SIGN FOR:*
KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954)462-1983

*(signature)*
JUAN C. ENJAMIO
Florida Bar Number 571910
Hunton & Williams
Attorneys for Defendant
One Biscayne Tower, Suite 2500
2 South Biscayne Blvd.
Miami, FL 33131
(305) 810-2500

ROBERT H. BUCKLER
Georgia Bar Number 092650
ROBERT C. STEVENS
Georgia Bar No. 680142
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308
(404) 885-3000

February 9, 2001

February 9, 2001

I:\CPWin\HISTORY\001222A\6EC.15C

### Joint Proposed Instruction No. 1/Face Page — Introduction

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions — what we call your deliberations.

Authority: Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 1.

Granted: _____

Denied: _____

### Joint Proposed Instruction No. 2
### Consideration of the Evidence: Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the corporation.

In your deliberations you should consider only the evidence — that is, the testimony of the witnesses and the exhibits I have admitted in the record — but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decisions concerning the facts. It is your recollection and interpretation of the evidence that controls.

Authority:  <u>Pattern Jury Instructions, Civil Cases</u> (11th Cir. 1999), §2.3.


Granted: _____

Denied: _____

### **Joint Proposed Instruction No. 3 / Credibility of Witnesses**

Now, in saying you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Authority:   <u>Pattern Jury Instructions, Civil Cases</u> (11th Cir. 1999), § 3.

Granted:   _____

Denied:    _____

### **Joint Instruction No. 4 / Impeachment of Witnesses**
(Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: <u>Pattern Jury Instructions, Civil Cases</u> (11th Cir. 1999), § 4.1.

Granted: _____

Denied: _____

**Joint Proposed Instruction No. 5 / Expert Witness**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Authority:  Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 5.1.
Granted:  _____
Denied:  \_\_\_\_\_

8

### Joint Proposed Instruction No. 6 / Closing Instructions
### (Duty to Deliberate)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Authority:   Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 7.1.

Granted:   _____

Denied:    _____

**Joint Proposed Instruction No. 7/ Closing Instructions**
**Election of Foreperson and Explanation of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Authority:  Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 8.
Granted:    _____
Denied:     _____