IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

     Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

     Defendant.
_____/

**NIGHT BOX**
**FILED**

FEB    9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### Plaintiff's Proposed Additional Jury Instructions and Verdict Form

Plaintiff, Betty Ortega, submits this her proposed additional jury instructions and verdict form.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiffs
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Dated:   February 9, 2001

## **Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was

served by U.S. Mail on this day on:

Juan C. Enjamio, Esquire
Hunton & Williams
One Biscayne Tower, Suite  2500
2 S. Biscayne Blvd.
Miami, FL  33131

Robert Stevens, Esq.
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308

Jennifer Daley

I:\CPWin\HISTORY\001222A\6EC.15B

## Plaintiff's Proposed Instruction No. 1 / Burden of Proof
### (When Both Plaintiff and Defendant or Third Parties
### Have Burden (Multiple Claims and/or Defenses))

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority:  Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 6.2.

Granted:  _____

Denied:  _____

1

## Plaintiff's Proposed Instruction No. 2/
## Equal Pay Act Gender Discrimination

In this case the Plaintiff claims that the Defendant violated a federal law
known as the Equal Pay Act.

Under that Act it is unlawful for an employer to discriminate between
employees on the basis of sex or gender by paying different wages for equal
work on jobs requiring equal skill, effort and responsibility, and which are
performed under similar working conditions.

In order to prevail on this claim, the Plaintiff must prove each of the
following facts by a preponderance of the evidence:

**First:**   That the Defendant is an "employer" within the meaning of
            the Equal Pay Act;

**Second:**  That the Plaintiff and a member or members of the opposite
            sex have been employed by the Defendant in jobs requiring
            substantially equal skill, effort and responsibility;

**Third:**   That the two jobs are performed under similar working
            conditions; and

**Fourth:**  That the Plaintiff was paid a lower wage than a member of
            the opposite sex doing equal work.

In the verdict form that I will explain in a moment, you will be asked to

answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed that the Defendant is an employer

subject to the provisions of the Equal Pay Act, and you should consider that fact

as proven.

2

With respect to the second fact the Plaintiff must prove — that the Plaintiff and members of the opposite sex have been employed on jobs requiring substantially equal skill, effort and responsibility — your task is to compare the jobs, not the individual employees holding those jobs. You will note that it is not necessary that the two jobs be identical; the law requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant and insubstantial or trivial differences do not matter and may be disregarded. Job classifications, descriptions or titles are not controlling. The important thing is the actual work or performance requirements of the two jobs.

In deciding whether the jobs require substantially equal "skill," you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs.

In deciding whether the jobs require substantially equal "effort," you should consider the amount of physical and mental exertion needed for the performance of the respective jobs. Duties that result in mental or physical fatigue and emotional stress, or factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. It may be that jobs require equal effort in their performance even though the effort is exerted in different ways on the two jobs; but jobs do not entail equal effort, even though they involve most of the same routine duties, if one job requires other additional tasks that consume a significant amount of extra time and attention or extra exertion.

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability involved in the performance of the work. You should take into consideration such things as the level of authority delegated to the respective employees to direct or supervise the work of others or to represent the employer in dealing with customers or suppliers; the consequences of inadequate or improper performance of the work in terms of possible damage to valuable equipment or possible loss of business or productivity; and the possibility of incurring legal liability to third parties.

With respect to the third fact the Plaintiff must prove — that the jobs are performed under similar working conditions — you will note that the test here is whether the working conditions are "similar;" they need not be substantially equal. In deciding whether relative working conditions are similar, you should consider the physical surroundings or the environment in which the work is performed, including the elements to which employees may be exposed. You should also consider any hazards of the work including the frequency and severity of any risks of injury.

Finally, of course, it must be proved that the Plaintiff was paid a lower wage than a member of the opposite sex doing equal work. If you find that the Plaintiff has proved each of the things that must be established in support of the Plaintiff's claim, you will then consider the Defendant's defense as to which the Defendant has the burden of proof by a preponderance of the evidence. The Defendant contends that the differential in pay between the two jobs was the

result of a bona fide system that measures earnings by quantity of production. If you so find, then your verdict will be for the Defendant.

If you find in favor of the Plaintiff concerning each of these issues, and against the Defendant on the defenses, you will then consider the matter of the Plaintiff's damages measured by the amount of the pay differential between the two jobs from December 3, 1996 to the date of this trial.

Authority:   Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 1.6.1.

Granted:   _____

Denied:    _____

5

## Plaintiff's Proposed Instruction No. 3/
## Title VII - Civil Rights Act and Florida Civil Rights Act

In this case the Plaintiff makes a claim under the Federal and Florida Civil

Rights statutes that prohibit employers from discriminating against employees

in the terms and conditions of their employment because of the employee's

national origin and/or gender.

More specifically, the Plaintiff claims that she was assigned accounts by

defendant from which she was paid less than accounts assigned to non-Hispanic

male sales representatives and that she was not assigned certain accounts

because she is a Hispanic female.

The Defendant denies that the Plaintiff was discriminated against in any

way and asserts that the difference in pay was because of the quantity of sales

generated by the accounts, and because Plaintiff was not qualified to handle

accounts to which she was not assigned.

In order to prevail on this claim, the Plaintiff must prove each of the

following facts by a preponderance of the evidence:

**First**:    That the Plaintiff was assigned accounts by defendant from
            which she was paid less than a non-Hispanic male sales
            representative, or that Plaintiff was not assigned certain
            accounts by defendant;

**Second**:    That the Plaintiff's gender was a substantial or motivating
            factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to

answer a series of questions concerning each of these factual issues.

6

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's national origin and/or gender. So far as you are concerned in this case, an employer may pay an employee less than another employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their national origin and/or gender.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's national origin and/or gender was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that her national origin and/or gender was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been assigned accounts that paid less than those assigned to non-Hispanic male sales representatives or not assigned certain accounts for other reasons even in the absence of consideration of the Plaintiff's national origin and/or gender. If you find that the Plaintiff would have been assigned account that paid less than

7

those assigned to non-Hispanic males sale representatives or not assigned the

accounts by defendant for reasons apart from the Plaintiff's national origin

and/or gender, then your verdict should be for the Defendant.

Authority:    Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 1.2.1.

Granted:    _____

Denied:    _____

## Plaintiff's Proposed Instruction No. 4/ Direct Evidence

As regards her claim of discrimination, plaintiff has presented what is known as "direct evidence" of the defendant's intention to discrimination against her, that is "evidence, which if believed, proves existence of fact in issue without inference or presumption." The evidence of which I speak is the statement of one of her supervisors that "Customers don't like Hispanic women because they are too aggressive."

If you believe that testimony, then this changes the burden of proof. The burden of persuasion then shifts from the employee to the employer, who must rebut the direct evidence of discrimination by affirmatively proving — by a preponderance of the evidence — that it would have made the same decision regarding the assignment of accounts to Plaintiff.

Authority:  Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir 1997).

Granted:    _____

Denied:     _____

## Plaintiff's Proposed Instruction No. 5/Plaintiff's Retaliation Claim

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act, the Florida Civil Rights Act, and the Fair Labor Standards Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish good faith, however, it is insufficient for the plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the plaintiff must prove by a preponderance of the evidence:

**First:** That she engaged in statutorily protected activity, that is, that she in good faith asserted claims or complaints of discrimination prohibited by federal law;

**Second:** That an adverse employment action then occurred;

**Third:** That the adverse employment action was causally related to the plaintiff's statutorily protected activities; and

10

**Fourth:**    That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.

So far as you are concerned in this case, an employer may adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Authority:    Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 1.9.3.

Granted:    _____

Denied:    _____

11

## **Plaintiff's Proposed Instruction No. 6/Damages**

If you find that the Plaintiff has proved her claim and that the Defendant has not proved its affirmative defense, you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.

Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of trial;

12

(b) Emotional pain and mental anguish; and

(c) Punitive damages, if any.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing

13

policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Authority: Pattern Jury Instructions, Civil Cases (11th Cir. 1999), § 1.2.1.

Granted: _____

Denied: _____