IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC.,
a foreign corporation,

    Defendant.
_____/

**NIGHT BOX FILED**

FEB 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### Plaintiff's Response to Defendant's Motion in Limine

Plaintiff, Betty Ortega, responds to Unisource Worldwide, Inc.'s Motion in Limine, and states as follows:

**I.**    **Introduction**

This in action by plaintiff, Betty Ortega, a Hispanic female sales representative, employed by Unisource Worldwide, Inc. ("Unisource"). Ortega claims that Unisource discriminated against her because she was a Hispanic female (as evidenced by her supervisor, who assigned accounts, telling her that "customers don't like Hispanic women because they are too aggressive"), paid her less than male employees doing equal work, and retaliated against her after she spoke out against discrimination.

Defendant has filed a motion in limine seeking to exclude as evidence at trial:





Page 1 of 11

*One*, all evidence about the separate commission plan applied only to male sales representatives on web accounts;

*Two*, evidence concerning claims and conduct that are time barred or outside the scope of the Charge of Discrimination;

*Three*, all evidence of alleged discrimination against employees other than plaintiff;

*Four*, evidence about plaintiff's sexual harassment complaint made in September 1999;

*Five*, William Ready's remark about customers not liking Hispanic women; and

*Six*, all testimony from plaintiff's life partner.[1]

## II.  **Memorandum of Law**

Federal Rule of Evidence 401 provides that "relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 further provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United Sates, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The courts also have recognized that, "[e]vidence is relevant simply if it tends to make a witness' testimony more or less credible." Berry v. Deloney, 28 F.3d 604, 607-608 (7th Cir. 1994).

With respect to when evidence is more prejudicial than probative, Federal Rule of Evidence 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,

---

[1] Defendant also sought to exclude evidence concerning its failure to promote plaintiff. Since, as indicated by plaintiff's deposition and her response to defendant's motion for summary judgment, plaintiff explained that her claim is about assignment of accounts, and that her past allegation of promotion concerned account assignment, Point 3 of the Motion in Limine is moot.

or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

However, "the major function of Rule 403 is 'limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Roark, 753 F.2d 991, 994 (11th Cir. 1985) (reversing trial court that excluded psychological expert testimony on issue of voluntariness of confession).

> [R]ule 403 requires the judge to "balanc[e] the probative value of and the need for the evidence against the harm likely to result from its admission." Fed.R.Evid. 403 advisory committee note. See also Noel Shows, Inc. v. United States, 721 F.2d 327, 329 (11th Cir. 1983). Because the rule permits the exclusion of relevant evidence only when its probative value is substantially outweighed by the potential for undue harm, the rule favor admissibility of relevant evidence and should be invoked very sparingly to bar its admission. Wilson v. Attaway, 757 F.2d 1227, 1242 (11th Cir. 1985); Collins v. Seaboard Cost Line Railroad, 675 F.2d 1185, 1189 (11th Cir. 1982). "Unfair prejudice" sufficient to warrant exclusion of relevant evidence must at a minimum have an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note. See also Gross v. Black & Decker (U.S.), Inc., 695 F.2d 858, 863 (5th Cir. 1983).

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1501-1502 (1985) (affirming admissibility of evidence in asbestosis suit of workmen's compensation claims and personal injury suits; studies of industry workers establishing a direct relationship between exposure and extent of asbestosis; and medical, scientific and trade literature addressing the asbestosis problem, to show actual or constructive knowledge on part of manufacturers).

**Point 1.**     **Evidence regarding commissions paid on web accounts are admissible because the complaint did not limit its allegations to assignment of non-web accounts, defendant made no objections to discovery regarding web accounts, and the complaint can easily be amended conform with the evidence gathered during discovery about assignment of web accounts (Defendant's Point 1)**

In this case, nothing in either plaintiff's original or amended complaint limited her allegations of discrimination and retaliation in the assignment of accounts to only non-web accounts. Plaintiff's

complaints were wide open with respect to the type of accounts at issue in this case, and placed no limitation on the types of accounts about which she was complaining.

Even assuming if, by way of argument only, the complaint does not specifically mention web accounts as opposed to other types of accounts (as defendant seems to argue it must), the Federal Rules of Civil Procedure permits plaintiff to move to amend her complaint to conform with the evidence, and plaintiff does so now.

Federal Rule of Civil Procedure 15(b) provides that

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. . . .

Since the discovery in this case covered *all* types of accounts handled by the representatives in plaintiff's division, without any objections from defendant concerning the types of account about which discovery was sought, the amendment sought by plaintiff is clearly permissible under this rule.

As will be addressed in plaintiff's response to defendant's motion to strike plaintiff's errata sheet, plaintiff's deposition testimony also indicates that she was complaining about pay to and/or assignment of accounts to male representatives, such as Peterson, Huempfner and Laux who were paid according to a different commission structure for web accounts given to and handled by them, and to whom Unisource assigned more lucrative accounts of all types when sales representatives left. Plaintiff testified in pertinent part:

> Q: Let me rephrase the question a little differently. Are you aware of any male employees who work out of the same office that you work out of who were paid under a different commission policy?
>
> A. Yes, sir.

Q. All right. Which ones?

A. John Huempfner. He's no longer with the company but he had a different commission deal cut at the end of I believe '96, '97?

Q. So he worked under a different commission policy that you did?

A. Yes, sir.

Q. Any other males that you are aware of that you said worked under a different commission policy that you did?

A. I have no idea, sir.
. . . .

Q. Did you ever see any of the calculations for how he received his commissions?

A. There was something posted. There was a contest and you had to have a percentage of sales and John Huempfner and Dennis Laux had two different percentages of sale, one for whatever price specifically than the other, and that was based on how they were paid their commissions.
. . . .

Q. All right. Let me ask you this: Are you saying that John Huempfner then worked on a different commission basis than you, or are you just saying he got more favorable accounts?

A. Both.
. . . .

Q. What I want to know is you said that you told me that you felt like Huempfner, among other people, was given accounts that you weren't given, they were given to him because of his sex. I want you to name the accounts that you feel John Huempfner was given, that you were not given, because of his sex?

A. I won't be able to do that.

Q. Can you name one?

A. I won't be able to do that.

Q. All right. What is you basis for the statement that he was given accounts that you weren't given because of his sex?

A. Because there were only three people that were given accounts constantly at all times, John Huempfner, Dennis Laux and it was a give in [sic].
. . . .

> Q. All right. Now, we have already plowed this turf a little with regard to the equal pay claim, but in answering my previous question you had identified three situations where people left the company and their accounts were assigned to people other than you, that you said you believed those were examples of discrimination. Those three people were when Tony Gipsert left, when Mike Altos left and when Gene Press left. We have been through those, any other instances where when somebody left the company you felt like the reassignment of accounts was done on the basis of sex?
>
> A. Yes, when Dennis and Huempfner left.

(Deposition of Betty Ortega, at 25, 28 ,33, 45-46, 67-68)

Additionally, the evidence concerning a commission plan for web accounts applicable only to male sales representatives is admissible of evidence of defendant's intent to discriminate and willfulness, and is not more prejudicial than probative. Plaintiff incorporates the arguments made below in Points 2 and 5 concerning admissibility and probative of such evidence.

### Point 2.   Actions by defendant that are time barred, and about discriminatory actions taken against other employees are admissible as 404(b) evidence of, among other things, intent, wilfulness and pattern (Defendant's Point 2, 4 , 5and 8 and 9)

While plaintiff cannot recover any damages for violations that occurred outside the reach of the applicable statutes of limitations, evidence of such violations is relevant to prove intentional, willful violations within the period that is not barred. Bazemore v. Friday, 478 U.S. 385 (1986). While plaintiff also cannot recover for violations that occurred to other employees, such evidence also is clearly relevant and admissible under Federal Rule of Evidence 404(b) as evidence of, among other things, intent, wilfulness and pattern.

The testimony concerning the manner in which defendant assigned/reassigned accounts to male and female sales representatives, and to Hispanic and non-Hispanic representatives, including plaintiff, is relevant as 404(b) evidence on the issues of whether there was a pattern and practice of discrimination, defendant's intent and motive in its assignment of accounts to plaintiff, and to place

other subsequent events in proper historical context.[2] Defendant's argument that the admission of such evidence would lead to a "mini trial" is a "red herring," and ignores cases where such evidence had been properly admitted and subsequently used by the factfinder to determine liability.

As noted in Allen v. County of Montgomery, Alabama, 788 F.2d 1485, 1488 (11th Cir. 1986):

> The former fifth circuit [footnote omitted] has observed that "While some or most of this evidence [of discriminatory treatment] may concern time-barred conduct, it is relevant [citation omitted], and may be used . . . to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives."

Other court also have recognized a widely accepted premise that in support of a reasonable inference of discriminatory motive, the "primary motive is always whether an employer treats an employee less favorably than other employees for an impermissible reason," Burger v. N.Y. Institute of Technology, 71 Fair Empl. P. Cases. (BNA) 1767, 1770 (2d Cir. 1996) (quoting Montana v. First Fed. Sav. and Loan Ass'n, 869 F.2d 100, 104 (2d Cir. 1989), this evidence is relevant and admissible. See also Phillips v. Smalley Maint. Svcs., 711 F.2d 1524, 1532 (11th Cir. 1983) (the testimony of another female former employee who had also been subjected to "treatment similar to that which appellee alleged" was relevant and properly admitted to prove appellant's "motive . . . intent ... [or] plan . . . "); Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530 (D. Kan. 1995) ("[c]ourts have recognized that evidence that a defendant engages in acts of discrimination against others is admissible pursuant to Rule 404(b) . . . as evidence of specific motive or intent to discriminate." (Citations omitted)); Hogan v. AT&T Co., 812 F.2d 409, 410 (8th Cir. 1987) (evidence of an employer's discriminatory acts is admissible under Rule 404(b) as proof of motive and intent

---

[2] Additionally, even if the complaint of sexual harassment plaintiff made in September 1999 is not actionable (see Point 5 of Defendant's Motion in Limine), evidence of the complaint is relevant and admissible to show defendant's motive and intent with respect to defendant's retaliatory actions flowing from that complaint.

to discriminate); Morris v. Washington Metro Area Transit Authority, 702 F.2d 1037 (D.C. Cir. 1985) (prior acts of employer have bearing on whether improper motive was "but for" cause of retaliatory discharge).

The fact that this probative evidence may let defendant look "bad" is not ground for excluding it. See generally Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 756 (11th Cir. 1985). See also United States v. 0.161 Acres of Land, 837 F.2d 1036, 1041 (11th Cir. 1988) (stating that the "ability of Rule 403 dangers to outweigh substantially the probative force of the evidence is quite slim where the evidence itself is probative of a central issue in the case").

**Point 3.    The comment of William Ready, a supervisor who assigned accounts to plaintiff during the relevant time frame, and assisted the other decision maker, John Glaze, in filling Gispert's position, are not "stray remarks" and are admissible as direct evidence of discrimination, and evidence of his favoritism of men over women that occurred outside the recoverable time period is admissible as 404(b) evidence to shed light on what happened during the recoverable period. (Defendant's Points 6 and 9)**

The record indicates that William Ready, who was plaintiff's supervisor through 1997 [Plaintiff's Statement of Disputed Material Facts, ("Facts") , at ¶ 3], was a decision maker during the relevant time frame. Among other things, he

- assigned accounts during 1996, 1997 and 1998 [id.],
- assisted in filling Tony Gispert's position and in assigning the left-over accounts he did not personally receive when Gispert retired effective March 31, 1999 [Facts, at ¶ 15], and
- participated with Glaze in the reassignment of the Laux and Huermpfner accounts [Facts, at ¶ 21].

Therefore, his comment to plaintiff *during a review of account assignments*, "[C]ustomer's don't like Hispanic women because they are too aggressive, " [Facts, at ¶ 15] is not – as defendant contends – the "stray remark" of a non-decision maker. The comment is not more prejudicial than probative, as defendant contends. This is precisely the type of comment "from which a trier of fact

could reasonably find that the defendant more probably than not discriminated against the plaintiff on the basis of a protected personal characteristic." Wright v. Southland Corp., 187 F.3d 1287, 1300 (11th Cir. 1999). It is a comment that "reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." Damon v. Fleming Supermarkets Of Florida, Inc., 196 F.3d 1354, 1358 (11th Cir. 1999), (internal quotations and citations omitted).

Similarly, his conduct about which plaintiff complained to managers before December 3, 1996, as favoring men over women, and about which defendant did nothing to address, is similarly probative to show the manner which defendant deals with discriminatory conduct after it is repeatedly brought to its attention1.

**Point 4.    Ofelia Colunga, plaintiff's life partner, is as competent as any other lay witnesses, such as a plaintiff's co-worker, children or spouse, who observed the plaintiff's mood, demeanor, actions, to testify on the issue of compensatory damages (Defendant's Point 8)**

Under defendant's theory for excluding any testimony from Ofelia Colunga, plaintiff's life partner, no lay witness – including a plaintiff's co-workers, children or spouse – could ever be permitted to testify on the issue of compensatory damages. Such a notion clearly absurd under Federal Rules of Evidence and the case law that have recognized that:

- "If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Federal Rule of Evidence 701.

- In an action for damages for pain and suffering sustained by an automobile passenger who died nine days after the accident, testimony of lay witnesses who observed the deceased in the hospital during that time was admissible to show that he endured pain and suffering. Nichols v. Marshall, 486 F.2d 791, 793 (10th Cir. 1973).

- "When, as here, the witness observes first hand the altercation in question, her opinion on the feelings of the parties are based on her personal knowledge and rational perceptions and are helpful. The Rules require nothing more for admission of the testimony." John Hancock Mut. Life Ins. Co. v. Dutton, 585 F.2d 1289, 1294 (5th Cir. 1978).

**Point 5.     Cross-examination and jury instructions are adequate protection against any alleged danger of unfair prejudice in admitting the testimony that defendant seeks to exclude.**

Generally, Rule 403 will exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In evaluating evidence under Rule 403, the rule "requires the judge to 'balanc[e] the probative value of and the need for the evidence against the harm likely to result from its admission.'" Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1501 (11th Cir. 1985), citing Fed. R. Evid. 403 Advisory Committee Notes. However, "unfair prejudice as used in Rule 403 cannot be equated with evidence that is simply adverse to the opposing party," Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 756 (11th Cir. 1985), and the rule "favors admissibility of relevant evidence and should be invoked very sparingly to bar its admission." Hendrix, 776 F.2d 1502; United States v. 0.161 Acres of Land, 837 F.2d 1036, 1041 (11th Cir. 1988) (stating that the "ability of these Rule 403 dangers to outweigh substantially the probative force of the evidence is quite slim where the evidence itself is undeniably probative of a central issue in the case").

In this case, the evidence at issue, which is probative to the central issues involved in this case, will be subject to cross examination and the jury will be instructed before deliberation. So, any alleged danger of confusion of the issues or misleading of the jury can be easily avoided by concise, plaintive litigating and proper jury instructions. This is a more suitable alternative to wholesale

exclusion of potentially crucial evidence – which defendant seeks – while allowing plaintiff the opportunity to fully try her case and simultaneously safeguarding defendant's interests.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiffs
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on February 10, 2001, on:

Juan C. Enjamio, Esquire
Hunton & Williams
One Biscayne Tower, Suite 2500
2 S. Biscayne Blvd.
Miami, FL 33131

Robert Stevens, Esq.
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308

Jennifer Daley

I:\CPWin\HISTORY\001222A\6EC.161