UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

      Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

      Defendant.

_____/

## DEFENDANT'S REVISED PROPOSED JURY INSTRUCTIONS

    COMES NOW Defendant UNISOURCE WORLDWIDE, INC. ("UNISOURCE") and

requests that the Court issue the following instructions to the jury. In addition, Unisource

respectfully requests that instead of giving the jury the "Basic" instruction from the Pattern Jury

Instructions of the U.S. Eleventh Circuit entitled "Consideration of the Evidence / Duty to Follow

Instructions (No Corporate Party Involved)," the Court consider giving the jury the "Basic"

instruction from the Pattern Jury Instructions of the U.S. Eleventh Circuit entitled "Consideration

of the Evidence / Duty to Follow Instructions (Corporate Party Involved)," because Unisource, a

corporation, is the Defendant in this matter.



## Table of Contents

DEFENDANT'S REQUEST TO CHARGE NO. 1 (NATURE OF CLAIMS) .................................................. 1

DEFENDANT'S REQUEST TO CHARGE NO. 2 (EMPLOYER'S BUSINESS JUDGMENT) ..................... 2

DEFENDANT'S REQUEST TO CHARGE NO. 3 (NO RECOVERY FOR TIME BARRED ACTS) ............. 4

DEFENDANT'S REQUEST TO CHARGE NO. 4 (PLAINTIFF'S BURDEN OF PROOF FOR HER TITLE VII AND FCRA CLAIMS - INDIRECT EVIDENCE) ....................................................................................... 6

DEFENDANT'S REQUEST TO CHARGE NO. 5 (SIMILARLY SITUATED EMPLOYEES) ..................... 8

DEFENDANT'S REQUEST TO CHARGE NO. 6 (PRETEXT) .................................................................... 10

DEFENDANT'S REQUEST TO CHARGE NO. 7 (DEFENSE TO PLAINTIFF'S TITLE VII/FCRA CLAIMS) .................................................................................................................................................... 11

DEFENDANT'S REQUEST TO CHARGE NO. 8 (LEGITIMATE NONDISCRIMINATORY REASON) 13

DEFENDANT'S REQUEST TO CHARGE NO. 9 (NO INFERENCE OF DISCRIMINATION FOR "SAME ACTOR") ................................................................................................................................................... 14

DEFENDANT'S REQUEST TO CHARGE NO. 10 (INTRODUCTION TO DAMAGES) ........................... 15

DEFENDANT'S REQUEST TO CHARGE NO. 11 (COMPENSATORY DAMAGES FOR TITLE VII AND FCRA CLAIMS) ....................................................................................................................................... 17

DEFENDANT'S REQUEST TO CHARGE NO. 12 (PUNITIVE DAMAGES UNDER TITLE VII AND THE FCRA) ...................................................................................................................................................... 19

## DEFENDANT'S REQUEST TO CHARGE NO. 1

### (Nature of Claims)

This is a case brought under two different laws: Title VII of the Civil Right's Act of 1964, as amended, and the Florida Civil Rights Act ("FCRA"). With respect to the Title VII and FCRA claims, the law under both statutes is the same. Therefore, the Title VII instructions I will give you apply to Plaintiff's Title VII and FCRA claims. Both Title VII and the FCRA prohibit discrimination because of an employee's race, color, sex, religion, or national origin. Plaintiff in this case is a salesperson who claims that she was intentionally discriminated against based on her sex in that she was not assigned certain customer accounts that instead were assigned to employees who are not females. Defendant denies these charges and it is your responsibility to decide whether Plaintiff has proven these claims against Defendant by a preponderance of the evidence.

Authority:     42 U.S.C. § 2000e et seq.; Fla. Stat. § 760 et seq., 29 U.S.C. § 206(d)(1), Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 104.01 (Supp. 1997); Model Jury Instructions in Employment Litigation, American Bar Association, Section of Litigation. Chicago: American Bar Association, 1994; see also Mitchell v. Jefferson Co. Bd. of Educ., 936 F.2d 539 (11th Cir. 1991); Paris v. City of Coral Gables, 951 F. Supp. 1584, 1584 (S.D. Fla. 1995).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 2

(Employer's Business Judgment)

This case is about whether Unisource discriminated against Plaintiff due to her sex by not assigning her certain accounts. It is an employer's role to make employment decisions, including decisions such as which employees are assigned to which accounts. An employer has the right to make employment decisions – such as assigning accounts to employees – for any reasons it chooses, so long as those reasons do not violate Title VII.

Title VII only mandates that sex not be a determining factor in employment decisions. Thus, Title VII does not diminish management prerogatives or an employer's ability to make business decisions. Title VII does not require an employer to have good cause for its decisions. Indeed, an employer's decisions may be made for good reasons, economic reasons, bad reasons, reasons based on erroneous facts, or for no reason at all, as long as its decisions are not motivated by the employee's sex. Further, it is not your role to second guess an employer's business decisions or substitute your own judgment for what you consider to be the most prudent business decision. Even if an employer's judgment or course of conduct seems poor or erroneous to you, that is not a legal reason for finding for any plaintiff. Thus, even if Unisource's decision not to assign certain accounts to Plaintiff seems unfair to you, you cannot find in favor of Plaintiff in this case unless you determine that Plaintiff has established by a preponderance of the evidence that in making the decisions about account assignments, Unisource intended to discriminate against Plaintiff because of her sex.

Authority:    <u>Chapman v. AI Transport</u>, 229 F.3d 1012 (11th Cir. 2000); <u>Damon v. Fleming Supermarkets of Florida, Inc.</u>, 196 F.3d 1354 (11th Cir. 1999); <u>Beaver v. Rayonier, Inc.</u>, 188 F.3d 1279 (11th Cir. 1999); <u>Elrod v. Sears, Roebuck & Co.</u>, 939 F.2d 1466 (11th Cir. 1991).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 3

(No Recovery For Time-Barred Acts)

As I mentioned earlier, Plaintiff claims that she was not assigned certain customer accounts in violation of Title VII and the FCRA because of her sex. In order to recover under either Title VII or the FCRA, Plaintiff is required to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Rights ("FCHR") before she can file a lawsuit alleging discrimination under Title VII or the FCRA. Plaintiff must prove this fact by a preponderance of the evidence. In addition, Plaintiff may not recover for any act of discrimination occurring more than 300 days before she filed her charge of discrimination with the EEOC or more than 365 days before she filed her charge of discrimination with the FCHR. In this case, Plaintiff claims to have filed her charge of discrimination on April 23, 1999. If you determine that Plaintiff has proven by a preponderance of the evidence that she filed her charge on April 23, 1999, then, Plaintiff can only recover for a discriminatory act that occurred after April 23, 1998 for her FCRA claims and after June 27, 1998 for her Title VII claims.

In sum, this means that if you find that Plaintiff has not proven by a preponderance of the evidence that Unisource discriminated against her, you must find in favor of Unisource. If, however, you determine that Plaintiff has demonstrated by a preponderance of the evidence that Unisource did discriminate against her, you must decide when each discriminatory act occurred. You may not find Unisource liable nor may you award any damages for any discriminatory act that you determine occurred before April 23, 1998 for her FCRA claims or before June 27, 1998 for her Title VII claims.

Authority:    42 U.S.C. § 2000e-(5)e; Fla. Stat. § 760.11(1).

Granted: _____

Denied: _____

Modified. _____

## DEFENDANT'S REQUEST TO CHARGE NO. 4

(Plaintiff's Burden of Proof For Her Title VII and FCRA Claims - Indirect Evidence)

In order to proceed to the merits of Plaintiff's discriminatory assignment of accounts claims against Defendant, Plaintiff must initially prove by a preponderance of the evidence the following four elements:

*One:* She belongs to a protected class based on her sex;

*Two:* She was subjected to an adverse employment action;

*Three:* The employer treated similarly situated male employees more favorably (in this case that accounts to which Plaintiff was entitled were assigned to male employees); and

*Four:* She was qualified to do the job.

If Plaintiff fails to prove any one or more of the above elements by a preponderance of the evidence, you must find in favor of Defendant on Plaintiff's discriminatory assignment of accounts claims. If Plaintiff proves all four of the above elements by a preponderance of the evidence, you may proceed to evaluate Plaintiff's claims on the merits. Thus, it then becomes your duty to determine the second issue, namely, did Defendant introduce evidence showing that there were legitimate, nondiscriminatory reasons why it did not assign certain accounts to Plaintiff. If you find that Defendant has stated legitimate nondiscriminatory reasons for not assigning certain accounts to Plaintiff but instead assigning these accounts to male employees, then you must decide in favor of Defendant, unless Plaintiff has also proven by a preponderance of the evidence that Defendant's stated legitimate nondiscriminatory reasons are a pretext, disguising an underlying intent to discriminate on the basis of her sex.

Authority:     McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973); Combs v. Jones v.
Bessemer Carraway Medical Center, 137 F. 3d 1306 (11th Cir. 1998); Holifield v. Reno, 115
F.3d 1555 (11th Cir. 1997).

Granted:     _____

Modified:    _____

Denied:      _____

## DEFENDANT'S REQUEST TO CHARGE NO. 5

### (Similarly Situated Employees)

As I stated, as part of her case, Plaintiff must prove by a preponderance of evidence that Unisource treated similarly situated employees who are males more favorably than it treated Plaintiff. Defendant denies this fact. If you find that Plaintiff has not proven by a preponderance of the evidence that Unisource treated similarly situated male employees more favorably than it treated Plaintiff, you must find in favor of Unisource.

With respect to her assignment of accounts claim, Plaintiff cannot meet her burden of identifying similarly situated employees merely by asserting that she should have been assigned certain accounts. With respect to her account assignments claim, Plaintiff must establish by a preponderance of the evidence that male employees were assigned more favorable accounts to which she was entitled. If you determine that Plaintiff has proven by a preponderance of the evidence that male employees received more favorable accounts to which she was entitled, Plaintiff has met the third element of her case. If, on the other hand, you find that Plaintiff has not demonstrated by a preponderance of evidence that male employees received more favorable accounts, you must find in favor of Unisource.

Authority:    <u>Jones v. Bessemer Carranny Medical Center</u>, 137 F.3d 1306 (11th Cir. 1998), <u>rev'd in part on other grounds on reh'g</u>, 151 F.3d 1321 (11th Cir.); <u>McKenzie v. EAP Mgmt. Corp.</u>, 40 F. Supp.2d 1369, 1375 (S.D. Fla. 1999) (J. Dimitrouleas).

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 6

### (Pretext)

As I have stated, if you find that Plaintiff has established the first four elements of her case

of discrimination by a preponderance of evidence, you must then determine whether Unisource's

stated reasons for its employment decisions are true or whether they are a pretext for unlawful

discrimination. Plaintiff may prove pretext either directly by persuading you that a discriminatory

reason more likely than not motivated Unisource's decisions or indirectly by showing that

Unisource's proffered explanation is unworthy of credence.

Because Plaintiff has the burden of demonstrating pretext, she must present significantly

probative evidence on this issue in order to prove her discrimination claims. A showing of pretext

requires more than a mere mistake on the part of the employer; pretext means a lie, specifically a

phony reason for some action. Therefore, if you determine that Unisource has produced

legitimate business reasons explaining why Plaintiff was not assigned certain accounts. Plaintiff's

belief that she was discriminated against is insufficient to establish pretext.

Authority:    Robert v. Gadsden Memorial Hosp., 835 F.2d 793 (11th Cir. 1988); Young v.
              General Foods Corp., 840 F.2d 825 (11th Cir. 1988), Timcher v. WalMart Stores,
              Inc., 118 F.3d 1125 (7th Cir. 1997); Holifield v. Reno, 115 F.3d 1555
              (11th Cir. 1997)

Granted.      _____

Modified:     _____

Denied.       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 7

### (Defense to Plaintiff's Title VII/FCRA Claims)

Ultimately, Plaintiff must prove by a preponderance of the evidence that her sex was a "substantial factor" in Defendant's employment decisions  In this regard, if you find that Plaintiff's sex was not a "substantial factor" in Defendant's decision not to award certain accounts to Plaintiff, you must find in favor of Defendant.

In this case, Unisource claims that it assigned all accounts based on legitimate non-discriminatory reasons - namely, Unisource's financial concerns and sales representatives' experience, skills, available time, and geographic proximity to accounts. Therefore, Plaintiff may not prevail on her claim of discrimination unless she proves by a preponderance of the evidence that Unisource's stated business reasons for its actions were nothing more than a pretext for intentional, unlawful discrimination. To prove pretext, Plaintiff must prove by a preponderance of the evidence that it was more likely than not that the decision to assign accounts to male employees was, in fact, motivated by unlawful discrimination. A showing of pretext requires more than a mere mistake on the part of the employer, pretext means a lie, specifically, a phony reason.

If you find that Plaintiff has met her burden of proving that Unisource's stated business reasons for its actions were merely a pretext for unlawful discrimination, then you must return a verdict in favor of Plaintiff. If you find that Plaintiff has not satisfied her burden in this regard, then you must return a verdict in favor of Unisource. You should remember that the Plaintiff retains the ultimate burden at all times of persuading you, the jury, that she has been the victim of intentional discrimination.

Authority:    <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993); <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981); <u>Mt. Healthy City Bd. of Educ. V. Doyle</u>, 429 U.S. 274, 287 (1977).

Granted:    _____

Modified:    _____

Denied:    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 8

(Legitimate Nondiscriminatory Reason)

A legitimate nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's

sex. In considering the legitimate nondiscriminatory reasons stated by Unisource for its decisions,

you are not to second-guess that decision or to otherwise substitute your judgment for that of

Defendant.

In this case, the ultimate burden of persuading the jury that Unisource intentionally

discriminated against Plaintiff because of her sex remains at all times with Plaintiff. Unisource is

therefore not required to prove its decisions were actually motivated by the stated legitimate

nondiscriminatory reasons.

Authorities.    Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct.
1089, 67 L. Ed. 2d 207 (1981), McDonnell Douglas Corp. v. Green, 411 U.S.
792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); Chapman v. AI Transport, 229 F.3d
1012 (11th Cir. 2000).

Granted:      _____

Modified:     _____

Denied:       _____

13

## DEFENDANT'S REQUEST TO CHARGE NO. 9

(No Inference of Discrimination for "Same Actor")

In situations where the same individual is responsible for hiring an employee and making the employment decisions with respect to that employee, evidence that the "same actor" made both the hiring decision and the alleged discriminatory decision constitutes evidence that you may consider in deciding whether the employer intentionally discriminated against the employee. Where such evidence exists you are permitted to infer that intentional discrimination did not motivate the employer.

In this case, if you find that Bill Ready hired Plaintiff and also made some account assignment decisions with respect to accounts claimed by Plaintiff, you are permitted to conclude that because Bill Ready hired Plaintiff he did not discriminate against her in the assignment of accounts.

Authorities.   Williams v. Vitro Servs. Corp., 144 F.3d 1438 (11th Cir. 1998); Waterhouse v. District of Columbia, 124 F. Supp.2d 1 (D.D.C. 2000); Rocky v. Columbia Lawnwood Regional Medical Center, 54 F. Supp.2d 1159 (S.D. Fla. 1999)

Granted:      _____

Modified:     _____

Denied:       _____

## DEFENDANT'S REQUEST TO CHARGE NO. 10

### (Introduction to Damages)

I will now instruct you on damages. Upon your consideration of the case under all the instructions which the Court has given you to this point, if you reach the conclusion that Plaintiff is not entitled to recover from Unisource, that would be the end of your deliberations and you should return a verdict in favor of Unisource.

On the other hand, upon your consideration of the case under all of the instructions the Court has given you to this point, if you reach the conclusion that Plaintiff is entitled to recover against Defendant, then, and only then, should you give consideration to the question of damages and determine the amount of damages to be awarded to Plaintiff, if any.

The fact that I am instructing you on damages does not mean that I think you should award damages. These instructions are given solely for your guidance in the event that you should find in favor of Plaintiff by a preponderance of the evidence as I have explained to you. You should simply disregard these instructions regarding damages if you render a verdict for Defendant.

If you find that Defendant Unisource intentionally discriminated against Plaintiff because of her sex, Plaintiff may be entitled to recover an amount which will reasonably compensate her for the loss and damage she suffered as a result of Defendant's unlawful conduct. Conduct by Defendant Unisource that did not cause harm does not entitle Plaintiff to damages. By the same token, harm which Plaintiff suffers which is not the result of Defendant Unisource's unlawful conduct does not entitle her to damages.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of

damages. drawing reasonable inferences from the facts in evidence.  You may not award damages

based on sympathy, speculation, or guesswork.

Authority:    U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions: Civil
Cases. Damages Instructions, § 1.4 (2000), as adapted; Devitt, Blackmar, and
Wolff, Federal Jury Practice and Instructions – Civil, § 104A.11 (1995), as
adapted.

Granted:    _____

Modified:    _____

Denied.    _____

## DEFENDANT'S REQUEST TO CHARGE NO. 11

(Compensatory Damages for Title VII and FCRA Claims)

If you determine that Unisource discriminated against Plaintiff under Title VII and the FCRA, you must decide what compensatory damages, if any, resulted from that act. You may award compensatory damages only for injuries that Plaintiff proves to you were caused by Defendant Unisource's wrongful conduct. The damages that you award must be fair compensation for losses or harm that you find she actually sustained – no more and no less.

You may award compensatory damages, based on the evidence introduced at trial, for emotional pain and suffering, inconvenience, and mental anguish. No evidence of monetary value of such intangible things as pain and suffering has been, or needs, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. Plaintiff has alleged that, as a result of Defendant's intentional discrimination, under Title VII and the FCRA, she has suffered compensable injuries. Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If Plaintiff does not establish that she has experienced compensable injuries because of Defendant's conduct, then she cannot recover compensatory damages.

If you determine that Plaintiff has proven by a preponderance of the evidence that she has suffered compensable injuries, you may award her damages for those injuries. The damages that you award must be fair compensation - no more and no less.

When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character and seriousness of any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life Plaintiff felt. You must also consider the extent of duration,

as any award you make must cover the damages endured by Plaintiff since Plaintiff was discriminated against by Unisource.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

Authority:   Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 104A 11 (1995). as adapted.

Granted:   _____

Modified:   _____

Denied:   _____

## DEFENDANT'S REQUEST TO CHARGE NO. 12

(Punitive Damages under Title VII and the FCRA)

In addition to the claims for damages already mentioned, Plaintiff in this case seeks

punitive damages for the alleged discrimination. Punitive damages are awarded in exceptional

cases as a punishment of Defendant and as a warning to others to keep them from following

Defendant's example.

You may award punitive damages only if you determine by a preponderance of the

evidence that one or more of Defendant's acts were done with either

> (1)    actual malice, which is nothing more or less than intentional wrongdoing-an evil-minded act, or
>
> (2)    a wanton and willful disregard for the rights of another-in other words, a deliberate act with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of the act.

Plaintiff has produced what she considers evidence of Defendant's evil-minded intent or

wanton and willful disregard for Plaintiff's rights because of her sex. You may find that one, all,

or none of these examples indicate Defendant's evil-minded intent toward Plaintiff. Again, it is for

you to determine the credibility, relevance, and significance of each piece of evidence and whether

it supports Plaintiff's contention that punitive damages should be awarded.

If you determine that the facts justify an award of punitive damages, you should try to

determine a fair, just, and reasonable amount for Plaintiff under all the circumstances. Punitive

damages are not intended to compensate Plaintiff for injuries but rather to punish Defendant and

to prevent similar conduct in the future. Thus, if you award these damages, you should consider

Defendant's net worth and the impact of its paying that award. Punitive damages must bear a

reasonable relationship to Plaintiff's actual injury. However, no single numerical equation has

been made to easily link punitive to compensatory damages. In determining a reasonable

relationship to the actual injury, you must consider all relevant factors. These include:

> (1) the impact or severity of Defendant's conduct,
>
> (2) the amount of time Defendant conducted itself in this manner,
>
> (3) the amount of compensatory damages,
>
> (4) the potential profits Defendant may have made from this conduct,
>
> (5) the attitudes and actions of Defendant's top management after the misconduct
>
>  was discovered,
>
> (6) the effect of the damages award on Defendant's financial condition, and
>
> (7) any punishment the defendant may receive from other sources.

Authority:  Adapted from *ICLE Model Jury Charges-Civil* § 6.40, U.S. Eleventh Circuit
District Judges Association, Pattern Jury Instructions: Civil Cases, Damages
Instructions, § 8.1 (1990), as adapted; Devitt, Blackmar and Wolff, Federal Jury
Practice and Instructions – Civil, § 104A.12, as adapted (1995).

Granted:      _____

Modified:     _____

Denied:       _____

Respectfully submitted this 6TH day of April, 2001.

TROUTMAN SANDERS, LLP
Attorneys for Unisource Worldwide, Inc.
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

By: _____

Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

OF COUNSEL:

Juan C. Enjamio
Florida Bar No. 571910
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

| | |
|---|---|
| BETTY ORTEGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV-DIMITROULEAS |
| v. | ) |
| | ) Magistrate Judge Johnson |
| UNISOURCE WORLDWIDE, INC., a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT'S**

**REVISED PROPOSED JURY INSTRUCTIONS** upon opposing counsel by hand delivery

addressed as follows:

> Karen C. Amlong, Esq.
> Jennifer Daley, Esq.
> Amlong & Amlong, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33301-1154

This ___6___ day of April, 2001.

Robert C. Stevens

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

        Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

        Defendant.

_____/

## DEFENDANT'S REVISED VERDICT FORM

### DICRIMINATORY ASSIGNMENT OF ACCOUNTS CLAIM
### UNDER TITLE VII AND THE FLORIDA CIVIL RIGHTS ACT ("FCRA")

1.    Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that she was not assigned accounts to which she was entitled?

    Yes_____    No_____

    If you answered "No", stop. You must find in favor of Unisource on Ms. Ortega's discriminatory assignment of accounts claim. If you answered "Yes", proceed to paragraph 2.

2.    Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that certain accounts to which she was entitled were assigned to employees who were not females?

    Yes_____    No_____

If you answered "No", stop. You must find in favor of Unisource on Ms. Ortega's discriminatory assignment of accounts claim. If you answered "Yes", proceed to paragraph 3.

3. Do you find that, with respect to the legitimate non-discriminatory reasons stated by Defendant Unisource Worldwide, Inc. for its account assignment decisions, Plaintiff Betty Ortega has proved by a preponderance of the evidence that the non-discriminatory reasons stated by Unisource are untrue or not worthy of belief?

Yes_____    No_____

If you answered "No", stop. You must find in favor of Unisource on Ms. Ortega's discriminatory assignment of accounts claim. If you answered "Yes", proceed to paragraph 4.

4. Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that her sex was a determining factor in Defendant Unisource Worldwide, Inc.'s decision not to assign certain accounts to Ms. Ortega?

Yes_____    No_____

If you answered "No", stop. You must find in favor of Unisource on Ms. Ortega's discriminatory assignment of accounts claim. If you answered "Yes", proceed to paragraph 5.

5. Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that Defendant Unisource Worldwide, Inc. intentionally discriminated against her on the basis of her sex in reaching the decision not to assign certain accounts to Ms. Ortega?

Yes_____    No_____

If you answered "No", stop. You must find in favor of Unisource on Ms. Ortega's discriminatory assignment of accounts claim. If you answered "Yes", proceed to paragraph 6.

6. Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that she is entitled to compensatory damages as a result of Defendant Unisource Worldwide, Inc.'s account assignment decisions?

Yes_____    No_____

If "Yes", the amount of those damages is $ _____.

7 Do you find that Plaintiff Betty Ortega has proved by a preponderance of the evidence that Defendant Unisource Worldwide, Inc.'s account assignment decisions were done with

actual malice or a wanton and willful disregard for Ms. Ortega's rights under Title VII and the FCRA?

Yes_____    No_____

If "Yes", the amount of punitive damages is $ _____.

Respectfully submitted, this 6ᵗʰ day of April, 2001.

TROUTMAN SANDERS, LLP
Attorneys for Unisource Worldwide, Inc.
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

By:
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142

OF COUNSEL:
Juan C. Enjamio
Florida Bar No. 571910
HUNTON & WILLIAMS
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-CV-6126

| | | |
|---|---|---|
| BETTY ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-DIMITROULEAS |
| v. | ) | |
| | ) | Magistrate Judge Johnson |
| UNISOURCE WORLDWIDE, INC., a | ) | |
| foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **DEFENDANT'S**

**REVISED VERDICT FORM** upon opposing counsel by hand delivery addressed as follows:

Karen C. Amlong, Esq.
Jennifer Daley, Esq.
Amlong & Amlong, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154

This __6th__ day of April, 2001.

Robert C. Stevens