IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6126-Civ-Dimitrouleas/Johnson

BETTY ORTEGA,

    Plaintiff,

vs.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.
_____/

### **Plaintiff's Supplemental Requested Jury Instruction**

Plaintiff, Betty Ortega, submits the following proposed revisions to the

court's proposed jury instruction:

    1.    Insert as (c) under damages:

        Medical, psychological and pharmaceutical expenses incurred up
through the date of trial.

    2.    Insert after the itemization of permissible damages the following,

making it clear that no insurance payments made to plaintiff's psychiatrist or

mental health counselor are to be set-offs against any damages award:

        There has been testimony that some of plaintiff's medical and
psychological expenses may have been covered by health insurance. You
should not deduct from any damages award to plaintiff any amount of
insurance payments.





See, e.g., NLRB v. Gullett Gin Co., 340 U.S. 361, 364 (1951) (court need not

reduce back pay award by deducting state unemployment compensation

benefits); Dominguez v. Tom James Co., 113 F.3d 1188 (11th Cir. 1997)

(Social Security payments not deductible from back-pay award under Age

Discrimination in Employment Act); Brown v. A.J. Gerrard Manufacturing Co.,

715 F.2d 1549 (11th Cir. 1983) (en banc) (unemployment compensation not

deductible from Title VII back-pay award); Equal Employment Opportunity

Commission v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364, 1374 13 (S.D. Fla.

1998) ("Under the collateral source doctrine, funds unrelated to the conduct at

issue and received from third parties are not counted as mitigating earnings.")

3.    Modify the third paragraph of punitive damages instruction to read

as follows, making it clear that the employer's good-faith efforts to comply with

the law is an affirmative defense upon which it bears the burden of proof:

> So, an award of punitive damages would be appropriate only if you
> find for the Plaintiff and then further find: (1) that the plaintiff has proven,
> by a preponderance of the evidence, that a higher management official of
> the Defendant personally acted with malice or reckless indifference to the
> Plaintiff's federally protected rights, and (2) that the Defendant has failed
> to prove, by a preponderance of the evidence, that the official's actions
> were contrary to the  Defendant's good faith attempt to comply with the
> law by adopting policies and procedures designed to prohibit such
> discrimination in the workplace.

See Kolstad v. American Dental Ass'n, 527 U.S. 526, ___, 119 S. Ct. 2118, 2130

(1999) (on remand "[i]t may also be necessary to determine whether the

Association had been making good faith efforts to enforce an antidiscrimination

policy"); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998) (establishing

as one prong of an affirmative defense to allegations of sexual harassment by

supervisory employees that the employer had taken "reasonable care to prevent

and correct promptly any sexually harassing behavior"); Romano v. U-Haul

International, 233 F.3d 655, 670 (1st Cir. 2000) ("[t]he defendant, therefore,

is responsible for showing good faith efforts to comply with the requirements of

Title VII"); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d

493, 516 (9th Cir. 2000) (recognizing good-faith efforts as affirmative defense

to punitive damages).

4.    Modify the verdict form to reflect the change in the allocation of the

burden of proof on the issue of good-faith.

Respectfully Submitted,

AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

William R. Amlong
Florida Bar No.: 470228
Karen Coolman Amlong
Florida Bar No.: 275565
Jennifer Daley
Florida Bar No.:  0856436

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has

been furnished by <u>delivery</u> this <u>20th</u> day of April, 2001 to Juan C. Enjamio,

Esquire, Hunton & Williams, One Biscayne Tower, Suite 2500, 2 S. Biscayne

Blvd., Miami, FL 33131, and Robert Buckler, Esquire, and Robert Stevens,

Esquire, Troutman Sanders, LLP, 5200 Bank of America Plaza, 600 Peachtree

Street, N.E., Atlanta, GA 30308.

_____
William R. Amlong

A:\Jury.wpd