cv-06126-WPD Document 131 Entered on FLSD Docket 04/24/2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/




## DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant UNISOURCE WORLDWIDE, INC. ("UNISOURCE") and requests that the Court issue the following instruction to the jury.

Respectfully submitted this 23rd day of April, 2001.

HUNTON & WILLIAMS
Attorneys for
  Unisource Worldwide, Inc.

Juan C. Enjamio
Florida Bar No. 571910
One Biscayne Tower, Suite 2500
2 South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone: (305) 810-2500
Telefax: (305) 810-2460



OF COUNSEL:

TROUTMAN SANDERS, LLP
Robert H. Buckler
Georgia Bar No. 092650
Robert C. Stevens
Georgia Bar No. 680142
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Ph: (404) 885-3000
Fax: (404) 885-3900

## DEFENDANT'S REQUEST TO CHARGE

## STATEMENTS ALLEGEDLY SHOWING BIAS

In considering the evidence in this case, you are not to consider statements made by non-decisionmakers as evidence of a discriminatory intent on the part of Unisource. Statements may constitute evidence of impermissible discriminatory motive only when they are made by decisionmakers. Thus, if you determine that a comment was made by a non-decisionmaker, you are not to consider that statement as evidence of discrimination against Hispanic females on the part of Unisource.

Further, if you determine that a statement allegedly showing bias was made by a decisionmaker, such statements are not to be considered evidence of discriminatory intent on the part of Unisource unless they were made by a decisionmaker in the context of making account assignment decisions. Statements may constitute evidence of discriminatory motive only when they are made by decisionmakers in the context of an adverse employment action. Thus, if you determine that a comment allegedly showing bias was made by a decisionmaker, but wholly apart from the decisions regarding assignment of accounts, you cannot consider such statements as evidence of discrimination against Hispanic females on the part of Unisource.

AUTHORITY:   Trotter v. Board of Trustees of the University of Alabama, 91 F.3d 1449, 1453-54 (11th Cir. 1996); Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 354 (6th Cir. 1998); Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 484 (8th Cir. 1997); Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1221 (7th Cir. 1991).

Wilde v. Florida Pneumatic Mfg. Corp., 941 F.Supp. 1203, 1207 (S.D. Fla. 1996); Bursey v. Johnson Controls World Srvcs. Inc., 1997 U.S. Dist. LEXIS 20481, *11-12 (M.D. Fla. 1997).

Granted: _____
Modified: _____
Denied: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-CV-6126

JUDGE WILLIAM P. DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

BETTY ORTEGA,

    Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., a
foreign corporation,

    Defendant.

_____/

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** upon opposing counsel by hand delivery addressed as follows:

> Karen C. Amlong, Esq.
> Jennifer Daley, Esq.
> Amlong & Amlong, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33301-1154

This 23rd day of April, 2001.

                                          Juan C. Enjamio